UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA,<br><br>    Plaintiff,<br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br><br>    Plaintiff,<br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC) |
| CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>    Defendants. | (CONSOLIDATED)<br><br>October 14, 2003 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR CONTEMPT, COMPLIANCE, SANCTION AND COURT INTERVENTION**

Plaintiffs' opposition to the Defendants' Motion for Contempt, Compliance and Request for Court Intervention, demonstrates either a total disrespect for this Court and its processes or a complete lack of understanding of the same. Whether Plaintiffs' actions are being guided by scorn or ignorance is a matter of no concern to the Defendants. What is of concern is the Plaintiffs' continued refusal to comply with discovery orders iterated not once,

ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED

but twice by this Court, and the resultant prejudice and added legal expense caused the Defendants.

Plaintiffs' opposition begins with a misplaced reliance on their interpretation of Fed. R. Civ. P. 26(a). They argue that it does not require them to produce items listed in their Initial Discovery (Plaintiffs' Opposition pp. 2-3). This is wrong on two counts. First of all, the issue of whether Plaintiffs have an obligation to produce the requested information was resolved months ago when the Court ordered them to do it - *twice*. That is no longer an issue up for discussion. Second, while it may be true that Fed. R. Civ. P. 26(a) does not require production of evidence, the Defendants requested production of the items listed in Plaintiffs' Initial Disclosure pursuant to Fed. R. Civ. P. 34, which does.

On February 3, 2003 the Court ordered Plaintiffs to produced the requested items, and on May 5, 2003 the Court *reaffirmed* that decision in response to a Plaintiff request for reconsideration. As of this date, Plaintiffs still have not served a formal response to Defendant City's March 4, 2002 Request for Production (Defendants' Motion pp. 3-7), and have produced a limited number of documents in drips and drabs whenever and howsoever they have seen fit.

Responding to this motion for contempt and sanctions, Plaintiffs content themselves with cataloging those items with which they believe they should have to comply and apparently reserving those that they do not until they can have, "another discovery conference to address what remains." Plaintiffs' Opposition To Defendants' Motion For

Contempt, Compliance, Sanction [sic] and Request for Court Intervention Dated June 30, 2003". (hereafter referenced as "Plaintiffs' Opposition".) Plaintiffs continue with an explanation of why they should not be required to produce each item listed in their Initial Disclosure (Plaintiffs' Opposition pp. 3-6). In paragraph No. 1, Plaintiffs have offered to produce the requested fire equipment for inspection; Defense counsel will confer with Plaintiffs' counsel for this purpose. In Paragraph No. 2 Plaintiffs note that the requested video has been produced. They overlook the fact that the production took place after the pending Motion had been filed and long after the Court ordered the production.

In paragraphs 3-6 and 11-13 (Plaintiffs' Opposition pp. 3-6), Plaintiffs accurately point out that they received copies of the requested documents from Defendants. This is not news. What Defendants want to see are the marginal notations, if any that might appear on Plaintiffs' copies of the papers Defendants believe that Plaintiffs had access to many of the documents listed in their Rule 26(a) disclosure long before any discovery was done in this case, and Defendants are entitled to see what, if any, differences exist between the Defendants' copies and those held by Plaintiffs. Again, however, the issue of whether the Plaintiffs should be compelled to produce the papers or not, the question of whether they should file a response to the Defendants' March 4, 2002 production requests has been resolved-*twice* in the Defendants' favor.. There is no such question pending before the Court.

