

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA,<br>　　　　　Plaintiff,<br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br>　　　　　Plaintiff,<br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC) |
| CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>　　　　　Defendants. | (CONSOLIDATED)<br><br><br><br><br><br><br>October 20, 2003 |

### DEFENDANTS'[1] MEMORANDUM IN OPPOSITION TO MOTIONS TO INTERVENE BY FIREBIRD SOCIETY OF BRIDGEPORT, INC. AND BRIDGEPORT HISPANIC FIREFIGHTERS ASSOCIATION

The served defendants (hereinafter "Defendants") submit this Memorandum to oppose two different motions, both dated September 30, 2003, both seeking intervention in this action "for the purpose of opposing the Motions for Protective Orders dated August 27,

---

[1]  Served Defendants, City of Bridgeport, Michael Maglione and Earl Pettway submit this Memorandum.

2003 and September 4, 2003, filed, respectively, by the Defendants and in the name of Roger Kergaravat." One motion was made by the Firebird Society of Bridgeport, Inc. (the "Firebirds"); the other, by Bridgeport Hispanic Firefighters Association (the "Hispanic Firefighters").

Because of their lack of compliance with Fed. R. Civ. P. 24 and the Movants' apparent inability to comply with that Rule, these Motions should be denied.

## I.     FACTS

The Motions were filed and served without accompanying pleadings setting forth the claim or defense for which intervention is sought.

The Motions both recite conclusory statements tracking some of the language of F.R.C.P. 24(a), which describes circumstances warranting intervention of right.

The Motions both recite the Movants' opposition to "the proposed protective orders for the reasons set forth in Plaintiff's Opposition dated September 30, 2003, and the accompanying Memorandum of law thereto." Filings dated September 30, 2003 are entitled "Plaintiffs' Opposition to Motion for Protective Order dated August 27, 2003 and Opposition to Motion for Protective Order and Objection to Disclosure Dated September 4, 2003" and "Plaintiffs' Memorandum in Support of Opposition to Motion for Protective Order dated August 27, 2003 and Objection to Disclosure Dated September 4, 2003." These make no mention whatsoever of either proposed intervenor.

The Motions both seek oral argument on the protective order motions.

Both proposed intervenors are represented by counsel for the Plaintiffs.

## II.   ARGUMENT

### 1.   The Motions Fail to Comply With F.R.C.P. 24(c)

Fed. R. Civ. P 24(c) sets forth the procedure for accomplishing intervention. The instant motions clearly do not meet the procedural requirements of the Rule. Aikens v. City of Chicago, 202 F.R.D. 577 (N.D. Ill. 2001).

Fed. R. Civ. P 24(c) requires a prospective intervenor to serve a motion on the parties, stating the grounds for intervention and accompanied by a pleading setting forth the claim or defense for which intervention is sought. The required pleadings were never served in this case. FTC v. Med Resorts Intern., Inc., 199 F.R.D. 601 (N.D. Ill. 2001) (failure to file pleading with intervention motion warrants dismissal). The Motions do not state the grounds for the intervention. Conclusory recitation of the standards cannot substitute for stating facts that meet those standards. DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14 (D.D.C. 2002).

### 2.   The Movants Are Not Intervenors of Right

#### a.   No federal statute supports the requested intervention

Presumably, the proposed intervenors are not relying on any United States statute to confer a right to intervene. F.R.C.P. 24(a)(1). Their Motions cite no such statute, nor does the Plaintiffs' Memorandum on which they rely. Defendants cannot think of any statute intervenors could cite in this regard.

### b. The proposed intevenors have no qualifying interest in the litigation

The Motions recite that each proposed intervenor "has a direct and substantial interest in the subject matter of the litigation [and] its interest would be impaired by disposition of the litigation without the movant's involvement." This language tracks the language of F.R.C.P. 24(a)(2), which states a person can be permitted to intervene under certain circumstances "when the applicant claims an interest relating to the property or transaction which is the subject of the action."

However, neither the Motions themselves nor anything served in connection with them, explain the identity of either proposed intervenor, nor the nature of the interest of either in the litigation, nor how such an interest could be impaired by resolution of this case absent their involvement. Nor is any such connection apparent.

