**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOHANNA S. GEORGIA,<br>                    Plaintiff,<br><br>        VS.<br><br>CITY OF BRIDGEPORT; DONALD DAY,<br>IN His Official Capacity As Fire Captain And<br>In His Personal Capacity; EARL PETTWAY,<br>In His Official Capacity As Deputy Fire Chief<br>And In His Personal Capacity; MICHAEL<br>MAGLIONE, In His Official Capacity As Fire<br>Chief And In His Personal Capacity,<br>                    Defendants. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br>                    Plaintiff,<br><br>        VS.<br><br>CITY OF BRIDGEPORT; DONALD DAY,<br>IN His Official Capacity As Fire Captain And<br>In His Personal Capacity; EARL PETTWAY,<br>In His Official Capacity As Deputy Fire Chief<br>And In His Personal Capacity; MICHAEL<br>MAGLIONE, In His Official Capacity As Fire<br>Chief And In His Personal Capacity,<br>                    Defendants. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC)<br><br><br>(CONSOLIDATED)<br><br><br><br>October 15, 2003 |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL CLASS CERTIFICATION DATED AUGUST 25, 2003

1

## I.     INTRODUCTION:

Pursuant to Fed. R. Civ. P. 23 and D. Conn. L. Civ. R. 9(a), Defendants, City of Bridgeport, Earl Pettway and Michael Maglione, hereby oppose the August 25, 2003 Motion for Partial Class Certification filed by Plaintiffs, Johanna Georgia and Elizabeth Schiller. Defendants submit that the Court should initially deny Plaintiffs' Motion for Partial Class Certification because it is untimely. Defendants also submit that the Motion for Partial Class Certification should be denied because certification is inappropriate under the circumstances of this case, as Plaintiffs have not met, and cannot meet the threshold requirements of Fed. R. Civ. P. 23. More specifically, Plaintiffs cannot meet their burden of establishing the existence of a class and cannot demonstrate numerosity, commonality, typicality, or that they can adequately protect the interests of the class. Accordingly, for the reasons set forth more fully below, Defendants ask that Plaintiffs' Motion be denied.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Elizabeth Schiller and Johanna Georgia, are female firefighters employed by the Defendant City of Bridgeport. They originally commenced this lawsuit by filing separate complaints dated March 21, 2001 and April 25, 2001 respectively. On April 27, 2001, the Defendant, City of Bridgeport, filed a Motion to Dismiss Ms. Schiller's March 21, 2001 Complaint. Before the Court ruled on the Motion to Dismiss, however, Plaintiffs filed their consolidated First Amended Complaints dated July 9, 2001. The Court afterwards issued its decision (granting in part and denying in part) on Defendants' Motion to Dismiss. Thus, although the Court's Ruling struck

2

out many of the factual allegations contained in the Complaints as timed barred, the consolidated First Amended Complaints still contain these stricken allegations in addition to other similarly timed barred allegations.[1]

Each of Plaintiffs' consolidated First Amended Complaints contain over 100 paragraphs of sexually harassing and discriminatory conduct alleged inflicted upon them throughout their employment with the Bridgeport Fire Department. Plaintiffs assert claims under Title VII, 42 U.S.C. §§ 2000 et seq., 42 U.S.C. § 1983, the First, Fifth and Fourteenth Amendments to the United States and Connecticut Constitutions, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, Intentional Infliction of Emotional Distress, Breach of the Covenant of Good Faith and Fair Dealing, and under Conn. Gen. Stat. § 46a-60(1), *et seq.* Jurisdiction is premised on 42 U.S.C. § 2000e-5 and 28 U.S.C. §§ 1391 (b) and 1392(a). The vast majority of Plaintiffs' jurisdictionally viable claims[2] are claims of a sexually hostile work environment and sexual discrimination related to Defendants' promotion, housing, equipment, and assignment policies and procedures. Despite Plaintiffs' blasé assertions to

---

[1] Defendants intend to file a Motion for Summary Judgement which will, *inter alia*, address these legal arguments and ask the Court to apply the holding and reasoning contained in its Memorandum of Decision regarding the Motion to Dismiss to the current First Amended Complaints; thereby dismissing many of the Consolidated Amended Complaints' allegations as time barred.

[2] Defendants submit that many of Plaintiffs allegations are jurisdictionally defective and/or time barred as discussed *infra.*

the contrary, all of Plaintiffs' jurisdictionally viable discrimination claims are based on a disparate treatment[3] as opposed to disparate impact[4] theory.

Under the facts of this case, certification would not be permitted by Fed. R. Civ. P. 23.

## III.    STANDARD OF REVIEW

Rule 23 of the Federal Rules of Civil Procedure sets forth the factors that must be established by a party seeking class certification. Fed. R. Civ. P. 23. A plaintiff may maintain a class action only where "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R Civ. P. 23(a); Amchem Products. Inc. v. Windsor, 721 U.S. 591, 613 (1997). A plaintiff seeking class action certification must also establish one of the additional factors defined by Rule 23(b). Fed. R Civ. P. 23(b); Amchem Products, Inc., 521 U.S. at 614. These include, in pertinent part, a showing that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby

---

[3] The disparate treatment model is used where the plaintiff claims that an employer is intentionally discriminating against individuals protected by Title VII on the basis of protected status. E.g., Domingo, 727 F.2d at 1435 (9th Cir. 1984).

