

FILED

2003 OCT 27 A II: 19

US DISTRICT COURT
HARTFORD CT

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH SCHILLER<br>　　Plaintiff | : | NO: 3:01cv00452(AVC)<br>(ALL CASES) |
| | : | |
| JOHANNA S. GEORGIA<br>　　Plaintiff | : | |
| | : | |
| v. | : | |
| | | |
| CITY OF BRIDGEPORT; ET AL.<br>　　Defendants | : | OCTOBER 28, 2003 |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO QUASH DEFENDANTS' SUBPOENA DUCES TECUM TO NONPARTY DONALD DAY

### I.　　FACTS AND CASE BACKGROUND

These consolidated civil rights cases are brought by two female firefighters arising out of

their employment with the City of Bridgeport. The plaintiffs allege sexual harassment,

discrimination and retaliation under Title VII, the Connecticut Fair Employment Practices Act

(CFEPA), Connecticut Constitution, 42 U.S.C. § 1983, with common law claims of intentional

infliction of emotional distress and breach of the covenant of good faith and fair dealing.

Discovery is currently "stayed," pending decision on a pending Motion for Protective Order by

the defendants and nonparty Roger Kergaravat.

This Memorandum supports Plaintiffs' Motion to Quash a subpoena duces tecum

accompanying a Notice of Deposition of a nonparty named Donald Day for November 5, 2003.

Donald Day is a retired Bridgeport Fire Captain and the former President and Vice President of

the Firebird Society of Bridgeport, Inc., nonprofit fraternal organization of Bridgeport

Firefighters. The defendants' Notice of Deposition for Donald Day dated October 15, 2003 (Exh.

A, appended hereto) includes a subpoena duces tecum commanding Day to produce "[a]ll

documents, correspondence, memoranda, notes, audio, he has furnished to and received from

the undersigned plaintiffs' counsel.

This is the second time in this action that the defendants have directed a subpoena duces

tecum upon a nonparty seeking all documents furnished to and received from the undersigned

plaintiffs' counsel, without exception for privileged matters. The prior such subpoena duces

tecum was to nonparty Roger Kergaravat, who was formerly the President of the Bridgeport

Firefighters Association union local. Both Mssrs. Kergaravat and Day have openly attempted to

assist or cooperated with the plaintiffs and their undersigned counsel in the prosecution of their civil

rights claims, conduct which is protected under the state and federal civil rights laws that form the

basis of the Plaintiffs' claims in this action.

The subpoena duces tecum to Donald Day would invade the work product of Plaintiffs'

counsel, and is not even based upon any good faith belief or showing that the documents sought are

reasonably calculated to lead to the discovery of admissible evidence in support of any claim or

defense in this action. *Ergo*, as with their subpoena duces tecum to Kergaravat, the defendants are

using this action to accomplish some goal other than defense of the Plaintiffs' claims, i.e., chill of the

exercise of fundamental rights to speech, association, and redress of claims under the federal and

state constitutions. The subpoena also violates the clear anti-retaliation mandates of Title VII

2

and the Connecticut Fair Employment Practices Act, protecting activity opposing unlawful

discrimination in employment.

## II.    LAW AND ARGUMENT

### A.    THE SUBPOENA DUCES TECUM TO DONALD DAY SEEKS MATERIALS THAT ARE PRIVILEGED AS THE WORK PRODUCT OF PLAINTIFFS' ATTORNEY, WITHOUT THE REQUIRED SHOWING OF HIGHLY PERSUASIVE NEED.

"The attorney-client privilege is "the oldest of the privileges for confidential communications

known to the common law." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). The

privilege applies so that:

> (1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or the legal adviser, (8) except the protection be waived . . . .

