FILED

2003 OCT 29 P 2: 06

DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA,<br><br>        Plaintiff,<br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br><br>        Plaintiff,<br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC) |
| CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>        Defendants. | (CONSOLIDATED)<br><br><br><br><br><br>October 28, 2003 |

**CITY OF BRIDGEPORT'S REPLY MEMORANDUM
IN SUPPORT OF MOTION FOR ORDER DATED SEPTEMBER 30, 2003**

Defendant City of Bridgeport wants to depose, and review the records of, two physicians who were treating Plaintiff Johanna Georgia at the time of her deposition. This question has been brought to the attention of Plaintiffs and the Court several times without formal motion over many months. Defendant City of Bridgeport filed a formal motion in September for a simple, straightforward, rational, honest, good faith reason: to facilitate a resolution. Simply put, the motion was designed to put the issue on a procedural track for decision, to prevent the Court and the parties from forgetting about it altogether.

The reason for the long-standing request that Defendant City of Bridgeport chose to memorialize in a motion is equally simple, straightforward, rational, honest and in good faith. Ms. Georgia testified under oath that she was uncertain whether she could understand and answer questions because of her medications. Defendants are entitled to explore her competency to testify.

Plaintiffs' Opposition[1] recites a litany of false accusations of Defendant misconduct, including castigation of now retired Assistant Fire Chief Patrick Shevlin and Associate City Attorney John Mitola for doing their jobs. The defense has treated these repetitious calumnies exhaustively in other submissions to this Court and will not belabor them here.

There are two sets of allegations in Plaintiffs' Opposition, however, that are no more meritorious than the old ones but nevertheless new to the arena. Defendants must address them here.

## I. DEFENDANT IS NOT ATTEMPTING TO GAIN AN UNFAIR ADVANTAGE IN ANOTHER PROCEEDING

In the guise of unveiling a bad faith motive for this simple discovery motion, Plaintiffs' Opposition spins a tale of a defense attempt to create a public record for use by the City in a proceeding on the question of Ms. Georgia's medical retirement, in violation of the spirit, if not the letter, of a new federal statute known as HIPPA (the Health Insurance Portability and Accountability Act of 1996 and implementing regulations, 45 C.F.R. parts 142 and 160-164).

---

[1] The document is dated October 22, 2003 and titled "Plaintiffs' Opposition to City of Bridgeport's Motion for Order Dated September 30, 2003."

It is true that the Fire Department has proposed Ms. Georgia's medical retirement to the Fire Commissioners. (It is also true and notable that the Department could have chosen to recommend the simple termination of Ms. Georgia's employment, which, unlike a medical retirement, would afford her no pension entitlement.) Plaintiffs' Opposition concludes that the Department's action can only be read as sex discrimination and retaliation. Defendants contend that the fact that Ms. Georgia has been unable to work for over two years suggests a much more practical motivation: providing a firefighter deserved benefits and permitting the City to augment its fire protection services with a working firefighter. One is left to wonder why a firefighter claiming fitness for duty and opposing the idea of her retirement seeks to keep all medical information about her current capabilities secret from the body charged with determining that question.

Beyond this, Defendant resists the temptation to attack this straw man. The fact is, as Plaintiffs' Opposition points out, there is a protective order in place in this action that limits the use of health care providers' testimony and medical records. Granting Defendant's motion would not change this protection.

## II.     DEFENDANTS HAVE NOT VIOLATED THE PROTECTIVE ORDER

Plaintiffs' Opposition is correct that a Protective Order is in place.

Plaintiffs' Opposition is incorrect that Defendant City of Bridgeport violated the Protective Order by attaching an excerpt from Plaintiff Georgia's deposition as an exhibit to the Motion for Order.

The Protective Order renders confidential, and requires under-seal treatment for, testimony and documents provided by health care providers; it does not require such treatment for party testimony.[2]

Done at Bridgeport, Connecticut this 28th day of October, 2003.

By: /s/ Margaret M. Sheahan
Margaret M. Sheahan, ct05862
Robert B. Mitchell, ct02662
Gwen P. Weisberg, ct08740
For: Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
(203) 330-2000
Facsimile (203) 576-8888

ATTORNEYS FOR:
CITY OF BRIDGEPORT,
EARL PETTWAY and
MICHAEL MAGLIONE

---

[2] Plaintiffs' Opposition is incorrect in stating that the Protective Order in place is the one Plaintiffs proposed. When Plaintiffs moved for a Protective Order, Defendants submitted a different proposed order. This Court entered Defendants' proposed order. Neither would the Order Plaintiffs proposed have prohibited Defendants' Motion for Order or its attachment of Plaintiffs' testimony. Remarkably, the pertinent language is reproduced verbatim in Plaintiffs' Opposition, which otherwise ignores the fact that even Plaintiffs sought to protect only the health care providers' documents and testimony, not Plaintiffs' own.

## CERTIFICATION

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on October 28, 2003 to all counsel and pro se parties of record.

Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

John R. Mitola
John P. Bohannon, Jr.
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

Richard L. Albrecht
Cohen and Wolf, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, CT 06601-1821

_____
Margaret M. Sheahan

BPRT/67551.1/EMP/495643v1