FILED

2003 OCT 31  A 9:21

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA, | : CIVIL ACTION NO. |
| | 3:01 CV-00717(AVC) |
| and | : |
| | |
| ELIZABETH SCHILLER | : CIVIL ACTION NO. |
| | 3:01 CV-00452(AVC) |
| Plaintiff, | : |
| | |
| v. | : (CONSOLIDATED) |
| | : |
| CITY OF BRIDGEPORT; DONALD DAY, | |
| In His Official Capacity As Fire Captain | |
| And In His Personal Capacity; EARL | |
| PETTWAY, In His Official Capacity As | : |
| Deputy Fire Chief And In His Personal | |
| Capacity; MICHAEL MAGLIONE, In His | |
| Official Capacity As Fire Chief And In His | : |
| Personal Capacity | |
| | : |
| Defendant. | : |

**PROPOSED PROTECTIVE ORDER**

WHEREAS, Johanna Georgia and Elizabeth Schiller (hereinafter "Plaintiffs"), and the City of Bridgeport, Earl Pettway and Michael Maglione (hereinafter "Defendants"), are currently engaged in discovery; and

WHEREAS, in light of the complexity of this case, the number of documents discovered and depositions taken, the emotionalism surrounding the issues, the imminence of trial which requires that discovery be conducted expeditiously, and the fact that many of the

documents and depositions contain highly sensitive material, good cause has been shown that an Order is appropriate pursuant to Federal Rules of Procedure 26(c) to protect information obtained through the pre-trial discovery in this proceeding; and therefore

IT IS HEREBY ORDERED as follows:

1. All documents and depositions produced pursuant to the discovery order dated August 20, 2003 (document no. 89) (hereinafter referred to as "Discovery Material"), which are not otherwise protected from disclosure pursuant to a protective order previously entered herein, are and shall be designated as protected within the meaning of Rule 26(c) of the Fed. R. Civ. P., and said Discovery Material and the contents or substance thereof, shall not be disseminated, made available for inspection or copying, paraphrased or otherwise disclosed, to any person other than a "designated person" (defined in paragraph 3 hereof) except as permitted herein.

2. All Discovery Material, if filed with the Court, shall be filed under seal.

3. Only the following "Designated Persons" shall have unrestricted access to Discovery Material:

   a. Partners, associates, paralegals, law clerks and clerical personnel, if any, of the counsel representing parties to this action;

   b. The parties to this action,

2

    c.    Persons retained by counsel for the parties to this action to assist in preparation for trial or to serve as expert witnesses in this litigation.

4. Each Designated Person will maintain Discovery Material in confidence and will not reveal any Discovery Material to any person who is not a Designated Person without the prior written consent of the opposing counsel or an order by the Court authorizing such disclosure.

5. This Order in no respect supercedes, in whole or in part, any protective orders previously entered in this matter.

6. Counsel are not barred from discussing in general terms what their claims are and what they believe they will be able to prove, nor are they limited from making public any material obtained independently of the discovery process.

7. Nothing in this Order shall prohibit the press from exploring all avenues in a search to discover information pertaining to the claims in this litigation, nor from publishing any information it learns about the case.

8. Notwithstanding the terms of Paragraphs 1-4 above, counsel for the parties may, in the course of deposing a person who is not a Designated Person and acting in good faith, show the witness Discovery Material and examine the witness concerning such information provided that (a) the witness is informed that the information is confidential and is instructed that, pursuant to Court order, such confidentiality must be maintained;

and (b) no persons are present during these portions of the examination concerning Discovery Material except the witness, Designated Persons, and a stenographic reporter.

9. This Protective Order applies to Discovery Material which has been disclosed prior to the execution of this Protective Order, as well as to Discovery Material which is disclosed after the execution of this Protective Order. This paragraph shall take effect upon execution.

10. All documents produced after the date that the this Protective Order is entered which constitute Discovery Material shall be stamped "Confidential." The parties understand that Plaintiffs and Defendants have produced documents which constitute Discovery Material prior to the execution of this Protective Order which are not stamped "Confidential" and that, as of the date that this Protective Order is entered, those documents are subject to the terms of this Protective Order.

11. This Protective Order shall be binding on all Designated Persons and all other persons having knowledge of its terms. It is enforceable by any sanction deemed appropriate by the Court.

SO ORDERED this 27TH day of OCTOBER, 2003.

_____
UNITED STATES DISTRICT JUDGE

STFD/67551.1/AMB/309530v1