# Susan V. Wallace
*~ Attorney at Law ~*

11 Blue Orchard Drive                                                                                          tel: (860) 704-0472, fax -0490
Middletown, Connecticut 06457                                                                          email: law4us@rcn.com

October 27, 2003

The Hon. Judge Alfred Covello
U.S. District Court
450 Main Street
Hartford, CT 06103

        Re:     <u>Schiller, Georgia v. City of Bridgeport</u> (consolid) no. 3:01cv00452(AVC)

Your Honor:

        There are a number of outstanding Motions and Oppositions thereto in the above action,
to wit:

        Defendants' Motion for Contempt, Compliance, Sanction, and Court Intervention, dated
        June 30, 2003
        Plaintiffs' Opposition, dated September 30, 2003
        Defendants' Reply, dated October 14, 2003

        Plaintiffs' Motion for Partial Class Certification, dated August 25, 2003
        Defendant's Opposition, dated October 15, 2003
        (Plaintiffs' Reply to be filed)

        Defendants' Motion for Protective Order, dated August 27, 2003
        Nonparty Roger Kergaravat's Motion for Protective Order and Objection to Disclosure,
        dated September 4, 2003
        Plaintiffs' Opposition, dated September 30, 2003
        Nonparty Roger Kergaravat's Reply, dated October 10, 2003
        Defendants' Reply, dated October 14, 2003

        Firebird Society of Bridgeport's Motion to Intervene and Opposition to Motions for
        Protective Order, dated October 14, 2003 (Proposed Intervenor's supporting memoranda
        due November 3, 2003)
        Bridgeport Hispanic Firefighters Association's Motion to Intervene and Opposition to
        Motions for Protective Order, dated October 14, 2003 (Proposed Intervenor's supporting
        memoranda due November 3, 2003)
        Defendants' Opposition, dated October 20, 2003
        (Intervenor's Reply would be due – on what date?)

*The Hon. Judge Alfred Covello*
*October 27, 2003*
*2 of 5*

    City's Motion for Order (re disclosure of Plaintiff Johanna Georgia's medical records and information), dated September 30, 2003,
Plaintiffs' Opposition, dated October 22, 2003,

    First, the Defendants' Replies regarding their Motion for Protective Order and their Motion for Contempt, Compliance, Sanction, and Court Intervention are not strictly confined to a discussion of matters raised by the responsive briefs, an contain material factual inaccuracies and false and defamatory statements about Plaintiffs' counsel and nonparties. To wit

    As to the Defendants' Reply in support of their Motion for Protective Order:

1.     At page 2, the factual misrepresentation that Plaintiffs' counsel has repeatedly made false statements to this Court;
2.     At page 3, the factual misrepresentation that Plaintiffs engage in a "pattern of throwing around unsupported aspersions, indeed, outright slanders to inflame the public in an apparent effort to garner support for their case ...";
3.     At page 3, the false accusation that Plaintiffs' counsel has committed "vicious slander, made without reference to any evidence of wrongdoing" by BFME (a charge made despite the prior holdings cited by Plaintiffs of this Court and the Second Circuit as to this groups' discriminatory aims and activities) ;
4.     At page 3, n. 2, on this public record, defendants and their counsel represent that Plaintiffs' counsel, whose practice is concentrated in plaintiffs' civil rights law, is engaging in "race-baiting";
5.     At page 4 n. 1, defendants and their counsel state that membership in the "BFME" group operating within the Fire Department "is open to any Bridgeport Firefighter regardless of race, sex, color, heritage, or creed" (despite known documents, witnesses, and findings in decisions by this Court and by the Second Circuit that this group represents white males against the employment interests of persons of color);
6.     At page 4 n. 2, the incorrect and misleading statement that Donald Day is a defendant in this action (plaintiffs' counsel has repeatedly told defense counsel and this court that Day was never served and the docket shows he was never a party);
7.     At page 4, the factual misrepresentation that Plaintiffs' counsel committed "misuse of documents obtained in discovery";
8.     At page 4, the factual misrepresentations that Plaintiffs and their counsel are using "materials obtained ***only*** [emphasis in original] through the coercive power of this Court's discovery rules" and doing to "to wage their war of invective";
9.     At page 5, the factual misrepresentation that Plaintiffs' counsel "misconstrued, twisted and misused [discovered information or materials] to support malicious demogoguery";

10. At page 5 n. 3, the factual misrepresentations about the reason for the retirement of nonparty Donald Day, and that "After his inexcusable remark and attempt at retaliation, no one wanted him in the Department," and that "Mr. Mitola's remark to the press was just a statement if what everyone, with the apparent execption of Plaintiffs and their Counsel, already knew";

11. At pages 5-6 n. 4, the factual misrepresentation that "Plaintiffs' counsel <u>has</u> [emphasis in original] maligned Retired Deputy Fire Chief Shevlin in the press," a statement made to this Court with nothing more than supposition by defense counsel that Plaintiffs' counsel is "collaborating with" a news reporter to "malign" Shevlin but not stating what exactly was printed that "maligns" Shevlin, and even acknowledging th fact that there is no attribution in any press account of any "maligning" statement ever made about Shevlin by Plaintiff's counsel, yet going on to state that defense counsel "believed and still believes that Plaintiffs' Counsel has maligned Shevlin and has sought to undermine his character, good name and service to the City of Bridgeport and its people through the press";

