UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV 17 P 2: 26

US DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| ELIZABETH SCHILLER AND JOHANNA S. GEORGIA, Plaintiffs, | : : : : | |
| v. | : : | Civil No. 3:01CV452(AVC) |
| CITY OF BRIDGEPORT, DONALD DAY, MICHAEL MAGLIONE, EARL PETTWAY, Defendants. | : : : : : | |

## RULING ON THE PLAINTIFFS' MOTION TO QUASH SUBPOENA TO ROGER KERGARAVAT BY CITY OF BRIDGEPORT

This is an action for damages and equitable relief brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1983, Conn. Gen. Stat. § 46a-60, the Connecticut constitution, and common law tenets concerning intentional infliction of emotional distress and breach of the covenant of good faith and fair dealing. On April 16, 2003 the defendants noticed the deposition of Roger Kergaravat, a non party. At the time Kergaravat was noticed, he was the president of the Bridgeport fire department union. The defendants also served Kergaravat with a subpoena requiring him to bring "all documents provided . . . [the plaintiffs' attorney]" to the deposition. On May 7, 2003, the plaintiffs filed the within motion to quash the subpoena. For the reasons that hereinafter follow, the plaintiffs' motion to quash subpoena to Roger Kergaravat (document no. 67) is DENIED.

The plaintiffs first contend that the motion to quash should

be granted because the subpoena impermissibly seeks disclosure of documents protected by the attorney work product doctrine. In support of this contention, the plaintiffs have submitted a log identify the documents that are purportedly covered by the work product privilege. The log identifies three documents: (1) a portion of the Bridgeport firefighters union's collective bargaining agreement; (2) a job description for the Bridgeport fire chief; and (3) a job description of the Bridgeport deputy fire chief.

"The attorney work product doctrine, . . . provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." In Re Grand Jury Subpoenas dated March 19, 2002 and August 2, 2002, 318 F.3d 379, 383 (2d Cir. 2003). Nevertheless, "the principle underlying the work product doctrine--sheltering the mental processes of an attorney as reflected in documents prepared for litigation--is not generally promoted by shielding from discovery materials in an attorney's possession that were prepared neither by the attorney nor his agents. . . . Thus, the work product doctrine does not extend to documents in an attorney's possession that were prepared by a third party in the ordinary course of business and that would have been created in essentially similar form irrespective of any litigation anticipated by counsel." In Re Grand Jury Subpoenas dated March 19, 2002 and August 2, 2002, 318 F.3d 379, 384-85 (2d Cir. 2003).

Applying these principles, the court concludes that the documents identified by the plaintiffs fall outside of the work product doctrine's protection. The documents were created by a third party in the normal course of business. Moreover, the documents would have been created "irrespective of any litigation anticipated by counsel." Consequently, the documents identified by the plaintiffs are not protected by the work product doctrine.

The plaintiffs also contend that the subpoena should be quashed because it "impermissibly burdens the plaintiffs' (and their attorney's, and union's) free speech and association rights." Putting aside the question of whether the plaintiffs can properly assert the First Amendment rights of the union, the court concludes that this contention is without merit.

Although there is limited case law on the issue, it is generally agreed that there is a qualified First Amendment privilege in the context of discovery. See NAACP v. Alabama, 357 U.S. 449, 462-63; Wyoming v. U.S. Department of Agriculture, 239 F. Supp.2d. 1219, 1236 (D. Wyo. 2002); 6 Moore's Federal Practice § 26.48[1] at 26-160.1-26-161 (Mathew Bender 3d ed. 2003) ("There is no absolute privilege based on the First Amendment that will protect information from discovery. The First Amendment, however, has been the source of some qualified privileges . . . ."). The threshold requirement for the application of the qualified privilege is a showing that the discovery request seeks "internal associational activities, such as: membership and

volunteer lists, contributor lists, and past political activities of organizations and of those persons with whom they have been affiliated." <u>Wyoming v. U.S. Department of Agriculture</u>, 239 F. Supp.2d 1219, 1237 (D. Wyo. 2002); see also <u>Wilkinson v. Federal Bureau of Investigations</u>, 111 F.R.D. 432, 436 (C.D. Cal. 1986). "The litigant must, at least, make some showing that the information sought would impair the group's associational activities." <u>Wilkinson v. Federal Bureau of Investigations</u>, 111 F.R.D. 432, 437 (C.D. Cal. 1986).

Applying these principles, the First Amendment qualified privilege is inapplicable in this case. The material subject to the subpoena at issue does not include the types of information that the qualified privilege is generally intended to protect. Moreover, the plaintiffs have altogether failed to demonstrate how disclosure of the documents at issue, two job descriptions and a portion of a contract, would impair their associational rights. The plaintiffs reliance on the qualified privilege of the First Amendment is therefore misplaced.

Therefore, the motion to quash subpoena (document no. 67) is DENIED.

It is so ordered this 17th day of November, 2003, at Hartford, Connecticut.

Alfred V. Covello,
United States District Judge