# Susan V. Wallace
~ *Attorney at Law* ~

3:01CV00452(AVC). December 22, 2003. Construed as a letter motion for sanctions and other relief for violation of the protective order, the within motion is DENIED for the reasons that hereinafter follow.

This is an action for damages and equitable relief brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1983, Conn. Gen. Stat. § 46a-60, the Connecticut constitution, and common law tenets concerning intentional infliction of emotional distress and breach of the covenant of good faith and fair dealing. On March 7, 2002, the plaintiffs filed a motion for a protective order to bar the public dissemination of information received from the plaintiffs' doctors. On May 5, 2003, the court granted the plaintiffs motion. The protective order required that "any pleadings, motions, briefs (or sections thereof) or other papers filed with the court disclosing any confidential information, shall be filed under seal . . . ." On September 30, 2003, the defendants filed a "motion for order." As part of that filing, the defendants attached an excerpt of the plaintiff's, Johanna Georgia's, deposition. That excerpt contained information regarding medical treatment that Georgia is currently undergoing. Specifically, the deposition excerpt identified: (1) that Georgia was taking medication for an injury; (2) the names of the medications; and (3) Georgia's medical provider. The excerpts of Georgia's deposition were not filed under seal.

The plaintiffs contend that the defendants failure to file the deposition excerpts under seal was a violation of the protective order and request that this court order that the motion be sealed, that the defendants pay the reasonable attorney's fees and costs for the plaintiffs' opposition to the motion, and various other relief.

The plaintiffs' motion is DENIED. The protective order entered by the court defined "confidential information" as "all medical records concerning the parties, including the records, notes and reports of all health care providers" and "transcripts of the depositions of all healthcare practitioners who have evaluated, treated, and/or consulted with any party." The material submitted by the defendants is not "confidential information" as that term is defined in the protective order. It contains neither medical records nor transcripts of the plaintiffs' doctor's depositions. Consequently, the defendants were not required to file that material under seal. Therefore, because there was no violation of the protective order, sanctions are unwarranted.

SO ORDERED.

Alfred V. Covello, U.S.D.J.

FILED 2003 DEC 2... U.S. DISTRICT... HARTFORD

[1]The plaintiff...