UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH SCHILLER AND :
JOHANNA S. GEORGIA, :
  Plaintiffs, :
:
v. : Civil No. 3:01CV452(AVC)
:
CITY OF BRIDGEPORT, DONALD :
DAY, MICHAEL MAGLIONE, EARL :
PETTWAY, :
  Defendants. :

FILED
2003 DEC 23 A 10: 10
U.S. DISTRICT COURT
HARTFORD, CT.

## RULING AND ORDER ON THE DEFENDANTS' MOTION FOR CONTEMPT, COMPLIANCE, SANCTIONS AND COURT INTERVENTION

This is an action for damages and equitable relief brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1983, Conn. Gen. Stat. § 46a-60, the Connecticut constitution, and common law tenets concerning intentional infliction of emotional distress and breach of the covenant of good faith and fair dealing. On June 30, 2003, the defendants filed the within motion for contempt, compliance, sanctions and court intervention pursuant to Fed. R. Civ. P. 37(b). For the reasons that hereinafter follow the motion for contempt, compliance, sanctions and court intervention (document no. 80) is GRANTED in part and DENIED in part.[1]

### BACKGROUND

The following procedural history is relevant to this motion. This matter is currently in the discovery phase. On February 8,

---

[1] The plaintiffs have requested oral argument. The plaintiffs' request is DENIED.

1

2002, the plaintiffs provided an initial disclosure to defendants pursuant to Fed. R. Civ. P. 26(a)(1). On March 4, 2002, the defendants propounded a second request for production on the plaintiffs. The plaintiffs did not respond. On October 31, 2002, the defendants filed a motion to compel the plaintiffs to respond to their second request for production and to comply with the defendants' request that the plaintiffs execute medical release forms. On February 3, 2003, the court granted the defendants' motion to compel. On March 14, 2003, the plaintiff filed a motion to reconsider the granting of the defendants' motion to compel. On May 5, 2003, the motion for reconsideration was granted but the requested relief was denied.

## DISCUSSION

Based on the submissions of the parties, it is undisputed that the plaintiffs have failed to comply with the motion to compel granted by this court on February 3, 2003. More specifically, as the plaintiffs concede in their motion papers, they have failed to produce the following: (1) a copy of the union contract regarding the Bridgeport fire department; (2) a copy of the city of Bridgeport personnel policies and procedures; (3) copies of plaintiffs' CHRO and EEOC charge files relative to the instant lawsuit; (4) copies of written orders given to Captain Firpi by Chief Brain Rooney regarding Department policy regarding assigning women to firehouse 7/11 when there was no air

conditioning in female quartering area; (5) rules and regulations governing personnel of the Bridgeport fire department; and (6) directives of the Bridgeport fire department.[2]

Because of the plaintiffs failure to comply with the motion to compel, the defendants have moved this court to: (1) dismiss the plaintiffs' complaint, or; (2) strike portions of the plaintiffs' complaint and not allow the plaintiffs to use certain evidence in the prosecution of its case, or; (3) set a date certain for the plaintiffs to comply with the motion to compel and award costs and fees; and (4) appoint a special master to oversee the discovery phase of this litigation.

With regard to the defendants' requests that this court dismiss the plaintiffs' complaint, or strike portions of the

---

[2] The defendants also identified the following items that the plaintiffs have allegedly failed to produce: (1) the plaintiffs' fire-fighting uniform and gear; (2) copy of a videotape showing pornographic cable stations playing on television in communal areas of the fire department; (3) portions of the city's report and file regarding its investigations of complaints of sexual harassment and discrimination by Donald Day; (4) copies of complaints filed by Nancy Petrucelli against fire department officers regarding sexual harassment and disparate treatment of women firefighters; (5) copies of charges of insubordination and investigation paperwork filed against Nancy Petrucelli by the fire department; and (6) medical release forms for the plaintiffs doctors. With regard to the uniforms and the videotape, the parties indicate that they are in the process of working together to resolve these matters. With regard to the city reports regarding Donald Day, copies of the materials relating to the charges of insubordination filed against Nancy Petrucelli, the copies of the complaints filed by Nancy Petrucelli, and the medical release forms, the plaintiffs indicate that they have complied as fully as they can. For purposes of this motion only, the court therefore presumes that the plaintiffs have complied with the court's discovery order in regard to these six items. This, however, does not preclude the defendants from filing subsequent motions in relation to these items if it is apparent that compliance has not been forthcoming.

complaint and preclude the plaintiffs from using certain evidence in their case, the motion is DENIED. The plaintiffs' failure to produce the items at issue do not warrant such an extreme measure. The sanctions ordered for a litigant's failure to comply with the court's order must be proportionate to the circumstances surrounding the failure to comply. See Crown Life Ins. Co. v. Craig, 995 F.2d 1376, 1382 (7th Cir. 1993); cf. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 641-42 (1976). The plaintiffs maintain that their failure to produce the documents was due to the fact that the defendants allegedly already possessed similar items. The defendants concede that they have similar documents, but that they require the plaintiffs to determine whether the documents are the same and to examine various "margin notes" on the plaintiffs' copies. The court concludes that, although the plaintiffs' noncompliance was not legally justified in the face of a court order, the circumstances indicate that it was nevertheless apparently not based on bad faith. Further, the plaintiffs' failure to comply likely resulted in limited prejudice to the defendants because the defendants are in possession of similar documents and therefore were not entirely foreclosed from preparing their defense. See Wendt v. Host Intern, Inc., 125 F.3d 806, 814 (9th 1997) (in determining the proper sanction, consideration should be given to prejudice caused by litigants failure to comply with order); In Re Railroad

4

Yard PCB Litigation, 35 F.3d 717, 792 (3d Cir. 1994)(same). Thus, without condoning the plaintiffs' failure to comply with the court order, the court concludes that the circumstances, as presented at this time, do not warrant the comparatively harsh sanctions of dismissing the striking portions of the plaintiffs' claim or barring them from using certain evidence.[3]

Nevertheless, it is evident that the plaintiffs have failed to fully comply with the court's discovery order. Therefore, the defendants' request that the court set a date certain for compliance is GRANTED. With regard to the question of whether sanctions are warranted, the court concludes that the plaintiffs' failure to comply was substantially justified. Put simply, similar material to that which is outstanding was already in the possession of the defendants and thus the plaintiffs had an arguable basis for resisting production of these documents. Having concluded that the plaintiffs failure to comply was substantially justified, sanctions are unwarranted.

## CONCLUSION

Based on the foregoing, the defendants' motion for contempt, compliance, sanction and court intervention (document no. 80) is GRANTED in part and DENIED in part.

---

[3] The defendants request for the appointment of a special master is also DENIED. This court recently ordered that all discovery be completed by January 15, 2004. Appointment of a special master would unnecessarily complicate and prolong the discovery phase.

The court hereby orders that: (1) the plaintiff shall have to and including January 15, 2004 to comply with the February 3, 2003 order. Further, this order shall serve as notice to the plaintiffs that any further failure to comply with this court's discovery orders may serve as grounds for dismissal of the plaintiffs' complaint in its entirety, portions therof, or preclusion of the use of certain evidence.

It is so ordered this 22nd day of December, 2003, at Hartford, Connecticut.

Alfred V. Covello, U.S.D.J.