FILED

2003 AUG 25  P 4:0

3:01CV452(AVC).  December 23, 2003.  This is an action for damages and equitable relief brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1983, Conn. Gen. Stat. § 46a-60, the Connecticut constitution, and common law tenets concerning intentional infliction of emotional distress and breach of the covenant of good faith and fair dealing.  On August 25, 2003, the plaintiffs filed the within motion for partial class certification pursuant to Fed. R. Civ. P. 23.  For the reasons that hereinafter follow the plaintiffs' motion (document no. 90) is DENIED.

"Rule 23(a) sets forth the requirements for class certification . . . [, namely, that]: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."  Robidoux v. Celani, 987 F.2d 931, 935 (2d. Cir. 1993).  The party seeking class certification bears the burden of establishing each of these elements by presenting the court with relevant arguments and evidence in support of its motion.  General Tepephone Co. of Southwest v. Falcon, 457 U.S. 147, 158-59 (1982); In re Visa Check/MasterMoney Antitrust Litigation, 280 F.3d 124, 133-34 (2d Cir. 2001).  For example, with regard to the numerosity requirement, although the party seeking certification need not show the exact number of the purported class members, the party "must show some evidence of or reasonably estimate the number of class members . . . ."  Robidoux v. Celani, 987 F.2d 931, 935 (citations omitted).  Likewise, a court may not presume satisfaction of the typicality requirement, see Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 597-98 (2d Cir. 1986), and thus the party seeking certification must provide at least some evidence in support of her claim of typicality.  See id.

Applying these principles to the instant motion, the court concludes that the plaintiffs have failed to carry their burden.  The plaintiffs five page motion essentially recites the text of the relevant rule and contains no averments as to estimated class size.  Likewise, aside from broad unsubstantiated claims, the plaintiffs' motion contains no argument or evidence in support of the required element of typicality.  Neither have the plaintiffs offered any arguments or evidence with regard to the other two elements of Fed. R. Civ. P. 23(a).  Essentially, the plaintiffs claim is that they have a valid cause of action, and therefore there are likely others who do as well.  This is simply insufficient.  See Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 877 (1984) ("the existence of a valid individual claim does not necessarily warrant the conclusion that the individual plaintiff may successfully maintain a class action").  Consequently, the plaintiffs' motion is DENIED.  SO ORDERED.

Alfred V. Covello, U.S.D.J.