UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA,<br>                    Plaintiff,<br>    VS. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br>                    Plaintiff,<br>    VS. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC) |
| CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>                    Defendants. | (CONSOLIDATED)<br><br><br><br><br><br><br>January 8, 2004 |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' JOINT MOTION TO AMEND DISCOVERY CLOSING DATE AND PRETRIAL ORDER

By motion dated January 3, 2004, Plaintiffs have moved to extend the close of discovery in the above-captioned case from January 15, 2004 to February 27, 2004. As stated in the Plaintiffs' motion papers, Defendants, City of Bridgeport, Michael Maglione and Earl Pettway, oppose such a lengthy extension, although they have no objection to the Plaintiffs' request to extend discovery to the end of January, 2004. Defendants see no reason why discovery cannot be completed by the end of this month.

## ARGUMENT

In support of their opposition to extending the discovery period into February, Defendants would show that:

1. Plaintiffs' rubric chant of Defendant and Union Local 834 discovery non-compliance stands as nothing more nor less than a continuing, irritating, falsehood, apparently urged on the Court in order to disguise the facts of the Plaintiffs' own failures to follow up on their documents discovery when the requested materials were made available to them; a failure detailed in ¶ 3 below.

Defendants are unaware of any items that have not been produced as ordered by the Court or otherwise agreed to by the parties. The City of Bridgeport and its Fire Department have been thoroughly and repeatedly scoured to find every scrap of paper that *might* be responsive to the Plaintiffs' documents requests. In collecting these materials, the Defendants have worked hard to honor the *spirit,* as well as the literal meaning, of the parties' and the Court's discussions, agreements and orders. The Plaintiffs' continued unsupported assertions to the contrary have become tedious. As for Local 834, Defendants are in receipt of correspondence addressed to this Court from Mr. Albrecht dated December 23, 2003 explaining the Union's position. It seems that the only failure there was by Plaintiffs' counsel in not going to get the documents that the Union had sent to be reproduced.

2. The Joint Motion states that this Court has directed that depositions of the City and Mr. Day take place in the courthouse, and that those depositions cannot be

commenced until January 12 when the presiding judge is available.  Although the Court did direct that the City's Rule 30(b)(6) deposition take place in the courthouse, it did so ***on July 3, 2003***.  To now imply, six months later, that the City's deposition could not have been taken before January 12th is simply untrue.  Even if Plaintiffs needed to review the Defendants' documents production prior to taking testimony, the City's deposition could have been taken before now and certainly can be completed by the end of January.  As is discussed below in ¶ 3, Plaintiffs were notified that the Defendants' documents production was available for their review on November 6th, yet Plaintiffs made no effort to look at any of those papers until December 16th and have devoted a grand total of two days plus two and a half hours to examining those documents since.  As far as Mr. Day's deposition is concerned, that has already been set for January 14th.

3. The Joint Motion gives as another ground to support extending discovery until the end of February, the allegedly late disclosure (in December) of thousands of unexpected documentary records and several audio tape recordings.  Again, the implications of this claim are untrue.  All documents were made available to Plaintiffs in a timely fashion and there is absolutely no basis for them to claim surprise at the volume of material they have been given.

First, there is the question of the Plaintiffs' inexplicable delay in inspecting the Defendants' documents disclosure.  Contrary to the implication of the Plaintiffs' motion papers, the Defendants' documents were made available to Plaintiffs for inspection in a timely fashion, long before December and in plenty of time for them to have completed their

discovery within the time frames originally set by the Court. They certainly have no good excuse for dragging this process out through February.

This Court ruled on Defendants' Motion for Protective Order on October 29, 2003, and ***all*** remaining documents were made available to Plaintiffs on November 6, 2003 (see Exhibit 1). Plaintiffs, however, made no effort to review any of these papers until December 16th. (They did not even respond to Defendants' November 6th e-mail (Exhibit 1) until December 12, 2003 (see Exhibit 2).) They then spent a mere two days (December 16 and 17, 2003) inspecting documents at the offices of Pullman & Comley. (All Defendant produced papers excepting Fire Department logbooks were collected from around the City and made available to the Plaintiffs at Pullman & Comley's offices.) Although the Firehouse logs were also collected and made available to the Plaintiffs on November 6th, Plaintiffs made no effort to review these documents until January 5, 2003. When they did so, they stayed for just a little more than two hours.

