UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA,<br><br>              Plaintiff,<br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br><br>              Plaintiff,<br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC) |
| CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>              Defendants. | (CONSOLIDATED)<br><br><br><br><br><br>January 8, 2004 |

**DEFENDANT CITY OF BRIDGEPORT'S MOTION FOR ORDER
STAYING DEPOSITION OF CITY AND RELIEVING CITY OF OBLIGATION
TO PRODUCE DOCUMENTS AT DEPOSITION**

Pursuant to Federal Rule of Civil Procedure 30(d)(4), Defendant City of Bridgeport moves this Court for an order staying the deposition of the City, which Plaintiffs have re-noticed for January 13, 2004, until the earlier of two dates to be chosen by Plaintiffs from those four dates on which the City has notified Plaintiffs that its designees can be available to

give testimony: January 16, 20, 26 and 29, 2004. Defendant City of Bridgeport further moves this Court to order that neither the City nor its designees need produce the documents described in Schedule A to the Plaintiffs' re-notice of the City's deposition.

The reason for this motion is that going forward with Plaintiffs' deposition of the City pursuant to Federal Rule of Civil Procedure 30(b)(6) on the re-notice date of January 13, 2004 and requiring the City or its designees to bring the Schedule A documents to the deposition would unreasonably annoy, embarrass or oppress the City of Bridgeport and/or its Rule 30(b)(6) designees.

The timing of the deposition needs to be altered by Court order because the notice is for a date that the City's designees cannot be made available. The most recent cancelled date for the City's deposition was January 5, 2004. On January 2, 2004, on being reminded that this Court would not be available on that date, Plaintiffs' counsel canceled that date and decided to reschedule for after January 10, this Court's last day of announced absence. Counsel for all represented parties agreed that the Court would be asked to extend the discovery deadline through the month of January. Defendants' counsel advised Plaintiffs' counsel on January 2, 2004 of the four dates the City's nine deposition designees could be available in January (the 16th, 20th, 26th and 29th). (Copy of email transmission attached as Exhibit A.) Nevertheless, while acknowledging the agreement to a deposition time extension proposed in the same Defense counsel communication, Plaintiffs re-noticed the City's deposition for a date the designees could not be available. (Copy of email transmission

forwarding Re-Notice attached as Exhibit B.) Plaintiffs' counsel has not responded to Defendants' counsel's second communication pointing out this problem. (Copy of email transmission attached as Exhibit C.) Therefore, Defendant City of Bridgeport is forced to ask the Court's intervention to set a date when all designated witnesses can be made available.

Schedule A, attached to Plaintiffs' re-notice of the deposition of the City of Bridgeport, seeks the production of numerous documents at the Rule 30(b)(6) deposition. The Schedule's listing repeats that attached to the original notice, one which the parties have reviewed with the Court, which lists documents that, as appropriate, have already been made available to the Plaintiffs for inspection and copying. Defense counsel recognized and raised with Plaintiffs' counsel the possibility that the electronic reproduction of slightly changed notice documents might have led to the inadvertent inclusion of the document request. (See Exhibit C.) Plaintiffs' counsel has made no response, however, and therefore, Defendants must assume that the production demand is included in earnest in the re-notice and therefore ask the Court for an order in relief.

As the Court knows, the parties have undertaken substantial motion practice and conferencing with the Court to resolve all discovery differences and to arrange a schedule of production with which the Defendant City has fully complied. The documents sought through Plaintiffs' notice of Rule 30(b)(6) deposition of the City were included in that negotiation, mediation and motion practice, and have been fully produced to the extent agreed or ordered by this Court. Requiring the City to transport all such production materials

3

from the offices of its counsel and its Fire Headquarters in Bridgeport to the Court's Hartford location where the deposition is to be conducted would be burdensome to the point of unreasonable oppression and expensive to the point of unreasonable embarrassment and certainly unreasonably annoying.

    For all the foregoing reasons, Defendant City of Bridgeport hereby moves this Court for an order that the City's deposition be stayed until Plaintiffs' choice of January 16, 20, 26 or 29, 2004 and that the City need not produce documents at deposition.

    Done at Bridgeport, Connecticut this 8th day of January, 2004.

By: /s/ Margaret M. Sheahan
    Margaret M. Sheahan, ct05862
    Robert B. Mitchell, ct02662
For: Pullman & Comley, LLC
    850 Main Street, P.O. Box 7006
    Bridgeport, CT  06601-7006
    (203) 330-2000
    Facsimile (203) 576-8888

ATTORNEYS FOR:
CITY OF BRIDGEPORT,
EARL PETTWAY and
MICHAEL MAGLIONE

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on January 8, 2004 to all counsel and pro se parties of record.

Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

John R. Mitola
John P. Bohannon, Jr.
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

Richard L. Albrecht
Cohen and Wolf, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, CT  06601-1821


/s/ Margaret M. Sheahan
Margaret M. Sheahan

BPRT/67551.1/MMS/503120v1