Paliani, Elisa M.

**From:** Sheahan, Margaret M.
**Sent:** Friday, January 02, 2004 2:17 PM
**To:** 'law4us@rcn.com'
**Cc:** Mitchell, Robert B.; Paliani, Elisa M.
**Subject:** RE: RE: City of Bridgeport 30(b)(6) Deposition TO BE RESCHEDULED -CORRECTION

I am responding to your emails of 6:36 a.m. and 9:46 a.m. today.

I think we can complete the Kergaravat deposition, the telephone discovery conference, in which you can participate from our Bridgeport office, and Plaintiff Georgia's deposition all on Monday, January 12.

As you have agreed to a 9 1/2 hour deposition of Georgia, we will likewise agree to a 9 1/2 hour deposition of the City. Barring contrary communication from you, we will consider that by this communication the parties have so stipulated in conformity with FRCP 30 (d) (2). Assuming the stipulation is in place, we will prepare a statement of the particular areas as to which each of the City's designated 30 (b)(6) witnesses will testify, as you have requested in the past, to facilitate your taking the testimony. Having conferred with the City's designees, we have determined that the following January dates are available for the deposition: 16, 20, 26 (other than Mr. Winterbottom) and 29. This was the earliest all schedules could be cleared.

-Peg Sheahan


EXHIBIT A

Margaret M. Sheahan
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601-7006
(203) 330-2138

300 Atlantic St.
5th Floor
Stamford, CT 06901-3522
(203) 674-7901

-----Original Message-----
From: Susan V. Wallace, Attorney at Law [mailto:law4us@rcn.com]
Sent: Friday, January 02, 2004 9:46 AM
To: Robert Mitchell, Esq.; Elisa M. Paliani; Margaret Sheahan, Esq.
Subject: Fwd: RE: City of Bridgeport 30(b)(6) Deposition TO BE RESCHEDULED -CORRECTION

Correct, we will have to start the City Wed the 14th re you noticed my client for the 13th.
I was going to file Motion to quash for limit the length of that depo (of FF Georgia), b/c you have had your 7 1/2 hours with her, she will you agree to give you another two hours. Perhaps we can do it that Mon. afternoon following Kergaravat and the disc conference. Let me know your clients' positions.

/svw

*"Susan V. Wallace, Attorney at Law" <law4us@rcn.com> wrote:*

> Date: Fri, 2 Jan 2004 06:36:17 -0800 (PST)
> From: "Susan V. Wallace, Attorney at Law"
> Subject: RE: City of Bridgeport 30(b)(6) Deposition TO BE RESCHEDULED
> To: "Mitchell, Robert B."
>
> Agreed, and after talking to court clerk, I will be pushing back the date to reconvene the City's depo until

1/8/04

Tues the 13th, as you have Kergaravat noticed for Mon the 12th in Bpt. We need to let the court know how we will do the disc. conference scheduled for the afternoon of the 12th. If I will still be at your offices with the Kergaravat depo, we can make the joint call from there, but need to have Albrecht tie in as well. Otherwise,I *need to be out of Bpt in time to travel to the court. Let me know how long you anticipate that depo taking. I will be filing Motion to amend disc close date.*
/svw

