UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH SCHILLER | : | NO: 3:01cv00452(AVC) |
| Plaintiff | | (ALL CASES) |
| | : | |
| JOHANNA S. GEORGIA | | |
| Plaintiff | : | |
| | | |
| v. | : | |
| | | |
| CITY OF BRIDGEPORT; ET AL. | | |
| Defendants | : | JANUARY 8, 2004 |

## PLAINTIFFS' AND INTERVENORS' MOTION TO MODIFY PROTECTIVE ORDER RE: BRIDGEPORT FIREFIGHTERS ASSOCIATION/LOCAL 834

The Plaintiffs and the intervenors Firebird Society of Bridgeport, Inc., and Bridgeport

Hispanic Firefighters Association, seek modification of the protective order no. 119 as to

Bridgeport Firefighters Association/Local 834 for the following reasons:

1. Plaintiffs served a subpoena duces tecum for April 21, 2003, upon nonparty Roger

Kergaravat, President, Bridgeport Firefighters Association, Local 834. Kergaravat/Local 834

refused to comply with the subpoena, filed a Motion to Quash (no. 60), and the Plaintiffs filed a

Motion for Contempt and Sanctions (no. 57).

2. On July 2, 2003, a discovery conference having been held, the Court (Covello,

U.S.D.J.) denied Local 834's Motion to Quash, ordered an *in camera* review of its documents

sought by the subpoena duces tecum, and on August 21, 2003, ordered (no. 89) the Local 834 to produce specifically listed documents to the Plaintiffs on or before September 5, 2003.

3. On September 5, 2003, Local 834 filed a Motion for Protective Order (no. 94) for its documents, which the Court granted on October 31, 2003. See Order no. 119, and Exh. A appended hereto, copy of Protective Order.

4. The Plaintiffs' subpoena duces tecum directed that these documents be produced at the union office at 30 Congress Street, consistent with F.R.C.P. Rule 45(d)(1).

5. At a July 2, 2003, discovery conference and in their Motion for Contempt and Sanctions (no. 57), the Plaintiffs raised the issue of the union documents having been removed from the union office to Attorney Albrecht's office the date the subpoena was to be executed at the union office (April 21, 2003). The Court directed Attorney Albrecht to return the documents to the union office, Albrecht expressly agreed to do so, and, to the best of counsel's recollection, also represented at the September discovery conference that this had been accomplished.

6. The Court conducted an *in camera* inspection for relevancy of the union's documents, on site in the union office, as the documents are kept in the ordinary course of business, consistent with Fed. R. Civ. Pro. 45(d)(1). The Court deemed a number of documents to be relevant and indexed them not by name or description, but by location in the union office. Order no. 89. This is the only information the Plaintiffs have as to what documents the Court deemed relevant and ordered produced.

7. Local 834 has since removed the subject documents from the union office to Attorney Albrecht's office. See Exh. B, appended hereto, letter by Albrecht dated 11/10/03. In another

letter dated December 18, 2003, sent to the Court under cover dated December 25th (Exh. C),

Attorney Albrecht indicated that at the end of the year (2003), his office would return the

documents to Local 834, with the assumption that the Plaintiffs have waived inspection (they

have not). Presumably, this means the documents are back in the union office, but that is not

known for certain. More important, it is unknown whether the documents have been refiled to

where the Court indexed them in the office for purposes of Order no. 89.

    8.  The Plaintiffs have to date not been able to obtain the documents from Local 843,

and an appropriate Motion seeking compliance has been filed.

    9.  The Plaintiffs' concern is that, with the only index of the subject documents referring

to location within the union office, if the documents are out of those locations, the Plaintiffs, and

possibly the Court, will not be able to determine if there is complete compliance.

    10. The concern is heightened by what appears to be a substantial discrepancy in the

number of documents ordered produced and what Local 834 proffered. To wit, the Court

indicated at a September discovery conference that there were, to the best of Plaintiffs' counsel's

recollection, about 100 pages. According to a third party printer that Local 834 sent the

documents to in November 2003, Attorney Albrecht's office delivered some one thousand or

more pages represented to be the documents. The Plaintiffs through their counsel have

communicated this discrepancy to Attorney Albrecht (Exh. D) and asked for a page count, but

Attorney Albrecht has not refuted the number of pages or offered any page count or made any

efforts to explain the discrepancy.

11. Another problem presented by the Protective Order is that it appears to bar the Plaintiffs from revealing the subject documents and their contents to witnesses in preparation for depositions and trial.

12. The Protective Order requires that "[a]ll documents produced after the date that the [sic] this Protective Order is entered which constitute Discovery Material shall be stamped "Confidential" (Exh. A, p. 4, para. 10), and that all filings in Court of "discovery materials" be made "under seal" (Exh. A, p. 2, para. 2), and directs that persons bound by it ("Designated Persons") shall not disseminate, make available for inspection or copying, paraphrase or otherwise disclose the documents, and the substance thereof, to any person other than another "Designated Person." Exh. A, p. 2, para. 1.

13. "Designated Persons" bound by the order, and whom the documents may be shown to and discussed with, are limited to the parties, their counsel (and counsel's partners, associates, paralegals, law clerks and clerical personnel), and "[p]ersons retained by counsel for the parties to this action to assist in preparation for trial or to serve as expert witnesses in this litigation." Exh. A, p. 2, para. 1. It does not appear to include nonparty City employees, and the nonparty union Local 834 and its members and officers. This means that the Plaintiffs may not disclose the documents or discuss their contents with substantially all the witnesses, who are mostly nonparty City employees and members of Local 834.

