01cv452 exh.

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA, | : CIVIL ACTION NO.<br>3:01 CV-00717(AVC) |
| and | : |
| ELIZABETH SCHILLER | : CIVIL ACTION NO.<br>3:01 CV-00452(AVC) |
| Plaintiff, | : |
| v. | : (CONSOLIDATED) |
| CITY OF BRIDGEPORT; DONALD DAY, In His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity | : |
| Defendant. | : |

## PROPOSED PROTECTIVE ORDER

WHEREAS, Johanna Georgia and Elizabeth Schiller (hereinafter "Plaintiffs"), and the City of Bridgeport, Earl Pettway and Michael Maglione (hereinafter "Defendants"), are currently engaged in discovery; and

WHEREAS, in light of the complexity of this case, the number of documents discovered and depositions taken, the emotionalism surrounding the issues, the imminence of trial which requires that discovery be conducted expeditiously, and the fact that many of the

Exh. A

documents and depositions contain highly sensitive material, good cause has been shown that an Order is appropriate pursuant to Federal Rules of Procedure 26(c) to protect information obtained through the pre-trial discovery in this proceeding; and therefore

IT IS HEREBY ORDERED as follows:

1. All documents and depositions produced to date and to be produced hereafter pursuant to discovery requests in the course of the pre-trial stage of these proceedings (hereinafter referred to as "Discovery Material"), which are not otherwise protected from disclosure pursuant to a protective order previously entered herein, are and shall be designated as protected within the meaning of Rule 26(c) of the Fed. R. Civ. P., and said Discovery Material and the contents or substance thereof, shall not be disseminated, made available for inspection or copying, paraphrased or otherwise disclosed, to any person other than a "designated person" (defined in paragraph 3 hereof) except as permitted herein.

2. All Discovery Material, if filed with the Court, shall be filed under seal.

3. Only the following "Designated Persons" shall have unrestricted access to Discovery Material:

    a. Partners, associates, paralegals, law clerks and clerical personnel, if any, of the counsel representing parties to this action;

    b. The parties to this action,

      c.      Persons retained by counsel for the parties to this action to assist in preparation for trial or to serve as expert witnesses in this litigation.

4. Each Designated Person will maintain Discovery Material in confidence and will not reveal any Discovery Material to any person who is not a Designated Person without the prior written consent of the opposing counsel or an order by the Court authorizing such disclosure.

5. This Order in no respect supercedes, in whole or in part, any protective orders previously entered in this matter.

6. Counsel are not barred from discussing in general terms what their claims are and what they believe they will be able to prove, nor are they limited from making public any material obtained independently of the discovery process.

7. Nothing in this Order shall prohibit the press from exploring all avenues in a search to discover information pertaining to the claims in this litigation, nor from publishing any information it learns about the case.

8. Notwithstanding the terms of Paragraphs 1-4 above, counsel for the parties may, in the course of deposing a person who is not a Designated Person and acting in good faith, show the witness Discovery Material and examine the witness concerning such information provided that (a) the witness is informed that the information is confidential and is instructed that, pursuant to Court order, such confidentiality must be maintained;

and (b) no persons are present during these portions of the examination concerning Discovery Material except the witness, Designated Persons, and a stenographic reporter.

9. This Protective Order applies to Discovery Material which has been disclosed prior to the execution of this Protective Order, as well as to Discovery Material which is disclosed after the execution of this Protective Order. This paragraph shall take effect upon execution.

10. All documents produced after the date that the this Protective Order is entered which constitute Discovery Material shall be stamped "Confidential." The parties understand that Plaintiffs and Defendants have produced documents which constitute Discovery Material prior to the execution of this Protective Order which are not stamped "Confidential" and that, as of the date that this Protective Order is entered, those documents are subject to the terms of this Protective Order.

11. This Protective Order shall be binding on all Designated Persons and all other persons having knowledge of its terms. It is enforceable by any sanction deemed appropriate by the Court.

