UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH SCHILLER AND
JOHANNA S. GEORGIA,
  Plaintiffs,

VS.

CITY OF BRIDGEPORT, DONALD
DAY, MICHAEL MAGLIONE, EARL
PETTWAY,
  Defendants.

Civil No. 3:01CV452(AVC)

FILED
2004 JAN 21 P 3:01
U.S. DISTRICT COURT
HARTFORD, CT.

### Ruling on Motions to Intervene

This is an action for damages and equitable relief brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1983, Conn. Gen. Stat. § 46a-60, the Connecticut constitution, and common law tenets concerning intentional infliction of emotional distress and breach of the covenant of good faith and fair dealing. On August 29, 2003, the defendants filed a motion for a protective order that would, generally speaking, prohibit the parties to this litigation from publicly disclosing all discovery material, including any materials which were produced by the non-party Bridgeport firefighters union (the "union files"). On October 31, 2003, the court granted the motion with regard to the union files, but otherwise denied the defendant's motion. On October 31, 2003, a protective order therefore was entered that barred the parties to the instant action from public disclosure of the union files. On November 7, 2003, the applicants for intervention, the Firebird Society of Bridgeport, Inc., and the Bridgport Hispanic Firefighters Association, hereinafter referred to collectively as the

Firebirds, filed separate motions to intervene. The motions to intervene seek the same remedies and present virtually the same arguments for intervention; therefore, the court addresses them together. The Firebirds seek to intervene in order to modify the protective order which protects the union files of the non-party Bridgeport firefighter's union from public disclosure.[1] Put simply, they seek to have the protective order removed. For the reasons that hereinafter follow the motions to intervene (documents no. 129, 130) are DENIED.

Fed. R. Civ. P. 24 provides for two types of intervention, namely, intervention as of right, see Fed R. Civ. P. 24(a), and permissive intervention, see Fed. R. Civ. P. 24(b). The Firebirds contend that intervention is warranted under both theories. The court is not persuaded.

"To merit consideration for intervention [as of right] under rule 24(a)(2), a movant must (1) file a timely application, (2) claiming an interest relating to the property or transaction which is the subject of the action, (3) with the movant so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest, (4) unless the movant's

---

[1] The Firebirds' filings are actually styled as memorandum in opposition to the protective order. Nevertheless, because the court issued its ruling and order regarding the protective order before the papers were filed, the court construes it as a motion for modification.

interest is adequately represented by existing parties."[2] <u>American Lung Ass'n v. Reilly</u>, 962 F.2d 258, 261 (2d Cir. 1992). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." <u>Farmland Dairies v. Commissioner</u>, 847 F.2d 1038, 1043 (2d Cir. 1988).

The court concludes that the Firebird's fail to satisfy the third and fourth prongs of the relevant test.[3] Specifically, with regard to the third required element, the Firebirds claim that the protective order "set[s] up an unwarranted obstacle to the ability of" the Firebirds to seek materials allegedly evidencing discrimination which could give rise to independent actions for the redress of any such discrimination. The court is not persuaded. Nothing in the protective order limits the Firebirds from accessing the information in the union files from the union. Rather, the protective order simply prohibits the parties to the instant litigation from public disclosure of those union files which the court ordered disclosed. With regard to the fourth prong, both the plaintiffs and the Firebirds submitted almost identical briefs in opposition to the protective order and both seek the same remedy, namely, that the protective order not be allowed. The court

---

[2] An applicant may also seek intervention of as of right under Fed. R. Civ. P. 24(a)(1), provided "a statute of the United States confers an unconditional right to intervene." In this case, the proposed interveners have claimed no such statutory right.

[3] Because the court concludes that the Firebirds' motion founders on the third and fourth prong, the court does not address the first and second prong.

3

therefore presumes that the Firebirds' interests are adequately protected by the plaintiffs. See James W. Moore, Moore's Federal Practice § 24.03[4][a][ii] at 24-44 (3d ed. 1997) ("there is a presumption of adequate representation if the applicant has the same ultimate objective as an existing party"). The Firebirds have presented no evidence to overcome this presumption. Consequently, the court concludes that intervention as of right is not warranted.

The Firebirds also contend that they meet the standard for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2), and thus that intervention should be permitted. The court disagrees. Fed. R. Civ. P. 24(b)(2) provides that "[u]pon timely application anyone may be permitted to intervene in an action: . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). Further, the rule instructs that, when "exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2). Aside from these considerations, in exercising its broad discretion the court may also consider whether the proposed intervener is adequately represented, see James W. Moore, Moore's Federal Practice 3d § 24.10[2][c] at 24-61 (3d ed. 1997); cf. In Re Bank of New York Derivative Litigation, 320 F.3d 291, 300 n.5 (2d Cir. 2003), whether the addition of the party will add any value to the existing controversy, see James W. Moore, Moore's Federal Practice 3d § 24.10[2][b] at 24-60 (3d ed. 1997); cf. United States

4

v. City of New York, 198 F.3d 360, 367-68 (2d Cir. 1999), and also the effect of denial of permissive intervention on the proposed intervener, see James W. Moore, Moore's Federal Practice 3d § 24.10[2][d] at 24-62 (3d ed. 1997).

Applying these principles, the court concludes that the Firebird's argument for permissive intervention lacks merit. First, any effect of the denial to intervene would be minimal, if at all, on the Firebirds' alleged interests. The crux of the Firebirds claim is that without modification of the protective order they will not be able to view files that purportedly indicate discrimination. The Firebirds' argument however fails to take into account that nothing in the protective order prohibits the Firebirds' access to the union files; it only prohibits them from receiving such information from the parties in this matter. Thus, to the extent that the Firebirds claim that access to the files is integral to the protection of the Firebirds' rights, such access is not prohibited and thus the Firebirds' rights would not be adversely affected.

Secondly, the Firebirds add little to the present dispute. They seek the same remedy as the plaintiffs and present the same arguments. The Firebirds present no unique argument that is distinct from that of the plaintiffs. Thus, addition of the Firebirds would add little to the present suit. Moreover, because the Firebirds and the plaintiffs present similar arguments and seek the same remedy, the Firebirds interests are adequately protected by the plaintiffs. Finally, the Firebirds' admitted associational interests concern

5

discrimination based on race and national origin, whereas the plaintiffs allege discrimination based on sex. Thus, intervention of the Firebirds would likely present collateral issues arguably irrelevant to the plaintiffs' claims.[4] See United States v. City of New York, 198 F.3d 360, 367-68 (2d Cir. 1999) (denial of permissive intervention proper because, inter alia, "the claimed interests of the proposed interveners, although broadly related to the subject matter of this action, are extraneous to the issues before the court, ... intervention would indeed unduly delay the adjudication of the rights of the existing parties to the action") Consequently, the court concludes that the permissive intervention is unwarranted.

## CONCLUSION

Based on the foregoing reasons, the motions to intervene (document no. 129, 130) are DENIED.

It is so ordered this 21st day of January, 2004, at Hartford, Connecticut.

_____
Alfred V. Covello, U.S.D.J.

---

[4] The Firebirds also contend that intervention should be permitted so that they may confirm that the union files which are produced to the plaintiffs are complete. Intervention is not necessary to achieve this goal. Put simply, if desired, the plaintiffs may move this court to modify the protective order to provide for such verification.