# Susan V. Wallace
~ *Attorney at Law* ~

11 Blue Orchard Drive
Middletown, Connecticut 06457

tel: (860) 704-0472, fax -0490
email: law4us@rcn.com

December 16, 2003

*via fax #203-576-8888*

Margaret Sheahan, Esq.
Robert Mitchell, Esq.
Thomas Maxwell, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

    Re:   <u>Schiller and Georgia v. City of Bridgeport, et al.</u>

Counsel:

    As you know, I was at your offices today reviewing your clients' document disclosures. My clients were provided with the following:

    1.   Two boxes of various unindexed documents from the Bridgeport Civil Service Commission, which we had seen before but had not completed reviewing before the judge "stayed" discovery (review completed today);

    2.   A collection of documents which your paralegal informed me are copies of "settlements," which I reviewed today;

    3.   One box, which I reviewed today, containing some Denton CHRO charge records, some discovery from her federal lawsuit, a file on Ina Anderson's CHRO 2002 charge; and a file on Michael Calderoni's CHRO Charge, which I reviewed today;

    4.   A set of documents clipped together from (Prov.) Dep. Chief Wallace Thomas represented to be responsive to plaintiffs' document request in Schedule A of their deposition notice to him, which I reviewed today;

    5.   A set of documents clipped together from (Prov.) Dep. Chief Thomas Connor represented to be responsive to plaintiffs' May 27, 2003, letter listing documents not disclosed by your clients (instead of my August 18th letter deemed to the "source"

ATTACHMENT 3

*Pullman & Comley, LLC*
*December 16, 2003*
*2 of 4*

    document" on all documents still due the plaintiffs); and

    6.    Four previously undisclosed boxes of document which your paralegal Lisa Paliani informed me are from City archives and contain documents from Kathy Denton's federal lawsuit against the City.

    First, I will be arranging with your paralegal to have some documents sent out to Reprographic nearby your office for copying.

    Second, I still have to complete our review of item (e) above (documents gathered by Connor) and of three of the four boxes of Denton-related documents, but from what I have seen of all the other documents produced to us through today, the following are still missing:

    a.    Documents re Plaintiffs' own complaints and allegations listed in my August 18, 2003 letter at pp. 2 – 5;

    b.    Documents re "Known internal complaints," including but not limited to those listed in my August 18, 2003 letter at pp. 5 –11;

    c.    Documents re "Known external complaints/charges/ lawsuits," including but not limited to the following listed in my August 18, 2003 letter at pp. 11 –14:

- CHRO Charge No. 0320044, EEOC No. 16AA201660, Race, Ancestry, Age. DOI 5/18/02, filed 8/9/02 by Complainant Ivan Fossesigurani. Nothing has been produced – need Charge, City's responses to Charge and to CHRO discovery and any other related documents per plaintiffs' production requests.

- CHRO Charge No. 0220180, EEOC No. 16AA200618, Race, filed 12/11/01 by Complainant Crystal Mack. Nothing has been produced -- need Charge, City's responses to Charge and to CHRO discovery and any other related documents per plaintiffs' production requests.

- CHRO Charge No. 9620598, EEOC No. 16AA961614, Race, filed 6/10/96 by Complainant Crystal Mack. Nothing has been produced -- need Charge, City's responses to Charge and to CHRO discovery and any other related documents per plaintiffs' production requests.

- CHRO Charge No. 020299, EEOC No. 16AA12143, Color, Race, filed 2/15/01 by Complainant Donald Day. Nothing has been produced - need Charge, City's responses to Charge and to CHRO discovery and any other related documents per plaintiffs' production requests.

*Pullman & Comley, LLC*
*December 16, 2003*
*3 of 4*

- CHRO Charge No. 020255, EEOC No. 16AA12105, Color, Race, filed 1/9/01 by Complainant Donald Day. Nothing has been produced -- need Charge, City's responses to Charge and to CHRO discovery and any other related documents per plaintiffs' production requests.

- CHRO Charge No. 9720413, EEOC No. 16AA972226, Ancestry, Color, Nat'l Origin, Race, filed 2/20/97 by Complainant Donald Day. Nothing has been produced except the CHRO's dismissal notice-- need Charge, City's responses to Charge and to CHRO discovery and any other related documents per plaintiffs' production requests.

- CHRO Charge No. 0120430, EEOC No. 16AA12256, Color, Race, filed 5/18/01 by Complainant Craig Kelly. Nothing has been produced -- need Charge, City's responses to Charge and to CHRO discovery, and any other related documents per plaintiffs' production requests.

