**Paliani, Elisa M.**

| | |
|---|---|
| From: | Mitchell, Robert B. |
| Sent: | Thursday, December 18, 2003 3:21 PM |
| To: | 'law4us@rcn.com' |
| Cc: | John Mitola (E-mail) |
| Subject: | Your Letter dated December 16, 2003 Re: Documents Disclosure |

Dear Ms. Wallace:

We have reviewed your December 16th note regarding the discovery in this case.

First, we do not believe that the Court ever labeled your August 18th letter as a "source document" or anything else for that matter. The only "source documents" are your original production requests. Insofar as your letters vary or expand those requests, your letters have no legal import at all. We used your May 27th letter as our starting point for production compliance for two reasons: (1) we have repeatedly discussed the contents of your May 27th letter with the Court, first at the hearing held in Hartford last summer and then during at least our first telephone conference with the Judge; and (2) your August letter references back to your May note and we used what we thought was the original explanation of your demands to guide us in responding.

As far as the specific points raised in your December 16th letter are concerned:

(1)     We have produced everything we have on your clients that anyone knows of. If there are specific pieces of paper that you or your clients *have actual knowledge of*, identify them to us and we will look again.

(2)     We have also accounted for all known internal complaints that we are aware of which relate to sex discrimination issues. Again, if you or your clients *have actual knowledge* of some specific piece of paper that exists, please tell us.

(3)     We have also accounted for all known external sex discrimination complaints that we are aware of. The items you list in your December 16th note concern race, ancestry and age discrimination. We discussed this with the Court several times and made it clear that we would not produce any such information absent: (1) receiving a proper production request for such information; and (2) a Court order overriding our formal objections. You have never filed a production request for such information with the sole exception of request no. 17, attached to your Rule 30(b)(6) notice of deposition to the City. There you include these other issues in your demand to see consent decrees, judgements, etc. We have produced these documents for you. We have also produced everything we have that responds to your requests for documents concerning sex discrimination and harassment issues. We are not prepared to do more. The Judge understands this point. We thought that you did too.

(4)     Your reference to "Misc." from your August 18th letter. What we have that responds to the first item was given to you. Conner Affidavit para. 4, subpara. 8(d). The issue of Petrucelli's attendance at a CCM seminar is addressed in Connor Affidavit para. 4, subpara. 9 (p). The first "Misc." item on page 17 of your August note is addressed in Connor Affidavit para. 4, subpara. 9(h). (Again, we stated that we would only respond as to gender related items, because only these relate to sex discrimination or harassment). The last item in your "Misc." listing was addressed in para. 4, subpara. 9 (h). (We limited this to sex discrimination and harassment related materials as well.)

(5)     Chief Conners Affidavit covers the issues that you have raised in your various discovery requests and during the several conferences that were had with the Court. If you identify any area any specific that it does not address, we will remedy the deficiency. However, I am not willing to have it re-done simply to conform to your August letter as opposed to your May missive.

During the course of this of the last couple of days and, particularly this morning, a couple of other points have come up which we want to mention.

First, when you renoticed the City's deposition, you also re-sent the Schedule A documents request that was attached to the original depo notice. Did you intend to do so and, thus, to ask the City to produce all of the documents again in Hartford, or can we ignore the request on the grounds that we have covered everything during the course of our conferences with the Court and our production of materials to you in accordance with those conferences. We would appreciate receiving your answer to this question as soon as possible, because we do not want to have to file a needless motion to quash.

Second, we understand from looking over the correspondence that has transpired beween you and Ms. Sheahan that you may be seeking a further extension of time to complete discovery. As we think Peg hasa already made clear, we will vigorously oppose this. The BFD needs to have the issues that surround your clients resolved sooner rather than later. Some delays are unavoidable, but your requested documents have been available for review since November 6th. We sent you an e-mail telling you that we were ready, willing and able to provide these papers for your inspections as soon as we received the Court's decision on our protective order request. Despite our efforts to make the papers available, you did not respond to us until more than a month of time had passed. Contrary to the implications of your e-

mails to Ms. Sheahan this morning, no "surprise" documents have been presented to you. Nothing has been offered to you, that was not thoroughly discussed with both you and the Court over the course of the last several months, and there is no acceptable excuse for your failure to act on our offer to make the papers available in November.

