# PULLMAN & COMLEY, LLC
*Attorneys At Law*

ELIZABETH J. AUSTIN
RAYMOND E. BALDWIN, JR.
MORRIS W. BANKS
COLLIN P. BARON
DEBORAH S. BRECK
CHARLES K. CAMPBELL, JR.
FRANK B. CLEARY
SHEILA ANNE DENTON
JAMES G. DOWLING, JR.
ANDREW C. GLASSMAN
LAWRENCE J. GOLDEN
IRVE J. GOLDMAN
BARRY D. GREENE
NANCY A. D. HANCOCK
JOSHUA A. HAWKS-LADDS
DAVID O. JACKSON
GEORGE J. KASPER
JOHN J. KINDL
MICHAEL A. KURS
NANCY DiFONCE LAPERA

MICHAEL N. LAVE
JOSEPH M. LODATO
LISA A. MAGLIOCHETTI
THOMAS P. MAXWELL, JR.
EDWARD P. McCREERY, III
ANDREW J. McDONALD
ROBERT B. MITCHELL
HERBERT H. MOORIN
D. ROBERT MORRIS
ALAN S. PARKER
MARIE V. PHELAN
ELLIOTT B. POLLACK
MICHAEL G. PROCTOR
LEWIS RABINOVITZ
RICHARD C. ROBINSON
THOMAS A. ROUSE
GREGORY F. SERVODIDIO
RONALD CASE SHARP
MARGARET M. SHEAHAN
JAMES T. SHEARIN

H. WILLIAM SHURE
CHRISTOPHER J. SMITH
JOHN F. STAFSTROM, JR.
JAMES B. STEWART
GROVE W. STODDARD
MARSHALL J. TOUPONSE
JAMES W. VENMAN
WILLIAM J. WENZEL
BARRIE K. WETSTONE
JAMES P. WHITE, JR.
MARJORIE WILDER
———
SAMUEL A. GILLILAND
(1930-1994)
———
LAURA A. BELLOTTI
CHRISTIAN G. BELTZ
ALLISON M. BOGOSIAN
KATHERINE E. CAULFIELD
ADAM J. COHEN
AMY A. D'ADDETTA

JOSHUA A. DOLGER
ERIC J. GEORGE
DARYL L. GORDON
JESSICA GROSSARTH
MATTHEW M. HAUSMAN
TRACY WHEELER LENNON
MATTHEW P. LUNDY
NORMA R. MANDULAK
JULIE A. MORGAN
PETER S. OLSON
MARY BETH KASPER RAPICE
BRIAN C. ROCHE
LORILYN M. ROSALES
LORI L. UNDERBERGER
GWEN P. WEISBERG
MICHAEL L. WOLF
AIMEE J. WOOD

Reply to:       Bridgeport
Telephone:      (203) 330-2138
E-Mail:         msheahan@pullcom.com

May 22, 2003

Susan V. Wallace
Attorney at Law
11 Blue Orchard Drive
Middletown, CT 06457

     **Re: Schiller and Georgia v. City of Bridgeport et al**

Dear Ms. Wallace:

    This responds to your May 22, 2002 letter, which I received by fax and e-mail at approximately 10:30 this morning.

    I am not trying to paint you as uncooperative.

    It is inconceivable to me that you could have been unaware at 4:30 p.m. yesterday that the City's deposition was scheduled to go forward today. Here are the reasons I operated on the assumption that you knew it was so scheduled.

1. By letter to you dated May 13, 2002, I identified eleven dates on which nine witnesses could testify on behalf of the City.

2. On May 16, 2003, you left a copy of my May 13 letter with your response handwritten on it. Today, May 22 was a date identified by my letter and your response as an agreeable date.

3. On May 19, 2003, you e-mailed to this firm a letter with the following opening paragraph:
   > "In response to your letter regarding deposition dates for the City, this past Friday (May 16) I left you a copy of it on which I indicated dates I would depose the City. I await your response confirming dates and representative deponents."

ATTACHMENT 10

850 MAIN STREET   P.O. BOX 7006   BRIDGEPORT, CT 06601-7006   (203) 330-2000   FAX (203) 576-8888
90 STATE HOUSE SQUARE   HARTFORD, CT 06103-3702   (860) 424-4300   FAX (860) 424-4370
ONE CENTURY TOWER   265 CHURCH STREET   NEW HAVEN, CT 06510-7000   (203) 773-3006   FAX (203) 776-7075
720 HOPMEADOW STREET   SIMSBURY, CT 06070-2225   (860) 651-9348   FAX (860) 651-1431
200 PEQUOT AVENUE   P.O. BOX 510   SOUTHPORT, CT 06890-0510   (203) 254-5000   FAX (203) 254-5070
300 ATLANTIC STREET   STAMFORD, CT 06901-3522   (203) 324-5000   FAX (203) 363-8659
*www.pullcom.com*

**PULLMAN & COMLEY, LLC**

Page 2

4.  On May 20, 2003, I faxed, mailed and e-mailed you in response to your May 19, 2003 letter. Under the heading, "First paragraph of your letter," I wrote, "The first deposition will take place this Thursday, May 22, as you requested."

