UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA,<br><br>                Plaintiff,<br><br>     VS.<br><br>CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>                Defendants. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br><br>                Plaintiff,<br><br>     VS.<br><br>CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>                Defendants. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC)<br><br><br>(CONSOLIDATED)<br><br><br><br><br>MARCH 20, 2003 |

EXHIBIT
B

### DEFENDANT CITY OF BRIDGEPORT'S RESPONSES AND OBJECTIONS TO PLAINTIFF ELIZABETH SCHILLER'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION, INSPECTION AND EXAMINATION

INTERROGATORIES

1.    Identify each person who participated in providing responses to these Interrogatories and appended Requests for Production, Inspection and Examination.

RESPONSE:  Michael Maglione, Fire Chief, Bridgeport Fire Department, 30 Congress Street, Bridgeport, Connecticut

2.    For each insurance policy, including any excess insurance policy, under which an insurer may be liable to satisfy part or all of a judgment by ELIZABETH SCHILLER in this action against you, your employees, officials, agents or representatives, state:

      a.    name and address of insurance carrier;

RESPONSE:  There are no such insurance policies.

      b.    policy coverage limits;

RESPONSE:  There are no such insurance policies.

      c.    whether any insurance carrier has disclaimed its duty to indemnify any insured or any covered person.

RESPONSE:  There are no such insurance policies.

3.    Identify every witness to any of the occurrences alleged in ELIZABETH SCHILLER's First Amended Complaint, and any amended complaints thereafter.

ANSWER:   Fire Department employees:   Nancy Petrucelli, Autumn Calderoni, Ina Anderson, Deputy Chief Currivan, Burton Carter, John Pivovar, Richard Donofrio, Michael Calderoni, George Lopez, Cindy Mattera, Richard Nash, Matthew Deysenroth, Robert Bartha, James Lawlor, Dwayne Dupree, Thomas Connor, Wallace Thomas, Richard Skoog, Frederick Haschak, Manuel Firpi, Charles Young, William Haug, Venus Scudder, Ivan Fossesigurani, William Pyatak, Carlos Reyes, Chris Martin, Michael DiNatale, Stanley Sabitsky, Robert McLeod, Deputy Chief Dotson, Terry O'Connell, David Purcell, Bruce Toth, Kevin Shevlin, Robert Novak, Robert Marrero, Paul Cocca, David Acanfora, Ismael

Hernandez, Brian Rooney, Patrick Shevlin, Joseph Southard, Victor Planas, Tyler Moraes, Bob NcNellis, Henry Fenelli, Kenneth Roots, Paul Neugebauer, Ken Fortes, Mike Donovan, Rod Vinning, Mark Strickland, FF Sanqueleduce, Bruce Elander, Nick Novia

Former Fire Department employees: Francis Zwerlein (203-384-9270), Robert Phillips (203-929-2921), Robert Pogorzelski (203-452-0673), Ron Mackey (203-333-5275), John Ammon (203-371-6827), Larry Bussell (203-735-1448), John DeSarli (203-378-9524), George Dennis (203-479-1882)

Marilyn Flores, Bridgeport Labor Relations, David Dunn, Bridgeport Labor Relations (203-576-7843)

4.    Identify each person whom you expect to call as an expert witness at trial of ELIZABETH SCHILLER's claims and defenses thereto, and for each, state:

a.    the educational and professional background, experience and qualifications of each such expert; and the

RESPONSE: Defendant does not intend to call an expert witness at trial at this time. Defendant reserves the right to supplement this response if and when a decision is made to call an expert witness to testify at trial.

b.    substance of the facts and opinions to which the expert is to testify and summary of the grounds for each opinion of each such expert.

RESPONSE: Defendant does not intend to call an expert witness at trial at this time. Defendant reserves the right to supplement this response if and when a decision is made to call an expert witness to testify at trial.

5.    For each year from January 1, 1990, to the present, state the:

a.    number of persons employed in the Bridgeport Fire Department;

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in regard to the scope of time of the Interrogatory.

b.    number of females employed in the Bridgeport Fire Department;

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in regard to the scope of time of the Interrogatory.

c.    number of females who applied for employment as Bridgeport firefighters;

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in regard to the scope of time of the Interrogatory.

