UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA,<br><br>            Plaintiff,<br><br>   VS.<br><br>CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>            Defendants. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br><br>            Plaintiff,<br><br>   VS.<br><br>CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>            Defendants. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC)<br><br><br>(CONSOLIDATED)<br><br><br><br>MARCH 20, 2003 |

EXHIBIT
C
PENGAD-Bayonne, N. J.

## DEFENDANT CITY OF BRIDGEPORT'S RESPONSES AND OBJECTIONS TO PLAINTIFF JOHANNA GEORGIA'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION, INSPECTION AND EXAMINATION

INTERROGATORIES

1.    Identify each person who participated in providing responses to these Interrogatories and appended Requests for Production, Inspection and Examination.

RESPONSE:    Michael Maglione, Fire Chief, Bridgeport Fire Department, 30 Congress Street, Bridgeport, Connecticut

2.    For each insurance policy, including any excess insurance policy, under which an insurer may be liable to satisfy part or all of a judgment by JOHANNA GEORGIA in this action against you, your employees, officials, agents or representatives, state:

   a.    name and address of insurance carrier;

RESPONSE:    There are no such insurance policies.

   b.    policy coverage limits;

RESPONSE:    There are no such insurance policies.

   c.    whether any insurance carrier has disclaimed its duty to indemnify any insured or any covered person.

RESPONSE:    There are no such insurance policies.

3.    Identify every witness to any of the occurrences alleged in JOHANNA GEORGIA's First Amended Complaint, and any amended complaints thereafter.

ANSWER:    Fire Department employees:    Nancy Petrucelli, Autumn Calderoni, Ina Anderson, Deputy Chief Currivan, Burton Carter, John Pivovar, Richard Donofrio, Michael Calderoni, George Lopez, Cindy Mattera, Richard Nash, Matthew Deysenroth, Robert Bartha, James Lawlor, Dwayne Dupree, Thomas Connor, Wallace Thomas, Richard Skoog, Frederick Haschak, Manuel Firpi, Charles Young, William Haug, Venus Scudder, Ivan Fossesigurani, William Pyatak, Carlos Reyes, Chris Martin, Michael DiNatale, Stanley Sabitsky, Robert McLeod, Deputy Chief Dotson, Terry O'Connell, David Purcell, Bruce Toth, Kevin Shevlin, Robert Novak, Robert Marrero, Paul Cocca, David Acanfora, Ismael

Hernandez, Brian Rooney, Patrick Shevlin, Joseph Southard, Victor Planas, Tyler Moraes, Bob NcNellis, Henry Fenelli, Kenneth Roots, Paul Neugebauer, Ken Fortes, Mike Donovan, Rod Vinning, Mark Strickland, FF Sanqueleduce, Bruce Elander, Nick Novia

Former Fire Department employees: Francis Zwerlein (203-384-9270), Robert Phillips (203-929-2921), Robert Pogorzelski (203-452-0673), Ron Mackey (203-333-5275), John Ammon (203-371-6827), Larry Bussell (203-735-1448), John DeSarli (203-378-9524), George Dennis (203-479-1882)

Marilyn Flores, Bridgeport Labor Relations, David Dunn, Bridgeport Labor Relations (203-576-7843)

4.    Identify each person whom you expect to call as an expert witness at trial of this plaintiff's claims and defenses thereto, and for each, state:

      a.    the educational and professional background, experience and qualifications of each such expert; and the

RESPONSE:  Defendant does not intend to call an expert witness at trial at this time. Defendant reserves the right to supplement this response if and when a decision is made to call an expert witness to testify at trial.

      b.    substance of the facts and opinions to which the expert is to testify and summary of the grounds for each opinion of each such expert.

RESPONSE:  Defendant does not intend to call an expert witness at trial at this time. Defendant reserves the right to supplement this response if and when a decision is made to call an expert witness to testify at trial.

5.    Describe every complaint or report, whether formal or informal, written or oral, received by you, your employees, officials, agents, or representatives, from or on behalf of JOHANNA GEORGIA, claiming sex discrimination, sexual harassment or retaliatory conduct, and for each such complaint or report, including in your description: the date made, to whom made, substance or subject matter, outcome or resolution, and what if any action has been taken by you, your employees, officials, agents or representatives in response thereto.

