UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA,<br><br>    Plaintiff,<br><br>VS.<br><br>CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>    Defendants. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br><br>    Plaintiff,<br><br>VS.<br><br>CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>    Defendants. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC)<br><br>(CONSOLIDATED)<br><br><br><br>April 30, 2003 |

**DEFENDANT CITY OF BRIDGEPORT'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S SCHEDULE A REQUESTS FOR PRODUCTION**



EXHIBIT

MARCH 31, 2003 NOTICE OF DEPOSITION SCHEDULE A

1. Copies of all personnel records and other all documents referring or relating thereto, for Elizabeth Schiller, a/k/a Elizabeth O'Connell, including supervisor's "side files" and notes about her hire, training, performance, assignments, pregnancy/maternity leave, and breastfeeding.

RESPONSE: Responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

2. Copies of all personnel records and other all documents referring or relating thereto, for Johanna Georgia, including supervisor's "side files" and notes about her hire, training, performance, applications for educational expense benefits, sick leave, injury leave, and reports of injuries suffered by her in the line of duty.

RESPONSE: Responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

3. Copies of all non-privileged statements regarding the events that are the subject of any claims and defenses in these consolidated lawsuits, or the actions of any party or witness hereto, made by any witness, party or non-party declarant.

RESPONSE: Responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

4. All photographs, drawings, diagrams, charts, maps, models and other tangible evidence concerning any claims and the defenses in these consolidated lawsuits, prepared by parties, witnesses or experts expected to be called at trial.

RESPONSE: Responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

5. Copies of all documents, statements and tangible evidence referring or relating to: for each year from January 1, 1990 to the present, the:

   a. number of persons employed in the Bridgeport Fire Department;
   b. number of females employed in the Bridgeport Fire Department;

   c. number of females who applied for employment as Bridgeport firefighters;
   d. number of females offered employment as Bridgeport firefighters;
   e. number of females who attained Officer positions with the Bridgeport Fire Department.

RESPONSE: Defendant will produce responsive documents in accordance with the discussions between counsel held on April 23, 2003.

6. Copies of all documents, statements and tangible evidence referring or relating to your hiring and selection process for the position of firefighter from 1990 to the present, including job postings, all applications received from females, written test scores, physical test scores, documents and electronic recordings or oral interviews, selection criteria, and documents pertaining to actual selection of candidates.

RESPONSE: Defendant has no documents responsive to this request.

7. Copies of all the City of Bridgeport's and its Fire Department's policies, practices or procedures for fire department employees, whether formal or informal, written, or verbal, formal, official or customary, regarding sex discrimination, sexual harassment, and retaliation; including procedures for making a complaint about the same, for investigation and discipline in the event of such complaints, not previously disclosed to the plaintiffs in these consolidated lawsuits.

RESPONSE: Responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

8. Copies of all documents and tangible evidence referring or relating to all training the City of Bridgeport or its Fire Department has/have ever given City of Bridgeport Fire Department employees regarding sexual harassment, discrimination and retaliation; procedures for making a complaint about sexual harassment, discrimination and retaliation, and for investigation and discipline in the event of such complaints, not previously disclosed to the plaintiffs in these consolidated lawsuits.

RESPONSE: Responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

9. Copies of all documents, statements and tangible evidence referring or relating to every complaint or report, whether formal or informal, written or oral, received by the City of Bridgeport, its employees, officials, agents, or representatives, from or on

-3-

behalf of each plaintiff in this lawsuit, claiming sex discrimination, sexual harassment or retaliatory conduct.

RESPONSE: Responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

10. With the exception of complaints and reports made or on behalf of the plaintiffs in this lawsuit, copies of all documents, statements and tangible evidence referring or relating to any formal or informal, written or oral complaint or report made internally within the City of Bridgeport alleging sex discrimination or sexual harassment..

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested. Defendant further objects to this Production Request to the extent that any information concerning the existence of any settlement or any amount recovered cannot be disclosed pursuant to agreement.

RESPONSE: Notwithstanding the foregoing objection, and subject to Plaintiffs submission of case captions for the requested files, non-confidential responsive documents extending from 1989 to the present will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

11. With the exception of complaints and reports made or on behalf of the plaintiffs in this lawsuit, copies of all documents, statements and tangible evidence referring or relating to any complaint, report or charge, whether formal or informal, written or oral, made to any governmental agency, including any lawsuit brought against any City of Bridgeport employee or official alleging sex discrimination or sexual harassment against a City employee.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested. Defendant further objects to this Production Request to the extent that any information concerning the existence of any settlement or any amount recovered cannot be disclosed pursuant to agreement.

