UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA,<br><br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br><br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC) |
| CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>                    Defendants. | (CONSOLIDATED) |

### AFFIDAVIT OF THOMAS CONNOR

1. I, Thomas Connor, am over the age of eighteen years, believe in the obligation of an oath or affirmation, and make this statement upon my personal knowledge.

2. I am a Deputy Chief of the Bridgeport Fire Department.

3. I have conducted a search for documents referenced in paragraphs 8 and 9 of a certain May 27, 2003 letter from Susan V. Wallace to Robert B. Mitchell (copy attached).



4. The following is my response to each subparagraph of paragraphs 8 and 9 of the May 27, 2003 letter:

    8(a)    Memo by Deputy Chief Rooney - Attached.

    8(b)    Report from Lt. Clark to Capt. Philips – Capt. Philips is retired. I have inquired of Lt. Clark and to the best of my knowledge the report was made orally. There is no document other than this log entry.

    8(c)    Form 2326 by Lt. Donofrio – The identified log entry contains no reference to a Form 2326. I have inquired of Lt. Donofrio and to the best of my knowledge there is no document relating to this incident other than this log entry.

    8(d)    Form 2326's by each Assistant Chief – I have inquired of Deputy Chief Brian Rooney and Fire Chief Maglione, both of whom were Assistant Chiefs during the referenced time period, and I have conducted a search of Fire Department files. I have been unable to locate any of the referenced Form 2326's.

    8(e)    7/30/96 letter – I have inquired of Asst. Chief Petrucelli who stated that he did not author the referenced letter, but was asked by the Fire Chief's secretary to pick up the letter from her and deliver the letter to Atty. Bohannon. The letter was in a sealed envelope and Asst. Chief Petrucelli does not know the subject of the letter.

8(f)  Form 2326's from Capt. Porzelt and Lt. Shevlin – Attached.

8(g)  Documentation by Asst. Chief Haschak – Attached.

8(h)  This paragraph was withdrawn per Ms. Wallace's August 25, 2003 letter.

8(i)  Calderoni complaint of child pornography – The entry pertaining to this incident is located in Battalion 1 logbook on page 3 dated July 31, 2001, and does not reference a Form 2326. I have inquired of Assistant Chief Petrucelli who signed the entry and to the best of my knowledge no Form 2326 was created and no document exists other than the log entry on page 3 of the Battalion 1 log.

8(j)  Form 2326 by Lt. Craig Kelly – Attached.

9(a)  Memo by DC Rooney – this request is a duplicate of 8(a).

9(b)  Documents regarding Venus Scudder – This entry references conversations. I have inquired of Lt. Steve McSpearin and to the best of my knowledge there are no documents other than these log entries.

9(c)  Deputy Chief Pettway inspection – This entry references a physical inspection of premises. I have inquired of Retired Deputy Chief Pettway and to the best of my knowledge there is no document other than this log entry.

9(d)  Denton complaint – Lt. Velez is retired and Firefighter Denton is deceased. I am unable to identify the individual who signed this entry. To the best of my knowledge, there is no document other than this log entry.

9(e)  Schiller complaint – I have been unable to locate an 8/25/99 entry regarding a complaint made by Firefighter Schiller in the Engine 15 officers' logbook.

9(f)  Denton suspension – Attached.

9(g)  Poster complaint – I have inquired of Assistant Chief Meade and retired Deputy Chief Pettway and to the best of my knowledge the complaint was made orally and there is no document other than this log entry.

9(h)  Documents regarding articles, cartoons, etc. – Attached.

9(i)  Ina Anderson complaint – I have inquired of Lt. Ina Anderson and to the best of my knowledge this complaint was made orally, there is no written record of this complaint other than this log entry.

9(j)  Nancy Petrucelli complaint – I have inquired of Firefighter Nancy Petrucelli and to the best of my knowledge, there is no written record of this complaint other than this log entry.

9(k)  Nancy Petrucelli complaint and incident of Michael Calderoni sleeping in women's quarters – I have inquired of Firefighter Petrucelli and Lt. Calderoni and to the best of my knowledge the complaint was made

orally, there are no written records of this complaint or incident and there are no documents other than these log entries.

9(l)    Nancy Petrucelli complaint regarding John Scanlon – I have inquired of Firefighter Petrucelli and to the best of my knowledge no complaint was made and there is no document other than this log entry.

