UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA,<br>　　　　　　　Plaintiff,<br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br>　　　　　　　Plaintiff,<br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC) |
| CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br>　　　　　　　Defendants. | (CONSOLIDATED)<br><br>February 24, 2004 |

### DEFENDANT MICHAEL MAGLIONE'S MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER LIMITING THE SCOPE AND MANNER OF THE TAKING OF DEPOSITIONS

Pursuant to Rule 30(d)(4) of the Federal Rules of Civil Procedure, Defendant Michael Maglione moves for an order limiting the scope and manner of the taking of his deposition on the grounds that the deposition is being conducted in such a manner as unreasonably to annoy, embarrass and oppress the Defendant.

The deposition was suspended upon the demand of the objecting party on February 13, 2004. In the course of taking the Maglione deposition, Plaintiff's counsel handed the

witness a document, which appeared to be approximately fifty pages long. This document appeared to be the City's response to a complaint of civil rights violations made to the Connecticut Commission on Human Rights and Opportunities, the document bore a caption that showed Plaintiff Georgia as the Complainant. That matter, however, is not before this Court and is not one in which the City of Bridgeport is being represented by the undersigned.[1] I had not reviewed the document and asked that both Maglione and I be permitted to do so before he was questioned about it. Plaintiff's counsel was unwilling to agree unless the time spent reviewing the document was deducted from the time that she would have to question the witness under Fed. R. Civ. P. Rule 30(d)(2). I refused. I suggested that Plaintiffs' counsel request that the Court extend the deposition time beyond the Rule's seven hour limit. I was not willing to stipulate to such an extension nor was I in a position to agree not to oppose any such request made to the Court. Plaintiffs' counsel then insisted on her right to question the witness without either he or I being able to finish our review of the document. I suspended the deposition to make this motion and ask the Court to require Plaintiffs' counsel to permit my client and me to review the document before she questions my client about its contents, purpose, etc.

Never in over twenty-five years of law practice have I had an attorney take the position that a witness had to testify about a document that neither the witness nor the

---

[1] I believe that John Mitola is representing the City in the case, but he was not present at the Maglione deposition to confirm that fact.

attorney representing that witness had been able to review at the deposition. With all due respect, I believe that such is a witness and his/her lawyer's right. See Hall v. Clifton Precision, a Div. of Litton Systems, Inc., 150 F.R.D. 525 (E.D. Pa. 1993). I sought to resolve this matter with the Plaintiffs' counsel and without the necessity for the Court's intercession. See attached e-mail to Plaintiff's counsel, dated Feb. 18, 2004., but have received no response as of this date. I apologize to the Court for troubling it with this matter, however, Defendants request that the Court grant the attached protective order request protecting their counsel's right to review documents that are to be the subject of interrogation before such questioning is undertaken.

Done at Bridgeport, Connecticut this 24th day of February, 2004.

MICHAEL MAGLIONE

By: _____
Margaret M. Sheahan, ct05862
Robert B. Mitchell, ct02662
For: Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT  06601-7006
(203) 330-2000
Facsimile (203) 576-8888

ATTORNEYS FOR:
CITY OF BRIDGEPORT,
EARL PETTWAY and
MICHAEL MAGLIONE

## Mitchell, Robert B.

**From:** Mitchell, Robert B.
**Sent:** Wednesday, February 18, 2004 2:59 PM
**To:** 'law4us@rcn.com'
**Subject:** Maglione Deposition

Dear Susan:

  As you are aware, I suspended Chief Maglione's deposition last Friday in order to file for a protective order that would require you to allow me to read the lengthy City response to what I believe is the Georgia ADA CHRO complaint before you questioned the Chief about it. I took that action pursuant to FRCP Rule 30(d)(4). I did so reluctantly, but I was unwilling to have a client interrogated about a document that I had not had a chance to read.

  Although the rules might prohibit the witness and his/her attorney from discussing the contents of any such documents during the course of the witnesses testimony, unless some sort of privilege issue arises, I do believe that I was entitled to review the papers in full prior to your questioning Chief Maglione. See Hall v. Clifton Precision, a Division of Litton Systems, Inc., 150 F.R.D. 525 (E.D. Pa. 1993). I have drafted a request for a protective order, but, frankly, I have no desire to further burden the Court with our disagreements, especially when I believe that the answer is so clear.

  If you can agree not to try and preclude me from reviewing any such documents on the record in the future, I will certainly refrain from submitting this matter to the Court. If we can agree on this point, I will proceed with the remainder of Chief Maglione's deposition whether the Court grants your pending motion for additional discovery time or not, since I belileve that you would have been able to complete the Chief's depostion within the allotted but for my suspension of the testimony.

    Yours,
    Bob Mitchell

1

## CERTIFICATION

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on February 24, 2004 to all counsel and pro se parties of record.

Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

John R. Mitola
John P. Bohannon, Jr.
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

Richard L. Albrecht
Cohen and Wolf, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, CT 06601-1821

Robert B. Mitchell

STFD/67551.1/RXM/311588v1