UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ELIZABETH SCHILLER** | : | NO: 3:01cv00452(AVC) |
|    **Plaintiff** | | (ALL CASES) |
| | : | |
| **JOHANNA S. GEORGIA** | | |
|    **Plaintiff** | : | |
| | | |
| **v.** | : | |
| | | |
| **CITY OF BRIDGEPORT; ET AL.** | | |
|    **Defendants** | : | MARCH 2, 2004 |

### PLAINTIFFS' MOTION FOR ORDERS AND OPPOSITION TO MOTION TO SET ASIDE DATED FEBRUARY 24, 2004

1. The present discovery closing date is March 12, 2004, by Order of the Court (no. 163) issued upon a Motion seeking amendment of the discovery deadlines by the Plaintiffs dated February 9, 2004.

2. The defendants filed a Motion to Set Aside dated February 24, 2004, seeking to have the Court vacate said Order. The Plaintiffs oppose hereby it.

3. The defendants' Motion to Set Aside is frivolous and dilatory.

4. The defendants had adequate time to be heard in opposition to Plaintiffs' Motion.

5. The defendants have stated no facts or law that would require that the Court vacate its order.

6. By filing the instant Motion to Set Aside, consisting of 13 pages of Memorandum with several dozens of pages of exhibits, and a Motion for a Protective Order regarding depositions (to which the Plaintiffs have filed a separate Opposition), the defense has once again succeeded in obstructing the Plaintiffs' discovery.

7. By filing the instant Motions, the defense has once again succeeded in diverting the available time of Plaintiffs' solo counsel away from the completion of discovery.

8. By filing the instant Motions, the defense has once again succeeded in forcing the Plaintiffs to expend substantial attorney time and costs to review and respond to frivolous and dilatory pleadings.

9. In asking this Court to set aside its present discovery orders, the Defendant offer nothing more than irrelevant and immaterial invective and false and misleading *ad hominum* attacks upon Plaintiffs' counsel, and rehashing of their opposition or noncompliance with the Plaintiffs' discovery, which have long been resolved, to wit:

    a) On page 2 of their Memorandum, the Defendants assert that the representation on page 2, footnote 1 of Plaintiffs' Motion dated February 9, 2004, that *"[t]he defendants made little discovery compliance, despite having made no objections to the requests, until the Court ordered compliance after a hearing on July 2, 2003,"* is false and misleading. In fact, the Plaintiffs served Interrogatories and Requests for Production dated February 18, 2003, on (only) the defendant <u>City</u>. On March 20, 2003, the City made partial objections, that (1) the timeframes covered by some of the requests were not clearly defined or burdensome, and (2) it wanted a protective order in order to disclose <u>certain</u>

(not all) documents related to settlements of other cases. Neither of these objections were as to the substance of, or to whole requests. At this point, the City was obligated to comply *to the extent that it had no objection* to making disclosures for at least some timeframes, <u>yet it did not make disclosures to that part to which it has no objection</u>. In addition, within two weeks (on or about April 1, 2003), Plaintiffs defined or limited the timeframes covered by their requests, and the City agreed to withdraw those objections and to fully comply. Then a protective order for certain settlement documents was granted, without objection by the Plaintiffs, resolving that issue, and <u>leaving no objections</u>. Still, <u>the City did not comply with the affected requests until after the Court issued its Orders on July 2, 2003</u> (and still has not fully complied). As to all three Defendants, on March 31, 2003, the Plaintiffs served each (including the City) with requests for production appended to Notices for their depositions. Many of these requests were similar or identical to the requests previously served on the City.[1] On April 30, 2003, despite the withdrawal of its objections to the February 18th requests, the City made the same (partial) objections to whatever deposition documents requests repeated the earlier ones, but again, it was al resolved. As of the convening of their depositions, the Defendants Michael Maglione and Earl Pettway had <u>not</u> served objections to the substance of these requests, but the parties' agreements about timeframes and the protective order rendered any objections on those bases moot. Yet, Maglione and Pettway

---

[1] They were served to try to obtain the documents for use in the depositions, so that the depositions could proceed whether or not the City had complied with the February 18, 2003 requests.

