UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH SCHILLER<br>Plaintiff | : NO: 3:01cv00452(AVC)<br>  (ALL CASES) |
| | : |
| JOHANNA S. GEORGIA<br>Plaintiff | : |
| v. | : |
| CITY OF BRIDGEPORT; ET AL.<br>Defendants | : MARCH 2, 2004 |

**PLAINTIFFS' MOTION FOR ORDERS AND OPPOSITION TO
MOTION FOR PROTECTIVE ORDER DATED FEBRUARY 24, 2004**

1. On February 19, 2004, the Court issued an order (no. 161) granting the Plaintiffs' "Motion for Amendment of Discovery Closing Date and Pretrial Orders and for Orders Re: Depositions" dated February 9, 2004, amending the discovery closing date for Plaintiffs to complete depositions, including that of the defendant Michael Maglione.

2. The defense now comes seeking another frivolous protective order, this time regarding the short completion of the deposition of Michael Maglione. Defense counsel did not consult Plaintiffs' counsel before filing their Motion.

3.      The defendants' Motion seeks limits on the Plaintiff's discovery that are unwarranted by any conduct by Plaintiffs' counsel, without any basis in the Fed. R. Civ. Pro. and Local rules, and thus is frivolous and dilatory.

4.      The record in this action shows that the Plaintiffs have made diligent efforts to depose Maglione since March 2003, to wit, filing several Motions and requesting discovery conferences with counsel and the Court to try to obtain requested production of documents needed to depose Maglione. The record also show several orders of compliance and extensive efforts by the Court to induce compliance by the defense, and repeated filings of frivolous and dilatory Motions and Objections thereto by the defense.

5.      The record also shows that the defense counsel Robert Mitchell and Margaret Sheahan have repeatedly disrupting depositions with suggestive colloquy, and instructing their clients and their clients' employees not to answer in depositions. The record shows that most of those instructions were made without even an assertion of privilege.

6.      The record also shows that defense counsel have unilaterally terminated depositions four times now without any assertion of privilege.

7.      The record also shows that none of said conduct by the defense was justified or necessitated by any misconduct on the part of Plaintiffs' counsel, and that on each occasion, having reserved their objections for trial, if the defense had an objections, it could have been simply stated "as to form," and addressed later, with adequate means of redress available therefor.

8.	The disruptive argument and unilateral termination by defense counsel Robert Mitchell of the deposition of Maglione on February 13, 2004, was again purely of defense counsel's own making. Defense counsel fails in his current Motion to append or cite to <u>the transcript</u>, which clearly shows his misconduct and also shows that he has made false and misleading representations to the Court about the conduct of Plaintiffs' counsel in his supporting Memorandum. A copy of the pertinent portion of the transcript is appended to the Plaintiff's supporting Memorandum.

9.	Defense obstruction and abuses are prejudicing the ability of Plaintiffs' counsel, who is a solo practitioner, to obtain discovery needed for Plaintiffs' claims and to be able to adequately rebut defenses, and to devote the time necessary at this late date and as a, adequate time to prepare for dispositive motions, jury selection, trial motions and instructions, and witnesses and evidence for trial itself.

10.	The defendants' proposed protective order as to depositions is fundamentally unfair and unjust, as it would unduly restrict allowable discovery <u>only for the Plaintiffs</u>, who are the only parties who still have depositions to take. The Plaintiffs are the only parties to be exposed to the proposed protective order only because they have been delayed in completing depositions by a year of repeated defense noncompliance and dilatory conduct that has been the subject of several orders of compliance by the Court. The proposed orders are manifestly unjust, because they would allow the defense to reap the benefit of having obtained their discovery with the Plaintiffs' compliance and free of the undue restrictions they seek to impose at this late date.

**WHEREFORE,** the Plaintiffs seek:

1) An order denying the Defendants' Motion for Protective Order dated February 24, 2004; and

2) An order that the Plaintiffs shall be permitted and afforded the amount of time, in addition to what is already allowed by the Fed. R. Civ. Pro., spent deposing Michael Maglione when he failed to comply with document production requests for his deposition sessions in April and May 2003, and for defense counsels' disruptions of his deposition; and

3) That the trial of this matter not be held until a reasonable time after the defendants have fully complied with the Court's prior orders of compliance with the Plaintiff's discovery requests, and the Plaintiff have been able to complete necessary depositions as previously set forth in their Motion dated February 9, 2003, and have adequate time to prepare for trial ; and

4) An order that the defendants and/or their counsel shall pay to the Plaintiffs' reasonable attorney's fees and costs of making this objection, and for the additional time required to depose Maglione as a result of his/his counsel's misconduct in his deposition.

**FOR THE PLAINTIFFS,**

Dated 3/2/04

Susan V. Wallace
~ *Attorney at Law* ~
11 Blue Orchard Drive
Middletown, CT 06457
Tel: (860) 704-0472  Fax: -0490
law4us@rcn.com
Fed Bar No. CT08134

4

**CERTIFICATION OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing Opposition and Motion for Orders has been served upon:

Robert B. Mitchell, Esq.
Margaret M. Sheahan, Esq.
Thomas F. Maxwell, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

John Mitola, Esq.
John Bohannon, Jr., Esq.
Office of the City Attorney
City Hall Annex
999 Broad Street
Bridgeport, CT 06604

Richard Albrecht, Esq.
Cohen & Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604

on this 2nd day of March, 2004, via

____ Regular U.S. Mail, first class, postage prepaid

____ U.S. Priority Mail

____ U.S. Express Mail or other overnight mail service

____ Facsimile

____ Hand-delivery

_____
Susan V. Wallace, Esq.