

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA,<br>          Plaintiff,<br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br>          Plaintiff,<br>VS. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC) |
| CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br>          Defendants. | (CONSOLIDATED)<br><br>March 5, 2004 |

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
## TO MOTION FOR PROTECTIVE ORDER

The protective order requested in this case asks only that undersigned counsel be permitted to review documents, previously unseen, which are presented to his client during a deposition without prior notice. Defendants contend that counsel has a right to review such papers before questions are asked of the deponent about them. If Plaintiffs' counsel is allowed to question a party defendant absent such review, the defense attorney is left to defend his client in the dark.

Defendants also argue that it would be inappropriate for the review at issue here to be compelled "off the record," and thus not counted against the examining attorney's seven hour allocation under the rules. This is true for two reasons. First, generally if an examining attorney chooses to present a surprise document, it is wholly unfair to ask the Defendant/deponent to bear the "cost" of the decision not to reveal it beforehand. The purpose of the seven hour limitation of Fed. R. Civ. P. 30(d)(2) is to expedite proceedings by limiting the needless time consumption that has plagued litigants in the past. Second, and more specifically, off-the-record sessions between counsel in this case have resulted in repeated threats that misconduct grievances would be filed and, in one case, that a criminal prosecution would be leveled against defense counsel. As a result, defense counsel has made a conscious decision not to communicate with the Plaintiffs' attorney except "on the record" either via correspondence, through transcribed conversations or directly in the presence of the Court. We regret having to behave in as manner so contrary to custom, and to impose the resulting burden on the Court. However, the Court having heard several of Plaintiffs' Counsel's attacks on various other attorney's in this case, we are hopeful that it will understand our reasons.

The requested protective order should be granted to insure the fair and proper conduct of not only the Maglione deposition, but also of other depositions yet to be taken. Obviously, if a document is presented that Plaintiffs' counsel believes the defending attorney has spent too much time reviewing, she has every right to ask the Court for additional time to question the witness.

Although Defendants regret having to burden the Court any further respecting this protective order request, the Plaintiffs' Opposition Memorandum contains several factual misrepresentations that impugn the integrity of Defendants and their attorneys. This "Alice in Wonderland" recasting of fact is something that we cannot leave unanswered on the record.

First, Plaintiffs' cousel contends that the undersigned lied about his lack of knowledge of the fifty page CHRO response presented to Defendant Maglione at his deposition. She charges that the undersigned *must* have known the contents of the document because it concerned disability discrimination claims brought by Plaintiff Georgia, and because the undersigned has been copied on correspondence with the City Attorney's office about some aspects of that matter. Plaintiffs' Opposition Memorandum at 4-6. In fact, however, while the undersigned is *generally* kept abreast of developments in Plaintiff Georgia's other proceedings against the City, the defense of her disability claim has been carried on solely by the City Attorney's Office. The City Attorney's Office minimizes the use of outside counsel whenever possible as a matter of economy. The undersigned has neither appeared in that case nor participated in its defense. The accusation that the undersigned lied to this Court when he denied having ever reviewed the City's Georgia CHRO disability claim response is a falsehood drawn out of a gross misconception of my role in the handling of Plaintiffs' counsel's various clients' claims against the Bridgeport Fire Department.

Second, Plaintiffs' Opposition brief continues to chant Defendant discovery misconduct, obstructionism and bad faith, like a holy mantra, apparently in the hope of convincing the Court of its truth by the weight of sheer repetition. The claim is and remains untrue. The conduct is beneath contempt and grows ever more tiresome. As has been detailed to this Court on several occasions, the Defendants and their attorneys have done their utmost to meet their discovery obligations completely and in good faith. If Plaintiffs' counsel has any <u>evidence</u> to support her charges, anything except her own bald assumptions, to demonstrate these charges are true, defense counsel would investigate and respond. Her harping, however, seems to be supported only by her inability to uncover any "smoking gun" of Defendant misconduct. The Plaintiffs' discovery misconduct charges seem to be supported only by the fact that the thousands of document pages turned over to Plaintiffs have included no real evidence of wrongdoing by any of the Defendants. Perhaps rather than assuming something is being hidden from them, the Plaintiffs should consider the possibility that Defendants have not turned over any such evidence because none exists; none of the Defendants has done anything wrong; and that their case is meritless.[1]

Finally, the Plaintiffs' Opposition brief also factually misrepresents both the position taken by defense counsel at the Maglione deposition and how the undersigned handled the matter afterwards. Specifically, Plaintiffs' counsel alleges that defense counsel improperly demanded to read the document that was presented to his client as deponent, improperly

---

[1] We note that Donald Day, who clearly did act improperly, is no longer a party to this case.

suspended the deposition and then declined to attempt an informal resolution with Plaintiffs' counsel before filing for a protective order. Each of her assertions is false or ill-informed.

