# Susan V. Wallace
~ *Attorney at Law* ~

11 Blue Orchard Drive
Middletown, Connecticut 06457

tel: (860) 704-0472, fax -0490
email: law4us@rcn.com

## FACSIMILE TRANSMITTAL SHEET

**REC'D & FILED**
**MAY 23 2003**
FREEDOM OF INFORMATION COMM.
BY ___

TO: _CT FOIC_

No. _8605666474_

Date: _5/23/03_

RE: _O'Connell v Bpt Bd of Fire Cmsrs, et al_

No. of pages (including cover sheet): (13)
If less than all pages are received, please call the above number.

Message: _Notice of Complaint w/ Exhibits w/ Appearance of Counsel_

Note: This message is intended only for the use of the individual or entity to which it is addressed, and contains information which is confidential, privileged and exempt from disclosure under applicable law. Gentle Reader, if you are not the person this message is addressed to, or that person's employee or agent responsible for delivering this message to the person to whom it is addressed, then you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you for your consideration and honesty!

# Susan V. Wallace
~ *Attorney at Law* ~

11 Blue Orchard Drive
Middletown, Connecticut 06457

tel: (860) 704-0472, fax -0490
email: law4us@pro.com

May 23, 2003


REC'D & FILED
MAY 23 2003
FREEDOM OF INFORMATION COMM
BY_____

Connecticut Freedom of Information Commission
18-20 Trinity Street
Hartford, CT 06106

Re:  Elizabeth O'Connell vs.
     Bridgeport Board of Fire Commissioners and City of Bridgeport

Dear Sir or Madam Clerk:

Please enter my appearance on behalf of Complainant Elizabeth O'Connell in this appeal.

Very truly yours,

*Susan V. Wallace*



STATE OF CONNECTICUT
FREEDOM OF INFORMATION COMMISSION

ELIZABETH O'CONNELL            : NOTICE OF COMPLAINT
    Complainant
                                   :

    v.

BRIDGEPORT BOARD OF FIRE       :
COMMISSIONERS and CITY OF
BRIDGEPORT
    Respondents                :  MAY 23, 2003

I.   SUMMARY OF CLAIMS

    Complainant complains of two types of violations of the Connecticut FOIA by the respondents:

    A.   Violation of the Act's open or public meeting requirements; and

    B.   Violation of the Act's public records requirements.

II.  FACTS

    1.   The respondent Bridgeport Board of Fire Commissioners (hereinafter, "the Board") is a "public agency" or "agency" as defined by Conn. Gen. Stat. § 1-200(1).

    2.   The Board is charged with oversight of the operations of the Bridgeport Fire Department and the conduct of the Bridgeport Fire Chief, and with supporting Fire Department employees in the performance of their duties. The Board is charged with setting policy and procedures for the Fire Department, and hearing and ruling on grievances brought by Fire Department employees concerning the terms and conditions of their employment, the operations of the Fire Department, and the conduct of the Fire Chief.

    3.   Each respondent is a "person" as defined by Conn. Gen. Stat. § 1-200(4).

    4.   Complainant is a "person" as defined by Conn. Gen. Stat. § 1-200(4).

REC'D & FILED
MAY 2 3 2003
FREEDOM OF INFORMATION COMM.
BY

5.  The Respondent City of Bridgeport controls the respondent Board's activities, to wit, the Fire Chief determines whether the Board will meet, and at his direction, Fire Department personnel create and distribute meeting agendas, and the records of Board meetings. The Board's Clerk is Deputy Fire Chief Wallace Thomas, who is employed in the Bridgeport Fire Department as chief of administration and recordkeeping and directly answerable to Maglione. Lieutenant Gary Boros, a fire officer who occupies a civil service administrative position, supervised by Wallace Thomas and Maglione, drafts and distributes the Board's agendas and minutes, and responds to FOI requests to the Board, from Fire Department Headquarters at 30 Congress Street, Bridgeport. See appended Exh. C. Complainant knows of no other address for the Board.

6.  Complainant is employed as a firefighter with the City of Bridgeport in its Fire Department, and is the mother of an infant whom she is breastfeeding and expects to continue to breastfeed for approximately another six months.

7.  The Commission can take notice of the common knowledge in the public realm on the health benefits of breastfeeding to both children and women.