-3-

A most interesting, if not bizarre, point made in the Plaintiffs' Opposition appears at their numbered items seven and nine. There Plaintiffs, admitting that they have not provided the designated information now some three months after the filing of the motion for contempt, four months after the Court's second order of compulsion, almost eight months after the Court's first directive to produce and one and one-half years after the Rule 34 Production Request was served on them, offhandedly note that the documents are then (September 30, 2003) being forwarded to Defendants under separate cover. They seem to think that this obviates their earlier refusal to comply with their obligations under the civil discovery rules and under this Court's orders. This Court has rightly decided that the Defendants are entitled to inspect those documents which Plaintiffs' Counsel claimed to have in her possession on February 8, 2002, documents upon which she said that her case-in-chief was to be based. If no such documents exist, if Plaintiffs have no such evidence, if they never had any such evidence, Defendants are entitled to know this. This is a particularly important point in a discrimination case such as that at bar with the fee shifting provisions that the law applies in a defendant's favor in the instance of bad faith litigation. See, e.g.,. Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978).

Perhaps the most disingenuous statement in the Plaintiffs' Opposition is the assertion in their numbered section fourteen that they have complied with the request that they disclose to Defendants new documents that the Plaintiffs uncover, as the litigation develops, and which they believe are relevant and material to their case-in-chief. They have not done this.

-4-

On May 29, 2003, Plaintiffs' Counsel appeared at a deposition with a pile of e-mails about which she proceeded to question the witness without any prior identification or notice to Defendants of the existence, let alone the content, of the papers . This incident exemplifies the type of "ambush" tactics that properly conducted discovery is designed to prevent. Despite Defendants having timely made the appropriate discovery requests, ***despite a then-outstanding Court order that compelled revelation of this material*** when it became apparent to Plaintiffs that it was relevant or material to their case-in-chief; despite all these things, Plaintiffs' counsel chose to play the game of "surprise" that the rules are designed to prevent.

There is little more that need be addressed in supplementation of The Defendants' original brief in support of this motion, except to comment for the record on the Plaintiffs' continued cry that Defendants have not complied with their discovery requests. This, to be charitable, is simply untrue. The Court is well aware of the efforts that have been made to produce information for the Plaintiffs over the past several months, efforts made despite an often difficult time had in ascertaining what was being requested. Literally thousands of pages of documentation have been turned over to, or made available to, Plaintiffs' Counsel. Hundreds of person hours have been put in by Fire Department personnel collecting these papers, yet Plaintiffs' Counsel continues to try and cover up her own refusals and failures to comply by complaining that the Defendants have not met their own discovery obligations. The accusations are false and this persistent untruthful distraction has become tiresome.

The Plaintiffs have declined to comply with this Court's prior orders - orders to produce and orders to compensate the Defendants for the costs that they incurred in bringing on those original motions to compel. There is no excuse for this misconduct;. no excuse for Plaintiffs' continued misrepresentation of substantive fact to the Court and no excuse for the unending falsities regarding Defendants' conduct that Plaintiffs raise to "justify" their own disregard for the Court's rulings. Sanctions should be imposed on Plaintiffs and their Counsel. Dismissal would be appropriate; exclusion of evidence even more so. At a minimum, Plaintiffs should be cited for contempt, told to make a full and complete response to the Defendants' March, 2002 Rule 34 production request by a date certain (first identifying and then producing the documents described), and finally, in view of the Plaintiffs' continued recalcitrance, disregard for this Court's orders and the concomitant effort required by Defendants' to obtain compliance, Plaintiffs and their counsel should be ordered to compensate Defendants for the full amount of legal fees incurred and paid to bring on this motion.

Done at Stamford, Connecticut, this ___ day of October, 2003.

CITY OF BRIDGEPORT

By: /s/ Robert B. Mitchell
Robert B. Mitchell, ct02662
Margaret M. Sheahan, ct05862
For: Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
(203) 330-2000
Facsimile (203) 576-8888

ATTORNEYS FOR:
CITY OF BRIDGEPORT,
EARL PETTWAY and
MICHAEL MAGLIONE

## CERTIFICATION

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on October 14, 2003 to all counsel and pro se parties of record.

Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

John R. Mitola
John P. Bohannon, Jr.
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

Richard L. Albrecht
Cohen and Wolf, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, CT 06601-1821

Robert B. Mitchell

BPRT/67551.1/EMP/493858v1