#### i. Different potential employment claims do not justify intervention.

Even taking notice of facts the proposed intervenors have not provided, and recognizing that they are groups formed to pursue common interests of respectively African American and Hispanic firefighters in the Bridgeport Fire Department, it is not obvious that either of these groups has any interest in these suits brought by two white female firefighters alleging largely sexual harassment, and arguably, other kinds of sex discrimination. On the contrary, even if the Court is meant to assume that the interests of the Firebirds and the Hispanic Firefighters extend to racial or ethnic employment discrimination, this would not

establish their interest in the case at bar. See, e.g., Rivera v. Baccarat, Inc., 1997 WL 777887 (S.D.N.Y. 1997) (gender bias and sex harassment evidence irrelevant to national origin and age discrimination claims); Kun v. Finnegan, Henderson, Farabow, Garrett & Dunner, 949 F. Supp. 13, 19 (D.D.C. 1996) (allegations of race discrimination not relevant to claim of national origin discrimination); Kelly v. Boeing Petroleum Services, Inc., 61 F. 3d 350, 357-58 (5th Cir. 1995) (race and sex discrimination not relevant to claim of disability discrimination). But cf. Cruz v. Coach Stores, Inc., 202 F. 3d 560 (2d Cir. 2000)(holding evidence of both racial and sexual harassment could be used to support hostile work environment claim because one type of harassment could exacerbate the other where the plaintiff brought a claim for *both* sexual *and* racial harassment).

### ii. The general public has no interest in pretrial discovery.

The proposed intervenors' stated reliance on Plaintiffs' September 30, 2003 submissions against the proposed protective orders may signal their belief that the public has an interest in pretrial discovery in this case. Defendants have thoroughly treated this incorrect proposition in their October 15, 2003 Reply Memorandum In Support Of Motion For Protective Order and their discussion therein of the United States Supreme Court ruling in Seattle Times Co. v. Rhinehart, 467 U.S. 20, cert. denied, 467 U.S. 1230 (1984). For the reasons set forth in that Memorandum, this interest is insufficient for Movants to rely upon to support their intervention, because it is not legally protectable. U.S. v. Peoples Benefit Life Ins. Co., 271 F.3d 411 (2d Cir. 2001).

### c.   **Movants' interests are adequately protected by Plaintiffs**

The final circumstance required for intervenor of right under Fed. R. Civ. P. 24(a)(2) is written in the form of an exception that would disqualify an otherwise rightful intervenor. Thus, one with an interest in the case's subject whose ability to protect that interest could be impaired by the case's resolution is to be permitted to intervene "<u>unless</u> the applicant's interest is adequately protected by existing parties." (Emphasis supplied.)

Granted that without the proposed intervenors having provided information as to their interests and the threat to them posed by this litigation, it is difficult to ascertain whether those interests can be adequately represented by parties already in the case. Adequate representation is presumed, however, when the would-be intervenor has the same ultimate objective as a party. <u>Edwards v. City of Houston,</u> 78 F.3d 983 (5th Cir. 1996). Here, Movants assert that, like Plaintiffs, they wish to defeat Defendants' and Mr. Kergaravat's motions for protective orders.

Moreover, if the Movants are taken at their word, they are content to rest their opposition to the proposed protective orders on "the reasons set forth in the Plaintiffs' Opposition dated September 30, 2003, and the accompanying Memorandum of Law thereto." This admitted reliance and Movants' request for oral argument presumably by the same counsel who would also argue Plaintiffs' opposition to the protective orders surely indicate a belief by the proposed intervenors that their interests are adequately protected by Plaintiffs. This, alone is sufficient reason to deny the Motions.

### 3.   Movants Do Not Qualify For Permissive Intervention

Again, Movants give no indication that they rely on any United States statute conferring even a qualified right to intervene in this action. Fed.R.Civ.P. 24(b)(1). Nor does contemplation suggest any such statute on which Movants' might rely.

Finally, the Movants have not alleged that they have any claim or defense that has fact or law in common with the main action. Nor could they do so. Fed.R.Civ.P. 24(b)(2).

### III.   CONCLUSION

The Motions to Intervene by the Bridgeport Hispanic Firefighters Association and the Firebird Society of Bridgeport, Inc. should be denied for all the foregoing reasons.

Done at Bridgeport, Connecticut this 20th day of October, 2003.

By: _____
Margaret M. Sheahan, ct05862
Robert B. Mitchell, ct02662
For: Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
(203) 330-2000
Facsimile (203) 576-8888

ATTORNEYS FOR:
CITY OF BRIDGEPORT,
EARL PETTWAY and
MICHAEL MAGLIONE

**CERTIFICATION**

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on October 16, 2003 to all counsel and pro se parties of record.
23

Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

John R. Mitola
John P. Bohannon, Jr.
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

Richard L. Albrecht
Cohen and Wolf, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, CT 06601-1821

Margaret M. Sheahan

BPRT/67551.1/MMS/494827v1