[4] The disparate impact model is used where the plaintiff claims that some facially neutral employment practice has a significantly disproportionate impact on a group protected by Title VII. E.g., Domingo v. New England Fish Co., 727 F.2d 1429, 1435 (9th Cir. 1984).

4

making appropriate final injunctive relief or corresponding declaratory relief with respect to a class as a whole[.]" Fed. R Civ. P. 23(b)(2); Amchem Products, Inc., 521 U.S. at 614. Alternatively, the movant can show that question of law or fact common to the class predominate over any questions affecting individual class members and that a class action adjudication is superior to other forms of resolution.

District courts have wide discretion in deciding whether the Rule 23 criteria are met in a given case and to whether class certification is warranted. See, e.g., In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 290 (2d Cir. 1992); 5 MOORE'S FEDERAL PRACTICE 3d § 23.04. Although Rule 23 should be liberally interpreted, the courts must still "employ a 'rigorous analysis' to ensure that the requirements of the Rule are satisfied." General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1981). Furthermore, the party moving for such class certification bears the burden of establishing that he has met all of the Rule 23 requirements. E.g., Medicare Beneficiaries' Defense Fund v. Empire Blue Cross Blue Shield, 938 F.Supp. 1131, 1139 (E.D.N.Y. 1996); Batsakis v. Federal Deposit Ins. Corp., 670 F.Supp. 749, 757 (W.D. Mich. 1987); Martin v. Easton Publishing Co., 73 F.R.D. 678, 682 (E.D. Penn. 1977). The Plaintiffs fall short of this test in every respect.

## IV.    ARGUMENT

### A.    The Court Should Deny Plaintiffs' Motion For Partial Class Certification As Untimely and Inadequate in Form

The Court should deny Plaintiffs' Motion for Partial Class Certification as untimely.  Under the Appendix to the Connecticut Federal District Court's Local Rules of Civil Procedure and the initial standing scheduling orders of this case, "[a]ll motions relating to joinder of parties, claims or remedies, *class certification*, and amendment of the pleadings shall be filed within sixty days after the filing of the complaint."  Plaintiffs filed their First Amended Complaints on July 9, 2001. Therefore, under the local rules and the current standing orders applicable to this issue, Plaintiffs' Motion for Partial Class Certification was due by September 7, 2001; over two years ago.  Although it is true that the parties requested several modifications of these general standing orders, none of the requests or granted modifications affect the portion of the orders relating to class certifications.

Only one modification ordered by the Court on November 13, 2001 even comes close to addressing this issue.  In that order, although there is no specific reference to a change in the deadline for requesting class certification, the modification does say "the plaintiffs shall have up to and including December 15, 2001, to file motions to join additional parties and/or amend the pleadings." (Scheduling Order dated November 12, 2001.)  Even if such modification were deemed relevant to class certification motions, the due date for such a motion was December 15, 2001; still almost two years ago.  Thus, under either the currently governing standing orders applicable to class

6

certifications or the modified scheduling orders, Plaintiffs' Motion is far overdue and should not be entertained.

Plaintiffs' request is also deficient in form. It fails to comply with Rule 7(a) of the Connecticut Federal District Court's Local Rules of Procedure in that it is not accompanied by any memorandum of law and argument. It is undeniable that requests for class certification contain disputed issues of law. As is discussed below, that is clearly the case in this instance. The Plaintiff' failure to file the required Memorandum prejudices Defendants by compelling them to shadow box claims with ill-defined or even defined parameters. It leaves bothe Defendants and the Court guessing about the true nature of the Plaintiffs' arguments. This is precisely the situation Local Rule 7 is meant to avoid. The request should be denied on this basis alone.

Even if the Court were to overlook the timeliness issue and consider the class certification motion on its merits, the plaintiffs' request would fail.

## B.     The Motion For Class Certification Should Be Denied Because Certification Is Not Permitted By Rule 23 Under The Facts Of This Case

The courts have repeatedly held that the party seeking class certification bears the burden of establishing that his proposed class meets the requirements of Federal Rules of Civil Procedure 23 and that failure to meet any one of the elements destroys a class action. E.g., Medicare Beneficiaries' Defense Fund, 938 F.Supp. at 1139; Batsakis, 670 F.Supp. at 757; Martin, 73 F.R.D. at 682. First, these requirements include a showing of numerosity, commonality, typicality and representation. Second, Rule 23 requires the moving party to establish that the case falls within one

of two categories either that: (1)"the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole" or (2) "questions of law or fact common to the class predominate over any questions affecting only individual class members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b). Finally, the moving party must satisfy two other requirements, not specified in Rule 23: first, that a definable class exists and, second, that the representative parties are members of the class. Medicare Beneficiaries' Defense Fund, 938 F.Supp. at 1139-40.