United States v. Kovel, 296 F.2d 918, 921 (2d Cir. 1961)

… "The attorney-client privilege is designed to promote unfettered communication

between attorneys and their clients so that the attorney may give fully informed legal advice. In

re John Doe, Inc., 13 F.3d 633, 635-36 (2d Cir. 1994) ("John Doe 1994"); In re Grand Jury

Subpoena Duces Tecum Dated September 15, 1983, 731 F.2d 1032, 1036 (2d Cir. 1984) ("Marc

Rich"). The protection given to attorney work product serves a similar purpose: "to avoid chilling

attorneys in developing materials to aid them in giving legal advice and in preparing a case for

trial." In re John Doe Corp., 675 F.2d 482, 492 (2d Cir. 1982) ("John Doe 1982"). See generally

Hickman v. Taylor, 329 U.S. 495 (1947)." Richard Roe, Inc., v. Richard Roe, Inc., 68 F.3d 38,

38-39 (2d Cir. 1995) ("Roe I").

"The Supreme Court has frequently reiterated the strong public policies underlying the

work-product privilege. In Hickman v. Taylor, 329 U.S. 495 (1947), the Court found that the

work-product doctrine provided the lawyer with an essential zone of privacy, where the lawyer

could work "free from unnecessary intrusion by opposing parties and their counsel." Id. at 510-

11. The Court cautioned that in the absence of this privilege, "much of what is now put down in

writing would remain unwritten," and that the "effect on the legal profession would be

demoralizing." Id. at 510. Further, the Court has recognized both in Hickman, 329 U.S. at 508,

and again in Nobles, that "the work-product doctrine is distinct from and broader than the

attorney-client privilege."[1] 422 U.S. at 238 & n.11" [U.S. v.] Adlman, 134 F.3d [1495] at 1204

[2d Cir. 1995]; see also Upjohn [Co. v. United States], 449 U.S. [383] at 401-402; Cf. [In re]

Martin Marietta Corp., 856 F.2d 619 at 626 [4th Cir. 1988] (generally opinion work-product not

discoverable)." Thus, "an attorney is not required to divulge, by discovery or otherwise, facts

developed by his efforts in preparation of the case or opinions he has formed about any phase of

the litigation." In re Doe, 662 F.2d 1073, 1077 (4th Cir. 1981), cert. denied, 455 U.S. 1000

(1982).

There are two types of work product, "fact" or "ordinary" work product, and "opinion"

work product. "Fact" or "[o]rdinary work product includes raw factual information. See

4

Gundacker v. Unisys Corp., 151 F.3d 842, 848 n.4 (8th Cir. 1998). Opinion work product includes counsel's mental impressions, conclusions, opinions or legal theories. See id. at n.5." Baker v. GM Corp., ___ F.3d ___ (8th Cir. 2000).

"Fact" or "[o]rdinary work product is not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means. See Fed. R. Civ. P. 26(b)(3). Baker v. GM Corp. at ___. "'Fact work product is discoverable only "upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship.' In re Grand Jury Proceedings, 33 F.3d [342] at 348 (4th Cir. 1994). "Substantial need" is more than just a desire for corroborative evidence. See Director, Office of Thrift Supervision v. Vinson & Elkins, LLP, 124 F.3d 1304, 1308 (D.C. Cir. 1997).

The only limit to the broad protection afforded work product is where it is expressly waived, or intentionally used to further criminal or fraudulent activity. See "Roe I", supra at 39. See also In re Richard Roe, Inc. ("Roe II"), ___ F.2d ___ (2d Cir. 1999) (reversing, finding no crime-fraud exception justifying breach of the privilege); United States v. White, 887 F.2d 267, 271 (D.C. Cir. 1989) (Ruth Bader Ginsburg, J.).

---

[1] Even a waiver (which has not occurred here) of attorney-client privilege does not waive the protection for work product. See, e.g., In re Martin Marietta Corp., 856 F.2d 619, 626 (4th Cir. 1988).

"Opinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney."[2] See In re Grand Jury Proceedings, supra. "An attorney's thoughts are inviolate, ... and courts should proceed cautiously when requested to adopt a rule that would have an inhibitive effect on an attorney's freedom to express and record his mental impressions and opinions without fear of having these impressions and opinions used against the client." [In re Doe,] 662 F.2d at 1080. As a result, 'opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances.' In re Grand Jury Proceedings, 33 F.3d at 348; see also In re Doe, 662 F.2d at 1079, 1080." Chaudhry v. Gallerizzo, ___ F.3d ___ (4th Cir. 1999).