12. At page 6 n. 4, the misleading representations that <u>admitted</u> statements by defense counsel Robert Mitchell reported to this Court by Plaintiffs' counsel as serious attorney misconduct have been "so twisted [by Plaintiffs' counsel] out of context as to completely change their meaning and import";

13. At page 6 n. 4, the factual misrepresentations that Plaintiffs' counsel "that several members of the BFD [Bridgeport Fire Department] were guilty of criminal and civil racketeering," and "that their illegal conspiracy likely included [Attorney Mitchell]," and that Plaintiffs' counsel "threatened formal charges against all concerned";

14. At page 6 n. 4, the factual misrepresentations that Plaintiff' counsel "sought to have [Attorney Mitchell] arrested by a Marshal at the Hartford Federal Courthouse for purportedly making her fearful during a conference with the Honorable J. Read Murphy" and that "Her reactions then were as inexplicable, irrational and unwarranted as is the tenor of the Plaintiffs' Memo opposing this Defense protective order requested" (I never spoke to a Marshal. The PJO, your Honor and your law Clerk were all witnesses to this incident, in which I never called for anyone to be arrested but had to leave the room after defense counsel Mitola and Mitchell were yelling very loudly all manner of insults and threats at me, as Mitchell stood up and repeatedly pounded the small table we sat at with his fist and moved in extreme and frightening agitation directly toward my person. Your Honor removed defense counsel from the room so that I could conclude the conference with the PJO);

15. At page 6 n. 4, the factual misrepresentations that defense counsel's admitted loss of temper and threat to "squash" (he did not say "squish") Plaintiffs' counsel "like a bug" were in response or somehow justified by a threat made by Plaintiffs' counsel to pursue Mitchell personally and "gross provocation" by Plaintiffs' counsel (It was Mitchell who repeatedly threatened Plaintiff's counsel that he and every member

*The Hon. Judge Alfred Covello*
*October 27, 2003*
*4 of 5*

of the Bridgeport Fire Department would bring all manner of legal actions to "ruin" her, unaware there was third person hearing him. There is no excuse for Mitchell's conduct, "gross provocation" or not);

16.    At page 8, the factual misrepresentation that Plaintiffs' counsel makes a "false conclusory statement" in support of her argument against the Protective Order;

17.    At page 9, the factual misrepresentations that Plaintiffs' counsel is committing a "misuse of the [discovered] information to support the types of demogoguery that permeates Plaintiffs' memo."

As to the Defendants' Reply in Support of their Motion for Contempt, Compliance, Sanction, and Court Intervention:

18.    At page 3, there is discussion of "margin notations," never previously never mentioned and entirely unknown to Plaintiffs' counsel;

19.    A page 5, a discussion of copies of emails found on a public internet site that were only known to be made by a Bridgeport firefighter and pertaining to the City's Fire Department when their maker identified them as such in his deposition;

20.    At page 6, false and defamatory accusations that Plaintiffs' counsel has committed "continued misrepresentation of substantive fact to the Court" and "unending falsities."

The Plaintiffs request the opportunity to file a responsive brief to address these serious matters directly affecting the substantive issues at bar.

Second, the Plaintiffs also request oral argument and record testimony on their Oppositions in all the matters listed above. In particular, Plaintiffs and their counsel are entitled to an evidentiary hearing on the record on the <u>Motion Contempt</u>, Compliance, <u>Sanction</u>, and Court Intervention.

Third, at the request of defense counsel and counsel purportedly representing Roger Kergaravat, and over the objection of the Plaintiffs, the Court in a chambers discovery conference on September 10th suspended all discovery pending decision on the defendants' (and Kergaravat's) Motion for Protective Order. The defendants have proceeded nonetheless to file new discovery requests to the Plaintiffs, to serve subpoenas duces tecum and notice the depositions of various nonparties. Plaintiffs' counsel gave written objection to this to defense counsel, who postponed one deposition, but is still pursuing the rest of the new discovery.

It is fundamentally unfair for the defendants to be able to pursue new discovery from the Plaintiffs at this late date in the case, while the Plaintiff is under a "stay" from proceeding to complete open depositions, and from obtaining even compliance with their discovery served in February 2003, and which this Court ordered the defense to comply with. The Plaintiffs must

*The Hon. Judge Alfred Covello*
*October 27, 2003*
*5 of 5*

now file to quash this new discovery, and to seek written articulation of the Court's oral "stay of discovery" order.

Very truly yours,

Susan V. Wallace, Esq.

cc:    John Mitola, Esq., John Bohannon, Jr., Esq.
       Margaret Sheahan, Esq., Robert Mitchell, Esq., Thomas Maxwell, Esq.
       Richard Albrecht, Esq., Cohen & Wolf