Their second charge, that they were surprised by the volume of materials is equally specious. With respect to the audio tapes mentioned in Plaintiffs' motion papers, the fact is that almost all of the tapes were produced to Plaintiffs on May 1, 2003[1], along with transcripts of each tape which were created by Pullman & Comley's staff. Shortly thereafter, Plaintiffs' counsel was contacted regarding the copying of those tapes (see Exhibit 3).

---

[1] Two additional audio tapes were contained in the <u>Denton v. City of Bridgeport</u> file reviewed by Plaintiffs in December 2003.

-5-

Plaintiffs did nothing until December 2003, when Plaintiffs' counsel mentioned the possibility of having the audio tapes transcribed by a certified reporting service. As of this date, however Defendants are unaware of any such arrangements having ever been made with any reporting service.

The Plaintiffs' final claim of surprise - at the volume of papers produced - is equally specious and cannot stand to excuse their failure to complete discovery in a timely manner or to support their request for another month's extension of time to do so.

Plaintiffs could not have been unaware that there was a large volume of paper to be produced. Indeed, the Court no doubt recalls the Defendants' repeated objections to the Plaintiffs' production requests *precisely* on the basis of the excessive burden that it believed would be caused to City employees by the need to review, sort through and produce the huge amount of paper Plaintiffs sought. Defense counsel repeatedly made it clear that there was a vast number of papers that would have to be produced to respond fully to the Plaintiffs' very broad production requests, even after those were narrowed by the Court. No one can reasonably claim to have been misled into believing anything else. For Plaintiffs now to claim "surprise" at the very documentary volume they were warned about, seems, at best, a disingenuous effort to disguise their lack of follow through in inspecting papers when the papers were ready. There was no surprise and there is no excuse. Plaintiffs can well finish discovery by the end of January.

## CONCLUSION

The Plaintiffs have failed to review documents made available to them in a timely fashion. They did not bother to schedule necessary depositions until the last minute. They demanded that Defendants jump through hoops to prepare firehouse logs and other papers for them to examine immediately upon the Court's October protective order ruling. (See Exhibit 4). Defendants did all this at great expense. Then Plaintiffs delayed conducting any review until the last minute, invested a total of two days and two hours in the effort and now insist on another month and one-half to complete the process.[2]

Due to the December Holiday period and the Court's absence during the first days of January, the Defendants agreed to extend discovery another sixteen days. Defendants also felt that such an extension was needed to permit them to provide a statistical expert's report to Plaintiffs; a report that has not sat by the sidelines for any reason other than the need to determine whether this case would move forward as a class action or not. (The scope of the Defendants' expert's charge could not be defined until the Court decided the class certification point.)

This litigation has been, and continues to be, an expensive drain on the City of Bridgeport and its Fire Department. The City believes that much of the case will fall to a motion for summary judgment. No such motion, however, can be properly filed until

---

[2] It should also be remembered that the Plaintiffs did no discovery at all for the first year or so after they filed this suit.

discovery is closed; until all the facts are in. The Plaintiffs' requested discovery extension will force an extension of the summary judgment date and, most probably, the trial exposure date as well. There is simply no reason to extend discovery beyond January 31, 2004 ands so upset the remainder of the Court's trial scheduling order. The Plaintiffs' request to extend discovery beyond the end of January should be denied.

By: /s/ Robert B. Mitchell
    Margaret M. Sheahan, ct05862
    Robert B. Mitchell, ct02662
For: Pullman & Comley, LLC
    850 Main Street, P.O. Box 7006
    Bridgeport, CT 06601-7006
    (203) 330-2000
    Facsimile (203) 576-8888

ATTORNEYS FOR:
CITY OF BRIDGEPORT,
EARL PETTWAY and
MICHAEL MAGLIONE

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on January 8, 2004 to all counsel and pro se parties of record.

Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

John R. Mitola
John P. Bohannon, Jr.
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

Richard L. Albrecht
Cohen and Wolf, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, CT  06601-1821

                                         /s/ Robert B. Mitchell
                                         Robert B. Mitchell

BPRT/67551.1/EMP/502867v1