**"Mitchell, Robert B."** <rbmitchell@pullcom.com> wrote:

> I will agree to extend discovery until January 31st, so long as we also agree that no trial continuance will be requested. I am getting ready to leave, but, as I mentioned, I will be in on Friday. If you want to postpone the depositions until the 10th, please send me an e-mail today or Friday. If by some mischance, the Court will not formally extend discovery until January 31st, I will agree to withhold any objections if you wish to complete discovery already started (depositions, review of documents we have prepared for you and deposition of our expert - report to you on the 22nd) on an informal basis, assuming that you agree to the same.
>
>    Again, have a good and safe New Year's Eve. I hope that you have plans for some kind of celebration.
>
>                        Bob Mitchell
>
> -----Original Message-----
> From: Susan V. Wallace, Attorney at Law [mailto:law4us@rcn.com]
> Sent: Wednesday, December 31, 2003 1:34 PM
> To: Mitchell, Robert B.
> Subject: Re: City of Bridgeport 30(b)(6) Deposition
>
> Yes I am aware of the issue re judge absence and planned on trying to straighten out the referee issue today. If it will not work with the Judge's schedule, we may have to reschedule. I again ask for agreement to a reasonable extension of discovery deadline.
> /svw
>
> **"Mitchell, Robert B."** <rbmitchell@pullcom.com> wrote:
>
> > Dear Susan:
> >
> >    I wanted to take a moment to confirm the deposition arrangements for Monday. We will plan on meeting you at the Clerk of Court's Office in the Hartford Federal Court at 9:30 a.m. We are planning to bring along all of the City's designated witnesses. These will be Thomas Connor, Ned Winterbottom, John Colligan, Charlene Hostika, John Mitola, Marilyn Flores, David Dunn, Wallace Thomas and Michael Maglione. I noticed that when we spoke to Judge Covello the other day at Donald Day's deposition, he indicated that he would not be in the office until the 10th. Have you made alternative arrangements for someone to preside over the depositions or at least to act as referee if such is needed (although I hope that will not be necessary) ?
> >
> >    If you want to discuss anything in preparation for Monday's depositions, I will be in for a while yet today and will be in the office at least some of Friday, starting at about 10:00 a.m.
> >
> >    In the meantime, I hope that you have a good New Year's Eve. I will talk to you later.
> >
> >                        Bob Mitchell

1/8/04

**From:** Susan V. Wallace, Attorney at Law [law4us@rcn.com]
**Sent:** Friday, January 02, 2004 7:31 PM
**To:** Robert Mitchell, Esq.; Elisa M. Paliani; Margaret Sheahan, Esq.
**Cc:** CAMPANO ASSOC COURT REPORTERS
**Subject:** SCHILLER/GEORGIA V BPT DEPOS

Attchd is depo renotice for City.
To clarify, will start it 2:00 p.m. following your a.m. depo of Johanna Georgia; you have another 2 hours with Georgia, which starting at 10 should allow time to get up to the courthouse, but suggest that you also convene Georgia's depo in the courthouse, we have the room reserved already and Campano coming. We are amenable to doing Kergaravat's up there too (that Monday), the room is reserved.
/svw



EXHIBIT
B

1/8/04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH SCHILLER<br>Plaintiff | : | NO: 3:01cv00452(AVC)<br>(ALL CASES) |
| | : | |
| JOHANNA S. GEORGIA<br>Plaintiff | : | |
| v. | : | |
| CITY OF BRIDGEPORT; ET AL.<br>Defendants | : | JANUARY 3, 2003 |

## RE-NOTICE OF DEPOSITION

In accordance with the Rules of Practice, the Plaintiffs in the above consolidated actions give notice that testimony will be taken by deposition upon oral examination with respect to all matters relevant to the subject of the above-captioned lawsuit of the following person or entity:

**CITY OF BRIDGEPORT ("the Deponent")**
45 Lyon Terrace
Bridgeport, CT 06604

before a stenographer authorized by the laws of the State of Connecticut to administer oaths, at the following date, time and place:

Tuesday, January 13, 2004, at 2:00 p.m., at the Clerk of the U.S. District Court, 450 Main Street, Hartford, Connecticut 06103.

Oral examination will continue from day to day until completed in accordance with the federal Rules of Civil Procedure. By agreement of the parties, oral examination shall be conducted for a total of 9 and one half hours with no more than 8 hours with breaks on any one

date.