14. While paragraph 11 makes the Order "binding on all Designated Persons *and all other persons having knowledge of its terms*," this still appears to bind only the parties, and Local 834, and perhaps, the Firebird Society and the Bridgeport Hispanic Firefighters Association who have

4

moved to intervene in this action to be heard on the protective order. It I unclear whether the requisite knowledge may be imputed to all members of these three organizations comprised of Fire Department employees, or to any other witnesses.

15. This creates an anomaly, in that the Plaintiffs cannot verify the completeness, accuracy, and authenticity of the documents to be able to use them to defend against summary judgment and at trial, and need to prepare witnesses for trial.

16. In addition, if the two fraternal organizations in the Bridgeport Fire Department -- the  Firebird Society of Bridgeport, Inc., and the Bridgeport Hispanic Firefighters Association -- who have pending Motions to Intervene to be heard on this Protective Order are not specifically "Designated Persons," they cannot see or know the contents of the documents. Because the documents called for in the subpoena are reports and complaints of discrimination and harassment on the basis of race, color, national origin, and sex, presumably, the documents will pertain to or have been made by members of these organizations. These organizations and their members are in the best position to verify the documents and the content thereof, as well as whether there exist more records called for in the subpoena that were omitted from the Court's *in camera* review.

17. In addition, the individuals to whom the subject documents pertain are material witnesses, and the Plaintiffs have the right to depose them, obtain their statements and documents, and prepare for their trial testimony, yet the Protective Order bars the Plaintiffs from disclosing and discussing the content of the subject documents with these individuals.

18. Moreover, the Plaintiffs, the members of the Firebird Society of Bridgeport, Inc., and of the Bridgeport Hispanic Firefighters Association, as employees of the Bridgeport Fire Department, are members of Local 834. Local 834 is their legally designated labor representative. At issue are the records of their own <u>unincorporated association</u>, their own representatives and agents, created through their union dues. It is arguable that they in fact own the subject records. Privacy concerns can be accommodated, but the present protective order denies them the ability to access and share the documents among themselves.

19. In sum, because there appears to be a substantial discrepancy between the number of documents ordered produced and the number Local 834 is now proffered as those documents, and because Local 834 removed the documents from their indexed locations in the union office, the Plaintiffs will not be able to determine whether or not there is full compliance with their subpoena and Order no. 89. This, plus the basic need to authenticate and verify the documents, to use them in depositions, and to use them to identify and prepare witnesses for trial, necessitates modification of Protective Order no. 119, as follows:

a)   To allow the parties and all "Designated Persons" to disseminate, make available for inspection or copying, paraphrase or otherwise disclose the subject documents, and the substance thereof, to and with any potential witness and that witness's agent or representative, and to the maker(s) and subject(s) of the documents; and

b)   The clarify that the Firebird Society of Bridgeport, Inc., and of the Bridgeport Hispanic Firefighters Association and their officers and members are not "Designated Persons" bound by the Protective Order.

6

**WHEREFORE,** the Plaintiffs, the Firebird Society of Bridgeport, Inc., and the

Bridgeport Hispanic Firefighters Association, seek an Order modifying Protective Order no. 119

as follows:

    1)  To allow the parties and all "Designated Persons" to disseminate, make

available for inspection or copying, paraphrase or otherwise disclose the subject

documents, and the substance thereof, to and with any potential witness and that witness's

agent or representative, and to the maker(s) and subject(s) of the documents; and

    2)  The clarify that the Firebird Society of Bridgeport, Inc., and of the Bridgeport

Hispanic Firefighters Association and their officers and members are not "Designated

Persons" bound by the Protective Order.


**FOR THE PLAINTIFFS,**


Dated___1/8/04___

Susan V. Wallace
~ *Attorney at Law* ~
11 Blue Orchard Drive
Middletown, CT 06457
Tel: (860) 704-0472  Fax: -0490
law4us@rcn.com
Fed Bar No. CT08134

**FOR THE INTERVENOR FIREBIRD
SOCIETY OF BRIDGEPORT, INC.,**

Dated 1/8/03

Susan V. Wallace
~ *Attorney at Law* ~
11 Blue Orchard Drive
Middletown, CT 06457
Tel: (860) 704-0472  Fax: -0490
law4us@rcn.com
Fed Bar No. CT08134

**FOR THE INTERVENOR BRIDGEPORT
HISPANIC FIREFIGHTERS ASSOCIATION,**

Dated 1/8/04

Susan V. Wallace
~ *Attorney at Law* ~
11 Blue Orchard Drive
Middletown, CT 06457
Tel: (860) 704-0472  Fax: -0490
law4us@rcn.com
Fed Bar No. CT08134

**CERTIFICATION OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing "" Plaintiffs' and Intervenors' Motion For Orders, Fees and Costs Re: Bridgeport Firefighters Association/Local 834" has been served upon:

Robert B. Mitchell, Esq.                    John Mitola, Esq.
Margaret M. Sheahan, Esq.                    John Bohannon, Jr., Esq.
Thomas F. Maxwell, Esq.                      Office of the City Attorney
Pullman & Comley, LLC                        City Hall Annex
850 Main Street                              999 Broad Street
P.O. Box 7006                                Bridgeport, CT 06604
Bridgeport, CT 06601-7006

Richard Albrecht, Esq.
Cohen & Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604

on this ___ day of January, 2004, via

_____ Regular U.S. Mail, first class, postage prepaid

_____ U.S. Priority Mail

_____ U.S. Express Mail or other overnight mail service

_____ Facsimile

_____ Email

_____ Hand-delivery

_____
Susan V. Wallace, Esq.