SO ORDERED this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT JUDGE

STFD/67551.1/AMB/309530v1

Exhibit B



**COHEN and WOLF**
P.C.
ATTORNEYS AT LAW

HERBERT L. COHEN
(1928-1983)

AUSTIN K. WOLF
MARTIN F. WOLF
RICHARD L. ALBRECHT
JONATHAN S. BOWMAN
IRVING J. KERN
MARTIN J. ALBERT
STEWART I. EDELSTEIN
NEIL R. MARCUS
G. KENNETH BERNHARD
DAVID L. GROGINS
GRETA E. SOLOMON
ROBIN A. KAHN
RICHARD G. KENT
RICHARD SLAVIN
DANIEL S. NAGEL
RICHARD J. DI MARCO
DAVID B. ZABEL
MARK A. KIRSCH
DAVID M. LEVINE
JOSEPH G. WALSH
DAVID A. BALL
JOCELYN B. HURWITZ
STUART M. KATZ
MONTE E. FRANK
PATRICIA C. SULLIVAN
VINCENT M. MARINO
ANN B. MULCAHY
MARNIE J. RUBIN
ARI J. HOFFMAN
BARBARA M. SCHELLENBERG
COURTNEY A. GEORGE
CARRIE L. LARSON

OF COUNSEL
ROBERT J. ASHKINS
STUART A. EPSTEIN
JACK E. MCGREGOR

PLEASE REPLY TO: <u>Bridgeport</u>
WRITER'S DIRECT DIAL: (203) 337-4118
E-Mail Address: ralbrecht@cohenandwolf.com

November 10, 2003

<u>**VIA FACSIMILE**</u>  *(#1-860-704-0490)*

Attorney Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

Re:   Case No. 3:0CV00452 (AVC) – *Elizabeth Schiller v. City of Bridgeport, et al; Johanna S. Georgia v. City of Bridgeport, et al*

Dear Attorney Wallace:

You may arrange your inspection of the Union documents pursuant to the Court's August 20, 2003, discovery order and October 29, 2003, ruling and protective order, with my office at a mutually convenient time.

Very truly yours,

Richard L. Albrecht

RLA:dlm

cc:   John P. Bohannon, Jr., Esq. *(Via Facsimile, #254-4453)*
       Thomas F. Maxwell, Jr., Esq. *(Via Facsimile, #576-8888)*
       Robert B. Mitchell, Esq. *(Via Facsimile, #576-8888)*
       John R. Mitola, Esq. *(Via Facsimile, #576-8252)*
       Attorney Margaret M. Sheahan *(Via Facsimile, #576-8888)*

1115 BROAD STREET
P.O. Box 1821
BRIDGEPORT, CT 06601-1821
TEL: (203) 368-0211

158 DEER HILL AVENUE
DANBURY, CT 06810
TEL: (203) 792-2771
FAX: (203) 791-8149

190 MAIN STREET
WESTPORT, CT 06880
TEL: (203) 222-1034

112 PROSPECT STREET
STAMFORD, CT 06904
TEL: (203) 964-9907

TOTAL P.01

Exh. B

Exhibit C

Case 3:01-cv-00452-AVC   Document 152-2   Filed 01/08/2004   Page 8 of 13



COHEN and WOLF P.C.
ATTORNEYS AT LAW

HERBERT L. COHEN
(1928-1983)

AUSTIN K. WOLF
MARTIN F. WOLF
RICHARD L. ALBRECHT
JONATHAN S. BOWMAN
IRVING J. KERN
MARTIN J. ALBERT
STEWART I. EDELSTEIN
NEIL R. MARCUS
G. KENNETH BERNHARD
DAVID L. GROGINS
GRETA E. SOLOMON
ROBIN A. KAHN
RICHARD G. KENT
RICHARD SLAVIN
DANIEL S. NAGEL
RICHARD J. DI MARCO
DAVID B. ZABEL
MARK A. KIRSCH
DAVID M. LEVINE
JOSEPH G. WALSH
DAVID A. BALL
JOCELYN B. HURWITZ
STUART M. KATZ
MONTE E. FRANK
PATRICIA C. SULLIVAN
VINCENT M. MARINO
ANN B. MULCAHY
MARNIE J. RUBIN
ARI J. HOFFMAN
BARBARA M. SCHELLENBERG
COURTNEY A. GEORGE
CARRIE L. LARSON