- CHRO Charge No. 0120233, EEOC No. 16AA12089, Color, Race, filed 12/22/00 by Complainant Ronald Mackey. Need City's responses to Charge and to CHRO discovery any other related documents per plaintiffs' production requests.

- CHRO Charge No. 9820510, EEOC No. 16AA1980131, Color, Race, filed 6/5/98 by Complainant Joseph A. Carr, Sr. Nothing has been produced -- need Charge, City's responses to Charge and to CHRO discovery, and any other related documents per plaintiffs' production request.

- CHRO Charge No. 9820129, EEOC No. 16A972512, Color, Race, filed 9/19/97 by Complainant Joel Christy. Nothing has been produced -- need Charge, City's responses to Charge and to CHRO discovery, and any other related documents per plaintiffs' production request.

- CHRO Charge No. 9720431, EEOC No. 16A972243, Color, Race, filed 3/4/97 by Complainant Anthony Dukes. I believe only one responsive document has been disclosed -- the CHRO's dismissal of his Charge (note, today we were also shown the settlement of his Workers' Comp claim, but that was not a requested document). Need City's responses to Charge and to CHRO discovery, and any other related documents per plaintiffs' production request.

d. Everything listed under "Misc" in the August 18, 2003 letter, pp. 16-17; and

*Pullman & Comley, LLC*
*December 16, 2003*
*4 of 4*

    e.    As to the set of documents from (Prov.) Dep. Chief Thomas Connor, this has a Certification attached indicating it was served on me today. It represents to be responsive to plaintiffs' May 27, 2003, letter, which listed numerous documents undisclosed by your clients. Most of these items were repeated in my letter dated August 18, 2003, which the Court deemed I believe in late August was to be the "source document" for the parties and the Court to follow in monitoring your clients' discovery compliance. As indicated above, to date, you have not provided almost everything listed in the August 18th letter. To now provide an affidavit from Connor referring only to he May letter is only confusing and overly burdensome to the plaintiffs to have to try to painstakingly match up the lists to see what your clients are and are not responding to with regard to the August 18th letter as the Court's "source document." My clients need this affidavit restated to address the August 18th letter/source document.

Kindly clarify within the next day whether or not the above documents exist and when they will be disclosed.

Also, please advise what date within the first two weeks of January Chiefs Maglione and Wallace Thomas are available to complete their depositions.

Very truly yours,

Susan V. Wallace

cc:    John Mitola, Esq., via fax # 203-576-8252

# Susan V. Wallace
~ *Attorney at Law* ~

11 Blue Orchard Drive  
Middletown, Connecticut 06457

tel: (860) 704-0472, fax -0490  
email: law4us@rcn.com

December 18, 2003

*via fax #203-576-8888*

Margaret Sheahan, Esq.  
Robert Mitchell, Esq.  
Pullman & Comley, LLC  
850 Main Street  
P.O. Box 7006  
Bridgeport, CT 06601-7006

    Re:    <u>Schiller and Georgia v. City of Bridgeport, et al.</u>

Counsel:

    You indicated to me today that you are "still in the process of reviewing my letter" dated December 16, 2003, regarding the numerous documents still not disclosed. To confirm my requests therein, by the close of business on December 17th, I had searched all the documents including the newly disclosed multiple boxes of documents relative to the Kathy Denton lawsuit, and found none of the documents I indicated in my December 16th letter are as yet undisclosed.

    As I have told you, this continuing noncompliance, plus the surprise new disclosure at this late date of almost as much material as has previously been disclosed by your clients, and the need to send this out to be copied, and the time I will need to then inspect it, plus the matter of needing your clients to identify the numerous tapes, and to have the newly disclosed tapes transcribed, your rescheduled depositions of Donald Day and Roger Kergaravat, and your request of today to take another deposition of my client Johanna Georgia, necessitates an extension of the present discovery closing date of January 15th.

    I repeat my earlier request for what date within the first two weeks of January Chiefs Maglione and Wallace Thomas are available to complete their depositions.

    Your partner Robert Mitchell previously refused to agree to seek a revised closing date, but I once again ask for your client's cooperation and agreement to a reasonable extension of thirty days.