As to your new issue regarding the several tape recordings that you now want to have transcribed, we note that they were made available to you on May 1, 2003. Any implication that you have not had time to review or transcribe them is simply false. We will be happy to allow Campano to transcribe them for you, at your expense. If you want this done ahead of the depositions, we will make arrangements to get the tapes to Campano for you. You will have to make arrangements for paying the reporters' fees of course. We are not willing to provide you with a listing of what is on them. You are, of course, also more than welcome to listen to the tapes before they are transcribed at our offices, if you wish.

While writing the above, wel received your first faxed note dated today. It contains several misstatements of fact that need to be addressed.

First, there has been no production of documents that should have been a surprise to you. Each item that you have asked for has been exhaustively discussed for months. We told both you and the Court that the legal case files, including Denton's were voluminous. Indeed, that was one of our principal objections to producing them.

Second, your repeated accusations of "continuing non-compliance" are, to be charitable, blatant misrepresentations of the facts. You are well aware that we have fully complied with your production requests as those have been refined through our conferences with the Court. Your falsehoods do not justify or excuse your failure to come look at the information that has been made available to you in a timely fashion.

Third, neither Donald Day's nor Roger Kergaravat's depositions provide any justification for extending discovery. When you and Bob spoke about discovery scheduling at the time Day failed to show up for his deposition, it was agreed that we would take any depositions wel might need during December, excluding the week intervening between Christmas and New Years. We reserved the first two weeks of January for you to take whatever testimony you might want to. This was done to insure that we would be able to meet the Court's discovery - trial schedule. We have re-noticed Day for December 23d. We had originally noticed Kegaravat for last Friday, but as an accommodation to him, at his request, Bob agreed to move it to January, *only after* confirming that would not cause you any problem and *only after* obtaining your concurrence to the change. There is simply no valid reason to further extend this litigation, by continuing discovery beyond January 15th.

We will get you dates for Chiefs Maglione and Thomas to give testimony. You have already set the City's deposition for January 5th. How long do you contemplate it will take to complete that testimony? We can work in Maglione and Thomas around your schedule for the City, but it would help to know your scheduling preferences. We will try to accommodate you if at all possible. While waiting to hear from you, I will contact the two Chiefs to see if there are any particular scheduling problems that they might have during that period.

Finally, we just received your second faxed letter of this date. We have already agreed that you depoistion of the City may exceed seven hours in exchange for your allowing Georgia's to also go beyond that cut-off point. We will notice Georgias's continued deposition in the ordinary course. You should do whatever you think you need to in response. We are not authorized to agree to an extension of discovery. You will have to make application to the Court in that regard. We are instructed to oppose any such request.

       Yours,
       Bob Mitchell
       Peg Sheahan

**From:** Sheahan, Margaret M.
**Sent:** Friday, January 02, 2004 2:17 PM
**To:** 'law4us@rcn.com'
**Cc:** Mitchell, Robert B.; Paliani, Elisa M.
**Subject:** RE: RE: City of Bridgeport 30(b)(6) Deposition TO BE RESCHEDULED -CORRECTION

I am responding to your emails of 6:36 a.m. and 9:46 a.m. today.

I think we can complete the Kergaravat deposition, the telephone discovery conference, in which you can participate from our Bridgeport office, and Plaintiff Georgia's deposition all on Monday, January 12.

As you have agreed to a 9 1/2 hour deposition of Georgia, we will likewise agree to a 9 1/2 hour deposition of the City. Barring contrary communication from you, we will consider that by this communication the parties have so stipulated in conformity with FRCP 30 (d) (2). Assuming the stipulation is in place, we will prepare a statement of the particular areas as to which each of the City's designated 30 (b)(6) witnesses will testify, as you have requested in the past, to facilitate your taking the testimony. Having conferred with the City's designees, we have determined that the following January dates are available for the deposition: 16, 20, 26 (other than Mr. Winterbottom) and 29. This was the earliest all schedules could be cleared.