5.  On the evening of May 20, 2003, you responded to my letter of the same date, writing in part, "Commencing the City's deposition on Thursday, may be acceptable, ..." Your letter went on to state you wanted to know what individual would testify on which topic and on which date for the City.

6.  I responded to your May 20, 2003 e-mail in a May 21, 2003 letter providing you the identity of each of the City's designated witnesses and which ones would testify on the five days you had so far identified[1]. I also asked you to notify us promptly if you did not intend to go forward on May 22, 2003.

7.  At the end of Dr. Fette's deposition, Ms. Bogosian conveyed to you at my request my need for a 10:00 a.m. start time today, because of a medical appointment. You expressed surprise that the deposition was scheduled and uncertainty about whether you would go forward.

Suffice to say, I thought we were going forward this morning until I received your latest letter.

I now understand that you decline to conduct your Rule 30(b)(6) deposition of the City until you have had an opportunity to examine and copy all of the City's response to your Interrogatories and Production Requests. WE THEREFORE UNDERSTAND YOU TO HAVE CANCELLED THE DEPOSITIONS CURRENTLY SCHEDULED FOR TUESDAY, MAY 27, 2003 (City via Hosticka), THURSDAY, MAY 29, 2003 (City via Colligan), FRIDAY, MAY 30, 2003 (City via Dunn), FRIDAY, JUNE 20, 2003 (City via Mitola). Unless you tell us differently sufficiently in advance, we will not attend and neither will the witnesses.

I will not address the many factual inaccuracies in the rest of your letter nor point out which are outright misstatements, which are false implications and which are partial truths made

---

[1] As I have earlier communicated to you, the City is not obliged to inform you of the identity of its designees. Nevertheless, we have done so. There is also no obligation to specify as to what elements of your deposition notice's broad description each designee will testify. We must decline your request in this regard because, for example, various of the designees may have information in more than one area and because we may not understand your notice's description in exactly the same way you do. I can understand that you might like the information to prepare, but I note that the City could simply have sent one or more designees to the location named in your notice on April 15 and you would have been obliged to proceed.

PULLMAN & COMLEY, LLC

Page 3

misleading by omission of other facts. I do not have the time and I have become convinced that the goal of reconciling our respective understandings of reality is unattainable.

I have a simple plea. Let us proceed with discovery. We are not trying to impede you. It is a difficult task for the City to search for, locate, collect, review and transport voluminous documents. It is likewise difficult for the City to identify appropriately knowledgeable delegates capable of testifying in response to your Rule 30(b)(6) deposition notice. What you interpret as obstructionist delay is simply the reality of achieving difficult tasks in a resource restricted and overburdened municipality. Accusing our clients, our staff and us of wrongdoing, chicanery, untruthfulness and the like is unnecessary, unwarranted and counterproductive. If we can stop defending our honor, we can get on with the real work.

Sincerely,

Margaret M. Sheahan

MMS/pm

BPRT/59632.3/MMS/479096v1

**Paliani, Elisa M.**

| | |
|---|---|
| **From:** | Mitchell, Robert B. |
| **Sent:** | Thursday, January 15, 2004 4:21 PM |
| **To:** | 'law4us@rcn.com' |
| **Subject:** | Schiller v. City of Bridgeport |

Dear Susan:

Tomorrow the City will present the following witnesses to speak to the topics that they are identified with below:

1.    John Colligan: (1) job qualifications, hiring processes and promotional policies and practices within the BFD/Civil Service; (2) qualifications and evaluation issues relative to the Plaintiffs' hiring into the BFD as defined by the Civil Service rules and regulations ; and (3) City policies, practices and customs respecting some terms and conditions of employment that also arise within the classified services of the City.

2.    Thomas Connor: (1) job duties, evaluations, promotions, discipline, medical leave and training within the BFD; and (2) the training, evaluations, terms and conditions of employment, medical and maternity leaves of the Plaintiffs themselves.

3.    David Dunn: (1) BFD policies and practices respecting discipline and medical leave as set and/or reflected by the BFD CBA and the policies of the City Labor Relations Department as they are administered (the City's Labor Relations Department policies, practices and procedures along with the CBA will be hereinafter collectively referenced as "CBA"); (2) employment, medical leave matters and maternity leave questions as reflected by the CBA; (3) City policies, practices and customs respecting terms and conditions of employment and retaliation issues as reflected by the CBA; and (4) the investigation of the Schiller and Georgia sex harassment complaints during the Donald Day investigation.

4.    Marilyn Flores: (1) City policies, practices and customs respecting terms and conditions of employment, unlawful sex discrimination, sex harassment and retaliation as evidenced by the CBA; and (2) the investigation of the Schiller and Georgia sex harassment complaints during the Donald Day investigation.

5.    Charlene Hosticka: Sex harassment training carried out within the BFD by the City Employee and Organizational Development Office.