RESPONSE:    Notwithstanding the foregoing objection, information responsive to this Interrogatory is not in the custody or control of the Defendant.

      d.      number of females offered employment as Bridgeport firefighters;

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in regard to the scope of time of the Interrogatory.

RESPONSE:    Notwithstanding the foregoing objection, information responsive to this Interrogatory is not in the custody or control of the Defendant.

      e.      number of females who attained Officer positions with the Bridgeport Fire Department;

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in regard to the scope of time of the Interrogatory.

6.      Describe the selection and hiring process for the position of Firefighter with the Bridgeport Fire Department.

RESPONSE: Information responsive to this Interrogatory is not in the custody or control of the Defendant.

7.      Describe all the City's and the Bridgeport Fire Department's policies, practices or procedures, whether formal or informal, written or verbal, formal, official or customary, regarding sex discrimination, sexual harassment, and retaliation; including procedures for making a complaint about the same, for investigation and discipline in the event of such complaints, and identification of all persons responsible for implementation and oversight of such policies, practices or procedures.

RESPONSE: See attached.

8.      Describe all training you have ever given to employees of the Bridgeport Fire Department regarding sexual harassment, discrimination and retaliation; procedures for making a complaint about sexual harassment, discrimination and retaliation, and for investigation and discipline in the event of such complaints.

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested.

9.      Describe every complaint or report, whether formal or informal, written or oral, received by you, your employees, officials, agents, or representatives, from or on behalf of ELIZABETH SCHILLER, claiming sex discrimination, sexual harassment or retaliatory conduct, and for each such complaint or report, including in your description: the date made, to whom made, substance or subject matter, outcome or resolution, and what if any action has been taken by you, your employees, officials, agents or representatives in response thereto.

RESPONSE: Defendant is unaware of any oral complaints by this Plaintiff. Written complaints will be made available for inspection at the offices of Pullman & Comley, LLC at a mutually convenient time.

10.     With the exception of complaints and reports made or [sic] on behalf of by [sic] ELIZABETH SCHILLER and JOHANNA GEORGIA, if your employee(s), official(s), agent(s) or representative(s) have/has ever been the subject of any complaint or report made internally within the City, alleging sex discrimination or sexual harassment, whether made formal or informal, written or orally, for each such complaint, report, charge or lawsuit:

        a.      identify it, i.e., date made; to whom made; by whom made; forum filed in;

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested. Defendant further objects to this Interrogatory to the extent that any information concerning the existence of any settlement or any amount recovered cannot be disclosed pursuant to agreement.

        b.      describe the substance or subject matter; and

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested. Defendant further objects to this Interrogatory to the extent that any information concerning the existence of any settlement or any amount recovered cannot be disclosed pursuant to agreement.

        c.      describe the outcome or resolution, including what if any action was taken against you.

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested. Defendant further objects to this Interrogatory to the extent that any information concerning the existence of any settlement or any amount recovered cannot be disclosed pursuant to agreement.

11.    With the exception of complaints, reports, charges and lawsuits by Elizabeth Schiller and Johanna Georgia, if your employee(s), official(s), agent(s) or representative(s) have/has ever been the subject of any complaint, report or charge, whether formal or informal, written or oral, made to any governmental agency, or lawsuit(s) alleging sex discrimination or sexual harassment, for each such complaint, report, charge or lawsuit:

    a.    state date made; to whom made; by whom made;

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested. Defendant further objects to this Interrogatory to the extent that any information concerning the existence of any settlement or any amount recovered cannot be disclosed pursuant to agreement.

    b.    describe the substance or subject matter;

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested. Defendant further objects to this Interrogatory to the extent that any information concerning the existence of any settlement or any amount recovered cannot be disclosed pursuant to agreement.

    c.    describe the final disposition, and describe any recommendations, and resultant action(s).

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested. Defendant further objects to this Interrogatory to the extent that any information concerning the existence of any settlement or any amount recovered cannot be disclosed pursuant to agreement.

12.    Identify each of your current or former employees or officials, whether or not you contend they acted within the scope of their official duties or with the City's sanction, prior knowledge, ratification or approval, who participated in creating, maintaining,

contracting for, registering, purchasing, funding, or posting to the "Signal 29" website.

RESPONSE: Defendant has no knowledge relative to this interrogatory.