RESPONSE:  Defendant is unaware of any oral complaints by this Plaintiff. Written complaints will be made available for inspection at the offices of Pullman & Comley, LLC at a mutually convenient time.

6.      Describe all complaints or criticisms that you, your employees, officials, agents or representatives have ever had regarding the job performance of JOHANNA GEORGIA.

RESPONSE: Defendant is unaware of any complaints or criticisms regarding this Plaintiff.

7.      Describe all facts you intend to rely upon in your defense of the claims against you by JOHANNA GEORGIA in this lawsuit.

OBJECTION: Defendant objects to this Interrogatory on the grounds that it seeks attorney work product and trial information not currently subject to disclosure.

8.      Describe in detail all legal grounds you intend to rely upon in your defense of the claims against you by JOHANNA GEORGIA in this lawsuit, including citation to applicable statutes, regulations or caselaw.

OBJECTION: Defendant objects to this Interrogatory on the grounds that it seeks attorney work product and trial information not currently subject to disclosure.

I hereby certify that the above responses to Interrogatories are accurate to the best of my knowledge.

Michael Maglione
Fire Chief, City of Bridgeport

Subscribed and sworn to before me
this 21ˢᵗ day of March, 2003

Notary Public
My Commission Expires July 31, 2005

REQUESTS FOR PRODUCTION, INSPECTION AND EXAMINATION

1.    All personnel records and other all [sic] documents referring or relating thereto, for JOHANNA GEORGIA, including supervisor's "side files" and notes about her hire, training, and performance.

RESPONSE:  Responsive documents will be made available for inspection at the offices of Pullman & Comley, LLC at a mutually convenient time.

2.    Copies of each insurance policy, including any excess insurance policy, under which an insurer may be liable to satisfy part or all of a judgment by this plaintiff in this action against you, your employees, officials, agents or representatives, state insurance policies, together with all declaration sheets, endorsements, amendments, riders and disclaimers and letters of reservation.

RESPONSE:  Defendant has no documents responsive to this request.

3.    Copies of all non-privileged statements regarding the events that are the subject of this plaintiff's claims and your defenses in this lawsuit, or the actions of any party or witness hereto, made by any witness, party or non-party declarant.

RESPONSE:  Responsive documents will be made available for inspection at the offices of Pullman & Comley, LLC at a mutually convenient time.

4.    All photographs, drawings, diagrams, charts, maps, models and other tangible evidence concerning this plaintiff's claims and your defenses in this lawsuit, prepared by parties, witnesses or experts expected to be called at trial.

OBJECTION:  Defendant objects to this Production Request on the grounds that it seeks attorney work product and trial information not currently subject to disclosure.

5.    Copies of all documents, statements and tangible evidence referring or relating to complaints and reports disclosed in response to Interrogatory No. 5 above.

RESPONSE:  Responsive documents will be made available for inspection at the offices of Pullman & Comley, LLC at a mutually convenient time.

6.    Copies of all documents, statements and tangible evidence referring or relating to your response to Interrogatory No. 6 above.

RESPONSE:  Defendant has no documents responsive to this request.

7.      Copies of documents and records of the 1997-98 City of Bridgeport civil service hiring list for the position of Firefighter, including documentation of the qualifications and gender of all persons in the candidate pool; documentation of the qualifications and gender of all persons offered hire; documentation of the selection and elimination decisions; and documentation of the hiring process utilized.

OBJECTION:  Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

8.      Copies of all non-privileged documents; records, logs, diaries correspondence, statements; recordings, videotapes, and tangible evidence in your care, custody, control or possession, referring or relating to the allegations, claims and defenses in this lawsuit, not otherwise produced in response to these requests.

OBJECTION:  Defendant objects to this Production Request on the grounds that it is vague, overbroad, and unduly burdensome.