RESPONSE: Notwithstanding the foregoing objection, non-confidential responsive documents extending from 1989 to the present will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time in accordance with the agreements of counsel made on April 23,

2003. It is understood, pursuant to those agreements, that Plaintiffs' counsel will provide a list of relevant CHRO complaint captions as a precursor to compliance with this request.

12. Copies of all documents, statements and tangible evidence referring or relating to the "Signal 29" website, which website is alleged in the complaints in this lawsuit.

RESPONSE: Responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

13. Copies of all documents, statements and tangible evidence referring or relating to the contracting for, purchasing, funding, diverting, stealing, or otherwise procuring or establishing access into any of the City of Bridgeport's firehouses of the "Playboy" and "Spice I" and "Spice II" cable television stations.

RESPONSE: Defendant has no documents responsive to this request.

14. Copies of all documents, statements and tangible evidence referring or relating to the contracting for, purchasing, funding, procuring models, supplying "props," supplying access to equipment, vehicles, and premises of any City of Bridgeport Fire Department for use in making photographs for a "pin-up" calendar entitled "Hardcore Pure American Centerfolds, 2001-02 Millenium Iron Beauties," and any similar "pin-up" calendars or photographs that use or feature or display City of Bridgeport Fire Department personnel, equipment, vehicles or premises.

RESPONSE: Defendant has no documents responsive to this request.

15. Copies of any documents referring or relating to every condition in the quarters, sleeping and bathroom areas of any City of Bridgeport firehouse that is purported or found to violate any state or local building or health code or ordinance, and any OSHA regulation, with citation to the particular section of code, ordinance or regulation violated.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

RESPONSE: Notwithstanding the foregoing objection, Defendant has no knowledge of any violations. Plaintiffs may inspect the premises to make this determination for themselves at a mutually convenient date and time.

16. Copies of building plans for all existing and planned City of Bridgeport firehouses showing all quarters, sleeping and bathroom areas.

RESPONSE: Responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

17. Copies of all any consent decrees, agreements, releases, court orders, and judgments to which the City of Bridgeport, its employees, officials, agents or representatives are a party, arising out of claim of unlawful discrimination, harassment or retaliation against any member of a protected class, including women and minorities.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence in that no claim of discrimination against minorities is alleged by Plaintiffs.

18. Copies of all any affirmative action plans or quotes or requirements or policies applying to or affecting the City of Bridgeport's Fire Department, from January 1, 1990 to the present.

RESPONSE: Defendant has no documents responsive to this request.

19. Originals and copies of all City of Bridgeport Fire Deportment Battalion Chiefs' logs and all other Firehouse and Run logs, including any drafts and rewrites, made or maintained from June 1, 1997 to the present..

RESPONSE: Responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

20. Copies of all records of all requested and all approved payments or reimbursement for educational costs made by the City of Bridgeport to its Fire Department personnel from June 1, 1997 to the present.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad and unduly burdensome.

RESPONSE: Notwithstanding the foregoing objection, responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

21. Copies of annual reports of the City of Bridgeport Fire Department for each year from 1997 to the present.

OBJECTION: Defendant objects to this Production Request on the grounds that it is vague, overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

RESPONSE: Notwithstanding the foregoing objection, responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

22. Copies of all documents, notes, diaries or logs made from June 1, 1997, to the date of deposition, not previously disclosed to Plaintiffs' counsel in this action, referring or relating to the following conduct by any City of Bridgeport Fire Department personnel: failure to complete, submit or forward reports of accidents or injuries involving fire department personnel.

OBJECTION: Defendant objects to this Production Request on the grounds that it is vague, overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

RESPONSE: Notwithstanding the foregoing objection, Defendant knows of no such documents.

23. All documents, notes, diaries or logs made from June 1, 1997, to the date of deposition, not previously disclosed to Plaintiffs' counsel in this action, referring or relating to the following conduct by any City of Bridgeport Fire Department personnel: failure to complete, submit or forward reports of evidence or complaints of sex discrimination or sexual harassment.