9(m)    Nancy Petrucelli and Paul Neugebauer incident complaint – I have inquired of Firefighter Petrucelli and to the best of my knowledge there is no written record of this complaint other than this log entry.

9(n)    This paragraph was withdrawn per Ms. Wallace's August 25, 2003 letter.

9(o)    Reprimand of Michael Shevlin – This log entry references a conversation. I have inquired of Capt. Bruce Porzelt and Lt. Michael Shevlin and to the best of my knowledge there is no document relating to this incident other than this log entry.

9(p)    Documents regarding Robert Petrucelli's attendance at CCM seminar – I have inquired of Asst. Chief Petrucelli who stated that he was asked to accompany retired Deputy Chief Pettway to the seminar because he was the battalion chief on duty during that shift, without responsibility for manpower. To the best of my knowledge, there are no documents regarding Asst. Chief Petrucelli's attendance at this seminar other than the log entry.

5

9(q)  Ron Mackey complaint regarding Michael Shevlin – The identified log entry is dated 2/27/99 rather than 2/27/98, and references a conversation. Ron Mackey is retired. I have inquired of Lt. Michael Shevlin and Asst. Chief Fred Haschak and to the best of my knowledge there is no document relating to this incident other than this log entry.

9(r)  This paragraph was withdrawn per Ms. Wallace's August 25, 2003 letter.

9(s)  This paragraph was withdrawn per Ms. Wallace's August 25, 2003 letter.

9(t)  This paragraph was withdrawn per Ms. Wallace's August 25, 2003 letter.

9(u)  This paragraph was withdrawn per Ms. Wallace's August 25, 2003 letter.

9(v)  This paragraph was withdrawn per Ms. Wallace's August 25, 2003 letter.

9(w)  Documents regarding display of material – See documents attached in response to paragraph 9(h).

9(x)  Report to Deputy Chief Pettway – This entry does not reference a racist statement. I have inquired of retired Deputy Chief Pettway and to the best of my knowledge this report was made orally and there is no existing document other than this log entry.

9(y)  Nancy Petrucelli complaint regarding women's quarters – This entry does not reference a complaint. I have inquired of Firefighter Petrucelli and to the best of my knowledge, there is no existing document other than this log entry.

9(z)  Documents re taking measurements – Lt. Sweeney is deceased. I have inquired of Asst. Chief Haschak and to the best of my knowledge there is no document other than this log entry.

Documents regarding removal of posters in bunkroom – Asst. Chief Colon is retired and I am unable to identify the individual who made the log entry. To the best of my knowledge there is no document other than this log entry.

Complaints of postings that violate Fire Department policy – See documents attached in response to paragraph 9(h).

*Thomas Connor*
Thomas Connor, Deputy Chief
Bridgeport Fire Department

Subscribed and sworn to before me
this 26th day of November, 2003

*Eleni M. Paliani*
Notary Public/
~~Commissioner of the Superior Court~~
My Commission Expires July 31, 2005

BPRT/67551.1/EMP/488598v1

# Susan V. Wallace
~ *Attorney at Law* ~

11 Blue Orchard Drive
Middletown, Connecticut 06457

tel: (860) 704-0472, fax -0490
email: law4us@rcn.com

May 27, 2003

via fax # 203-576-8888 and regular U.S. mail

Margaret Sheahan, Esq.
Robert Mitchell, Esq.
Thomas Maxwell, Esq.
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006

    Re:   <u>Schiller, Georgia v. City of Bridgeport, et al.</u>; Documents not yet produced

Counsel:

    Your clients still need to produce the following documents. My clients and I catalogued every document and Fire Department log books as we inspected them in your office, and are still reviewing for more documents that records indicate have not been produced, therefore, this list may not be all-inclusive, to wit, we still await documents regarding all other complaints of discrimination, etc., in addition to what may be listed below

    1.     The documents corresponding to the appended copies of fax sheets between the City and David Dunn dated 5/22/00, 5/31/00, 6/15/00, 7/21/00, 10/3/00, 2/21/01, and documents corresponding to the copy appended hereto of a certified mail return receipt addressed to a Mr. Roland West.