appeared for their depositions with no documents, i.e., not even complying to the extent that they (and the City) never had any objections. Furthermore, it appears as though these two defendants have made no actual compliance with document requests, as all production to date has been from <u>the City</u>. Therefore, the Plaintiffs' representation that *"[t]he defendants made little discovery compliance, despite having made no objections to the requests, until the Court ordered compliance after a hearing on July 2, 2003"* is truthful.

    b) On page 4 of the Defendants' Memorandum, as to defense counsel's vague invective about "only skimpy efforts" being made by the Plaintiffs before the Court issued Orders on July 2, 2003, the record of multiple Motions by the Plaintiffs for Orders of compliance, oppositions to frivolous and dilatory defense Motions for protective orders, the Plaintiffs' noticing and taking multiple depositions from March through July speaks for itself. Defense counsel's logic seems to be that the Plaintiffs and their counsel did not spend enough time banging on their doors to demand compliance. This turns the discovery rules on their head, as it is the parties served with requests and Notices of depositions – here, the Defendants – who at all times though trial have the duty to produce and comply with any request to which they cannot state a cognizable objection, *without the need for Motions and Orders.* Moreover, <u>whatever Plaintiffs' efforts were or were not then matters not since the Court issued its orders on July 2, 2003.</u> The defense states no justification for their repeated frivolous and dilatory defense filings that stayed and impeded their compliance with the Orders since.

4

c) On page 4 of the Defendants' Memorandum, defense counsel's observation that "protective orders in employment litigation are common as dirt" is meaningless, irrelevant, and not any kind of "fact" before this Court. By this definition, the defense appears to say that it matters not that they not only filed a Motion for a Protective Order that was denied for lacking any basis whatsoever, but that they demanded a stay of all discovery for two months, at a late stage of the discovery that had already been extended due to their noncompliance, based on representations that they has a bona fide basis for filing for the protective order. Even more incredible, the defense asks the Court to hold the fact that the Plaintiffs objected, apparently with a meritorious objection, against them as a dilatory tactic! Plaintiffs submit that all this does not matter in terms of what Orders the Court needs to make <u>now</u> to achieve the Defendants' compliance and attendance at depositions, except insomuch as this frivolous pleading about frivolous pleadings is only, again, impeding the discovery.

d) Also on page 4 of their Memorandum, defense counsel blame the two-month long stay, which they forcefully argued for and which the Plaintiffs vehemently objected to, on the *Plaintiffs.* Given the scope, size and complexity of their Motion and proposed Order, and the Opposition that was required, the time the Court took to rule is reasonable – or would defense counsel catch the Court in their net of blame for the results of their own conduct? Again, this is nothing that provides a reason for the Court to vacate its latest discovery orders, but it is a frivolous pleading about a frivolous pleading that is now impeding the discovery.

e) On page 4, footnote 4 of their Memorandum, defense counsel mischaracterize Plaintiffs' argument in her February 9th Motion which the present discovery orders were entered in response to, concerning their late "document dump" in December 2003. Plaintiffs clearly did not state that the Defendants made "the bulk of" their document production in December 2003. The Plaintiff's claim is clearly that the Defendants: (1) promised full compliance to Plaintiffs' counsel on April 1, 2003, then again, in defending against the Plaintiffs' Motions for Orders of compliance in the discovery hearing (or conference, as it were) on the record on July 2, 2003, then again in chambers discovery conferences in August and September 2003; (2) that defense counsel represented to the Court in July, August and September 2003 that they had produced "nearly everything," then "everything" their clients had; (3) that the defense then made an unannounced "dump" of several boxes full of thousands of documents, not catalogued or indexed to discovery requests, requiring substantial attorney an client time to sift through and over six hundred dollars to copy, only to discover that they contained almost nothing new, just thousands of duplicates of previously disclosed irrelevant materials, even thousands of duplicates of the irrelevant duplicates in that batch itself– a haystack with a few needles well buried, textbook discovery abuse, which does not provide a reason for the Court to vacate its latest discovery orders.

f) .On page 6 of the Defendant's Memorandum, defense counsel's invective that "Plaintiffs' disappointment that they do not have more damning documents to support their case is not the same as Defendants' noncompliance, no matter how often or