The very transcript extracts submitted by Plaintiffs with their Opposition Memorandum contradict their story of defense unreasonableness. In the course of accusing defense counsel with wasting deposition time by refusing to review the document off the record, the brief neglects to point out that the undersigned twice suggested that if the time spent reviewing the document seemed excessive, the Court could be asked for more time to depose the witness. See Maglione Depo Transcript, attached to Plaintiffs' Opposition Memorandum, pg. 3, lines 22-23; pg. 4, lines 13-15. It is true that I was unwilling to go off the record to review the document. I have already noted my reasons for taking that position above.

There was no misconduct in suspending the Maglione deposition in order to seek a protective order. Plaintiffs' counsel apparently does not realize or chooses to ignore the fact that suspension is the appropriate way of addressing such issues under the Rules. Fed. R. Civ. P. 30(d)(4).

The claim that the undersigned did not communicate with Plaintiffs' counsel before filing the protective order request is a blatant untruth. Attached to this brief is a copy of an e-mail sent to Plaintiffs' counsel in an effort to avoid the necessity of filing the pending motion. It was never answered. The Court will note that the e-mail was sent on February 18th, while the protective order request was not mailed out until February 24th, six days later.

Defendants seek this protective order to avoid unreasonable annoyance, embarrassment and oppression of party deponents. While it is difficult to fathom the Plaintiffs' counsel's refusal voluntarily to allow the record document review, it is submitted that this refusal requires that the Court step in to protect the fundamental fairness of the discovery process.

By: _____
Margaret M. Sheahan, ct05862
Robert B. Mitchell, ct02662
For: Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
(203) 330-2000
Facsimile (203) 576-8888

ATTORNEYS FOR:
CITY OF BRIDGEPORT,
EARL PETTWAY and
MICHAEL MAGLIONE

## Paliani, Elisa M.

**From:** Mitchell, Robert B.
**Sent:** Wednesday, February 18, 2004 2:59 PM
**To:** 'law4us@rcn.com'
**Subject:** Maglione Deposition

Dear Susan:

As you are aware, I suspended Chief Maglione's deposition last Friday in order to file for a protective order that would require you to allow me to read the lengthy City response to what I believe is the Georgia ADA CHRO complaint before you questioned the Chief about it. I took that action pursuant to FRCP Rule 30(d)(4). I did so reluctantly, but I was unwilling to have a client interrogated about a document that I had not had a chance to read.

Although the rules might prohibit the witness and his/her attorney from discussing the contents of any such documents during the course of the witnesses testimony, unless some sort of privilege issue arises, I do believe that I was entitled to review the papers in full prior to your questioning Chief Maglione. See Hall v. Clifton Precision, a Division of Litton Systems, Inc., 150 F.R.D. 525 (E.D. Pa. 1993). I have drafted a request for a protective order, but, frankly, I have no desire to further burden the Court with our disagreements, especially when I believe that the answer is so clear.

If you can agree not to try and preclude me from reviewing any such documents on the record in the future, I will certainly refrain from submitting this matter to the Court. If we can agree on this point, I will proceed with the remainder of Chief Maglione's deposition whether the Court grants your pending motion for additional discovery time or not, since I belileve that you would have been able to complete the Chief's depostion within the allotted but for my suspension of the testimony.

Yours,
Bob Mitchell

1

## CERTIFICATION

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on March 5, 2004 to all counsel and pro se parties of record.

Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

John R. Mitola
John P. Bohannon, Jr.
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

Richard L. Albrecht
Cohen and Wolf, P.C.
1115 Broad Street
P.O. Box 1821
Bridgeport, CT 06601-1821

Robert B. Mitchell

STFD/67551.1/RXM/311941v2