8.  With the passage of Connecticut P.A. 01-182,[1] requiring employers to accommodate breastfeeding; Conn. Gen. Stat. § 46a-64, prohibiting a place of public accommodation, resort or amusement from restricting or limiting the right of a mother to breast-feed her child; and § 53-34b, criminalizing restricting or limiting a mother's right to breastfeed her child, the State of Connecticut has expressed its strong and unequivocal public policy of supporting and encouraging breastfeeding of its children.

---

[1] Public Act No. 01-182, "An Act Concerning Breastfeeding In The Workplace ... (NEW) (a) Any employee may, at her discretion, express breast milk or breastfeed on site at her workplace during her meal or break period. (b) An employer shall make reasonable efforts to provide a room or other location, in close proximity to the work area, other than a toilet stall, where the employee can express her milk in private. (c) An employer shall not discriminate against, discipline or take any adverse employment action against any employee because such employee has elected to exercise her rights under subsection (a) of this section. (d) As used in this section, "employer" means a person engaged in business who has one or more employees, including the state and any political subdivision of the state; "employee" means any person engaged in service to an employer in the business of the employer; "reasonable efforts" means any effort that would not impose an undue hardship on the operation of the employer's business; and "undue hardship" means any action that requires significant difficulty or expense when considered in relation to factors such as the size of the business, its financial resources and the nature and structure of its operation. (Approved July 6, 2001).

2

REC'D & FILED
MAY 2 3 2003
FREEDOM OF INFORMATION COMM.
BY:

9. Also known in the scientific literature and common knowledge is that certain contaminants pass through the mother's exposure into her breast milk, to be consumed by the tender infant, where adverse health consequences can be magnified.

10. Complainant was on maternity leave starting on her delivery date October 19, 2002, and was scheduled to return to work on the evening of April 24, 2003, performing "line" firefighting duty in her regularly assigned firehouse.

11. On January 22, 2003, Complainant made the first of several written and oral requests to the Bridgeport Fire Chief Maglione and Deputy Fire Chief Patrick Shevlin for accommodation in her employment of her breastfeeding following her return from maternity leave, chiefly, assignment to other than "line duty" firefighting for the duration of her term of breastfeeding, and assignment outside various firehouses in Bridgeport that are contaminated with, among other substances, mold, asbestos, and unacceptable amounts of diesel particulate from the exhaust of fire trucks operated inside their premises.[2]

12. In support of her accommodation request, Complainant provided Chiefs Maglione and Shevlin with documentation from her lactation physician, who is a well-regarded expert on human lactation. The physician proscribes no firefighting during the lactation period, for two reasons: (a) the possible passage into the breast milk of contaminants and disease a firefighter is routinely exposed to; and (b) stresses on maternal health and interference with breast milk production from the physical demands of firefighting.[3]

13. Having received no response to her breastfeeding accommodation request by January 31, 2003, Complainant filed a grievance[4] seeking: (a) resolution of her

---

[2] Connecticut OSHA has been conducting inspections of the very firehouse to which complainant is regularly assigned, and upon information and belief, preliminary findings are that it contains unacceptable levels of harmful contaminates.

[3] Among the common, daily exposures a firefighter may have are toxic vapors, smoke, heavy diesel particulate from fire trucks, chemicals, and blood and body fluids which may contain communicable diseases including hepatitis and HIV. Line firefighting will not allow predictable rest and predictable opportunities to pump breast milk. Firefighting uniforms and equipment, with straps and gear pockets that press down on the breasts, can cause serious infection and interfere with milk production.

[4] The Bridgeport labor agreement provides that grievances are heard by the Board of Fire Commissioners.

3

REC'D & FILED
MAY 2 3 2003
FREEDOM OF INFORMATION COMM
BY

accommodation request, and (b) promulgation by the Board of a policy on accommodation of breastfeeding by female Fire Department employees.