### 1.   The Plaintiffs have offered no evidence in support of their Motion for Partial Class Certification

Plaintiffs bear the burden of establishing that they have met the requirements for class certification as set forth under Rule 23. E.g., Medicare Beneficiaries' Defense Fund, 938 F.Supp. at 1139; Batsakis, 670 F.Supp. at 757; Martin, 73 F.R.D. at 682. The courts have repeatedly held that it is insufficient for plaintiffs to simply reiterate the language of the rule or make conclusory statements as to their fulfillment of the requirements. E.g., Weathers v. Peters Realty Corp., 499 F.2d 1197,1200 (6th Cir. 1974); Batsakis, 670 F.Supp. at 757; Martin, 73 F.R.D. at 682. The courts require that there must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled. Id. Plaintiffs here, however, have completely failed in their burden to provide these basic facts. Plaintiffs Motion for Partial Class Certification contents itself with reiterating Rule 23's requirements and then conclusorily claiming their compliance. Plaintiffs did

8

not submit a memorandum of law in support of their Motion or provide any other explanation of how they have met the Rule 23 requirements. Even after the voluminous discovery already conducted in this case, and Plaintiffs' assertions that the need for class certification became apparent after reviewing information obtained through this discovery, Plaintiffs failed to attach any evidentiary documents or affidavits to their Motion or, indeed, even refer to any discovered information that supports their Motion. This lack of evidentiary support alone requires the Court to deny Plaintiffs' Motion. Id. As can be seen more fully below this lack of support also makes further inquiry into Plaintiffs' compliance with the Rule 23 requirements futile, in fact, essentially impossible.

### 2. *There is no evidence of the existence of a proper class*

As previously stated, an essential prerequisite of an action under Rule 23 is that there must be a class. E.g., Ross v. Nikko Securities Co., 133 F.R.D. 96, 96-97 (S.D.N.Y. 1990); Medicare Beneficiaries' Defense Fund, 938 F.Supp. at 1139-40; Wilson v. Zarhadnick, 534 F.2d 55, 57 (5th Cir. 1976). Although the courts have not required that the class be so clearly ascertainable that every potential member can be readily identified, the class must be sufficiently defined so as to enable the court to determine whether a particular individual is a member or not. Wagner v. Central Louisiana Electric Co., 99 F.R.D. 279, 282 (E.D. La. 1983). Such ascertainment of class membership is essential in Rule 23 actions to give class members the notice required. Id.

a.   <u>Plaintiffs' proposed class definition is legally insufficient in that it is too vague and ambiguous.</u>

The courts have held that, "the class must be defined in unambiguous terms and if the class description is not sufficiently specific, class certification may be denied." <u>E.g.</u>, <u>Abramovitz v. Ahern</u>, 96 F.R.D. 208, 211-12 (D. Conn. 1982). As previously mentioned, the need for a clear and unambiguous class description is to ensure the court's ability to determine whether a particular individual is a member of the class; thereby making the notice required by Rule 23(c)(2) possible. <u>Wagner</u>, 99 F.R.D. at 282.

The only definition or description of the putative class provided by Plaintiffs is "all female Bridgeport Fire Department employee applicants, candidates, and current and former employees." (Plfs' Mot. at pg. 6, ¶ 4.) This definition is legally insufficient as it is ambiguous, vague and not capable of application without significant speculation. <u>See</u> <u>Wagner</u>, 99 F.R.D. at 282.

First, the definition is unclear in that it does not define who exactly is a "Bridgeport Fire Department employee." The Bridgeport Fire Department (hereinafter "Department") does not consist solely of firefighters. The Department also employs civilians. Does Plaintiffs' definition include these civilian employees; employees that do not live or board at the firehouses, train in the academy or participate in emergency calls (factors that are relevant to most, if not all, of Plaintiffs' allegations)? Secondly, there are no time limitations set upon this definition. Does this definition therefore include all applicants, candidates, and former employees from the formation of the Department into the unknown future in addition to current employees? Finally, the definition does

not clearly define what the terms "applicants" and "candidates" mean. Do these terms refer to any female person who fills out an application and/or takes a test but is denied employment and any female person who goes to the Department's academy, or could it refer to any female who may comply with the Department's general prerequisites for employment (such as age) but who has yet to apply?

Not only do the ambiguities contained in Plaintiffs' definition make it almost impossible for the Court to determine whether many individuals would be members of the class, but the variety of different answers to the questions that the definition poses are highly relevant to whether Plaintiffs can meet the other prerequisites of a Rule 23 motion. For example, if the definition were to include all firefighters and civilian employees, Defendants would argue that Plaintiffs couldn't possibly be appropriate representatives of the class as all of their allegations relate to their difficulties allegedly suffered as female firefighters. Their claims would therefore not be common or typical of such a broadly defined class.

The courts have held that other, similarly ambiguous, class definitions defeat a motion for class certification. Wagner, 99 F.R.D. at 282. For example, the Court in Wagner denied a party's motion for class certification because the proffered definition used a set of factors that did "not lend itself to feasible identification of the class members. The factors include those that are definite and objective, and those that are vague and not capable of application without significant speculation." 99 F.R.D. at 282. Similarly, Plaintiffs' class definition in the instant case is vague and ambiguous in that it uses some factors that are arguably definite and objective (current and former employees-

11

making the assumption that only firefighters are included) but also some factors that are vague and not capable of application without significant speculation (applicants and candidates – especially since no evidence is offered to clarify the issue). The Court should reject Plaintiffs' Motion for Partial Class Certification on this basis alone.

    b.    <u>Plaintiffs' have not provided any evidence to support the existence of any class</u>