The burden is on the defendants to make the requisite showing of "substantial need" of the documents sought for the preparation of their case. There is no waiver, criminal or fraudulent activity. If their reason for seeking "fact" work product is a belief that Donald Day is a witness and the work product contains relevant substantive facts, Mr. Day's availability to the defendants for deposition on the facts obviates the need to violate the privilege. See In re Grand Jury Proceedings, 473 F.2d 840, 849 (8th Cir. 1973). There are no "rare and extraordinary

---

[2] Subsection (3) of Rule 26(b) specifically protects "trial preparation materials," i.e., "documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." These materials are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means," and "[i]n ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

circumstances" in the defense of this action that compel disclosure of Plaintiffs' counsel's mental impressions and opinions.

### B.    THE SUBPOENA DUCES TECUM TO DONALD DAY SEEKS MATERIALS BEYOND THE SCOPE OF PERMISSIBLE DISCOVERY.

The subpoena duces tecum to Donald Day is not based upon any good faith belief that the documents sought are reasonably calculated to lead to the discovery of admissible evidence in support of any claim or defense in this matter.

Fed. R. Civ. Pro. 26(b) provides:

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence …

The "good cause" requirement, first, requires that the matter sought to be discovered is "relevant." Rule 26(b). It is not. The subpoena duces tecum seeks materials provided by Plaintiffs' counsel to Donald Day, not any nonprivileged documents having relevance to any claim or defense in this action which would already be the subject of their defendants' several discovery requests to the Plaintiffs and already disclosed, or subject to being disclosed. Communications by Plaintiffs' counsel in preparation of his lawsuit or any other client's current or anticipated litigation bear no relevance and offer only a view into how their cases (or those of other clients of the undersigned

counsel) are being prepared. In any event, the burden is on the defendants to show "good cause" for

this Court to order disclosure of otherwise privileged materials.

C.    **THE GOVERNMENT-DEFENDANTS' SUBPOENA DUCES TECUM TO DONALD DAY WOULD IMPERMISSIBLY BURDEN AND CHILL THE EXERCISE OF THE PLAINTIFFS' FUNDAMENTAL AND STATUTORY FEDERAL AND STATE RIGHTS.**

The subpoena duces tecum to Donald Day seeks to impermissibly burden the Plaintiffs'

(and their attorney's) free speech and association rights under the First Amendment and article

first, § 4 of the Connecticut Constitution, i.e., the rights to freely speak and associate with persons

who would assist them in prosecuting the instant suit seeking to remedy and stop violations of

their civil rights. It also would run afoul of the protections for activities in assistance to the

protection of employees' rights to be free of unlawful discrimination in their employment.

1.    **Rights to free speech, association and to petition for redress.**

As public employees, the Plaintiffs' speech -- to anyone, including Donald Day -- about

rampant, longstanding, institutionalized discrimination in a municipal fire department is of

public concern and as such, is entitled to the highest protection, no matter that the Plaintiffs have

a personal stake in the subject matter:

> "The First Amendment does not protect speech and assembly only to the extent it can be characterized as political. 'Great secular causes, with smaller ones, are guarded.'" Connick v. Myers, 461 U.S. 138, 147 (1983), quoting Mine Workers v. Illinois Bar Assn., 389 U.S. 217, 223 (1967). A matter of public concern does not "lose its importance merely because it arises in an employee dispute." Hall v. Ford, 856 F.2d 255, 260 (D.C. Cir. 1988). "Dismissing [the plaintiffs'] speech as unprotected merely because she had a personal stake in the controversy fetters public debate on an important issue because it muzzles an affected public employee from speaking out.

Rode v. Dellarciprete, 845 F.2d 1195, 1202 (3d Cir. 1988).