The matters on which examination is requested include: All allegations, claims and defenses in this case, including information related to the hiring; qualifications, training, evaluations, terms and conditions of employment, medical and maternity leaves of the plaintiffs, Johanna Georgia and Elizabeth Schiller, a/k/a Elizabeth O'Connell in their employment with the Fire Department of the City of Bridgeport; policies, practices, procedures and customs of the deponent, its employees and agents, regarding terms and conditions of employment, unlawful gender/sex discrimination, sexual harassment, and retaliation; comparative statistical information, job duties, qualifications, hiring, evaluations, promotions, discipline, medical leave, training, and equipping of female and male firefighters employed by the Fire Department of the City of Bridgeport; the claims, defenses, parties, and outcomes, including the terms of any settlements, of all Charges ever filed with the Connecticut Commission on Human Rights and Opportunities and the U.S. EEOC, and all lawsuits ever brought in any court by any female employee or female former employee of the deponent, claiming gender/sex discrimination, sexual harassment or retaliation; all documents, materials, statements and testimony adduced through discovery in this case from the deponent its former and current employees, agents and representatives.

The Deponent shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. The persons so designated shall testify as to matters known or reasonably available to the organization. The Deponent shall produce for inspection, before or at said time and place, all items specified in the appended Schedule A.

**FOR THE PLAINTIFFS,**

Dated_____                                    _____
                                                        Susan V. Wallace

~ *Attorney at Law* ~
11 Blue Orchard Drive
Middletown, CT 06457
Tel: (860) 704-0472  Fax: -0490
law4us@rcn.com
Fed Bar No. CT08134

## SCHEDULE A

The Deponent CITY OF BRIDGEPORT shall produce for inspection, before or at the time and place specified in the appended Notice of Deposition, the following:

1. Copies of all personnel records and other all documents referring or relating thereto, for Elizabeth Schiller, a/k/a Elizabeth O'Connell, including supervisor's "side files" and notes about her hire, training, performance, assignments, pregnancy/maternity leave, and breastfeeding.

2. Copies of all personnel records and other all documents referring or relating thereto, for Johanna Georgia, including supervisor's "side files" and notes about her hire, training, performance, applications for educational expense benefits, sick leave, injury leave, and reports of injuries suffered by her in the line of duty.

3. Copies of all non-privileged statements regarding the events that are the subject of any claims and defenses in these consolidated lawsuits, or the actions of any party or witness hereto, made by any witness, party or non-party declarant.

4. All photographs, drawings, diagrams, charts, maps, models and other tangible evidence concerning any claims and the defenses in these consolidated lawsuits, prepared by parties, witnesses or experts expected to be called at trial.

5. Copies of all documents, statements and tangible evidence referring or relating to: for each year from January 1, 1990 to the present, the:
   a. number of persons employed in the Bridgeport Fire Department;
   b. number of females employed in the Bridgeport Fire Department;
   c. number of females who applied for employment as Bridgeport firefighters;
   d. number of females offered employment as Bridgeport firefighters;
   e. number of females who attained Officer positions with the Bridgeport Fire Department.

6. Copies of all documents, statements and tangible evidence referring or relating to

4

your hiring and selection process for the position of firefighter from 1990 to the present, including job postings, all applications received from females, written test scores, physical test scores, documents and electronic recordings of oral interviews, selection criteria, and documents pertaining to actual selection of candidates.

7.　Copies of all the City of Bridgeport's and its Fire Department's policies, practices or procedures for fire department employees, whether formal or informal, written or verbal, formal, official or customary, regarding sex discrimination, sexual harassment, and retaliation; including procedures for making a complaint about the same, for investigation and discipline in the event of such complaints, not previously disclosed to the plaintiffs in this lawsuit.

8.　Copies of all documents and tangible evidence referring or relating to all training the City of Bridgeport or its Fire Department has/have ever given City of Bridgeport Fire Department employees regarding sexual harassment, discrimination and retaliation; procedures for making a complaint about sexual harassment, discrimination and retaliation, and for investigation and discipline in the event of such complaints, not previously disclosed to the plaintiffs in this lawsuit.

9.　Copies of all documents, statements and tangible evidence referring or relating to every complaint or report, whether formal or informal, written or oral, received by the City of Bridgeport, its employees, officials, agents, or representatives, from or on behalf of each plaintiff in this lawsuit, claiming sex discrimination, sexual harassment or retaliatory conduct.