OF COUNSEL
ROBERT J. ASHKINS
STUART A. EPSTEIN
JACK E. MCGREGOR

PLEASE REPLY TO: Bridgeport
WRITER'S DIRECT DIAL: (203) 337-4118
E-Mail Address: ralbrecht@cohenandwolf.com

December 23, 2003

**VIA FACSIMILE** (#1-860-240-2694)
(*Hard Copy to Follow Via Regular Mail*)

The Honorable Alfred V. Covello
United States District Court
450 Main Street
Hartford, CT 06103

Re: *Civil Action No. 3:01CV00452 (AVC) (Consolidated) --*
*Elizabeth Schiller vs. City of Bridgeport, et al;*
*Johanna S. Georgia vs. City of Bridgeport, et al*

Dear Judge Covello:

I have a letter from Attorney Susan Wallace dated December 19, 2003, requesting a discovery conference "on the issues of the defendants' and the unions' production compliance". I take no position with respect to this request as to the Defendants, but I do take a position with respect to an investment of further time and fees by the Union, who is not a Defendant, as a consequence of positions taken by Attorney Wallace.

I expect her request for this conference is, in part, a result of the letter I finally felt I was obliged to send her dated December 18, 2003, a copy of which is enclosed.

As you can see I delivered all of the subject documents to a third party professional copier service for inspection and copying as Attorney Wallace saw fit. The documents sat there for more than two (2) weeks until the service advised that they were taking up room and they did not want to take further responsibility for the documents in light of the circumstances.

Very truly yours,

Richard L. Albrecht

Enclosure
cc: Attorney Susan V. Wallace (*w/encl.*)
John P. Bohannon, Jr., Esq. (*w/encl.*)
Robert B. Mitchell, Esq. (*w/encl.*)
John R. Mitola, Esq. (*w/encl.*)
James C. Ferguson, Esq. (*w/encl.*)

1115 BROAD STREET
P.O. BOX 1821
BRIDGEPORT, CT 06601-1821
TEL: (203) 368-0211
FAX: (203) 394-9901

158 DEER HILL AVENUE
DANBURY, CT 06810
TEL: (203) 792-2771
FAX: (203) 791-8149

190 MAIN STREET
WESTPORT, CT 06880
TEL: (203) 222-1034

112 PROSPECT STREET
STAMFORD, CT 06904
TEL: (203) 964-9907
FAX: (203) 576-8504

Exh. C



**COHEN and WOLF** P.C.
ATTORNEYS AT LAW

HERBERT L. COHEN
(1928-1983)

AUSTIN K. WOLF
MARTIN F. WOLF
RICHARD L. ALBRECHT
JONATHAN S. BOWMAN
IRVING J. KERN
MARTIN J. ALBERT
STEWART I. EDELSTEIN
NEIL R. MARCUS
G. KENNETH BERNHARD
DAVID L. GROOINS
GRETA E. SOLOMON
ROBIN A. KAHN
RICHARD G. KENT
RICHARD SLAVIN
DANIEL S. NAGEL
RICHARD J. DI MARCO
DAVID B. ZABEL
MARK A. KIRSCH
DAVID M. LEVINE
JOSEPH G. WALSH
DAVID A. BALL
JOCELYN B. HURWITZ
STUART M. KATZ
MONTE E. FRANK
PATRICIA C. SULLIVAN
VINCENT M. MARINO
ANN B. MULCAHY
MARNIE J. RUBIN
ARI J. HOFFMAN
BARBARA M. SCHELLENBERG
COURTNEY A. GEORGE
CARRIE L. LARSON

OF COUNSEL
ROBERT J. ASHKINS
STUART A. EPSTEIN
JACK E. MCGREGOR

PLEASE REPLY TO: Bridgeport
WRITER'S DIRECT DIAL: (203) 337-4118
E-Mail Address: ralbrecht@cohenandwolf.com

December 18, 2003

*VIA FACSIMILE* (#1-860-704-0490)

Attorney Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

Re: *Civil Action NO. 3:01CV00452 (AVC) –*
*Elizabeth Schiller vs. City of Bridgeport, et al;*
*Johanna S. Georgia vs. City of Bridgeport, et al*

Dear Attorney Wallace:

By letter dated November 10, 2003, you were advised that you could arrange your inspection of the Union documents pursuant to the August 20, 2003, discovery order and October 29, 2003, protective order.