*Pullman & Comley, LLC*
*December 18, 2003*
*2 of 2*

Very truly yours,

*Susan V. Wallace*

cc: John Mitola, Esq., via fax # 203-576-8252

# Paliani, Elisa M.

**From:** Mitchell, Robert B.
**Sent:** Thursday, December 18, 2003 3:21 PM
**To:** 'law4us@rcn.com'
**Cc:** John Mitola (E-mail)
**Subject:** Your Letter dated December 16, 2003 Re: Documents Disclosure

Dear Ms. Wallace:

We have reviewed your December 16th note regarding the discovery in this case.

First, we do not believe that the Court ever labeled your August 18th letter as a "source document" or anything else for that matter. The only "source documents" are your original production requests. Insofar as your letters vary or expand those requests, your letters have no legal import at all. We used your May 27th letter as our starting point for production compliance for two reasons: (1) we have repeatedly discussed the contents of your May 27th letter with the Court, first at the hearing held in Hartford last summer and then during at least our first telephone conference with the Judge; and (2) your August letter references back to your May note and we used what we thought was the original explanation of your demands to guide us in responding.

As far as the specific points raised in your December 16th letter are concerned:

(1)    We have produced everything we have on your clients that anyone knows of. If there are specific pieces of paper that you or your clients *have actual knowledge of*, identify them to us and we will look again.

(2)    We have also accounted for all known internal complaints that we are aware of which relate to sex discrimination issues. Again, if you or your clients *have actual knowledge* of some specific piece of paper that exists, please tell us.

(3)    We have also accounted for all known external sex discrimination complaints that we are aware of. The items you list in your December 16th note concern race, ancestry and age discrimination. We discussed this with the Court several times and made it clear that we would not produce any such information absent: (1) receiving a proper production request for such information; and (2) a Court order overriding our formal objections. You have never filed a production request for such information with the sole exception of request no.17, attached to your Rule 30(b)(6) notice of deposition to the City. There you include these other issues in your demand to see consent decrees, judgements, etc. We have produced these documents for you. We have also produced everything we have that responds to your requests for documents concerning sex discrimination and harassment issues. We are not prepared to do more. The Judge understands this point. We thought that you did too.

(4)    Your reference to "Misc." from your August 18th letter. What we have that responds to the first item was given to you. Conner Affidavit para. 4, subpara. 8(d). The issue of Petrucelli's attendance at a CCM seminar is addressed in Connor Affidavit para. 4, subpara. 9 (p). The first "Misc." item on page 17 of your August note is addressed in Connor Affidavit para. 4, subpara. 9(h). (Again, we stated that we would only respond as to gender related items, because only these relate to sex discrimination or harassment). The last item in your "Misc." listing was addressed in para. 4, subpara. 9 (h). (We limited this to sex discrimination and harassment related materials as well.)

(5)    Chief Conners Affidavit covers the issues that you have raised in your various discovery requests and during the several conferences that were had with the Court. If you identify any area any specific that it does not address, we will remedy the deficiency. However, I am not willing to have it re-done simply to conform to your August letter as opposed to your May missive.

During the course of this of the last couple of days and, particularly this morning, a couple of other points have come up which we want to mention.

First, when you renoticed the City's deposition, you also re-sent the Schedule A documents request that was attached to the original depo notice. Did you intend to do so and, thus, to ask the City to produce all of the documents again in Hartford, or can we ignore the request on the grounds that we have covered everything during the course of our conferences with the Court and our production of materials to you in accordance with those conferences. We would appreciate receiving your answer to this question as soon as possible, because we do not want to have to file a needless motion to quash.

Second, we understand from looking over the correspondence that has transpired beween you and Ms. Sheahan that you may be seeking a further extension of time to complete discovery. As we think Peg hasa already made clear, we will vigorously oppose this. The BFD needs to have the issues that surround your clients resolved sooner rather than later. Some delays are unavoidable, but your requested documents have been available for review since November 6th. We sent you an e-mail telling you that we were ready, willing and able to provide these papers for your inspections as soon as we received the Court's decision on our protective order request. Despite our efforts to make the papers available, you did not respond to us until more than a month of time had passed. Contrary to the implications of your e-

1

mails to Ms. Sheahan this morning, no "surprise" documents have been presented to you. Nothing has been offered to you, that was not thoroughly discussed with both you and the Court over the course of the last several months, and there is no acceptable excuse for your failure to act on our offer to make the papers available in November.

As to your new issue regarding the several tape recordings that you now want to have transcribed, we note that they were made available to you on May 1, 2003. Any implication that you have not had time to review or transcribe them is simply false. We will be happy to allow Campano to transcribe them for you, at your expense. If you want this done ahead of the depositions, we will make arrangements to get the tapes to Campano for you. You will have to make arrangements for paying the reporters' fees of course. We are not willing to provide you with a listing of what is on them. You are, of course, also more than welcome to listen to the tapes before they are transcribed at our offices, if you wish.