-Peg Sheahan


Margaret M. Sheahan
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601-7006
(203) 330-2138

300 Atlantic St.
5th Floor
Stamford, CT 06901-3522
(203) 674-7901

>	-----Original Message-----
>	**From:** Susan V. Wallace, Attorney at Law [mailto:law4us@rcn.com]
>	**Sent:** Friday, January 02, 2004 9:46 AM
>	**To:** Robert Mitchell, Esq.; Elisa M. Paliani; Margaret Sheahan, Esq.
>	**Subject:** Fwd: RE: City of Bridgeport 30(b)(6) Deposition TO BE RESCHEDULED -CORRECTION
>
>	Correct, we will have to start the City Wed the 14th re you noticed my client for the 13th.
>	I was going to file Motion to quash for limit the length of that depo (of FF Georgia), b/c you have had your 7 1/2 hours with her, she will you agree to give you another two hours. Perhaps we can do it that Mon. afternoon following Kergaravat and the disc conference. Let me know your clients' positions.
>
>	/svw
>
>	*"Susan V. Wallace, Attorney at Law"* <law4us@rcn.com> wrote:
>
>>	Date: Fri, 2 Jan 2004 06:36:17 -0800 (PST)
>>	From: "Susan V. Wallace, Attorney at Law"
>>	Subject: RE: City of Bridgeport 30(b)(6) Deposition TO BE RESCHEDULED
>>	To: "Mitchell, Robert B."
>>
>>	Agreed, and after talking to court clerk, I will be pushing back the date to reconvene the City's depo until

1/5/04

Tues the 13th, as I you have Kergaravat noticed for Mon the 12th, I need to let the court know how we will do the c. conference scheduled for the aftern' of the 12th. If I will still be at your offices with the Kergaravat depo, we can make the joint call from there, but need to have Albrecht tie in as well. Otherwise, I *need to be out of Bpt in time to travel to the court. Let me know how long you anticipate that depo taking. I will be filing Motion to amend disc close date.*
/svw

*"Mitchell, Robert B." <rbmitchell@pullcom.com>* wrote:

> I will agree to extend discovery until January 31st, so long as we also agree that no trial continuance will be requested. I am getting ready to leave, but, as I mentioned, I will be in on Friday. If you want to postpone the depositions until the 10th, please send me an e-mail today or Friday. If by some mischance, the Court will not formally extend discovery until January 31st, I will agree to withhold any objections if you wish to complete discovery already started (depositions, review of documents we have prepared for you and deposition of our expert - report to you on the 22nd) on an informal basis, assuming that you agree to the same.
>
> Again, have a good and safe New Year's Eve. I hope that you have plans for some kind of celebration.
>
> Bob Mitchell
>
> -----Original Message-----
> From: Susan V. Wallace, Attorney at Law [mailto:law4us@rcn.com]
> Sent: Wednesday, December 31, 2003 1:34 PM
> To: Mitchell, Robert B.
> Subject: Re: City of Bridgeport 30(b)(6) Deposition
>
> Yes I am aware of the issue re judge absence and planned on trying to straighten out the referee issue today. If it will not work with the Judge's schedule, we may have to reschedule. I again ask for agreement to a reasonable extension of discovery deadline.
> /svw
>
> *"Mitchell, Robert B." <rbmitchell@pullcom.com>* wrote:
>
>> Dear Susan:
>>
>> I wanted to take a moment to confirm the deposition arrangements for Monday. We will plan on meeting you at the Clerk of Court's Office in the Hartford Federal Court at 9:30 a.m. We are planning to bring along all of the City's designated witnesses. These will be Thomas Connor, Ned Winterbottom, John Colligan, Charlene Hostika, John Mitola, Marilyn Flores, David Dunn, Wallace Thomas and Michael Maglione. I noticed that when we spoke to Judge Covello the other day at Donald Day's deposition, he indicated that he would not be in the office until the 10th. Have you made alternative arrangements for someone to preside over the depositions or at least to act as referee if such is needed (although I hope that will not be necessary)?
>>
>> If you want to discuss anything in preparation for Monday's depositions, I will be in for a while yet today and will be in the office at least some of Friday, starting at about 10:00 a.m.
>>
>> In the meantime, I hope that you have a good New Year's Eve. I will talk to you later.
>>
>> Bob Mitchell