6.    Michael Maglione: (1) job duties, evaluations promotions, and discipline as carried out within the BFD; (2) the Plaintiffs' hiring and terms and conditions of employment.

7.    John Mitola: (1) issues respecting the Plaintiffs' breast feeding requests, maternity and medical leaves and (2) charges of sex harassment or retaliation pursued by female employees of the City either through the CHRO administrative process or by means of judicial action.

8.    Wally Thomas: (1) BFD job duties, evaluations, promotions, disciplinary procedures, training and equipment matters; (2) the Plaintiffs' evaluations (as to process only), general terms and conditions of employment; and (3) City policies, practices and customs regarding unlawful sex discrimination and/or harassment as they apply to the BFD.

9.    Ned Winterbottom: (1) BFD job duties, evaluations, promotions, discipline, medical leave and training as exemplified by the CBA; (2) some information respecting the Plaintiffs' terms and conditions of employment and their requests for medical and/or maternity leave; and (3) City policies, practices and customs regarding unlawful sex discrimination and sex harassment.

I believe that this listing covers all of the points set out in your notice of deposition. Frankly, your wording was a bit broad and it took us some time to interpret it. I believe that we have done so successfully. If there are any points we have not covered, such is that which falls within the rubric of "all allegations, claims and defenses in this case." I could not even begin to list the multitude of, claims, defenses or related witnesses that might conceivably fall within that categorization. For example, the Plaintiffs, themselves, have revealed a multitude of potential fact witnesses any one of whom might, ultimately, relate to a claim or defense. Obviously, any of them may or may not be called at the trial to pursue or rebut some as of yet undetermied claim or defense. We are not in a position to limit our ability to present evidence relative to any particular claim or defense at this time - that will be done within the context of the pre-trial order memo. Indeed, some defenses remain to be fully developed, and we could not identify particular witnesses respecting those issues at this time whether we were so inclined or not. Furthermore, some fact witnesses, such as Donald Day, if called, would stand as hostile witnesses for whom the City cannot and will not vouch. I do believe that the people I have listed above willshould fill the intended purposes that I gleaned from your notice.

Also, insofar as you want to question about specific documents, the only persons actually qualified to testify about specific pieces of paper on behalf of the City would be the authors of those items. Not knowing which specific documents of the thousands of pages you have reviewed you intend to use at the deposition, I may not have included in the Rule 30

(b)(6) listing above the author of every ece of paper that you intend to question o.  Each of the above witnesses, of course, will represent the City's position with respect to the meaning of any notes, memos, letters, etc. that he or she wrote or signed or as to any that the City has adopted in the form of a policy, official practice, CBA, etc.  That would be true whether the particular document falls within the scope of the topic outlined for their general testimonial presentation or not.  The City cannot agree to be bound by the testimony of non-authors as to the specific meaning or intent of documents not officially adopted by the City, although with this understanding, I am perfectly willing to let you question the witnesses about any piece of paper that touches upon the area of their testimony. We really can do no more than that.

See you tomorrow.  I will try to be there before 9:30, but, of course, like everyone else this week, I am also a prisoner of weather-related highway conditions.

Bob Mitchell

2

**Paliani, Elisa M.**

| | |
|---|---|
| **From:** | Sheahan, Margaret M. |
| **Sent:** | Friday, January 23, 2004 12:11 PM |
| **To:** | 'Susan' |
| **Cc:** | Mitchell, Robert B.; Paliani, Elisa M. |
| **Subject:** | RE: Schiller & Georgia v. City of Bridgeport |

Thank you, Susan. Could you please tell us the order of the witnesses you intend to follow. That would be most helpful.

-----Original Message-----
From: Susan [mailto:alyvnkiknn@yahoo.com]
Sent: Friday, January 23, 2004 11:47 AM
To: msheahan@pullcom.com
Subject: Re: Schiller & Georgia v. City of Bridgeport


Depo of city to resume Jan 29 and 30 10 am.
--- msheahan@pullcom.com <msheahan@pullcom.com> wrote:
> The City's remaining designees can be made available on January 29 and 30
> for the conclusion of the City's deposition, as you requested. Please
> identify
>
>      1. the times you intend to start and stop each day (if
> indeed you plan to use both days); and
>
>      2. the order in which you wish to take these witnesses'
> testimony.
>
> We realize you cannot be precise in this but we wish to minimize the time
> each designee must spend in traveling to and from, and waiting in, Hartford.
> Your providing the enumerated information items is an essential starting
> point to devising a reasonable schedule for the arrival of each designee at
> the courthouse.
>
> Please respond as soon as possible. Thank you.
>
>
> Margaret M. Sheahan
> Pullman & Comley, LLC
> 850 Main Street
> Bridgeport, CT 06601-7006
> (203) 330-2138
>
> 300 Atlantic St.
> 5th Floor
> Stamford, CT 06901-3522
> (203) 674-7901
>

ATTACHMENT 12

1