13.    Identify each current or former City employees or officials, whether or not you contend they acted within the scope of their official duties or with the City's sanction, prior knowledge, ratification or approval, who has ever participated in contracting for, purchasing, funding, or otherwise procuring or establishing access on televisions in any of your firehouses to the "Playboy" and "Spice I" and "Spice II" cable television stations.

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested.

14.    Identify each of your employees or officials, whether or not you contend they acted within the scope of their official duties or with the City's sanction, prior knowledge, ratification or approval, who participated in contracting for, purchasing, funding, procuring models, supplying "props," supplying access to equipment, vehicles, and premises of your Fire Department, or photographs, for a "pin-up" calendar or photographs that use or feature or display your Fire Department personnel, equipment, vehicles or premises.

OBJECTION:  Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, incomprehensible, and unduly burdensome in that there is no limit to the period of time for the information requested.

15.    List all conditions in the quarters, sleeping and bathroom areas of each City firehouse that violate any state or local building or health code or ordinance, and any OSHA regulation, with citation to the particular section of code, ordinance or regulation violated.

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Interrogatory on the grounds that Plaintiff has exceeded the limit set forth in Fed. R. Civ. P. 33(a) which permits "written interrogatories, not exceeding 25 in number including all discrete subparts . . ."

16.    Describe all complaints or criticisms that you, your employees, officials, agents or representatives have ever had regarding the job performance of ELIZABETH SCHILLER.

OBJECTION:  Defendant objects to this Interrogatory on the grounds that Plaintiff has exceeded the limit set forth in Fed. R. Civ. P. 33(a) which permits "written interrogatories, not exceeding 25 in number including all discrete subparts . . ."

17.     Describe all facts you intend to rely upon in your defense of the claims against you by this plaintiff in this lawsuit.

OBJECTION:  Defendant objects to this Interrogatory on the grounds that it seeks attorney work product and trial information not currently subject to disclosure.  Defendant further objects to this Interrogatory on the grounds that Plaintiff has exceeded the limit set forth in Fed. R. Civ. P. 33(a) which permits "written interrogatories, not exceeding 25 in number including all discrete subparts . . ."

18.     Describe in detail all legal grounds you intend to rely upon in your defense of the claims against you by this plaintiff in this lawsuit, including citation to applicable statutes, regulations or caselaw.

OBJECTION:  Defendant objects to this Interrogatory on the grounds that it seeks attorney work product and trial information not currently subject to disclosure.  Defendant further objects to this Interrogatory on the grounds that Plaintiff has exceeded the limit set forth in Fed. R. Civ. P. 33(a) which permits "written interrogatories, not exceeding 25 in number including all discrete subparts . . ."

REQUESTS FOR PRODUCTION, INSPECTION AND EXAMINATION

1.    All personnel records and other all [sic] documents referring or relating thereto, for ELIZABETH SCHILLER, including supervisor's "side files" and notes about her hire, training, and performance.

RESPONSE:  Responsive documents will be made available for inspection at the offices of Pullman & Comley, LLC at a mutually convenient time.

2.    Copies of each insurance policy, including any excess insurance policy, under which an insurer may be liable to satisfy part or all of a judgment by this plaintiff in this action against you, your employees, officials, agents or representatives, state insurance policies, together with all declaration sheets, endorsements, amendments, riders and disclaimers and letters of reservation.

RESPONSE:  Defendant has no documents responsive to this request.

3.    Copies of all non-privileged statements regarding the events that are the subject of this plaintiff's claims and your defenses in this lawsuit, or the actions of any party or witness hereto, made by any witness, party or non-party declarant.

RESPONSE:  Responsive documents will be made available for inspection at the offices of Pullman & Comley, LLC at a mutually convenient time.

4.    All photographs, drawings, diagrams, charts, maps, models and other tangible evidence concerning this plaintiff's claims and your defenses in this lawsuit, prepared by parties, witnesses or experts expected to be called at trial.

OBJECTION:  Defendant objects to this Production Request on the grounds that it seeks attorney work product and trial information not currently subject to disclosure.

5.    Copies of all documents, statements and tangible evidence referring or relating to the data disclosed in response to Interrogatory No. 5 above.

OBJECTION:  Defendant objects to this Production Request on the grounds that it is overbroad and unduly burdensome in regard to the scope of time of the Request.