CITY OF BRIDGEPORT

By: _____
       Margaret M. Sheahan, ct05862
       Robert B. Mitchell, ct02662
For: Pullman & Comley, LLC
       850 Main Street, P.O. Box 7006
       Bridgeport, CT  06601-7006
       (203) 330-2000
       Facsimile (203) 576-8888

       ATTORNEYS FOR:
       CITY OF BRIDGEPORT,
       EARL PETTWAY and
       MICHAEL MAGLIONE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH SCHILLER | : | NO: 3:01cv00452(AVC) |
|     Plaintiff | | (ALL CASES) |
| | : | |
| v. | | |
| | : | |
| CITY OF BRIDGEPORT; DONALD DAY, IN HIS | | |
| OFFICIAL CAPACITY AS FIRE CAPTAIN AND IN | : | |
| HIS PERSONAL CAPACITY; EARL PETTWAY, | | |
| IN HIS OFFICIAL CAPACITY AS DEPUTY FIRE | | |
| CHIEF AND IN HIS PERSONAL CAPACITY; | : | |
| MICHAEL MAGLIONE, IN HIS OFFICIAL | | |
| CAPACITY AS FIRE CHIEF AND IN HIS | : | |
| PERSONAL CAPACITY | | FEBRUARY 18, 2003 |
|     Defendants | : | |

## PLAINTIFF JOHANNA GEORGIA'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION, INSPECTION AND EXAMINATION TO CITY OF BRIDGEPORT

The following definitions shall govern all answers and compliance with production, inspection and examination requests:

a.    "You" means the party to whom these Interrogatories are directed and all other persons acting on that party's behalf.

b.    "Representative" means any person purporting to act on your behalf including your agent or attorney.

c.    "Identify" as used in reference to a natural person means to state h/her full name; any other name(s) by which h/she has been known; residence address and telephone number; present whereabouts if other than residence; present employer, title or position held; and business address and telephone number. If used in reference to a corporation, it means to state full legal name; state of incorporation; address of principal place of business; whether a wholly or partly-owned subsidiary, division or affiliate of any other corporation; whether a stock and public traded corporation; whether profit or not-for-profit corporate status under the U.S. Internal Revenue Code.

d.    "Itemize" means to list in chronological sequence, or in the case of financial assets, list by account number, name and address of broker, bank, or person having possession, custody or care of the asset, and location the asset is maintained at.

e.    "Describe" means to specify in detail and to particularize the content of the answer and not to state the reply in summary or outline manner.

f.    "Statement" means a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital or an oral statement by the person making it and contemporaneously recorded.

g.    "Document" means any written, printed, graphic or recorded matter of any kind, in your possession, custody or control or known by you to exist, including originals, all prior drafts and nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise, graphic or oral records or representations of any kind, and electronic or mechanical records or representations of any kind, including, but not limited to, computer disks and other data compilations from which information can be obtained, translated into reasonably usable form.

h.    "Tangible materials" means any tangible things, including physical evidence and models which constitute or contain matters within the scope of Fed. R. Civ. Pro. 26 in your possession, custody or control or known by you to exist.

i.    "Sexual harassment" s defined consistently with applicable state and federal laws, and includes, but is not limited to: sexual conduct (physical or verbal) by any of your employees, officials or agents, toward any of your employees; sexually explicit or suggestive postings, pictures, television channels, "pin-ups"; hostility toward your female employees on the basis of their sex.

     j.     The words "and" and "or" shall be construed either conjunctively or disjunctively; the present tense of a verb includes past tense and vice versa, use of the singular includes plural and vice versa; and use of the masculine gender includes the feminine gender and vice versa, as is necessary to provide the most expansive response and to bring within the scope of these requests documents and information which might otherwise be construed to be outside its scope.

## A.    INTERROGATORIES

     The Plaintiff JOHANNA GEORGIA requests that the Defendant CITY OF BRIDGEPORT answer the

following Interrogatories in accordance with F.R.C.P. 33 and file amended answers to the time of trial as

supplemental or additional information is discovered:

     1.     Identify each person who participated in providing responses to these Interrogatories and appended Requests for Production, Inspection and Examination.

ANSWER:

     2.     For each insurance policy, including any excess insurance policy, under which an insurer may be liable to satisfy part or all of a judgment by JOHANNA GEORGIA in this action against you, your employees, officials, agents or representatives, state:

     a.     name and address of insurance carrier;
     b.     policy coverage limits;
     c.     whether any insurance carrier has disclaimed its duty to indemnify any insured or any covered person.