OBJECTION: Defendant objects to this Production Request on the grounds that it is vague, overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

RESPONSE: Notwithstanding the foregoing objection, Defendant knows of no such documents.

24. Copies of all nonprivileged statements made by any employee, agent or representative of the City of Bridgeport regarding any event which is the subject of any claim or defense in this action or concerning the actions of any witness or party hereto, not previously disclosed to the plaintiffs in this action.

RESPONSE: Responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

25. All non-privileged written reports, data, investigations, or opinions concerning the events which are the subject of this lawsuit which the City of Bridgeport, its expert(s) employee(s), agent(s), representative(s) has made or caused to be made, or obtained, reviewed or utilized for any purpose, not previously disclosed to the plaintiffs in this lawsuit.

RESPONSE: Non-privileged responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

26. All documents, statements, evidence and materials referring or relating to the events which are the subject of this lawsuit, and to any claim or defense in this lawsuit, which any employee, agent or non-attorney representative of the City of Bridgeport released, provided, showed to, or discussed with the person who signed under oath the City's responses to the interrogatories served on it by Plaintiff in this lawsuit.

RESPONSE: All such documents are contained in the materials provided, or to be provided, in response to request numbers 1-25 and 27 of this production request.

27. Copies of all non-privileged documents; records, logs, diaries correspondence, statements; recordings, videotapes, and tangible evidence in care, custody, control or possession of the City of Bridgeport referring or relating to the claims and defenses in these consolidated lawsuits, not otherwise produced to the plaintiffs herein.

RESPONSE: Responsive documents will be made available for inspection at either the offices of Pullman & Comley, LLC or the location where the files are maintained, at a mutually convenient time.

CITY OF BRIDGEPORT

By: _____
Margaret M. Sheahan, ct05862
Robert B. Mitchell, ct02662
For: Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
(203) 330-2000
Facsimile (203) 576-8888

ATTORNEYS FOR:
CITY OF BRIDGEPORT,
EARL PETTWAY and
MICHAEL MAGLIONE

## CERTIFICATION

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on April 30, 2003 to all counsel and pro se parties of record.

Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

John R. Mitola
John P. Bohannon, Jr.
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

_____
Robert B. Mitchell

BPRT/67551.1/EMP/476386v1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ELIZABETH SCHILLER**<br>Plaintiff | :    NO: 3:01cv00452(AVC)<br>    (ALL CASES) |
| | : |
| **JOHANNA S. GEORGIA**<br>Plaintiff | : |
| | |
| v. | : |
| | |
| **CITY OF BRIDGEPORT; ET AL.**<br>Defendants | :    MARCH 31, 2003 |

### NOTICE OF DEPOSITION

In accordance with the Rules of Practice, the Plaintiffs in the above consolidated actions give notice that testimony will be taken by deposition upon oral examination with respect to all matters relevant to the subject of the above-captioned lawsuit of the following person or entity:

**CITY OF BRIDGEPORT ("the Deponent")**
45 Lyon Terrace
Bridgeport, CT 06604

before a stenographer authorized by the laws of the State of Connecticut to administer oaths, at the following date, time and place:

**Tuesday, April 15, 2003, at 9:00 a.m., at the office of Pullman & Comley, LLC, 850 Main Street, Bridgeport, Connecticut.**

Oral examination will continue from day to day until completed in accordance with the federal Rules of Civil Procedure.

    The matters on which examination is requested include: All allegations, claims and defenses in this case, including information related to the hiring; qualifications, training, evaluations, terms and conditions of employment, medical and maternity leaves of the plaintiffs, Johanna Georgia and Elizabeth Schiller, a/k/a Elizabeth O'Connell in their employment with the Fire Department of the City of Bridgeport; policies, practices, procedures and customs of the deponent, its employees and agents, regarding terms and conditions of employment, unlawful gender/sex discrimination, sexual harassment, and retaliation; comparative statistical information, job duties, qualifications, hiring, evaluations, promotions, discipline, medical leave, training, and equipping of female and male firefighters employed by the Fire Department of the City of Bridgeport; the claims, defenses, parties, and outcomes, including the terms of any settlements, of all Charges ever filed with the Connecticut Commission on Human Rights and Opportunities and the U.S. EEOC, and all lawsuits ever brought in any court by any female employee or female former employee of the deponent, claiming gender/sex discrimination, sexual harassment or retaliation; all documents, materials, statements and testimony adduced through discovery in this case from the deponent its former and current employees, agents and representatives.