    2.     The fax sheet dated May 22, 2000 to David Dunn (copy appended hereto) has a notation of Dunn's email address, but no email messages with him have been produced. Please produce all emails from or to the City responsive to our discovery requests and subpoenas.

    3.     Per Wallace Thomas's sworn deposition testimony on April 3, 2003, all documents responsive to our production requests in Schedule A to him which he testified he is able to and would conduct a reasonable search for (p. 75).

    4.     Per Michael Maglione's sworn deposition testimony on April 3, 2003, all documents responsive to our production requests in Schedule A, numbers 3, 4-A,

*Pullman & Comley*
*May 27, 2003*
*2 of 6*

4-B, 7, 8, 9, 11, 13, 15, 23, 24, 25 (pp. 107-115); and per his testimony on April 14, 2003, the EEOC/CHRO charge made by Kathy Denton that he gave to the executive officer (pp. 12-13), and all documents pertaining thereto that he testified are kept in the Executive Officer's office (pp. 14-15); all documents pertaining to any EEOC/CHRO charges that he testified are kept in the Executive Officer's office (p. 32); his drafts regarding responses to the plaintiffs' Interrogatories and Requests for Production to the City (pp. 41-42); and any documents referring or relating to his inquiries into whether pornography was accessible on the cable televisions in City firehouses (pp. 93, 119).

5. Per Nancy Petrucelli's sworn deposition testimony on April 3, 2003, all documents re complaints or reports she made and incidents she was involved in with regard to Paul Neugebauer (pp. 18, 31-37) (please produce documents re both her and his conduct in the incident she testifies about), and Jack Scanlon (pp. 63, 66-69) (please produce documents re both her and his conduct in the incidents she testifies about), and re her complaints about being passed over for a driving position (pp. 25-26), about being directed to use the rear stairs of firehouse 6 (pp. 27-30), about pictures or posters on the wall of the women's quarters (pp. 60-61), about women's quarters being used by someone other than the female firefighters (pp. 93-94), about not being paid as an acting officer (pp. 119-120), and documents re all other complaints made by Nancy Petrucelli throughout her employment with the Bridgeport Fire Department (p. 119).

6. Per Patrick Shevlin's sworn deposition testimony on April 11, 2003, records of discipline (pp. 8-11) responsive to our production requests seeking the same with regard to conduct that could constitute sexual harassment, sex discrimination and retaliation; all files on Kathy Denton (pp. 48, 63-64, 66-67); the email response and right to sue letter h/the City received from EEOC in the week or two preceding his deposition regarding a (charge) filed by Kathy Denton (pp. 58-60); records of Kathy Denton's "complaint" against Kevin Shevlin (pp. 60-61), and Kevin Shevlin's complaint(s) against Kathy Denton (p. 61); the document(s) generated by Shevlin and existing in Johanna Georgia's medical file (pp. 68-69); the investigation into Johanna Georgia's physical ability to perform the job of firefighter (p. 75); pertaining to Elizabeth Schiller O'Connell's maternity leave (p. 84); and the "cover letter to the city's counsel," fax transmittal sheet for it, and all documents with that cover letter (pp. 90-92, 96) (these would also be responsive to the subpoena duces tecum served on Mr. Shevlin).

7. Per Frederick Haschak's sworn deposition testimony on April 17, 2003, records of disciplinary investigations he made (p. 16) responsive to plaintiffs' production

*Pullman & Comley*
May 27, 2003
3 of 6

requests seeking the same with regard to conduct that could constitute sexual harassment, sex discrimination and retaliation; documents he identifies as existing and responsive to our production request number 1 of the "Schedule A" served with the notice of his deposition (pp. 17-18); documents he testified that he made regarding plaintiffs' claims in this lawsuit (pp. 19-21, 60); the files he identifies as responsive to production request number 2 of the "Schedule A" to him, re the alleged Signal 29 website, which he testifies is kept in the Fire Department Executive Officer's office (pp. 22-24, 29); ); the files he identifies as responsive to production request number 3 of the "Schedule A" to him, re plaintiffs' instant lawsuits (pp. 38-39), including documents he testifies he put into those files (p. 46); email messages he testifies as responsive to production request number 4 of the "Schedule A" to him (p. 58); documents made by Capt. Haug regarding a complaint and action regarding a calendar that Elizabeth Schiller complained about in Engine 6's firehouse (pp. 61-62).