6

vehemently they insist that it is" misleads, in that the point is that the Plaintiffs: (1) do not know all of what damning documents and information exist because the defense will not comply fully, and (2) <u>at the Court's request</u> the Plaintiff provided a definite list dated August 18, 2003, of what they believe to be relevant and material documents, with citations to what source in the production and testimony thusfar adduced that identifies the listed items as existing in the Defendants' possession in the recent past. Contrary to defense counsel's claims now, the Court absolutely did state verbatim that said list was designated "the source document" for what the defense has yet to produce and was ordered to produce to complete discovery. That list in fact represented some concessions by the Plaintiffs from their original requests. The defense has simply not produced nearly all the items on the list, including several firehouse logbooks that are public archival records of the City. What is particularly not disclosed are those known items that would tend to corroborate the Plaintiffs' complaints and incidents of mistreatment of other women and protected class member on the Bridgeport Fire Department. It is incredible for the defense to now deny that the Court made its order or directive about the August 18, 2003 list. It is no basis for the Court to vacate its present discovery Orders.

    g)  Defense counsels' assertions on page 12 of their Memorandum that other legal actions that Plaintiffs' counsel has filed against the City on behalf of oehr unrelated persons does not provide them any justification for refusing to make disclosure that were long ago sought, long ago, ordered, denied a protective order against public access, and which are a matter of public record by state law anyway. <u>While this may reveal the</u>

7

<u>Defendants' true motive and intent for obstructing the discovery and filing this Motion</u> but a municipality's fear of more litigation by other persons over relatively mundane civil service matters is just not a cognizable objection to discovery. It provides no justification for the Court to vacate its current discovery orders which were not as to content, but only as to timeframes to depose the City and complete discovery.

      h) The Plaintiffs' efforts to depose Michael Maglione and defense counsel's obstruction are set forth in their separately filed

      i) The Plaintiffs tried to reconvene the deposition of the City February 26 and 27, 2004, even reserving a courthouse room, but defense counsel (of which there are a half dozen with appearances in this action) claimed to be unavailable and have to date not offered dates for any deposition be scheduled (Plaintiffs' counsel did request dates for the City, its expert witnesses, and the fact witnesses named in their February 9th Motion, without substantive response from defense counsel to date, except their unavailability for February 26, 27).

10. The rest of the Defendants' distorted assertions and invective is too extensive, and frankly, irrelevant and immaterial, to address point by point within any time to obtain Court intervention to obtain the Defendants' compliance within the instant discovery deadline. The Plaintiffs reserve additional argument for a hearing or conference on the matter, as previously requested by the defense, and seek limited relief for having their ability to conduct depositions derailed by the Defendants' frivolous and dilatory Motion to Set Aside.

8

**WHEREFORE,** the Plaintiffs seek:

1) An order denying the Defendants' Motion to Set Aside dated February 24, 2004; and

2) That the trial of this matter not be held until a reasonable time after the defendants have fully complied with the Court's prior orders of compliance with the Plaintiff's discovery requests, and the Plaintiff have been able to complete necessary depositions as previously set forth in their Motion dated February 9, 2003, and have adequate time to prepare for trial ; and

3) An order that the defendants and/or their counsel shall pay to the Plaintiffs' reasonable attorney's fees and costs of making this objection.

                           **FOR THE PLAINTIFFS,**

Dated_____                        _____

                                      Susan V. Wallace
                                    *~ Attorney at Law ~*
                                    11 Blue Orchard Drive
                                    Middletown, CT 06457
                                    Tel: (860) 704-0472  Fax: -0490
                                    law4us@rcn.com
                                    Fed Bar No. CT08134

**CERTIFICATION OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing Motion for Orders and Opposition has been served upon:

| | |
|---|---|
| Robert B. Mitchell, Esq. | John Mitola, Esq. |
| Margaret M. Sheahan, Esq. | John Bohannon, Jr., Esq. |
| Thomas F. Maxwell, Esq. | Office of the City Attorney |
| Pullman & Comley, LLC | City Hall Annex |
| 850 Main Street | 999 Broad Street |
| P.O. Box 7006 | Bridgeport, CT 06604 |
| Bridgeport, CT 06601-7006 | |

Richard Albrecht, Esq.
Cohen & Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604

on this ___ day of March, 2004, via

  ____ Regular U.S. Mail, first class, postage prepaid

  ____ U.S. Priority Mail

  ____ U.S. Express Mail or other overnight mail service

  ____ Facsimile

  ____ Hand-delivery

_____
Susan V. Wallace, Esq.