14. The Board purports to hold regular public meetings within the meaning of Conn. Gen. Stat. § 1-200(2) on the third Wednesday of each month from September to June. However, the Board has a longstanding practice of deviating from its noticed regular public meeting schedule, by canceling public meetings with little or no prior notice (see Exh. C), and no records kept, to wit:

    (a) According to Board minutes, it failed to hold regularly scheduled meetings in March 2002, May 2002, November 2002, January 2003, and April 2003 due to "lack of a quorum." The Board has failed or refused to produce copies of minutes for 2001, see below, but the 2001 agendas disclosed by the Board are missing the months of April and October 2001.[5]

    (b) Fire Department personnel set the agenda and noticed a regular public meeting of the Board for March 19, 2003 at 6:00 p.m., at which it was to consider Complainant's grievance of the breastfeeding issue. The minutes of that meeting do not record anything about Complainant's grievance.

    (c) Fire Department personnel set the agenda and noticed a regular public meeting of the Board for April 23, 2003 at 6:00 p.m., at which it was to consider Complainant's grievance of the breastfeeding issue. That meeting was canceled without having been called to order, or adjourned or continued.

    (d) Fire Department personnel set the agenda and noticed a regular public meeting of the Board for May 21, 2003, at which it was to consider Complainant's grievance of the breastfeeding issue. However, as late as the afternoon of May 20th, Complainant's union representative reported to her that he tried to obtain an agenda but was informed that none was available, that Complainant's grievance would be heard, but that it would not be specifically listed on the agenda for May 21, 2003.

15. On or about April 22, 2003, the Bridgeport firefighters' union president informed Complainant that Fire Department officials informed him that the Board would convene in its regular meeting on April 23rd in executive session to discuss her grievance.

---

[5] Upon request, Complainant can furnish copies of all Board records disclosed pursuant to her FOI requests.

**REC'D & FILED**
**MAY 23 2003**
FREEDOM OF INFORMATION COMM.

16. At approximately 6:10 p.m. the evening of April 23, 2003, Attorney Marilyn Flores of the City of Bridgeport Labor Relations Department sent an email message to Complainant at her home, directing her to appear at 9:00 a.m. on April 25, 2003, for one week of office work in the Fire Department Administration office. The email specifies that after those was only a temporary assignment, for one week. Flores's email indicates it was copied to the City's Labor Relations head and Fire Chief Maglione.

17. In assigning Complainant to temporary work in the Fire Department Administration office pending the Board hearing her request for accommodation of her breastfeeding, the Chief placed her under the direct supervision of the Board's Clerk, Dep. Chief Wallace Thomas, and under the person who makes the meeting agendas and responds to FOI requests for the Board, Fire Lieutenant Gary Boros.

18. The undersigned counsel immediately emailed the three City officials, informing them of her representation of Complainant with regard to possible violations of her civil rights under laws outside the union contract; that the undersigned counsel, Complainant and her union representative would be attending the Board meeting the next night; and that Complainant was invoking her right under Conn. Gen. Stat. § 1-200(6)(A) to require that discussion of her grievance be held as an open meeting on April 23rd.

19. Throughout these events, Complainant (whose former surname is Schiller) has had a lawsuit pending in the United States District Court for Connecticut together with another female firefighter, alleging that they and other female firefighters have been subjected to sexual harassment, sex discrimination, and other civil rights violations in their employment, and retaliation for trying to protect their rights. See Elizabeth Schiller and Johanna Georgia v. City of Bridgeport, Michael Maglione, et al., (consolidated) docket no. 3:01CV-00452(AVC).

20. On the afternoon of April 23, 2003, the undersigned counsel met with counsel for the City of Bridgeport and Chief Maglione in an effort to obtain compliance with her document requests in the pending federal lawsuit. In attendance[6] were the attorneys representing the City and Maglione, John Mitola from the Office of the City Attorney, and Robert Mitchell, Margaret Sheahan, and paralegal Lisa Paliani from the law firm of Pullman & Comley.

---

[6] Also present at this discovery meeting on April 24, 2003, was "provisional" Deputy Fire Chief Patrick Shevlin, according to the City's counsel, as "the person who knows where the documents are."

5

07/17/2003 09:14 FAX 203 333 4940    BPT FIRE DEPT                                    ☒024
Case 3:01-cv-00452-AVC   Document 210-4   Filed 10/27/2004   Page 8 of 17
05/23/2003  09:58  9607040490                  S.V. WALLACE                        PAGE  08

REC'D & FILED
MAY 2 3 2003
FREEDOM OF INFORMATION COMM.
BY

21.  At about 3:00 p.m., Maglione stated that the Board of Fire Commissioners would not be meeting that evening. The reason given by Maglione was that the Board would not have a quorum. Maglione stated that the Board would next meet on the third Wednesday of May 2003.