The ambiguities of Plaintiffs' class definition are further exacerbated in that Plaintiffs, as previously mentioned, have provided absolutely no evidence, statistical or otherwise, of the existence of any class. Instead, Plaintiffs conclusorily state that "discovery in this action has revealed the existence of historical, present, and continuing systemic sex discrimination, sexual harassment, and retaliation by the City against females who attempt to complain of such conduct, policies, practices, and customs in its Fire Department, resulting in the discriminatory denial of hire of women, the termination of the employment of women, denial of training of women, denial of assignments to women, and denial of advancement of women, affecting an undeterminable number of women." (Plfs' Mot., Paragraph 2(a))

This lack of evidentiary support for Plaintiffs' assertions that they have fulfilled the Rule 23 requirements is sufficient cause alone for the Court to deny Plaintiffs' Motion. Moreover, the facts here are such that class certification should be denied even if Plaintiffs proffered only minimal evidence of the existence of a class. In <u>Ross</u>, 133 F.R.D at 96-97 and similar cases, courts have found limited evidence of the existence of a class insufficient to support their claims for a class

action. Id. For example, in Ross, the moving party provided statistical "evidence" of an aggrieved class of female employees. Id. at 97. The Court, however, rejected this evidence as insufficient to support the moving party's request for class certification because the Court found that the proffered statistics were inconclusive as to the existence of such an aggrieved class. Id. Moreover, the moving party's submission of affidavits alleging the existence of an aggrieved class did not save it's motion for class certification. Id. The moving party only submitted affidavits from the named plaintiffs and one other putative class member. Id. The Court held that such affidavits were insufficient to demonstrate the existence of an aggrieved class. Id. Given that Plaintiffs in the instant case have provided even less evidence of the existence of a class – no evidence at all - the Court should deny Plaintiffs' Motion.

    c.    Many of the individual's claims that potentially make up the proposed class are jurisdictionally defective and/or time barred[5] from consideration in the proposed class action.

Specifically, Plaintiffs seek class certification of their Title VII, CFEPA, 42 U.S.C. § 1983, and Connecticut Constitution claims. As the Court is aware, there are time and jurisdictional

---

[5]    As discussed throughout, many of the potential class members and Plaintiffs should be barred from raising some of the claims referred to in Plaintiffs' Motion. These parties should be barred for several reasons, including both jurisdictional defects and failure to meet time limitations. For example, Plaintiffs and potential class members failed to meet the EEOC and CHRO time limitations for certain claims and failed to meet the time limitations set by applicable statutes of limitations. In addition, Plaintiffs' and class members' claims are jurisdictionally defective in that they failed to exhaust their administrative remedies by failing to allege certain claims in their EEOC and CHRO filings and at least one Plaintiff lacks standing on certain claims because she is barred by the doctrine of res judicata. Therefore, to simplify matters, Defendants hereinafter use the shorthand statement "jurisdictionally defective and/or time barred" to refer to these defects in the aggregate.

restraints on such claims.  A party seeking to file a claim under Title VII must file a timely charge of employment discrimination with the Equal Employment Opportunity Commission and receive a Notice of Right to Sue.  Such a charge is considered timely if filed within 300 days from the date of the alleged incident.  42 U.S.C. §2000e-5(e)(1).  A party seeking to file a claim under CFEPA must file a timely charge with the CHRO.  Such a charge is considered timely if filed within 180 days from the date that the alleged incidents took place.  C.G.S.A. §46a-82.  A party seeking to file a claim under 42 U.S.C.§ 1983 or the Connecticut Constitution must file his claim within the 3-year statute of limitations for torts.  Holt v. KMI-Continental, Inc., 95 F.3d 123 (Conn. 1996).  The courts have held that not all class members need to file and comply with Title VII's jurisdictional prerequisites in order to share in relief as members of a class on whose behalf suit has been brought.  Inda v. United Air Lines, Inc., 83 F.R.D. 1, 6-7 (N.D. Ca. 1979).  Rather, the administrative filing requirements can be met so long as one representative class member made a timely filing.  Id.

The inquiry, however, does not end there.  The courts have gone on to hold that an EEOC filing by one class member cannot revive the claims of others that were no longer viable at the time of that filing.  Id. at 7.  *Only those class members capable of having made a timely EEOC filing on or after the date on which a representative class member actually did file are eligible to join in a class action based on that person's filing.  Id*.  Likewise, the courts have held that, "it is axiomatic that no class action may proceed on behalf of class members whose claims are barred by the applicable statute of limitations."  E.g., Schmidt v. Interstate Federal Savings and Loan Assoc.,

74 F.R.D. 423, 428 (D.C. 1977); <u>Healy v. Loeb Rhoades & Co.</u>, 99 F.R.D. 540, 543 (N.D. Ill. 1983).

Plaintiff, Elizabeth Schiller filed a complaint with the CHRO on April 19, 2000. Plaintiff, Johanna Georgia, filed a complaint with the EEOC on May 11, 2000. Thus, as a general matter, Ms. Schiller's complaint with the CHRO can only cover the Title VII charges of individuals whose claims arose out of actions that occurred on or after June 25, 1999; the CFEPA claims of individuals whose claims arose out of actions that occurred on or after October 23, 1999; and, assuming the filing of her Complaint tolls the statute of limitations for other potential class members, the §1983 and Connecticut Constitutional claims of individuals whose claims arose out of actions that occurred on or after March 1998. Because Plaintiffs' class definition is so vague and ambiguous and because Plaintiffs offered no evidence as to the existence of a class, it is unclear whom Plaintiffs intended to include in the proposed class. It can be inferred, however, that Plaintiffs intended to include females who applied for positions as firefighters with the Bridgeport Fire Department but were denied employment, females who took and passed the Bridgeport Fire Department entrance exams but were denied employment, and former female Bridgeport Fire Department employees who no longer work with the Department. Assuming the class only includes firefighters, according to the City's records, there are only five former female Bridgeport Fire Department employees who no longer work with the Department; Ms. Vitka, Ms. Denton, Ms. Kozek, Ms. Regnier, and Ms. McMahon. Excluding the now deceased Ms. Denton, none of the other former female employees could have made timely charges with the EEOC or the CHRO on or