Thus, "[s]peech which discloses any evidence of corruption, impropriety, or other malfeasance on the part of city officials, in terms of content, clearly concerns matters of public import." Conaway v. Smith, 853 F.2d 789, 796 (10th Cir. 1988). See Howcroft v. City of Peabody, 747 N.E.2d 729 (Mass. App. Ct. 2001) (police officer's "[s]peech about official malfeasance or abuse of office by senior officers of the [municipal] police force, in failing to enforce [state anti-smoking statute], and thereby exhibiting an unexcused disinterestedness in a matter of intense public interest, is speech which is of inherent public interest and obviates any need to consider [the employee's] motives or his personal concerns"); O'Connor v. Steeves, 994 F.2d 905, 913-915 (1st Cir.), cert. denied 114 S. Ct. 634 (1993); Azzaro v. County of Allegheny, 110 F.3d 968, 978 (3d Cir. 1997).

As to the right of access to the courts, to petition for redress, "'[m]eaningful access' to the courts is the touchstone." Bounds v. Smith, 430 U.S. 817, 823, 97 S. Ct. 1491, 1495-96, 52 L. Ed.2d 72 (1977). This right is also secured by article first, § 4 of the Connecticut Constitution (right to seek a "remedy by due course of law, and right and justice administered without sale, denial or delay").

Thus, the courts must rigorously guard First Amendment rights, even in the face of seemingly innocuous uses of legal process that might interfere with protected speech and association. See White v. Lee, 227 F.3d 1214 (9th Cir. 2000) (*mere threats* by HUD, in an investigation of possible violations of the Fair Housing Act, *to issue subpoenas* to members of a neighborhood group opposing a housing project for their publications, minutes of meetings, and

correspondence with other organizations "would have chilled or silenced a person of ordinary firmness from engaging in future First Amendment activities" (Id., citing Mendocino Environmental Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999)). "[I]n the First Amendment context, courts must "look through forms to the substance" of government conduct. Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 67 (1963). Informal measures, such as "the threat of invoking legal sanctions and other means of coercion, persuasion, and intimidation," can violate the First Amendment ...." White v. Lee, supra.

As with the subpoena duces tecum the defendants served on Roger Kergaravat, then never executed or conducted his deposition, their purpose of a chill on communications between him and Plaintiffs' counsel having been accomplished merely by issuance of the subpoena, issuance of the subpoena duces tecum Donald Day seeking similar items, none of which is relevant to any claim or defense, is aimed at chilling further communications between Day and Plaintiffs' counsel in preparation of the Plaintiffs' cases. Disclosure of any Plaintiffs' counsel's communications with Mr. Day carries with it the danger of counsel being turned into a fact witness, which threatens the Plaintiffs' ability to seek redress.[3]

**2.     Rights protected by Title VII and the Connecticut Fair Employment Practices Act.**

Section 704(a) of Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he

---

[3] Avoidance of these types of scenarios is the purpose of the work product privilege, discussed above.

has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

This includes assisting others in pursuing Title VII claims. This right extends not only to Donald Day, to the extent he has done so, but to Plaintiffs' counsel as well.

As with the subpoena duces tecum the defendants served on Roger Kergaravat, then never executed or conducted his deposition, their purpose of a chill on communications between him and Plaintiffs' counsel having been accomplished merely by issuance of the subpoena, issuance of the subpoena duces tecum Donald Day seeking similar items, none of which is relevant to any claim or defense, is aimed at chilling further communications between Day and Plaintiffs' counsel in preparation of the Plaintiffs' cases.

Finally, interference with the exercise of known federal rights by retaliation or other means is actionable under 42 U.S.C. § 1983.

## III.    CONCLUSION

There is no basis for allowing, and rather, every reason not to allow, the defense to use this lawsuit to conduct a witch hunt into the advocacy activities of Plaintiff's counsel, particularly concerning the protection of civil rights this lawsuit was brought to protect, by allowing discovery of her preparation of this case, and her communications with Donald Day or any other potential witness, client or victim of civil rights violations by the defendants. Therefore, Plaintiff and their counsel seek an order quashing the subpoena duces tecum to Donald Day. With the Court's approval, Plaintiffs' counsel will furnish a privilege log with appropriate proof *ex parte, in camera*, as

11

to documents, if any, the privilege applies to. An order limiting the scope of the deposition of

Donald Day to avoid examination seeking information about work product is also sought.