10.　With the exception of complaints and reports made or on behalf of the plaintiffs in this lawsuit, copies of all documents, statements and tangible evidence referring or relating to any formal or informal, written or oral complaint or report made internally within the City of Bridgeport alleging sex discrimination or sexual harassment

11.　With the exception of complaints and reports made or on behalf of the plaintiffs in this lawsuit, copies of all documents, statements and tangible evidence referring or relating to any complaint, report or charge, whether formal or informal, written or oral, made to any governmental agency, including any lawsuit brought against any City of Bridgeport employee or official alleging sex discrimination or sexual harassment against a City employee.

5

12. Copies of all documents, statements and tangible evidence referring or relating to the "Signal 29" website, which website is alleged in the complaints in this lawsuit

13. Copies of all documents, statements and tangible evidence referring or relating to the contracting for, purchasing, funding, diverting, stealing, or otherwise procuring or establishing access into any of the City of Bridgeport's firehouses of the "Playboy" and "Spice I" and Spice II" cable television stations.

14. Copies of all documents, statements and tangible evidence referring or relating to the contracting for, purchasing, funding, procuring models, supplying "props," supplying access to equipment, vehicles, and premises of any City of Bridgeport Fire Department for use in making photographs for a "pin-up" calendar entitled "Hardcore Pure American Centerfolds, 2001-02 Millenium Iron Beauties," and any similar "pin-up" calendars or photographs that use or feature or display City of Bridgeport Fire Department personnel, equipment, vehicles or premises.

15. Copies of any documents referring or relating to every condition in the quarters, sleeping and bathroom areas of any City of Bridgeport firehouse that is purported or found to violate any state or local building or health code or ordinance, and any OSHA regulation, with citation to the particular section of code, ordinance or regulation violated.

16. Copies of building plans for all existing and planned City of Bridgeport firehouses showing all quarters, sleeping and bathroom areas.

17. Copies of all any consent decrees, agreements, releases, court orders, and judgments to which the City of Bridgeport, its employees, officials, agents or representatives are a party, arising out of claim of unlawful discrimination, harassment or retaliation against any member of a protected class, including women and minorities.

18. Copies of all any affirmative action plans or quotes or requirements or policies applying to or affecting the City of Bridgeport's Fire Department, from January 1, 1990 to the present.

6

19. Originals and copies of all City of Bridgeport Fire Department Battalion Chiefs' logs and all other Firehouse and Run logs, including any drafts and rewrites, made or maintained from June 1, 1997 to the present.

20. Copies of all records of all requested and all approved payments or reimbursement for educational costs made by the City of Bridgeport to its Fire Department personnel from June 1, 1997 to the present.

21. Copies of annual reports of the City of Bridgeport Fire Department for each year from 1997 to the present.

22. Copies of all documents, notes, diaries or logs made from June 1, 1997, to the date of deposition, not previously disclosed to Plaintiffs' counsel in this action, referring or relating to the following conduct by any City of Bridgeport Fire Department personnel: failure to complete, submit or forward reports of accidents or injuries involving fire department personnel.

23. All documents, notes, diaries or logs made from June 1, 1997, to the date of deposition, not previously disclosed to Plaintiffs' counsel in this action, referring or relating to the following conduct by any City of Bridgeport Fire Department personnel: failure to complete, submit or forward reports of evidence or complaints of sex discrimination or sexual harassment.

24. Copies of all nonprivileged statements made by any employee, agent or representative of the City of Bridgeport regarding any event which is the subject of any claim or defense in this action or concerning the actions of any witness or party hereto, not previously disclosed to the plaintiffs in this action.

25. All non-privileged written reports, data, investigations, or opinions concerning the events which are the subject of this lawsuit which the City of Bridgeport, its expert(s) employee(s), agent(s), representative(s) has made or caused to be made, or obtained, reviewed or utilized for any purpose, not previously disclosed to the Plaintiff in this lawsuit.