By letter dated November 13, 2003, you requested that we provide you with copies and that you would pay "the prevailing state agency rate for copies", that the documents be produced at the Union office and that you would not appear at my office.

By letter dated November 18, 2003, I advised you that the documents would be delivered to a certain copying service in Bridgeport and that you should make arrangements with them for copying and direct payment of their costs.

By letter dated November 25, 2003, you advised that I should furnish the copier with a page count and remove all staples and clips from the documents. I did not agree to do that.

By letter dated December 4, 2003, you advised me that the copier had approximately 1,000 pages of documents that were uncounted and still stapled.

By letter dated December 11, 2003, I advised that the copier had original documents which I had no intention of altering and suggested that you go to their offices, select the documents you need to have copied and have them return the originals to this office.

1115 BROAD STREET
P.O. BOX 1821
BRIDGEPORT, CT 06601-1821
TEL: (203) 368-0211
FAX: (203) 394-9901

158 DEER HILL AVENUE
DANBURY, CT 06810
TEL: (203) 792-2771
FAX: (203) 791-8149

190 MAIN STREET
WESTPORT, CT 06880
TEL: (203) 222-1034

112 PROSPECT STREET
STAMFORD, CT 06904
TEL: (203) 964-9907
FAX: (203) 576-8504



Attorney Susan V. Wallace
December 18, 2003
Page 2

By letter dated December 12, 2003, from my paralegal you were advised that the copier is awaiting your instructions and that they will return the documents by December 17, 2003, since they are taking up room in their offices.

By letter dated December 16, 2003, we again advised you that if the copying is not done by the close of business of December 17, 2003, we are obliged to retrieve the documents. The retrieval is at the request of the copier.

Please be advised that the documents are back in my office. I do not know why you failed to go down to the copier's office and arrange for the copying. I will keep the documents here until the end of the year at which point in time they will be returned to my client and I will assume that you waived inspection.

Very truly yours,

Richard L. Albrecht

RLA:dlm

cc:   Robert B. Mitchell, Esq. (*Via Facsimile, #576-8888*)

Exhibit D

# Susan V. Wallace
*~ Attorney at Law ~*

11 Blue Orchard Drive
Middletown, Connecticut 06457

tel: (860) 704-0472, fax -0490
email: law4us@rcn.com

**SECOND REQUEST**
**December 10, 2003**
**KINDLY RESPOND TO THE FOLLOWING PREVIOUSLY SENT:**

December 4, 2003

*via fax # 203-394-9901*

Richard L. Albrecht, Esq.
Cohen & Wolf, P.C.
115 Broad Street
P.O. Box 1821
Bridgeport, CT 06601-1821

Re: Schiller/Georgia v. City of Bridgeport, et al., 3:01cv452(AVC)
Discovery Order of 8/20/03 Re Local 834

Dear Attorney Albrecht:

In my letters of to you November 25 and December 1st, and in our conversation on November 26th, I informed you of the requirements of the printers you selected, Reprographics in Bridgeport, for an estimate of costs and to be able to commence copying the union's documents the Court ordered disclosed.

The printer called me just before 5:00 p.m. today and reported that your office has left them with nearly one thousand pages of documents, uncounted, still stapled and bound in a binders, all of which nearly triples the cost for copying and also prevents the printer from being able to give us an estimate as to cost and time to complete the job. I am wondering why there are so many documents, as I recall the Court stating that there were only about one hundred pages involved.

Please verify exactly how many pages are involved and have your office do what you agreed to, i.e., unstaple and unbind the document and separate them by blank sheets of paper for the printer, then let me know how much this will costs and when the copies will be ready.

Very truly yours,

*Susan V. Wallace*

Exh. D.