While writing the above, we received your first faxed note dated today. It contains several misstatements of fact that need to be addressed.

First, there has been no production of documents that should have been a surprise to you. Each item that you have asked for has been exhaustively discussed for months. We told both you and the Court that the legal case files, including Denton's were voluminous. Indeed, that was one of our principal objections to producing them.

Second, your repeated accusations of "continuing non-compliance" are, to be charitable, blatant misrepresentations of the facts. You are well aware that we have fully complied with your production requests as those have been refined through our conferences with the Court. Your falsehoods do not justify or excuse your failure to come look at the information that has been made available to you in a timely fashion.

Third, neither Donald Day's nor Roger Kergaravat's depositions provide any justification for extending discovery. When you and Bob spoke about discovery scheduling at the time Day failed to show up for his deposition, it was agreed that we would take any depositions we might need during December, excluding the week intervening between Christmas and New Years. We reserved the first two weeks of January for you to take whatever testimony you might want to. This was done to insure that we would be able to meet the Court's discovery - trial schedule. We have re-noticed Day for December 23d. We had originally noticed Kegaravat for last Friday, but as an accommodation to him, at his request, Bob agreed to move it to January, *only after* confirming that would not cause you any problem and *only after* obtaining your concurrence to the change. There is simply no valid reason to further extend this litigation, by continuing discovery beyond January 15th.

We will get you dates for Chiefs Maglione and Thomas to give testimony. You have already set the City's deposition for January 5th. How long do you contemplate it will take to complete that testimony? We can work in Maglione and Thomas around your schedule for the City, but it would help to know your scheduling preferences. We will try to accommodate you if at all possible. While waiting to hear from you, I will contact the two Chiefs to see if there are any particular scheduling problems that they might have during that period.

Finally, we just received your second faxed letter of this date. We have already agreed that you depoistion of the City may exceed seven hours in exchange for your allowing Georgia's to also go beyond that cut-off point. We will notice Georgias's continued deposition in the ordinary course. You should do whatever you think you need to in response. We are not authorized to agree to an extension of discovery. You will have to make application to the Court in that regard. We are instructed to oppose any such request.

Yours,
Bob Mitchell
Peg Sheahan

2

Paliani, Elisa M.

| | |
|---|---|
| From: | Mitchell, Robert B. |
| Sent: | Thursday, February 05, 2004 10:24 AM |
| To: | 'law4us@rcn.com' |
| Cc: | Sheahan, Margaret M.; Paliani, Elisa M.; Arnold Levine Ph. D. (E-mail); Arnold Levine Ph. D. (E- mail 2) |
| Subject: | RE: SCHILLER/GEORGIA V BPT , DEPOS |

Dear Susan:

We are going to check with the City's Rule 30(b)(6) witnesses to see if they can be available next week on the twelfth. We will tell them that tomorrow is cancelled. I am sure that it will be O.K. to finish Chief Maglione's individual deposition after you finish with the City's. Lisa Paliani is calling the witnesses, and I will get back to you as soon as I can.

As far the expert is concerned, if you will not need three hours, you do not have to pay that much in advance. If you only want one or two hours just let me know. I will tell Dr. Levine that he need only carve that amount of time out of his day and you will only have to pay for that lesser bit of time. We will, of course, have to stop the deposition once you have exhausted your time, unless you bring along a check that you can make out to Dr. Levine and leave with me for any additional time that you may want to use. Remember though, if you decide to pay for more time than you use, Dr. Levine will reimburse you for any full hours that you have paid for, but not used (he bills in minimum hourly increments for depositions). Just let me know what you want to do. One more thing, Dr. Levine is no longer available for the 13th. You will have to take his testimony earlier in the week.