1/5/04

| | |
|---|---|
| From: | Susan V. Wallace, Attorney at Law [law4us@rcn.com] |
| Sent: | Friday, January 02, 2004 7:31 PM |
| To: | Robert Mitchell, Esq.; Elisa M. Paliani; Margaret Sheahan, Esq. |
| Cc: | CAMPANO ASSOC COURT REPORTERS |
| Subject: | SCHILLER/GEORGIA V BPT DEPOS |

Attchd is depo renotice for City.

To clarify, will start it 2:00 p.m. following your a.m. depo of Johanna Georgia; you have another 2 hours with Georgia, which starting at 10 should allow time to get up to the courthouse, but suggest that you also convene Georgia's depo in the courthouse, we have the room reserved already and Campano coming. We are amenable to doing Kergaravat's up there too (that Monday), the room is reserved.

/svw

1/5/04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH SCHILLER<br>Plaintiff | : | NO: 3:01cv00452(AVC)<br>(ALL CASES) |
| | : | |
| JOHANNA S. GEORGIA<br>Plaintiff | : | |
| v. | : | |
| CITY OF BRIDGEPORT; ET AL.<br>Defendants | : | JANUARY 3, 2003 |

### RE-NOTICE OF DEPOSITION

In accordance with the Rules of Practice, the Plaintiffs in the above consolidated actions give notice that testimony will be taken by deposition upon oral examination with respect to all matters relevant to the subject of the above-captioned lawsuit of the following person or entity:

**CITY OF BRIDGEPORT ("the Deponent")**
45 Lyon Terrace
Bridgeport, CT 06604

before a stenographer authorized by the laws of the State of Connecticut to administer oaths, at the following date, time and place:

Tuesday, January 13, 2004, at 2:00 p.m., at the Clerk of the U.S. District Court, 450 Main Street, Hartford, Connecticut 06103.

Oral examination will continue from day to day until completed in accordance with the federal Rules of Civil Procedure. By agreement of the parties, oral examination shall be conducted for a total of 9 and one half hours with no more than 8 hours with breaks on any one

date.

The matters on which examination is requested include: All allegations, claims and defenses in this case, including information related to the hiring; qualifications, training, evaluations, terms and conditions of employment, medical and maternity leaves of the plaintiffs, Johanna Georgia and Elizabeth Schiller, a/k/a Elizabeth O'Connell in their employment with the Fire Department of the City of Bridgeport; policies, practices, procedures and customs of the deponent, its employees and agents, regarding terms and conditions of employment, unlawful gender/sex discrimination, sexual harassment, and retaliation; comparative statistical information, job duties, qualifications, hiring, evaluations, promotions, discipline, medical leave, training, and equipping of female and male firefighters employed by the Fire Department of the City of Bridgeport; the claims, defenses, parties, and outcomes, including the terms of any settlements, of all Charges ever filed with the Connecticut Commission on Human Rights and Opportunities and the U.S. EEOC, and all lawsuits ever brought in any court by any female employee or female former employee of the deponent, claiming gender/sex discrimination, sexual harassment or retaliation; all documents, materials, statements and testimony adduced through discovery in this case from the deponent its former and current employees, agents and representatives.

The Deponent shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. The persons so designated shall testify as to matters known or reasonably available to the organization. The Deponent shall produce for inspection, before or at said time and place, all items specified in the appended Schedule A.