6.    Copies of all documents, statements and tangible evidence referring or relating to your hiring and selection process for the position of firefighter from 1990 to the present, including job postings, all applications received from females, written test scores, physical test scores, documents and electronic recordings or oral interviews, selection criteria, and documents pertaining to actual selection of candidates.

OBJECTION:  Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

7.    Copies of all policies, practices or procedures disclosed in response to Interrogatory No. 7 above.

RESPONSE:  See attached.

8.    Copies of all documents and tangible evidence referring or relating to training disclosed in response to Interrogatory No. 8 above.

OBJECTION:  Defendant objects to this Production Request on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested.

9.    Copies of all documents, statements and tangible evidence referring or relating to complaints and reports disclosed in response to Interrogatory No. 9 above.

RESPONSE:  Responsive documents will be made available for inspection at the offices of Pullman & Comley, LLC at a mutually convenient time.

10.    Copies of all documents, statements and tangible evidence referring or relating to complaints and reports disclosed in response to Interrogatory No. 10 above.

OBJECTION:  Defendant objects to this Production Request on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested.  Defendant further objects to this Production Request to the extent that any information concerning the existence of any settlement or any amount recovered cannot be disclosed pursuant to agreement.

11.    Copies of all documents, statements and tangible evidence referring or relating to complaints, reports and lawsuits disclosed in response to Interrogatory No. 11 above.

OBJECTION:  Defendant objects to this Production Request on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested.  Defendant further objects to this Production Request to the extent that any information concerning the existence of any settlement or any amount recovered cannot be disclosed pursuant to agreement.

12.    Copies of all documents, statements and tangible evidence referring or relating to your response to Interrogatory No. 12 above.

RESPONSE: Defendant has no documents responsive to this request.

13.   Copies of all documents, statements and tangible evidence referring or relating to your response to Interrogatory No., 13 above.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested.

14.   Copies of all documents, statements and tangible evidence referring or relating to your response to Interrogatory No. 14 above.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested. Defendant further objects to this Production Request on the grounds that the Interrogatory it references is incomprehensible.

15.   Copies of any documents referring or relating to any violation disclosed in response to Interrogatory No. 15 above.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

16.   Copies of building plans for all existing and planned City firehouses showing all quarters, sleeping and bathroom areas.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

17.   Copies of building plans for all existing and planned City firehouses showing all quarters, sleeping and bathroom areas.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

18.   Inspection and examination, with access to obtain photographs, of all female and male quarters, sleeping and bathroom areas in all City firehouses.

OBJECTION: Defendant objects to this Production Request on the grounds that it fails to state a reasonable date and time for the inspection to occur pursuant to Fed. R. Civ. P. 34.

RESPONSE: Notwithstanding the foregoing objection, Defendant will permit the inspection to take place at a mutually agreeable date and time.

19.     Copies of all any [sic] consent decrees, agreements, releases, court orders, and judgments to which you, your employees, officials, agents or representatives are a party, arising out of claim of unlawful discrimination, harassment or retaliation against any member of a protected class, including women and minorities.

OBJECTION:  Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Production Request on the grounds that it seeks confidential information not subject to disclosure.

20.     Copies of all any [sic] affirmative action plans or quotes or requirements or policies applying to or affecting your Fire Department, from January 1, 1990 to the present.

OBJECTION:  Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome in regard to the scope of time of the Request, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

21.     Copies of all non-privileged documents; records, logs, diaries correspondence, statements; recordings, videotapes, and tangible evidence in your care, custody, control or possession, referring or relating to the allegations, claims and defenses in this lawsuit, not otherwise produced in response to these requests.

OBJECTION: Defendant objects to this Production Request on the grounds that it is vague, overbroad, and unduly burdensome.

CITY OF BRIDGEPORT

By:  _Margaret M. Sheahan_
       Margaret M. Sheahan, ct05862
       Robert B. Mitchell, ct02662
For:  Pullman & Comley, LLC
       850 Main Street, P.O. Box 7006
       Bridgeport, CT  06601-7006
       (203) 330-2000
       Facsimile (203) 576-8888

       ATTORNEYS FOR:
       CITY OF BRIDGEPORT,
       EARL PETTWAY and
       MICHAEL MAGLIONE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH SCHILLER                    :         NO: 3:01cv00452(AVC)
    Plaintiff                             (ALL CASES)
                                      :

v.