ANSWER:

     3.     Identify every witness to any of the occurrences alleged in JOHANNA GEORGIA's First Amended Complaint, and any amended complaints thereafter.

ANSWER:

     4.     Identify each person whom you expect to call as an expert witness at trial of this plaintiff's claims and defenses thereto, and for each, state:

     a.     the educational and professional background, experience and qualifications of each such expert; and the
     b.     substance of the facts and opinions to which the expert is to testify and summary of the grounds for each opinion of each such expert.

ANSWER:

5.       Describe every complaint or report, whether formal or informal, written or oral, received by you, your employees, officials, agents, or representatives, from or on behalf of JOHANNA GEORGIA, claiming sex discrimination, sexual harassment or retaliatory conduct, and for each such complaint or report, including in your description: the date made, to whom made, substance or subject matter, outcome or resolution, and what if any action has been taken by you, your employees, officials, agents or representatives in response thereto.

ANSWER:

6.       Describe all complaints or criticisms that you, your employees, officials, agents, or representatives have ever had regarding the job performance of JOHANNA GEORGIA.

ANSWER:

7.       Describe all facts you intend to rely upon in your defense of the claims against you by JOAHNNA GEORGIA in this lawsuit.

ANSWER:

8.       Describe in detail all legal grounds you intend to rely upon in your defense of the claims against you by JOHANNA GEORGIA in this lawsuit, including citation to applicable statutes, regulations or caselaw.

ANSWER:

**B.     REQUESTS FOR PRODUCTION, INSPECTION AND EXAMINATION**

Pursuant to F.R.C.P. 34, Plaintiff JOHANNA GEORGIA requests that CITY OF BRIDGEPORT produce or make available for inspection and examination by Plaintiff or Plaintiff's representative, the following items:

1.     All personnel records and other all documents referring or relating thereto, for JOHANNA GEORGIA, including supervisor's "side files" and notes about her hire, training, and performance.

2.     Copies of each insurance policy, including any excess insurance policy, under which an insurer may be liable to satisfy part or all of a judgment by this plaintiff in this action against you, your employees, officials, agents or representatives, state insurance policies, together with all declaration sheets, endorsements, amendments, riders and disclaimers and letters of reservation.

3.     Copies of all non-privileged statements regarding the events that are the subject of this plaintiff's claims and your defenses in this lawsuit, or the actions of any party or witness hereto, made by any witness, party or non-party declarant.

4.     All photographs, drawings, diagrams, charts, maps, models and other tangible evidence concerning this plaintiff's claims and your defenses in this lawsuit, prepared by parties, witnesses or experts expected to be called at trial.

5.     Copies of all documents, statements and tangible evidence referring or relating to complaints and reports disclosed in response to Interrogatory No. 5 above.

6.     Copies of all documents, statements and tangible evidence referring or relating to your response to Interrogatory No. 6 above.

7.     Copies of all documents and records of the 1997-98 City of Bridgeport civil service hiring list for the position of Firefighter, including documentation of the qualifications and gender of all persons in the candidate pool; documentation of the qualifications and gender of all persons offered hire; documentation of the selection and elimination decisions; and documentation of the hiring process utilized.

8.     Copies of all non-privileged documents; records; logs, diaries correspondence; statements; recordings, videotapes, and tangible evidence in your care, custody, control or possession, referring or relating to the allegations, claims and defenses in this lawsuit, not otherwise produced in response to these requests.

FOR THE PLAINTIFF,

Dated  2/18/03

Susan V. Wallace
~ *Attorney at Law* ~
11 Blue Orchard Drive
Middletown, Connecticut 06457
Tel: (860) 704-0472  Fax: -0490
Fed Bar No. CT08134

**CERTIFICATION OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing "Plaintiff Johanna Georgia's First Set of Interrogatories and Requests for Production, Inspection and Examination to City of Bridgeport" has been served upon:

Robert B. Mitchell, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

on this _18th_ day of _February_, 2003, via:

____  Regular U.S. Mail, first class, postage prepaid

____  U.S. Priority Mail

X  U.S. Express Mail

____  Facsimile

____  Hand-delivery

_____
Susan W. Wallace, Esq.