The Deponent shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. The persons so designated shall testify as to matters known or reasonably available to the organization. The Deponent shall produce for inspection, before or at said time and place, all items specified in the appended Schedule A.

FOR THE PLAINTIFFS,

Dated 3/31/03

*/s/ Susan V. Wallace*
Susan V. Wallace, Esq.
11 Blue Orchard Drive
Middletown, Connecticut 06457
Tel: (860) 704-0472  Fax: -0490
law4us@rcn.com
Fed Bar No. CT08134

2

## **SCHEDULE A**

The Deponent CITY OF BRIDGEPORT shall produce for inspection, before or at the time and place specified in the appended Notice of Deposition, the following:

1. Copies of all personnel records and other all documents referring or relating thereto, for Elizabeth Schiller, a/k/a Elizabeth O'Connell, including supervisor's "side files" and notes about her hire, training, performance, assignments, pregnancy/maternity leave, and breastfeeding.

2. Copies of all personnel records and other all documents referring or relating thereto, for Johanna Georgia, including supervisor's "side files" and notes about her hire, training, performance, applications for educational expense benefits, sick leave, injury leave, and reports of injuries suffered by her in the line of duty.

3. Copies of all non-privileged statements regarding the events that are the subject of any claims and defenses in these consolidated lawsuits, or the actions of any party or witness hereto, made by any witness, party or non-party declarant.

4. All photographs, drawings, diagrams, charts, maps, models and other tangible evidence concerning any claims and the defenses in these consolidated lawsuits, prepared by parties, witnesses or experts expected to be called at trial.

5. Copies of all documents, statements and tangible evidence referring or relating to: for each year from January 1, 1990 to the present, the:
   a. number of persons employed in the Bridgeport Fire Department;
   b. number of females employed in the Bridgeport Fire Department;
   c. number of females who applied for employment as Bridgeport firefighters;
   d. number of females offered employment as Bridgeport firefighters;
   e. number of females who attained Officer positions with the Bridgeport Fire Department.

6. Copies of all documents, statements and tangible evidence referring or relating to your hiring and selection process for the position of firefighter from 1990 to the present, including job postings, all applications received from females, written test scores, physical test scores, documents and electronic recordings of oral interviews, selection criteria, and documents pertaining to actual selection of candidates.

7. Copies of all the City of Bridgeport's and its Fire Department's policies, practices

3

or procedures for fire department employees, whether formal or informal, written or verbal, formal, official or customary, regarding sex discrimination, sexual harassment, and retaliation; including procedures for making a complaint about the same, for investigation and discipline in the event of such complaints, not previously disclosed to the plaintiffs in this lawsuit.

8. Copies of all documents and tangible evidence referring or relating to all training the City of Bridgeport or its Fire Department has/have ever given City of Bridgeport Fire Department employees regarding sexual harassment, discrimination and retaliation; procedures for making a complaint about sexual harassment, discrimination and retaliation, and for investigation and discipline in the event of such complaints, not previously disclosed to the plaintiffs in this lawsuit.

9. Copies of all documents, statements and tangible evidence referring or relating to every complaint or report, whether formal or informal, written or oral, received by the City of Bridgeport, its employees, officials, agents, or representatives, from or on behalf of each plaintiff in this lawsuit, claiming sex discrimination, sexual harassment or retaliatory conduct.

10. With the exception of complaints and reports made or on behalf of the plaintiffs in this lawsuit, copies of all documents, statements and tangible evidence referring or relating to any formal or informal, written or oral complaint or report made internally within the City of Bridgeport alleging sex discrimination or sexual harassment

11. With the exception of complaints and reports made or on behalf of the plaintiffs in this lawsuit, copies of all documents, statements and tangible evidence referring or relating to any complaint, report or charge, whether formal or informal, written or oral, made to any governmental agency, including any lawsuit brought against any City of Bridgeport employee or official alleging sex discrimination or sexual harassment against a City employee.

12. Copies of all documents, statements and tangible evidence referring or relating to the "Signal 29" website, which website is alleged in the complaints in this lawsuit

13. Copies of all documents, statements and tangible evidence referring or relating to the contracting for, purchasing, funding, diverting, stealing, or otherwise procuring or establishing access into any of the City of Bridgeport's firehouses of the "Playboy" and "Spice I" and Spice II" cable television stations.