8. The following documents expressly identified in the following fire department logbooks:
   (a) In Eng. 7/11 logbook started 4/11/01: on p. 13, the "memo" by Dep. Chief Rooney.
   (b) Eng. 15 officers' logbook running from 3/13/98 to 5/8/03: the report from Lt. Clark received by Capt. Philips on 3/30/00.
   (c) In Eng. 15 officers' logbook running from 3/13/98 to 5/8/03: Form 2326 by Lt. Donofrio re Elizabeth Schiller on 9/29/00.
   (d) In Battalion 1 logbook running 10/14/92 to 4/9/01, on p. 7: Form 2326's by each Assistant Chief required to have been sent to the Fire Chief by 6/1/93 stating "all members under his command are familiar with" the City/Fire Department's "sexual harassment interim policy."
   (e) In Battalion 1 logbook running 10/14/92 to 4/9/01, on p. 67: Letter dated 7/30/96.
   (f) In Battalion 1 logbook running 10/14/92 to 4/9/01, on p. 96: Two Form 2326's, from Capt. Porzelt and from Lt. Michael Shevlin, to Acting Dep. Chief Veary, re incident on 3/7/97.
   (g) In Battalion 1 logbook running 10/14/92 to 4/9/01, on p. 134: "formal documentation" made by Asst. Chief Haschak re 11/21/98 incident with Capt. Donald Day.
   (h) In Battalion 1 logbook running 10/14/92 to 4/9/01, on p. 169: Letter from Dep. Chief Pettway dated 7/30/96 re suspension of Kathy Denton.
   (i) In Battalion 1 logbook running 10/14/92 to 4/9/01, on p. 170: Form 2326 from Ass't. Chief Petrucelli to Dep. Chief Pettway re Lt. Calderoni's report of child pornography on firehouse computer.

*Pullman & Comley*
*May 27, 2003*
*4 of 6*

      (j) In Battalion 1 logbook running 10/14/92 to 4/9/01, on p. 184: Form 2326 from Lt. Craig Kelly to be sent to Capt. Grimes, Asst. Chief Petrucelli, and Dep. Chief Pettway for investigation of broken glass in his turnout gear pants pocket on 12/20/00.

9.   Any documents referring or relating to the following incidents, reports, or complaints that are recorded in fire department logbooks (if such documents exist, they are within the scope of plaintiffs' discovery requests):
    (a) In Eng. 7/11 logbook (that starts on 4/11/01): on p. 13, the "memo" by Dep. Chief Rooney.
    (b) In Engine 3/4 logbook (that starts on 1/14/96): documents re "problems in quarters or with personnel" that Venus Scudder is questioned about, log entry dates 5/6/01, 1/3/02 and 2/7/02, pages 77, 82, 83.
    (c) Eng. 15 officers' logbook running from 3/13/98 to 5/8/03, documents re Dep. Chief Pettway's inspection of women's quarters, log entry date 8/25/99.
    (d) Eng. 15 officers' logbook running from 3/13/98 to 5/8/03, documents re Kathy Denton's complaint about failure to clean women's quarters, log entry date 110/11/99.
    (e) Eng. 15 officers' logbook running from 3/13/98 to 5/8/03, documents re a complaint by Elizabeth Schiller, log date 9/25/99.
    (f) Eng. 15 officers' logbook running from 3/13/98 to 5/8/03, documents re suspension of Kathy Denton, log date 2/25/00.
    (g) Eng. 15 officers' logbook running from 3/13/98 to 5/8/03, documents re complaint about a poster on the firehouse wall and Dep Chief Pettway's investigation of it, log dates 3/5/00 and 3/6/00.
    (h) Eng. 16 house log book running 10/7/93 to 5/8/03, documents re articles, cartoon, etc. with derogatory remarks aimed at individuals or groups posted in firehouse, pp. 30-31, log entry date 3/4/96.
    (i) Eng. 16 house log book running 10/7/93 to 5/8/03, documents re FF Ina Anderson's complaint about males using female quarters, p. 124, log entry date 4/22/98.
    (j) Eng. 16 house log book running 10/7/93 to 5/8/03, documents re FF Nancy Petrucelli complaint that "FF Robert Marrero on 3/4/99 slept in women quarters and left it a mess," p. 165, log entry date 3/7/99.
    (k) Eng. 16 house log book running 10/7/93 to 5/8/03, documents re Nancy Petrucelli complaint that male used and fouled women's bathroom and took her personal items, log entry date 1/18/00, and Michael Calderoni sleeping in women's quarters on 1/17/00, log entry date 1/20/00, both on page 190.