22.  The undersigned Complainants' counsel had a copy of the Connecticut Freedom of Information Act with her, and attempted to point out to the attorneys present the requirements under Conn. Gen. Stat. § 1-228 (formerly § 1-21d)[7] and §1-229 (formerly § 1-21e)[8] to properly adjourn or continue public meetings. The undersigned Complainants' counsel also pointed out the necessity of a timely decision on her grievance, given that this was the eve of her scheduled return to work.

23.  Attorneys Mitola, Mitchell and Sheahan insisted that adherence to Conn. Gen. Stat. §§ 1-228 and 1-229 was unnecessary and told the undersigned counsel to "file a complaint with the Freedom of Information Commission."

24.  Attorney Robert Mitchell expressly stated that the Board had no duty to inform the Complainant of the cancellation of the meeting and that he did so "only as a courtesy in light of counsel's childcare issues."

---

[7] Sec. 1-228. (Formerly Sec. 1-21d). Adjournment of meetings. Notice. The public agency may adjourn any regular or special meeting to a time and place specified in the order of adjournment. Less than a quorum may so adjourn from time to time. If all members are absent from any regular meeting the clerk or the secretary of such body may declare the meeting adjourned to a stated time and place and shall cause a written notice of the adjournment to be given in the same manner as provided in section 1-225, for special meetings, unless such notice is waived as provided for special meetings. A copy of the order or notice of adjournment shall be conspicuously posted on or near the door of the place where the regular or special meeting was held, within twenty-four hours after the time of the adjournment. When an order of adjournment of any meeting fails to state the hour at which the adjourned meeting is to be held, it shall be held at the hour specified for regular meetings, by ordinance, resolution, by law or other rule.

[8] Sec. 1-229. (Formerly Sec. 1-21e). Continued hearings. Notice. Any hearing being held, or noticed or ordered to be held, by the public agency at any meeting may by order or notice of continuance be continued or recontinued to any subsequent meeting of such agency in the same manner and to the same extent set forth in section 1-228, for the adjournment of meeting, provided, that if the hearing is continued to a time less than twenty-four hours after the time specified in the order or notice of hearing, a copy of the order or notice of continuance of hearing shall be posted on or near the door of the place where the hearing was held immediately following the meeting at which the order or declaration of continuance was adopted or made.



25. The undersigned counsel had not expressed any "childcare issue" that would prevent her from attending the Board meeting that evening, and told all present that, per the prior email message to City Attorney Flores, et al., Complainant, her counsel; her union representative, and others would be appearing at the appointed time and place that evening expecting compliance with the FOI Act, specifically, that, at a minimum, the Board would call itself to order on the record, then either proceed to meet, or adjourn or continue Complainant's grievance hearing as provided by the law.

26. Fire Chief Maglione left the room indicating he would contact the Fire Commissioners. He quickly returned stating that there would be no meeting, but the Board would convene and make a record at the scheduled place and time that evening in compliance with the Act.

27. The City and Maglione's counsel repeatedly and vociferously told the undersigned Complainant's counsel that they and their clients will not recognize her as Complainant's legal representative with regard to any civil rights and statutory claims related to the breastfeeding issue, <u>which they expressly specified as including an FOI appeal</u> of the conduct of the Board.

28. At approximately 5:40 p.m. on April 23, 2003, Complainant, her union representative, her counsel, a reporter from the Connecticut Post newspaper, and the Administrative employee of the Bridgeport Fire Department who prepares and disseminates the Board's agendas, appeared in the noticed meeting room for the noticed 6:00 p.m. regular meeting.

29. The meeting room was neatly set in preparation for a meeting, with agendas for distribution and a packet of documents at the seat of each Fire Commissioner. A tape recorder was set up with a tape.