after the date Ms. Schiller filed her complaint with the CHRO; each of these former employees terminated their employment with the Department years prior to the above listed deadlines (Vitka, 1994; Kozek, 1990; Regnier, 1988; McMahon, 1987).  Given that their employment ended far before the deadlines, it is highly unlikely that any of them could have any claims against the Department that arose on or after the latest date of March 1998.  Thus, the entire group of former employees mentioned in Plaintiffs' definition would be excluded from membership in the purported class.

Inclusion of firefighter applicants and candidates is also inappropriate in this case.  Both Elizabeth Schiller and Johanna Georgia applied for and took the written examination for employment as a Bridgeport Firefighter in 1997.  In addition, both Plaintiffs took their oral examinations and were notified of their failure to make the first class of hires prior to mid-February 1998.  Neither Plaintiff made a timely filing with the EEOC or the CHRO regarding any claim of discrimination arising from the application or testing procedures applied to them. Not only does this negatively affect the Plaintiffs' standing as proper representatives as discussed *infra*, but it also follows that the proposed group of applicants and candidates can only be a reference to individuals who were denied employment but applied for and/or took the exam for employment with the Department after the Plaintiffs; specifically on or after March 1998.  Once again, Plaintiffs have completely failed to meet their evidentiary burden of proving that such a group of individuals exists.

3. ***Plaintiffs have failed to prove that the proposed class meets the numerosity requirement of Rule 23(a)***

The description of the putative class, according to Plaintiffs, encompasses female Bridgeport Fire Department employee applicants, candidates, and current and former employees. (Plfs' Mot. at pg. 6, paragraph 4.) Rule 23(a) requires that a proposed class be of such a significant size that the court can correctly conclude that a series of individual suits would be inefficient and an abuse of judicial resources. See, e.g., In re Cardizem CD Antitrust Litig., 200 F.R.D. 297, 326 (E.D. Mich. 2001); Begley v. Academy Life Ins. Co., 200 F.R.D. 489, 498 (N.D. Ga. 2001). In order to meet this burden, a plaintiff "need not prove the exact number of the proposed class members" but he must at least "reasonably estimate the size of the class." *Gaffinkel v. Memory Metals, Inc.*, 695 F. Supp. 1397, 1401 (D. Conn. 1988). Here, Plaintiffs have not submitted any proof of the actual size of the proposed class. They have not made a size estimate at all! Again Plaintiffs rely on a conclusory statement that the City's allegedly discriminatory conduct has affected "an undeterminable number of women." (Plfs' Mot., paragraph 2(a).) Given the breadth of discovery already completed in this case it seems impossible and disingenuous that Plaintiffs cannot provide a reasonable, verifiable, good faith estimate. If Plaintiffs themselves cannot make this determination after such voluminous discovery, how can the Court be expected to make such a determination?

It may, as Plaintiffs have implied, be a number that would make joinder impracticable. It may also, however, be a number that would easily permit joinder. As previously noted,

jurisdictional and time limitations would bar many individuals who may otherwise be considered part of the class. All former employees and applicants/candidates that applied for employment prior to Plaintiffs should be barred from membership on either jurisdictional or time bar grounds. Plaintiffs' CHRO charges do not support, including any "applicants" at all. This would leave only current female firefighters and, if we ignore the limited scope of the Plaintiffs' CHRO charges, maybe applicants/candidates who applied for employment after Plaintiffs but were denied employment. Currently there are six other female firefighters employed by the Bridgeport Fire Department other than Plaintiffs. Moreover, as discussed *infra*, Plaintiffs are not appropriate class representatives for females who were discriminated against in the hiring process and thus any applicants/candidates who are not time barred should still not be part of the proposed class.[6] Thus, this would leave only six other possible class members, other than Plaintiffs, and joinder would certainly not be impracticable for eight plaintiffs who currently work at the same place of employment.[7] See United States Fidelity and Guaranty Co. v. Madison Financial Corp., 2002 WL 31731020 *5-6 (S.D.N.Y. 2002)(finding insufficient numerosity where potential class consisted of thirty-four claimants across twenty-three subclasses, no subclasses had more than six pending claims, and the geographic dispersion of proposed class members did not make joinder

---

[6]  The absence of Bridgeport's Civil Service Commission from this litigation is also problematic. To the extent that Plaintiffs or proposed class members are claiming discrimination in the testing procedures, the Civil Service Commission is the real party in interest and is the proper party to defend the testing procedures.