**FOR THE PLAINTIFFS,**

Susan V. Wallace, Esq.
11 Blue Orchard Drive
Middletown, CT 06457
Tel: (860) 704-0472  Fax: -0490
law4us@rcn.com
Fed Bar No. CT08134

12

**CERTIFICATION OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing "Plaintiffs' Memorandum in Support of Motion to Quash Defendants' Subpoena Duces Tecum to Donald Day" has been served upon:

Robert B. Mitchell, Esq.
Margaret M. Sheahan, Esq.
Thomas F. Maxwell, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

John Mitola, Esq.
John Bohannon, Jr., Esq.
Office of the City Attorney
City Hall Annex
999 Broad Street
Bridgeport, CT 06604

Richard L. Albrecht, Esq.
Cohen & Wolf, P.C.
115 Broad Street
P.O. Box 1821
Bridgeport, CT 06601-1821

on this 28 day of October, 2003, via:

_____ Regular U.S. Mail, first class, postage prepaid

_____ U.S. Priority Mail

_____ U.S. Express Mail or other overnight mail service

_____ Facsimile

_____ Hand-delivery

Susan V. Wallace, Esq.

# UNITED STATES DISTRICT COURT
## FOR THE
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA,<br><br>          Plaintiff,<br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br><br>          Plaintiff,<br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC) |
| CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>          Defendants. | (CONSOLIDATED)<br><br><br><br><br><br><br>October 15, 2003 |

## DEFENDANTS' NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that the Defendants City of Bridgeport, Earl Pettway and Michael Maglione, will take the deposition of *Defendant Donald Day,* with respect to the allegations made in the complaint in this matter, at the offices of *Pullman & Comley, LLC, 300 Atlantic Street, Stamford, Connecticut,* on *Wednesday, November 5, 2003* at *10:00 a.m.* before a court reporter, or some other proper authority. Oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

By: _Margaret M Sheahan_
Margaret M. Sheahan, ct05862
Robert B. Mitchell, ct02662
For: Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT  06601-7006
(203) 330-2000
Facsimile (203) 576-8888

ATTORNEYS FOR:
CITY OF BRIDGEPORT,
EARL PETTWAY and
MICHAEL MAGLIONE

-2-

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

──────────── DISTRICT OF ────────────
CONNECTICUT

JOHANNA S. GEORGIA,
ELIZABETH SCHILLER,

### SUBPOENA IN A CIVIL CASE

**V.**

CITY OF BRIDGEPORT,
DONALD DAY, EARL PETTWAY,
MICHAEL MAGLIONE

CASE NUMBER: ¹  3:01 CV-00717 (AVC)
3:01 CV-00452 (AVC)

TO:  Donald Day
59 Pleasant Avenue
Ansonia, CT 06401

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Pullman & Comley, LLC, 300 Atlantic Street, 5th Floor Stamford, CT 06901 | DATE AND TIME 11/5/03 10:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents, correspondence, memoranda, notes, audio and video recording which you received from or produced to Johanna Georgia, Elizabeth Schiller or Susan V. Wallace, or which refer to Johanna Georgia, Elizabeth Schiller or Susan V. Wallace.

| PLACE  Pullman & Comley, LLC, 300 Atlantic Street, 5th Floor Stamford, CT 06901 | DATE AND TIME 11/5/03 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Margaret M. Sheahan*  Attorney for Defendants City of Bridgeport, Pettway and Maglione | DATE 10-15-03 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Pullman & Comley, LLC, 850 Main Street, Bridgeport, CT 06604
Margaret M. Sheahan (203) 330-2138

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

## CERTIFICATION

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on October 15, 2003 to all counsel and pro se parties of record.

Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

John R. Mitola
John P. Bohannon, Jr.
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

Richard L. Albrecht
Cohen and Wolf, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, CT  06601-1821

Margaret M. Sheahan

BPRT/67551.1/EMP/494755v1

-3-