26. All documents, statements, evidence and materials referring or relating to the events which are the subject of this lawsuit, and to any claim or defense in this lawsuit, which any

employee, agent or non-attorney representative of the City of Bridgeport released, provided, showed to, or discussed with the person who signed under oath the City's responses to the interrogatories served on it by Plaintiff in this lawsuit.

27.     Copies of all non-privileged documents; records; logs, diaries correspondence; statements; recordings, videotapes, and tangible evidence in care, custody, control or possession of the City of Bridgeport referring or relating to the claims and defenses in these consolidated lawsuits, not otherwise produced to the plaintiffs herein.

**CERTIFICATION OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing "Notice of Deposition" with "Schedule A" has been served upon:

Robert B. Mitchell, Esq.  
Margaret M. Sheahan, Esq.  
Thomas F. Maxwell, Esq.  
Pullman & Comley, LLC  
850 Main Street  
P.O. Box 7006  
Bridgeport, CT 06601-7006  

John Mitola, Esq.  
John P. Bohannon, Jr., Esq.  
Office of the City Attorney  
999 Broad Street  
Bridgeport, CT 06604  

on this ___ day of January 3, 2004, via

    ____ Regular U.S. Mail, first class, postage prepaid

    ____ U.S. Priority Mail

    ____ U.S. Express Mail or other overnight mail service

    ____ Facsimile

    ____ Hand-delivery

_____  
Susan V. Wallace, Esq.

9

| | |
|---|---|
| **From:** | Sheahan, Margaret M. |
| **Sent:** | Monday, January 05, 2004 10:51 AM |
| **To:** | 'law4us@rcn.com'; Mitchell, Robert B.; Paliani, Elisa M.; Sheahan, Margaret M. |
| **Cc:** | CAMPANO ASSOC COURT REPORTERS |
| **Subject:** | RE: SCHILLER/GEORGIA V BPT DEPOS |

Susan, perhaps I was unclear in my email to you on January 2 about the City designees' availability. The 13th is not one of the days that they can appear. The earliest date is the 16th. The other days are the 20th, the 26th (except Mr. Winterbottom) and the 29th. Please choose among these days to schedule the City's deposition.

We appreciate your offer to move the Kergaravat deposition on the 12th to Hartford, but decline. That will go forward as scheduled in Bridgeport.

Likewise, the remainder of the Georgia deposition will take place in Bridgeport. Although I offered to move the time and day on that in an email I sent you on Friday, I was reminded today of other commitments that prevent me from deviating from the 11:00 a.m. time on Tuesday, January 13 for which it was noticed. (I am glad that your response indicated that you had not changed your plans in response to my mistaken offer and therefore that this rescission will not inconvenience you.)

By the way, all the renotices of the City's deposition have continued to attach the Schedule A of documents to be produced at deposition. We have assumed this is just a function of reproducing the original electronically with only the date and time amended. However, the questions of the City's production of documents were dealt with fully in our series of motions and conferences with the Court and the production has been completed. Please confirm that you do not expect the City's designees to bring documents to the deposition.

I look forward to your earliest possible response so that the City's designees can be notified. Thank you.

- Peg Sheahan



Margaret M. Sheahan
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601-7006
(203) 330-2138

300 Atlantic St.
5th Floor
Stamford, CT 06901-3522
(203) 674-7901


-----Original Message-----
From: Susan V. Wallace, Attorney at Law [mailto:law4us@rcn.com]
Sent: Friday, January 02, 2004 7:31 PM
To: Robert Mitchell, Esq.; Elisa M. Paliani; Margaret Sheahan, Esq.
Cc: CAMPANO ASSOC COURT REPORTERS
Subject: SCHILLER/GEORGIA V BPT DEPOS

Attchd is depo renotice for City.
To clarify, will start it 2:00 p.m. following your a.m. depo of Johanna Georgia; you have another 2 hours with Georgia, which starting at 10 should allow time to get up to the courthouse, but suggest that you also convene Georgia's depo in the courthouse, we have the room reserved already and Campano coming. We are amenable to doing Kergaravat's up there too (that Monday), the room is reserved.

1/8/04

1/8/04