Yours,
Bob Mitchell


-----Original Message-----
From: Susan V. Wallace, Attorney at Law [mailto:law4us@rcn.com]
Sent: Thursday, February 05, 2004 9:40 AM
To: Robert Mitchell, Esq.; Elisa M. Paliani; Margaret Sheahan, Esq.
Subject: SCHILLER/GEORGIA V BPT , DEPOS

Given the dire weather forecast for tomorrow, I want to reschedule the resumed depo of the City to next Thursday 2/12/04 10:00 a.m. at USDC Htfd. Pls let me know today if that date is a prob.
Also, I need to conclude depo of Chief Maglione, I again ask when he will be available for that -- can do same day as City?
As for your expert, if we do this by telephone, given that he is not traveling, I see no reason why he should be able to set an arbitrary time charge of 3 hours. In fact, I need considerably less time with him. Pls let me know what your clients will do to resolve this, else I anticipate filing a motion on it today.
/svw

2/6/04

-----Original Message-----
From: Susan V. Wallace, Attorney at Law [mailto:law4us@rcn.com]
Sent: Thursday, February 12, 2004 7:52 AM
To: Sheahan, Margaret M.
Subject: Re: schiller & georgia v. bridgeport

*Counsel,*

*I believe you have my Motion for enlargement explaining the scheduling issues. I am willing to take the rest of City's depo and Chief Maglione at your offices 10 am Friday.*

*/svw*


*Sheahan, Margaret M." <msheahan@pullcom.com>* wrote:

> Susan,
>     I have learned that Mr. Thomas can be available all day Tuesday; and Mr. Shevlin, any day this week other than today.  Please let us know as soon as possible what you wish to schedule and when.  To recap once again, here is the availability of the remaining City designees for the rest of this week.
>
>     Tuesday, February 10: Colligan until noon, Mitola after 11:00, Thomas and Dunn all day
>     Friday, February 13: Maglione, Hosticka, Mitola
>
> As for the completion of the individually noticed depositions,
>
>     Tuesday, February 10:  Patrick Shevlin
>
>     Friday, February 13:  Michael Maglione
>
> If you wish to do anything tomorrow, please let us know by 2:30 this afternoon so that we can arrange attendance.
>
>     Again, because you have reported experiencing delay in receiving emails from us, I will have this message printed and faxed to you.
>
>
>     Thank you.
>
>                              -Peg Sheahan
>
>
> Margaret M. Sheahan
> Pullman & Comley, LLC

2/12/04

850 Main Street
Bridgeport, CT 06601-7006
(203) 330-2138

300 Atlantic St.
5th Floor
Stamford, CT 06901-3522
(203) 674-7901

2/12/04

# Paliani, Elisa M.

| | |
|---|---|
| **From:** | Sheahan, Margaret M. |
| **Sent:** | Thursday, February 12, 2004 2:09 PM |
| **To:** | Susan V. Wallace (E-mail) |
| **Cc:** | Paliani, Elisa M. |
| **Subject:** | tomorrow |
| **Importance:** | High |



memo wallace.DOC

Lisa, please print out this document and fax it to Ms. Wallace right away.

Margaret M. Sheahan
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601-7006
(203) 330-2138

300 Atlantic St.
5th Floor
Stamford, CT 06901-3522
(203) 674-7901

1

Dear Susan,

We have received your motion for enlargement. As you know, the City intends to oppose it. We understood from you enlargement papers that you were unable to take any depositions tomorrow, for lack of a suitable location, but we are more than willing to do our best to set something up. We can certainly agree to your taking the City's Rule 30(b)(6) and Chief Maglione's individual depositions tomorrow in our Bridgeport Office

I believe that we can still produce the three City designees I told you via my e-mail last Friday would be available for tomorrow (Hosticka, Mitola and Maglione). We are trying to confirm that they can be here. We already know that the Chief can attend to give testimony on behalf of the City and, of course, he can also testify as an individual witness.

We understand from you e-mail of earlier today that you believe that you can complete the City's deposition by the end of tomorrow. If this is correct we are prepared to recommend that our client agree to modify our original 9.5 hour time stipulation for taking the City's testimony. In line with that stipulation, you have one hour and 36 minutes left within which to finish with the City. We are willing to ask that the City agree to allow you the full business day (9-5) within which to complete the City and Chief Maglione, with one hour for lunch at 12:00 p.m. In return. of course, you would agree to withdraw that portion of your pending motion which seeks additional time for the City's deposition. In other words, if you agree to the withdrawal described, to the extent the City's deposition tomorrow exceeds the One hour and 36 minutes remaining of the 9.5 hours stipulated to, we will not object.

If you do not agree to the withdrawal described, we will recommend going forward tomorrow with the remainder of the City's deposition (one hour and 36 minutes) as well as the Chief's individual testimony.

Please respond to this note as soon as possible, so that we have time to confer with our client as to what we can put together for tomorrow. I will continue to attempt to contact my client about this proposal even prior to receiving your response.