**FOR THE PLAINTIFFS,**

Dated_____

_____
Susan V. Wallace

*~ Attorney at Law ~*
11 Blue Orchard Drive
Middletown, CT 06457
Tel: (860) 704-0472  Fax: -0490
law4us@rcn.com
Fed Bar No. CT08134

## **SCHEDULE A**

The Deponent CITY OF BRIDGEPORT shall produce for inspection, before or at the time and place specified in the appended Notice of Deposition, the following:

1. Copies of all personnel records and other all documents referring or relating thereto, for Elizabeth Schiller, a/k/a Elizabeth O'Connell, including supervisor's "side files" and notes about her hire, training, performance, assignments, pregnancy/maternity leave, and breastfeeding.

2. Copies of all personnel records and other all documents referring or relating thereto, for Johanna Georgia, including supervisor's "side files" and notes about her hire, training, performance, applications for educational expense benefits, sick leave, injury leave, and reports of injuries suffered by her in the line of duty.

3. Copies of all non-privileged statements regarding the events that are the subject of any claims and defenses in these consolidated lawsuits, or the actions of any party or witness hereto, made by any witness, party or non-party declarant.

4. All photographs, drawings, diagrams, charts, maps, models and other tangible evidence concerning any claims and the defenses in these consolidated lawsuits, prepared by parties, witnesses or experts expected to be called at trial.

5. Copies of all documents, statements and tangible evidence referring or relating to: for each year from January 1, 1990 to the present, the:
   a. number of persons employed in the Bridgeport Fire Department;
   b. number of females employed in the Bridgeport Fire Department;
   c. number of females who applied for employment as Bridgeport firefighters;
   d. number of females offered employment as Bridgeport firefighters;
   e. number of females who attained Officer positions with the Bridgeport Fire Department.

6. Copies of all documents, statements and tangible evidence referring or relating to

your hiring and selection process for the position of firefighter from 1990 to the present, including job postings, all applications received from females, written test scores, physical test scores, documents and electronic recordings of oral interviews, selection criteria, and documents pertaining to actual selection of candidates.

7. Copies of all the City of Bridgeport's and its Fire Department's policies, practices or procedures for fire department employees, whether formal or informal, written or verbal, formal, official or customary, regarding sex discrimination, sexual harassment, and retaliation; including procedures for making a complaint about the same, for investigation and discipline in the event of such complaints, not previously disclosed to the plaintiffs in this lawsuit.

8. Copies of all documents and tangible evidence referring or relating to all training the City of Bridgeport or its Fire Department has/have ever given City of Bridgeport Fire Department employees regarding sexual harassment, discrimination and retaliation; procedures for making a complaint about sexual harassment, discrimination and retaliation, and for investigation and discipline in the event of such complaints, not previously disclosed to the plaintiffs in this lawsuit.

9. Copies of all documents, statements and tangible evidence referring or relating to every complaint or report, whether formal or informal, written or oral, received by the City of Bridgeport, its employees, officials, agents, or representatives, from or on behalf of each plaintiff in this lawsuit, claiming sex discrimination, sexual harassment or retaliatory conduct.

10. With the exception of complaints and reports made or on behalf of the plaintiffs in this lawsuit, copies of all documents, statements and tangible evidence referring or relating to any formal or informal, written or oral complaint or report made internally within the City of Bridgeport alleging sex discrimination or sexual harassment

11. With the exception of complaints and reports made or on behalf of the plaintiffs in this lawsuit, copies of all documents, statements and tangible evidence referring or relating to any complaint, report or charge, whether formal or informal, written or oral, made to any governmental agency, including any lawsuit brought against any City of Bridgeport employee or official alleging sex discrimination or sexual harassment against a City employee.

5

12. Copies of all documents, statements and tangible evidence referring or relating to the "Signal 29" website, which website is alleged in the complaints in this lawsuit

13. Copies of all documents, statements and tangible evidence referring or relating to the contracting for, purchasing, funding, diverting, stealing, or otherwise procuring or establishing access into any of the City of Bridgeport's firehouses of the "Playboy" and "Spice I" and Spice II" cable television stations.