                                      :

CITY OF BRIDGEPORT; DONALD DAY, IN HIS
OFFICIAL CAPACITY AS FIRE CAPTAIN AND IN    :
HIS PERSONAL CAPACITY; EARL PETTWAY,
IN HIS OFFICIAL CAPACITY AS DEPUTY FIRE
CHIEF AND IN HIS PERSONAL CAPACITY;   :
MICHAEL MAGLIONE, IN HIS OFFICIAL
CAPACITY AS FIRE CHIEF AND IN HIS     :
PERSONAL CAPACITY
    Defendants                        :         FEBRUARY*18*, 2003

PLAINTIFF ELIZABETH SCHILLER'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION, INSPECTION AND EXAMINATION TO CITY OF BRIDGEPORT

    The following definitions shall govern all answers and compliance with production, inspection and examination requests:

    a.    "You" means the party to whom these Interrogatories are directed and all other persons acting on that party's behalf.

    b.    "Representative" means any person purporting to act on your behalf including your agent or attorney.

    c.    "Identify" as used in reference to a natural person means to state h/her full name; any other name(s) by which h/she has been known; residence address and telephone number; present whereabouts if other than residence; present employer, title or position held; and business address and telephone number. If used in reference to a corporation, it means to state full legal name; state of incorporation; address of principal place of business; whether a wholly or partly-owned subsidiary, division or affiliate of any other corporation; whether a stock and public traded corporation; whether profit or not-for-profit corporate status under the U.S. Internal Revenue Code.

    d.    "Itemize" means to list in chronological sequence, or in the case of financial assets, list by account number, name and address of broker, bank, or person having possession, custody or care of the asset, and location the asset is maintained at.

    e.    "Describe" means to specify in detail and to particularize the content of the answer and not to state the reply in summary or outline manner.

    f.    "Statement" means a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital or an oral statement by the person making it and contemporaneously recorded.

    g.    "Document" means any written, printed, graphic or recorded matter of any kind, in your possession, custody or control or known by you to exist, including originals, all prior drafts and nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise, graphic or oral records or representations of any kind, and electronic or mechanical records or representations of any kind, including, but not limited to, computer disks and other data compilations from which information can be obtained, translated into reasonably usable form.

    h.    "Tangible materials" means any tangible things, including physical evidence and models which constitute or contain matters within the scope of Fed. R. Civ. Pro. 26 in your possession, custody or control or known by you to exist.

    i.    "Sexual harassment" s defined consistently with applicable state and federal laws, and includes, but is not limited to: sexual conduct (physical or verbal) by any of your employees, officials or agents, toward any of your employees; sexually explicit or suggestive postings, pictures, television channels, "pin-ups"; hostility toward

your female employees on the basis of their sex.

       j.      The words "and" and "or" shall be construed either conjunctively or disjunctively; the present tense of a verb includes past tense and vice versa, use of the singular includes plural and vice versa; and use of the masculine gender includes the feminine gender and vice versa, as is necessary to provide the most expansive response and to bring within the scope of these requests documents and information which might otherwise be construed to be outside its scope.

## A.     INTERROGATORIES

      The Plaintiff ELIZABETH SCHILLER requests that the Defendant CITY OF BRIDGEPORT answer the following Interrogatories in accordance with F.R.C.P. 33 and file amended answers to the time of trial as supplemental or additional information is discovered:

      1.      Identify each person who participated in providing responses to these Interrogatories and appended Requests for Production, Inspection and Examination.

ANSWER:

      2.      For each insurance policy, including any excess insurance policy, under which an insurer may be liable to satisfy part or all of a judgment by ELIZABETH SCHILLER in this action against you, your employees, officials, agents or representatives, state:

      a.      name and address of insurance carrier;
      b.      policy coverage limits;
      c.      whether any insurance carrier has disclaimed its duty to indemnify any insured or any covered person.

ANSWER:

      3.      Identify every witness to any of the occurrences alleged in ELIZABETH SCHILLER's First Amended Complaint, and any amended complaints thereafter.

ANSWER:

      4.      Identify each person whom you expect to call as an expert witness at trial of ELIZABETH SCHILLER's claims and defenses thereto, and for each, state:

      a.      the educational and professional background, experience and qualifications of each such expert; and the

    b.       substance of the facts and opinions to which the expert is to testify and summary of the grounds for each opinion of each such expert.