14. Copies of all documents, statements and tangible evidence referring or relating to the contracting for, purchasing, funding, procuring models, supplying "props," supplying access to equipment, vehicles, and premises of any City of Bridgeport Fire Department for use in making

4

photographs for a "pin-up" calendar entitled "Hardcore Pure American Centerfolds, 2001-02 Millenium Iron Beauties," and any similar "pin-up" calendars or photographs that use or feature or display City of Bridgeport Fire Department personnel, equipment, vehicles or premises.

15. Copies of any documents referring or relating to every condition in the quarters, sleeping and bathroom areas of any City of Bridgeport firehouse that is purported or found to violate any state or local building or health code or ordinance, and any OSHA regulation, with citation to the particular section of code, ordinance or regulation violated.

16. Copies of building plans for all existing and planned City of Bridgeport firehouses showing all quarters, sleeping and bathroom areas.

17. Copies of all any consent decrees, agreements, releases, court orders, and judgments to which the City of Bridgeport, its employees, officials, agents or representatives are a party, arising out of claim of unlawful discrimination, harassment or retaliation against any member of a protected class, including women and minorities.

18. Copies of all any affirmative action plans or quotes or requirements or policies applying to or affecting the City of Bridgeport's Fire Department, from January 1, 1990 to the present.

19. Originals and copies of all City of Bridgeport Fire Department Battalion Chiefs' logs and all other Firehouse and Run logs, including any drafts and rewrites, made or maintained from June 1, 1997 to the present.

20. Copies of all records of all requested and all approved payments or reimbursement for educational costs made by the City of Bridgeport to its Fire Department personnel from June 1, 1997 to the present.

21. Copies of annual reports of the City of Bridgeport Fire Department for each year from 1997 to the present.

22. Copies of all documents, notes, diaries or logs made from June 1, 1997, to the date of deposition, not previously disclosed to Plaintiffs' counsel in this action, referring or relating to the following conduct by any City of Bridgeport Fire Department personnel: failure to complete, submit or forward reports of accidents or injuries involving fire department personnel.

23. All documents, notes, diaries or logs made from June 1, 1997, to the date of deposition, not previously disclosed to Plaintiffs' counsel in this action, referring or relating to the

following conduct by any City of Bridgeport Fire Department personnel: failure to complete, submit or forward reports of evidence or complaints of sex discrimination or sexual harassment.

24. Copies of all nonprivileged statements made by any employee, agent or representative of the City of Bridgeport regarding any event which is the subject of any claim or defense in this action or concerning the actions of any witness or party hereto, not previously disclosed to the plaintiffs in this action.

25. All non-privileged written reports, data, investigations, or opinions concerning the events which are the subject of this lawsuit which the City of Bridgeport, its expert(s) employee(s), agent(s), representative(s) has made or caused to be made, or obtained, reviewed or utilized for any purpose, not previously disclosed to the Plaintiff in this lawsuit.

26. All documents, statements, evidence and materials referring or relating to the events which are the subject of this lawsuit, and to any claim or defense in this lawsuit, which any employee, agent or non-attorney representative of the City of Bridgeport released, provided, showed to, or discussed with the person who signed under oath the City's responses to the interrogatories served on it by Plaintiff in this lawsuit.

27. Copies of all non-privileged documents; records; logs, diaries correspondence; statements; recordings, videotapes, and tangible evidence in care, custody, control or possession of the City of Bridgeport referring or relating to the claims and defenses in these consolidated lawsuits, not otherwise produced to the plaintiffs herein.

**CERTIFICATION OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing "Notice of Deposition" with "Schedule A" has been served upon:

Robert B. Mitchell, Esq.  
Margaret M. Sheahan, Esq.  
Thomas F. Maxwell, Esq.  
Pullman & Comley, LLC  
850 Main Street  
P.O. Box 7006  
Bridgeport, CT 06601-7006  

John Mitola, Esq.  
John P. Bohannon, Jr., Esq.  
Office of the City Attorney  
999 Broad Street  
Bridgeport, CT 06604  

on this 31 day of March, 2003, via

___✓___ Regular U.S. Mail, first class, postage prepaid    4/1/03

_____ U.S. Priority Mail

_____ U.S. Express Mail or other overnight mail service

___✓___ Facsimile  3/31/03

_____ Hand-delivery

_____  
Susan V. Wallace, Esq.

7