*Pullman & Comley*
May 27, 2003
5 of 6

(l) Eng. 16 house log book running 10/7/93 to 5/8/03, documents re police detectives investigating and FF Nancy Petrucelli's complaint of fear and threats by Lt. John Scanlon, p. 228, log entry date 9/28/01.

(m) Eng. 16 house log book running 10/7/93 to 5/8/03, documents re incident between Lt. Paul Neugebauer and FF Nancy Petrucelli over mattress placed in women's quarters, p. 239, log entry date 7/30/02.

(n) Battalion 1 logbook running 10/14/92 to 4/9/01, documents re directing Kathy Denton to employee assistance program, p. 61, log entry date 11/28/95.

(o) Battalion 1 logbook running 10/14/92 to 4/9/01, documents re reprimand of Lt. Michael Shevlin re his use of improper language over firehouse public address system, p. 84, log entry date 10/9/96.

(p) Battalion 1 logbook running 10/14/92 to 4/9/01, documents re Asst Chief Robert Petrucelli's attendance at a CCM seminar in New Britain on sexual harassment, p. 135, log entry date 12/7/98.

(q) Battalion 1 logbook running 10/14/92 to 4/9/01, documents re complaint made by Lt. Ron Mackey about Lt. Michael Shevlin's use of the "n" word, p. 143, log entry date 2/27/98.

(r) Battalion 1 logbook running 10/14/92 to 4/9/01, documents re report that women's quarters not locked, p. 168, log entry date 2/5/00.

(s) Battalion 1 logbook running 10/14/92 to 4/9/01, documents re report that women's quarters not locked, p. 169, log entry date 2/11/00.

(t) Battalion 1 logbook running 10/14/92 to 4/9/01, documents re report that key to women's quarters missing, p. 170, log entry date 2/29/00.

(u) Battalion 1 logbook running 10/14/92 to 4/9/01, documents re Kathy Denton and overtime and suspension, p. 169, log entry date 2/24/00.

(v) Battalion 1 logbook running 10/14/92 to 4/9/01, documents re order of Chief Rooney that Johanna Georgia not to be traveled to Engine 3/4's, p. 169, log entry date 2/24/00.

(w) Battalion 2 daily logbook running 10/14/92 to 4/6/01, documents re display of material in firehouses that is racist or critical of department or members, p. 35, log entry date 3/1/96.

(x) Battalion 2 daily logbook running 10/14/92 to 4/6/01, documents re report todd Dep. Chief Pettway about racist statements, p. 80, log entry date 10/11/99.

(y) Engine/Ladder 10 Officers' log book running 1/1/95 to 5/8/03, 3/9/95, documents re FF Nancy Petrucelli's (nee' Kosma) inspection re any complaints she made of no quarters or assignments for women to firehouse 10, p. 5, log entry date 3/9/95.

Pullman & Comley
May 27, 2003
6 of 6

   (z) Engine/Ladder 10 Officers' log book running 1/1/95 to 5/8/03, 3/9/95, documents re the taking of measurements for female bunking space in firehouse 10 and removal of posters in bunkroom, p. 7, log entry date 4/13/95; and re reports or complaints of postings in firehouses that violate Fire Department policies, p. 35, log entry date 3/1/96.

            Sincerely,

            Susan V. Wallace

encl/(7)
cc: John Mitola, Esq., Office of City Attorney
   John Bohannon, Jr., Esq., Office of City Attorney

8a

# Memo:

To: Captain Manuel Firpi
From: D/C Brian Rooney
Re: Air-conditioning failure
Date: August 13, 2001

Captain,

When the air-conditioning is not working in the women's quarters the following options are to be offered to any women working overtime, traveled in, or stationed there.

- The window in the women's quarters can remain open when the room is occupied.
- The work room on the officer's side of the building will be offered as sleeping quarters until the air-conditioning is fixed, and will be off limits to male members, from 22:00 hrs until 07:00 hrs.