30. About 6:05 p.m., Fire Chief Maglione, Deputy Fire Chief Patrick Shevlin, Fire Lieutenant Ina Anderson, City Attorney John Mitola, Deputy Fire Chief/Board Clerk Wallace Thomas and only one Fire Commissioner arrived. At 6:12 p.m., Maglione stated to all present that there would not be a meeting. There was no call to order, vote, or meeting procedure of any kind. No Fire Commissioner or Clerk spoke.

31. Despite the fact that there were several grievances on the agenda, only one other grievant was present, a retired firefighter. After the Fire Chief made his announcement, City Attorney John Mitola informed this grievant "We called everyone's attorneys and told them." This grievant stated that he had been waiting some time for a

7



hearing and asked when the Board would meet again. Attorney Mitola replied "*We'll let your attorney know.*"

32. On May 5, 2003, Complainant made a written request to Gary Boros for advance written notification of all future meetings of the Board, and for copies of all agenda and minutes for all of 2002 and 2003, and specification of what meetings have been canceled and for what reason they were canceled. Exh. A. On May 6, 2003, Complainant made the same request for the year 2001. Exh. B. On May 16, 2003, Complainant asked Gary Boros in a telephone call whether the agenda for the May 21st meeting was available, and Boros said it was not. On May 20, 2003, Complainant left a phone message for Gary Boros by telephone seeking the agenda, which was not returned. Late that day, Complainant's union representative informed her that he had requested that she be placed on the agenda, and that he saw a copy of the agenda for May 21st and her name does not appear on it.

33. On May 21, 2003, at 6:00 p.m., Complainant's union representative appeared on her behalf[9] for the regular meeting of the Board. The Board met in public session and discussed her grievances. The Board treated her accommodation request as "moot" on the purported basis that the City had already determined and provided accommodation to her, which Complainant refutes.

34. The Board declined to consider the other part of her grievance, requesting it to establish a breastfeeding accommodation policy for the Fire Department, on the purported basis that it has no ability to do so, which Complainant refutes.

35. To date, Complainant has not received a copy of any Board agenda for all of 2001, April 2001, October 2001, March 2002, May 2002, November 2002, and January 2003; and no minutes for all of 2001.

### III. LEGAL CLAIMS

#### A. Public hearing violations

36. The activities of the Fire Chief and Fire Commissioners on March 19, April 23, and May 21, 2003, constituted a "meeting" or "other proceeding" pursuant to

---

[9] Complainant could not personally attend because her mother lay dying in a hospital.

8

REC'D & FILED
MAY 23 2003
FREEDOM OF INFORMATION COMM.
BY

Conn. Gen. Stat. §1-200(2) (formerly §1-18a(2)). See <u>Emergency Medical Services Commission of the Town of East Hartford v. FOIC</u>, 19 Conn. App. 352 (1989).[10]

37.   As described herein, the Board fails to hold regular public meetings as required by Conn. Gen. Stat. § 1-230 (formerly § 1-21f).

38.   As described herein, the respondents have denied Complainant the right under Conn. Gen. Stat. § 1-200(6)(A) to have discussion of her grievances at an open meeting three times - on March 19, 2003, April 23, 2003, and May 21, 2003.

39.   As described herein, the respondents acted on, or approved action on, Complainant's grievances without holding an open, public meeting per her request under Conn. Gen. Stat. § 1-200(6)(A).

40.   In advance of the April 23rd public meeting, without a vote by two-thirds of the members of such body present and voting at a public meeting and stating the reasons for such executive session per § 1-200(6), Fire Department personnel announced that the Board would discuss Complainant's grievances in <u>executive session</u>. In violation of Conn. Gen. Stat. § 1-206(b)(1) (formerly § 1-21i), when Complainant invoked her right under the FOIA to demand an open meeting, the meeting was canceled, to deny her a public hearing of her grievance.