[7]  In fact, Plaintiff, Elizabeth Schiller, joined as a plaintiff in a previous case against the City of Bridgeport regarding her non-selection of hire. Fierlit v. City of Bridgeport, 3:98 CV 608 (AHN, settled by stipulated judgement, February 23, 1999). That case had several more than eight plaintiffs.

impracticable); <u>Lawrence v. Irondequoit</u>, 246 F.Supp.2d 150, 172-73 (W.D.N.Y. 2002)(finding insufficient numerosity where the thirty-three potential class members lived in the same general geographic area and thus joinder was not impracticable); <u>Moore v. Trippe</u>, 743 F.Supp. 201, 211 (S.D.N.Y. 1990)(finding insufficient numerosity where the fifty-four potential class members lived in the same metropolitan area, although different states, and therefore joinder was not impracticable).

Defendants submit that Plaintiffs have the burden of proving sufficient numerosity and must proffer some evidence of the number of members in the purported class, or at least a reasonable estimate of that number. 5 MOORE'S FEDERAL PRACTICE 3d §23.22[3][b] (citations omitted); <u>see also</u> <u>Grimes v. Pitney Bowes Inc.</u>, 100 F.R.D. 265, 269-70 (N.D. Ga. 1983). Plaintiffs cannot rely on conclusory allegations that joinder would be impracticable, or on mere speculation regarding the size of the class. <u>See id.</u> Here, Plaintiffs have simply acknowledged the requirement and then concluded that it is satisfied without any analysis or explanation. Consequently, the Court should deny the Motion for Partial Class Certification.

### 4.    *There is insufficient commonality and/or typicality among the putative class members*

Plaintiffs summarily conclude that "there are questions of law or fact common to the class; to wit, whether the City has afforded and continues to afford adverse and disparate treatment to women applicants and candidates for hire and employed in its Fire Department in violation of Title VII, the Connecticut Fair Employment Practices Act, and the federal and state constitutions" and,

furthermore, that "[t]he claims or defenses of the representative parties are typical of the claims or defenses of the class, as supported by the information adduced in discovery in this action" (Plfs' Mot., paragraph 2(b) and (c))  This is not enough to support class certification.

First and foremost, it should once again be noted that Plaintiffs have only submitted a six-page Motion for Partial Class Certification.  This Motion simply reiterates the language of Rule 23 and states compliance with its requirements in a conclusory fashion.  No memorandum of law or evidentiary exhibits are attached in support thereof.  There is no mention or description of any of the "information adduced in discovery" to which Plaintiffs refer.  This lack of evidentiary support or memorandum of law alone prevents the Court from granting Plaintiffs Motion.  Moreover, it makes it all the more difficult to determine Plaintiffs' compliance with the Rule 23 requirements of commonality, typicality and representativeness.

In any event, under Rule 23(a)(3), commonality and typicality require the court to find common questions of law or fact among the class members.  Stated another way, the class members must share the same circumstances that give rise to the same cause of action.  See Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 293 (2d Cir. 1999) (noting that "disputed issues of law or fact [must] occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class") (citation omitted).  Typically, Rule 23 requires the court to find that the class representative's situation is the same as those of other members of the class.  See Marisol A. v. Giuliani, 126 F.3d 372, 375-76 (2d Cir. 1998).  Differences between the class

members that address the subject matter of the litigation will defeat the class.  See <u>Walsh v.</u>

<u>Northrop Grumman Corp.</u>, 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

It can be inferred from Plaintiffs' Motion that the proposed class is intended to include female

applicants who were denied employment with the Department as a result of sexually discriminatory

treatment or impact.  Both named Plaintiffs, however, are current employees of the Department and

thus cannot have claims common to or typical of these other women.  The courts have specifically

held that in employment discrimination cases, successful applicants, i.e., employees, cannot

represent a class of unsuccessful applicants because of their different interests and injuries.  <u>Garrett</u>

<u>v. Reynolds Industries, Inc.</u>, 81 F.R.D. 25, 31 (M.D. Co. 1978).  The only allegations of Plaintiffs'

First Amended Complaints that could plausibly be related to or common to those of unsuccessful

applicants are its early paragraphs referring to Plaintiffs' failure to be hired with the first class of

hires after successfully completing their written, oral and physical examinations.  Essentially

Plaintiffs claim that they successfully completed their written, oral and physical examinations and

should have been employed in the first class of post – 1997 hires.  They appear to allege that they

were not hired with the first class due to discriminatory practices in the oral examination portion of

the hiring process.  Plaintiffs' claims, however, are jurisdictionally defective and/or time barred.

Neither Plaintiff alleged discriminatory conduct in the hiring procedures in her EEOC or CHRO

filings.  Furthermore, even if Plaintiffs had alleged such discrimination in their filings with the

EEOC or CHRO, such claims would have been time barred under both Title VII and CFEPA given

that both Plaintiffs' alleged improper exclusion from the first class of hires occurred prior to mid-February 1998.