                                              Yours truly,
                                              Peg Sheahan

BPRT/67551.1/MMS/507194v1

```
********** -COMM. JOURNAL- ********** DATE FEB-12-2004 ***** TIME 14:55 **********


        MODE = MEMORY TRANSMISSION          START=FEB-12 14:39    END=FEB-12 14:55

        FILE NO.=046

STN   COMM.   ONE-TOUCH/   STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES      DURATION
NO.           ABBR NO.

001    OK        &         18607040490#                                003/003    00:01:02


                                                          -PULLMAN & COMLEY BPT    -

*********************************** -PULLMAN & COMLEY- *****  -               - **********
```

# Pullman & Comley, LLC
850 Main St.
P.O. Box 7006
Bridgeport, CT 06601-7006
TEL. (203) 330-2000 – FAX(203) 576-8888

## FACSIMILE MESSAGE COVER PAGE

| FROM:  | MARGARET M. SHEAHAN | DATE:            | FEBRUARY 12, 2004 |
|--------|---------------------|------------------|-------------------|
| PHONE: | (203) 330-2138      | OUR FILE NUMBER: |                   |

PLEASE DELIVER AS SOON AS POSSIBLE TO:

|    | RECIPIENT            | COMPANY | FAX NO.        | PHONE NO.      |
|----|----------------------|---------|----------------|----------------|
| 1. | SUSAN WALLACE, ESQ.  |         | (860) 704-0490 | (860) 704-0472 |

TOTAL NUMBER OF PAGES INCLUDING THIS PAGE: 2.
IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL          AT:

CONFIDENTIALITY NOTE:

THE INFORMATION CONTAINED IN THIS TELEFACSIMILE IS CONFIDENTIAL AND PRIVILEGED, AND IS INTENDED ONLY FOR THE USE OF THE NAMED RECEIVER. IF YOU ARE NOT THE NAMED RECEIVER OR THE PERSON RESPONSIBLE FOR DELIVERING THIS TELEFACSIMILE TO THE NAMED RECEIVER, YOU ARE NOTIFIED THAT ANY USE OF THIS TELEFACSIMILE OR ITS CONTENTS, INCLUDING ANY DISSEMINATION OR COPYING, IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY PULLMAN & COMLEY, LLC BY TELEPHONE AT (203) 330-2000, AND RETURN THE ORIGINAL TO US AT THE ABOVE ADDRESS, VIA MAIL. WE WILL REIMBURSE YOUR TELEPHONE AND POSTAGE EXPENSE FOR DOING SO. THANK YOU.

MESSAGE:**************************************************************

-----Original Message-----
From: Sheahan, Margaret M.
Sent: Thursday, February 12, 2004 4:31 PM
To: 'law4us@rcn.com'
Subject: RE: schiller & georgia

Susan,
Thank you for getting back to me.
We will be ready to proceed here at our Bridgeport office at 10:00 a.m. tomorrow morning. We will observe the time limits to which we stipulated on the City's deposition and under the rule regarding Chief Maglione's deposition as an individual witness. The City's opposition to your currently pending motion continues and will be conveyed to the Court. Under the circumstances, your other questions appear moot.
Please have the reporter come to our 8th floor reception area and we will have him or her directed to the correct place.
See you tomorrow.

-Peg Sheahan

-----Original Message-----
From: Susan V. Wallace, Attorney at Law [mailto:law4us@rcn.com]
Sent: Thursday, February 12, 2004 3:45 PM
To: Sheahan, Margaret M.
Subject: Re: schiller & georgia

Apologize for not getting back earlier, I have been out of office all day, just got back. Thank you for trying to resolve the deposition issue, but the problem with your offer of all day tomorrow is that only three of your designated reps are available. Can we do this when all remaining can be available? And are you replacing Ms. Flores, given that she is no longer a City employee, or reassigning her subject matter to one of the other 30(b)(6) reps? In any event, I am at least ready to proceed with the remainder of the 9 1/2 hrs and Maglione, 10 a.m., your BPT office.
/svw


"Sheahan, Margaret M." <msheahan@pullcom.com> wrote:

> I have succeeded in contacting my client and have received approval of the alternative ways of going forward set forth in the memo I emailed and faxed you a short time ago. Please advise as to your decision so we can tell those involved what time they need to be at our offices tomorrow and how much of the day is likely to be consumed with the depositions. Thank you.
>
> Margaret M. Sheahan
> Pullman & Comley, LLC
> 850 Main Street
> Bridgeport, CT 06601-7006
> (203) 330-2138
>
> 300 Atlantic St.
> 5th Floor

2/13/04

Stamford, CT 06901-3522
(203) 674-7901

2/13/04