14. Copies of all documents, statements and tangible evidence referring or relating to the contracting for, purchasing, funding, procuring models, supplying "props," supplying access to equipment, vehicles, and premises of any City of Bridgeport Fire Department for use in making photographs for a "pin-up" calendar entitled "Hardcore Pure American Centerfolds, 2001-02 Millenium Iron Beauties," and any similar "pin-up" calendars or photographs that use or feature or display City of Bridgeport Fire Department personnel, equipment, vehicles or premises.

15. Copies of any documents referring or relating to every condition in the quarters, sleeping and bathroom areas of any City of Bridgeport firehouse that is purported or found to violate any state or local building or health code or ordinance, and any OSHA regulation, with citation to the particular section of code, ordinance or regulation violated.

16. Copies of building plans for all existing and planned City of Bridgeport firehouses showing all quarters, sleeping and bathroom areas.

17. Copies of all any consent decrees, agreements, releases, court orders, and judgments to which the City of Bridgeport, its employees, officials, agents or representatives are a party, arising out of claim of unlawful discrimination, harassment or retaliation against any member of a protected class, including women and minorities.

18. Copies of all any affirmative action plans or quotes or requirements or policies applying to or affecting the City of Bridgeport's Fire Department, from January 1, 1990 to the present.

19.     Originals and copies of all City of Bridgeport Fire Department Battalion Chiefs' logs and all other Firehouse and Run logs, including any drafts and rewrites, made or maintained from June 1, 1997 to the present.

20.     Copies of all records of all requested and all approved payments or reimbursement for educational costs made by the City of Bridgeport to its Fire Department personnel from June 1, 1997 to the present.

21.     Copies of annual reports of the City of Bridgeport Fire Department for each year from 1997 to the present.

22.     Copies of all documents, notes, diaries or logs made from June 1, 1997, to the date of deposition, not previously disclosed to Plaintiffs' counsel in this action, referring or relating to the following conduct by any City of Bridgeport Fire Department personnel: failure to complete, submit or forward reports of accidents or injuries involving fire department personnel.

23.     All documents, notes, diaries or logs made from June 1, 1997, to the date of deposition, not previously disclosed to Plaintiffs' counsel in this action, referring or relating to the following conduct by any City of Bridgeport Fire Department personnel: failure to complete, submit or forward reports of evidence or complaints of sex discrimination or sexual harassment.

24.     Copies of all nonprivileged statements made by any employee, agent or representative of the City of Bridgeport regarding any event which is the subject of any claim or defense in this action or concerning the actions of any witness or party hereto, not previously disclosed to the plaintiffs in this action.

25.     All non-privileged written reports, data, investigations, or opinions concerning the events which are the subject of this lawsuit which the City of Bridgeport, its expert(s) employee(s), agent(s), representative(s) has made or caused to be made, or obtained, reviewed or utilized for any purpose, not previously disclosed to the Plaintiff in this lawsuit.

26.     All documents, statements, evidence and materials referring or relating to the events which are the subject of this lawsuit, and to any claim or defense in this lawsuit, which any

employee, agent or non-attorney representative of the City of Bridgeport released, provided, showed to, or discussed with the person who signed under oath the City's responses to the interrogatories served on it by Plaintiff in this lawsuit.

27.     Copies of all non-privileged documents; records; logs, diaries correspondence; statements; recordings, videotapes, and tangible evidence in care, custody, control or possession of the City of Bridgeport referring or relating to the claims and defenses in these consolidated lawsuits, not otherwise produced to the plaintiffs herein.

8

**CERTIFICATION OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing "Notice of Deposition" with "Schedule A" has been served upon:

Robert B. Mitchell, Esq.
Margaret M. Sheahan, Esq.
Thomas F. Maxwell, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

John Mitola, Esq.
John P. Bohannon, Jr., Esq.
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

on this ___ day of January 3, 2004, via

    ___ Regular U.S. Mail, first class, postage prepaid

    ___ U.S. Priority Mail

    ___ U.S. Express Mail or other overnight mail service

    ___ Facsimile

    ___ Hand-delivery


_____
Susan V. Wallace, Esq.

9