ANSWER:

    5.       For each year from January 1, 1990, to the present, state the:
    a.       number of persons employed in the Bridgeport Fire Department;
    b.       number of females employed in the Bridgeport Fire Department;
    c.       number of females who applied for employment as Bridgeport firefighters;
    d.       number of females offered employment as Bridgeport firefighters;
    e.       number of females who attained Officer positions with the Bridgeport Fire Department.

ANSWER:

    6.       Describe the selection and hiring process for the position of Firefighter with the Bridgeport Fire Department.

ANSWER:

    7.       Describe all the City's and the Bridgeport Fire Department's policies, practices or procedures, whether formal or informal, written or verbal, formal, official or customary, regarding sex discrimination, sexual harassment, and retaliation; including procedures for making a complaint about the same, for investigation and discipline in the event of such complaints, and identification of all persons responsible for implementation and oversight of such policies, practices or procedures.

ANSWER:

    8.       Describe all training you have ever given to employees of the Bridgeport Fire Department regarding sexual harassment, discrimination and retaliation; procedures for making a complaint about sexual harassment, discrimination and retaliation, and for investigation and discipline in the event of such complaints.

ANSWER:

9.      Describe every complaint or report, whether formal or informal, written or oral, received by you, your employees, officials, agents, or representatives, from or on behalf of ELIZABETH SCHILLER, claiming sex discrimination, sexual harassment or retaliatory conduct, and for each such complaint or report, including in your description: the date made, to whom made, substance or subject matter, outcome or resolution, and what if any action has been taken by you, your employees, officials, agents or representatives in response thereto.

ANSWER:

10.      With the exception of complaints and reports made or on behalf of by ELIZABETH SCHILLER and JOHANNA GEORGIA, if your employee(s), official(s), agent(s) or representative(s) have/has ever been the subject of any complaint or report made internally within the City, alleging sex discrimination or sexual harassment, whether made formal or informal, written or orally, for each such complaint, report, charge or lawsuit:

     a..      identify it, i.e., date made; to whom made; by whom made; forum filed in;
     b.      describe the substance or subject matter; and
     c.      describe the outcome or resolution, including what if any action was taken against you.

ANSWER:

11.      With the exception of complaints, reports, charges and lawsuits by Elizabeth Schiller and Johanna Georgia, if your employee(s), official(s), agent(s) or representative(s) have/has ever been the subject of any complaint, report or charge, whether formal or informal, written or oral, made to any governmental agency, or lawsuit(s) alleging sex discrimination or sexual harassment, for each such complaint, report, charge or lawsuit:
     a.      state date made; to whom made; by whom made;
     b.      describe the substance or subject matter;
     c.      describe the final disposition, and describe any recommendations, and resultant action(s).

ANSWER:

12.      Identify each of your current or former employees or officials, whether or not you contend they acted within the scope of their official duties or with the City's sanction, prior knowledge, ratification or approval, who participated in creating, maintaining, contracting for, registering, purchasing, funding, or posting to the "Signal 29" website.

ANSWER:

13.     Identify each current or former City employees or officials, whether or not you contend they acted within the scope of their official duties or with the City's sanction, prior knowledge, ratification or approval, who has ever participated in contracting for, purchasing, funding, or otherwise procuring or establishing access on televisions in any of your firehouses to the "Playboy" and "Spice I" and Spice II" cable television stations.

ANSWER:

14.     Identify each of your employees or officials, whether or not you contend they acted within the scope of their official duties or with the City's sanction, prior knowledge, ratification or approval, who participated in contracting for, purchasing, funding, procuring models, supplying "props," supplying access to equipment, vehicles, and premises of your Fire Department, or photographs, for a "pin-up" calendar entitled "Hardcore Pure American Centerfolds, 2001-02 Millenium Iron Beauties," and any similar any "pin-up" calendars or photographs that use or feature or display your Fire Department personnel, equipment, vehicles or premises.

ANSWER:

15.     List all conditions in the quarters, sleeping and bathroom areas of each City firehouse that violate any state or local building or health code or ordinance, and any OSHA regulation, with citation to the particular section of code, ordinance or regulation violated.

ANSWER:

16.     Describe all complaints or criticisms that you, your employees, officials, agents or representatives have ever had regarding the job performance of ELIZABETH SCHILLER.