41.   The failure of the Board to meet on April 23, 2003 was not an "adjournment," because one Fire Commissioner (and the Board's Clerk) were present, and, (a) while the Board could have called an adjournment for lack of a quorum, the member said nothing; and (b) the member's presence and the clerk's silence precluded the

---

[10] "In determining whether a meeting of less than a quorum of members of a public agency constitutes a 'meeting' or 'other proceeding' pursuant to §1-200(2), G.S. [formerly §1-18a(2), G.S.], the most relevant precedents are two decisions of the Appellate Court, <u>Emergency Medical Services Commission of the Town of East Hartford v. FOIC</u>, 19 Conn. App. 352 (1989), and <u>Town of Windham v. FOIC</u>, 48 Conn. App. 529 (1998). It is concluded that <u>Emergency Medical Services</u> construes §1-200(a), G.S. [formerly §1-18a/2), G.S.], to include in the definition of 'meeting' a hearing or proceeding in which a quorum of the agency is not present, while <u>Town of Windham</u> concludes that without a quorum there can be no meeting. The Supreme Court declined to clarify the conflict between these two Appellate Court decisions [249 Conn. 291 (1999)]. Accordingly, pending resolution of this conflict by the Supreme Court, the Commission continues to believe that <u>Emergency Medical Services</u> provides the more persuasive construction of §1-200(2), G.S. [formerly §1-18a(2), G.S.]." <u>Dee v. First Selectman, Town of Madison</u>, FIC 1999-038 (January 12, 2000).

9



REC'D & FILED
MAY 2 3 2003
FREEDOM OF INFORMATION COMM.
BY

alternative method of adjournment, which requires that "*all* members are absent from any regular meeting," and that "the clerk or the secretary of such body" declares the meeting adjourned. Conn. Gen. Stat. § 1-228 (formerly § 1-21d).

42.   If the April 23, 2003 meeting was a "continued hearing" pursuant to Conn. Gen. Stat. §1-229 (formerly § 1-21e), then the respondent Board failed to issue a proper notice of continuance.

43.   By refusing to meet publicly on Complainant's grievances, the Bridgeport Board of Fire Commissioners impaired her rights to an orderly and timely pursuit of her grievances and impaired her statutory right to accommodation in her employment for her breastfeeding. The harm cannot be mitigated by Complainant except by not working her job, which directly contravenes the purpose the law requiring employers to accommodate breastfeeding, which is to protect employees from having to choose between their job and the health of their children and themselves.

44.   By directing last minute cancellations of noticed public meetings, without proper notice and procedure, the City and its Fire Chief delay or avoid public hearings and oversight of controversial employee grievances and claims adverse to or opposed by the Fire Chief and the City, all to the detriment of employees of the Bridgeport Fire Department, Complainant, and the citizens of Bridgeport.

### B.   Public records violations

45.   As described herein, the Board fails to maintain complete and accurate records of its meetings as required by Conn. Gen. Stat. § 1-225 (formerly § 1-21).

46.   As described herein, the Board failed to disclose public records and provide timely advance notices as required by Conn. Gen. Stat. §§ 1-206 (formerly 1-21i), 1-210 (formerly 1-19) and 1-227 (formerly 1-21c).

## IV.   REMEDIES SOUGHT

47.   The Commission recently levied civil penalties and strong admonishments against the City of Bridgeport and its attorneys for flagrant violations of the Connecticut FOIA and misconduct before the Commission, and directed the City and its attorneys to fully comply with all provisions of the Connecticut FOIA. Brown v. Lupkas, FIC 2002-034 (June 26, 2002).



REC'D & FILED
MAY 23 2003
FREEDOM OF INFORMATION COMM

48. Complainant asks the Commission to direct the respondent Board to notice, hold and record its meetings consistent with the Act, and independently of the Fire Department.

49. Complainant asks the Commission to direct the respondents to make immediate full disclosure to her of the requested public records, free of charge.

50. Complainant asks the Commission to declare any actions the respondents took or ratified on her grievances without a public meeting null and void.

51. Pursuant to Conn. Gen. Stat. § 1-206(b), Complainant asks the Commission to impose the maximum civil penalty against each respondent.

FOR THE COMPLAINANT,

Dated 5/23/03

*(signature)*

Susan V. Wallace
~ *Attorney at Law* ~
11 Blue Orchard Drive
Middletown, Connecticut 06457
Tel: (860) 704-0472  Fax: -0490
Email: law4us@rcn.com
CT Bar No. 403499

11

To: Gary Boros, Administration, AA II
(Fire Commissioner's Secretary)
Bridgeport Fire Dept., HQ
30 Congress Street
Bridgeport, CT

From: FF Elizabeth O'Connell
11 Lake Drive
Sandy Hook, CT 06482

Date: May 5, 2003

Re: Fire Commissioners Meeting



I am requesting to be notified of all future meetings of the Fire Commissioners in writing prior to the scheduled gathering. I would like copies of all agendas and minutes for: The entire year of 2002 and 2003. Please note what meetings were canceled and for what reason.