Moreover, Elizabeth Schiller made no allegations of discrimination in the hiring process in either her initial March 21, 2001 Complaint or her CHRO charge. Her first reference to any such claim occurred in her July 9, 2001 First Amended Complaint. Thus, Ms. Schiller's allegations of discrimination in the hiring process are also time barred by the three year statute of limitations applicable to her §1983 and Connecticut Constitutional claims.[8] Likewise, although Ms. Georgia provided the date of her examination with the Department as the first date of discrimination on her EEOC charge, the rest of the EEOC charge, specifically her written description of the alleged discrimination, provided that the discrimination began after she went to work at the Department. Ms. Georgia's first real reference to any possible claim of discrimination in the hiring process also

---

[8] As previously stated Elizabeth Schiller filed her charge with the CHRO on April 19, 2000 and therefore any of her Title VII claims occurring before June 25, 1999 and any of her CFEPA claims occurring before October 23, 1999 are time barred. Likewise, Johanna Georgia filed her charge with the EEOC on May 11, 2000 and therefore any of her Title VII claims occurring before July 16, 1999 and any of her CFEPA claims occurring before November 13, 1999 are time barred. Not only is Plaintiff, Elizabeth Schiller, barred from brining a claim of discrimination in the hiring process by jurisdictional and time limitations, she is also barred from brining such a claim under the theory of res judicata. Ms. Schiller joined as a plaintiff in a previous case against The City of Bridgeport regarding her non-selection for hire. Fierlit v. The City of Bridgeport, supra. In that case, she joined the other plaintiffs in alleging reverse race discrimination in the hiring/testing process. Judgement was entered in that case and thus it should bar Ms. Schiller from bringing any claim of discrimination on a bases other than reverse race discrimination regarding the hiring/testing process under the theory of res judicata because any such claim could and should have brought in that earlier action. See, Allen v. McCurry, 449 U.S. 90 (1980); Burgos v. Hopkins, 14 F.3d 787 (2d Cir. 1994); Astroline communication Co. v. Astroline Co., Inc., 226 B.R. 324 (U.S. Bankruptcy Court, D.Conn. 1998); Cadle Co. v. Gabel, 28 Conn. L. Rptr. 269, 2000 WL 1624510 (Conn. Super. 2000); Smith v. Russell Sage College, 54 N.Y. 2d 185, 445 N.Y.S.2d 68 (1981).

arose when she filed her initial Complaint on April 25, 2001. Thus, Ms. Georgia's §1983 and Connecticut Constitutional claims also stand barred by the three year statute of limitations.

In addition, the proposed class members of female applicants and candidates who were allegedly denied employment with the Department could not have experienced any of the alleged sexual harassment, hostile work environment, or retaliation that make up the core of the claims named by the Plaintiffs'. Again this dictates that the claims of Plaintiffs are not common to or typical of those of the proposed class members.

Furthermore, while Plaintiffs' motion contends that this case addresses both disparate treatment and disparate impact claims, the underlying Complaints focus solely on disparate treatment theories. Plaintiffs cannot rely on that pleading to support an disparage impact claim. Thus, there is no commonality among the class members relative to these different theories of liability.

### 5.   *The representative plaintiffs will not fairly and adequately protect the interests of the class*

The adequacy prong of Rule 23(a) is the most important prong because of the constitutional underpinnings behind "adequate representation" of all class members. See, e.g., In re LILCO Litigation, 111 F.R.D. 663, 672 (E.D.N.Y. 1986); 5 MOORE'S FEDERAL PRACTICE 3d § 23.25[1]. This prong contains two elements: (1) the class representative must not have interests antagonistic to those of the class, and (2) class counsel must be qualified, experienced, and generally able to

conduct the proposed litigation.  In re Drexel Burnham Lambert Group, 960 F.2d 285, 291 (2d Cir. 1992).  Plaintiffs' fail on both counts.

    a.    <u>Plaintiffs cannot adequately represent the interests of the proposed class.</u>

Plaintiffs address the first prong in a single conclusory sentence, in which they state that "[t]he representative parties will fairly and adequately protect the interests of the class."  (Plfs' Mot., paragraph 2(d).)  The facts of the case as related to the first prong, however, militate against certification.  As discussed, *supra*, this case will highlight on the factual distinctions between the proposed class members (unsuccessful applicants v. current employees – former employees should be timed barred from membership) and such distinction could result in conflicts among the different groups of Plaintiffs.  Here, Plaintiffs are current employees of the Bridgeport Fire Department and any individual claims for discrimination in the Department's hiring process are jurisdictionally defective and/or time-barred.  Given the named Plaintiffs' dissimilarity from other potential class members, (Plaintiffs got the jobs) they inadequately represent any putative class that relates to hiring claims.  Accordingly, certification is not proper under Rule 23(a)(4).

Furthermore, the courts have held that plaintiffs cannot act as representatives of a class if they are not members of the class or if they lack individual standing to bring the claims' common to the class on their own behalf.  "Whether the issue is viewed in terms of standing or in terms of meeting the typicality requirement of a class representative, a plaintiff may not prosecute a case on behalf of a class of which he is not a member."  Investors Funding Corp. v. Dansker, 523 F.Supp

550, 558 (S.D.N.Y. 1980); see also Achem Products, Inc., 521 U.S. at 625-26 (holding that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members"); Alexander v. Yale Univ., 631 F.2d 178, 185 (2nd Cir. 1980)(holding that plaintiff was not a proper class representative because she was not a member of the class). As discussed *supra*, Plaintiffs lack individual standing to bring a claim of discrimination in the hiring process; because they are current employees with no possible sex-based claims open to them; the only potential claim for a group of potential class members. Plaintiffs' cannot be members of this class and thus cannot meet the representative requirements of Rule 23.

    b.    <u>Plaintiffs' counsel cannot adequately represent the interests of the proposed class.</u>

Plaintiffs completely fail to even mention the second prong of the adequacy requirement. In fact, Plaintiffs have provided no evidence or even conclusory statements as to Plaintiffs' counsel's class action experience. While Defendants are not entirely familiar with the scope or existence of Plaintiffs' counsel's class action experience, there is significant history in the handling of the instant case to this point that should raise serious concerns as to Plaintiffs' counsel's ability to adequately represent a class.