ANSWER:

17.     Describe all facts you intend to rely upon in your defense of the claims against you by this plaintiff in this lawsuit.

ANSWER:

18.     Describe in detail all legal grounds you intend to rely upon in your defense of the claims against you by this plaintiff in this lawsuit, including citation to applicable statutes, regulations or caselaw.

ANSWER:

**B.      REQUESTS FOR PRODUCTION, INSPECTION AND EXAMINATION**

Pursuant to F.R.C.P. 34, Plaintiff ELIZABETH SCHILLER requests that the Defendant CITY OF

BRIDGEPORT produce or make available for inspection and examination by Plaintiff or Plaintiff's representative,

the following items:

1.      All personnel records and other all documents referring or relating thereto, for ELIZABETH

SCHILLER, including supervisor's "side files" and notes about her hire, training, and performance.

2.      Copies of each insurance policy, including any excess insurance policy, under which an insurer

may be liable to satisfy part or all of a judgment by this plaintiff in this action against you, your employees, officials,

agents or representatives, state insurance policies, together with all declaration sheets, endorsements, amendments,

riders and disclaimers and letters of reservation.

3.      Copies of all non-privileged statements regarding the events that are the subject of this plaintiff's

claims and your defenses in this lawsuit, or the actions of any party or witness hereto, made by any witness, party or

non-party declarant.

4.      All photographs, drawings, diagrams, charts, maps, models and other tangible evidence concerning

this plaintiff's claims and your defenses in this lawsuit, prepared by parties, witnesses or experts expected to be

called at trial.

5.      Copies of all documents, statements and tangible evidence referring or relating to the data

disclosed in response to Interrogatory No. 5 above.

6.      Copies of all documents, statements and tangible evidence referring or relating to your hiring and

selection process for the position of firefighter from 1990 to the present, including job postings, all applications

received from females, written test scores, physical test scores, documents and electronic recordings of oral

interviews, selection criteria, and documents pertaining to actual selection of candidates.

7.      Copies of all policies, practices or procedures disclosed in response to Interrogatory No. 7 above.

8.      Copies of all documents and tangible evidence referring or relating to training disclosed in

response to Interrogatory No. 8 above.

9.      Copies of all documents, statements and tangible evidence referring or relating to complaints and

reports disclosed in response to Interrogatory No. 9 above.

10.     Copies of all documents, statements and tangible evidence referring or relating to complaints and

reports disclosed in response to Interrogatory No. 10 above.

11.     Copies of all documents, statements and tangible evidence referring or relating to complaints,

reports and lawsuits disclosed in response to Interrogatory No. 11 above.

12.     Copies of all documents, statements and tangible evidence referring or relating to your response to

Interrogatory No. 12 above.

13.    Copies of all documents, statements and tangible evidence referring or relating to your response to Interrogatory No. 13 above.

14.    Copies of all documents, statements and tangible evidence referring or relating to your response to Interrogatory No. 14 above.

15.    Copies of any documents referring or relating to any violations disclosed in response to Interrogatory No. 15 above.

16.    Copies of building plans for all existing and planned City firehouses showing all quarters, sleeping and bathroom areas.

17.    Copies of building plans for all existing and planned City firehouses showing all quarters, sleeping and bathroom areas.

18.    Inspection and examination, with access to obtain photographs, of all female and male quarters, sleeping and bathroom areas in all City firehouses.

19.    Copies of all any consent decrees, agreements, releases, court orders, and judgments to which you, your employees, officials, agents or representatives are a party, arising out of claim of unlawful discrimination, harassment or retaliation against any member of a protected class, including women and minorities.

20.    Copies of all any affirmative action plans or quotes or requirements or policies applying to or affecting your Fire Department, from January 1, 1990 to the present.

21.    Copies of all non-privileged documents; records; logs, diaries correspondence; statements; recordings, videotapes, and tangible evidence in your care, custody, control or possession, referring or relating to the allegations, claims and defenses in this lawsuit, not otherwise produced in response to these requests.


                              FOR THE PLAINTIFF,


Dated __2/18/03__              _____
                              Susan V. Wallace
                              ~ Attorney at Law ~
                              11 Blue Orchard Drive
                              Middletown, Connecticut 06457
                              Tel: (860) 704-0472  Fax: -0490
                              Fed Bar No. CT08134