Thank you,

*Elizabeth O'Connell*
Elizabeth O'Connell

Please give me ½ day vacations for

Thurs May 8th
Fri May 9th

Beth

O'Connell
FOIA
Exh. A

To: Gary Boros, Administration, AA II
(Fire Commissioner's Secretary)
Bridgeport Fire Dept., HQ
30 Congress Street
Bridgeport, CT

From: FF Elizabeth O'Connell
11 Lake Drive
Sandy Hook, CT 06482

Date: May 6, 2003

Re: Fire Commissioners Meeting



I would like copies of all agendas and minutes for:
The entire year of 2001. Please note what meetings were canceled and for what reason.

In addition to those for 2002, and 2003.

Thank you,

*Elizabeth O'Connell*
Elizabeth O'Connell

RECEIVED
BPT. FIRE DEPT.
ADMINISTRATION
03 MAY -7 PM 12:39

O'Connell
FOIA
Exh. B

# BRIDGEPORT FIRE DEPARTMENT
FIRE HEADQUARTERS - 30 CONGRESS STREET



CITY OF BRIDGEPORT, CT 06604
TELEPHONE: 203-576-8007

May 16, 2003

FF Elizabeth O'Connell
11 Lake Drive
Newtown, CT  06482



Re:   Fire Commissioners Meeting

Dear FF O'Connell:

I received a written request from you for agendas and minutes of the 2003 Board of Fire Commissioners meetings, along with information pertaining to the schedule of the meetings. This was subsequently retracted and revised with the inclusion of the 2002 agendas and minutes. This request was then subsequently retracted and revised with the inclusion of the 2001 minutes and submitted in a written request dated May 6, 2003. Due to your absence on May 8 and May 9, 2003, and through mutual agreement, I stated that I would try to have these documents ready for you on May 12, 2003, however, due to the revision of your vacation schedule and your continued absence from May 12, 2003 to the present, in a phone conversation on May 12, 2003 you stated that this request was a low priority this week and that I should hold the documents in the office for you upon your return or you would pick them up at your convenience. On May 16, 2003 I received a voice mail message from you requesting that these documents now be delivered, therefore enclosed you will find the documents as further described.

You originally requested information pertaining to the schedule of the Board of Fire Commissioners meetings. The meetings are regularly scheduled for the third Wednesday of each month, with no meetings in the months of July or August. If you wished to be present at the meetings, you would be advised to call and confirm immediately prior to attending, as it is not unusual for the meetings to be postponed or rescheduled due to conflicts with the Commissioner's schedules or lack of a quorum. To obtain that confirmation, you are welcome to call me at 576-8007, Deputy Chief Wallace Thomas, Clerk of the Board of Fire Commissioners, at 576-8009, or Fire Chief Michael Maglione's office at 576-7683.

As for your request for copies of the agendas of the 2001, 2002, and 2003 Board of Fire Commissioners meetings, I have enclosed copies of agendas for the months, during those years, that a meeting actually took place. Typically, there is no agenda available for any month in which no meeting took place.

O'Connell
FOIA
Exh C

# BRIDGEPORT FIRE DEPARTMENT
FIRE HEADQUARTERS - 30 CONGRESS STREET



CITY OF BRIDGEPORT, CT 06604
TELEPHONE: 203-576-8007

As for your request for copies of the minutes of the 2001, 2002, and 2003 Board of Fire Commissioners meetings, I have enclosed copies of the minutes for the years 2002 and 2003. Please be advised that the minutes for the year 2001 are pending, as they are routinely managed by the Executive Secretary who is presently away on vacation. I appreciate your patience in this matter and upon her return I will be able to provide these documents to you.

If you have any further questions or requests, you may contact me at 576-8007.

Sincerely,

BRIDGEPORT FIRE DEPARTMENT

_Gary Boros_

Gary Boros, Administrative Assistant II



REC'D & FILED
MAY 2 3 2003
FREEDOM OF INFORMATION COMM.
BY _____