The courts have held that such evidence is applicable and relevant to a determination of whether an attorney can act as an adequate representative of a class. "In assessing the adequacy of counsel, a court may examine class counsel's conduct in both: 1) prior litigations, and 2) the putative class action before the court." Kingsepp v. Wesleyan Univ., 142 F.R.D. 597, 599

(S.D.N.Y. 1992)(holding counsel inadequate in that evidence showed that counsel failed to obey judge's orders, failed to comply with discovery orders, failed to adhere to filing requirements and filed frivolous motions); see also Johson v. Shreveport Garment Co., 422 F.Supp. 526, 541 (W.D. La. 1976)(ordering revocation of class certification where attorneys for class representatives undertook virtually no discovery, presented little evidence on most issues, and offered statistical analyses which lacked reliability and thoroughness thereby making their representation ineffective). As has been pointed out in several other motions in this case, Plaintiffs' counsel has made several factual and legal misrepresentations to the Court and has knowingly refused to comply with discovery requests and outstanding court orders. (See Motion for Protective Order dated August 27, 2003; Factual Summ. App. to Mem. in Supp. of Defs. Mot. for Contempt, Compliance, Sanctions and Req. for ct. Intervention.)   Furthermore, Plaintiffs' counsel has, on at least one occasion, demonstrated her inability to properly investigate her own client's claims, thereby resulting in an even more serious factual misrepresentation to the Court.

As previously mentioned, the Defendant, City of Bridgeport, filed a Motion to Dismiss Ms. Schiller's initial Complaint. In Plaintiff's Memorandum of Law in Support of Objection to Motion to Dismiss dated May 21, 2001, Plaintiffs' counsel states, "Ms. Schiller also previously filed a sexual discrimination charge against the City, over her initial non-selection for hire, despite her high placement on the hire list and clear qualification. That charge is not the subject of the instant complaint, having been resolved with the City, but it will provide evidence of the pervasiveness of the gender discrimination and of the City's notice of the institutionalized discrimination against

female firefighters and this female in particular." (Plf's Mem. of Law in Supp. of Objection to Mot. to Dismiss dated May 21, 2001 at 5)  This statement is false.  Defendants' made an inquiry with the CHRO regarding any other charges Ms. Schiller may have filed against Defendants.  The CHRO responded that Ms. Schiller's only charge against the City of Bridgeport was her complaint dated April 19, 2000 which is the charge that supports the instant Complaint.  (See copies of CHRO response and all known Schiller/Georgia CHRO and EEOC charges, composite Exhibit 1, attached). It is true that Ms. Schiller did join as a plaintiff in an action brought against the City of Bridgeport regarding her non-selection for hire, but it had nothing to do with sexual discrimination.  The case Ms. Schiller joined, Fierlit v. The City of Bridgeport, supra., alleged reverse race discrimination; nothing in the complaint alleged anything having to do with sexual discrimination or harassment. This misrepresentation shows, at a minimum, sloppiness in Plaintiffs' counsel's case management abilities.

Finally, several courts have held that counsel's failure  timely to seek certification of a class is one indicia that plaintiffs are not adequately and fairly representing the interests of the absent class.  Lyon v. Arizona, 80 F.R.D. 665, 667 (D. Az. 1978); Lopez v. Bergland, 448 F.Supp. 1279, 1281-82 (N.D. Ca. 1978).  As discussed *supra*, Plaintiffs are currently approximately two years late in seeking certification of a class in this case.  Given this history, Plaintiffs, at the very least, should be required to submit some evidence of counsel's adequacy to represent a class, before Court seriously entertains the pending Motion.

## V.     **CONCLUSION**

Defendants respectfully request that Plaintiffs' Motion for Partial Class Certification be denied for two reasons. First, the motion is untimely and therefore the Court should abstain from adjudicating it. Second, certification should be denied because a class action is not permitted by Fed. R. Civ. P. 23 under the facts and circumstances of this case.

Done at Stamford, Connecticut, this 15th day of October. 2003

THE DEFENDANTS
City of Bridgeport, Earl Pettway
and Michael Maglione

By: _(signature)_
Robert B. Mitchell ct05862
Margaret M. Sheahan ct02662
Gwen P. Weisberg ct08740
For:  Pullman & Comley, LLC
      300 Atlantic Street
      Stamford, CT  06901-3522
      (203) 324-5000
      Facsimile (203) 363-8659
Their Attorneys

## <u>CERTIFICATION</u>

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that, on the 15th of October, 2003, a copy of the foregoing was forwarded by first class mail, postage pre-paid, to the following *pro se* parties and counsel of record:

Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

John R. Mitola
John P. Bohannon, Jr.
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

Richard L. Albrecht
Cohen and Wolf, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, CT 06601-1821

Gwen P. Weisberg

STFD/1.1/AMB/310009v1