

Bridgeport Fire Department

# DEPARTMENTAL COMMUNICATION

(See Instructions Below)

Date...... FEBRUARY 28 .......... 2000

FROM Fire Fighter Johanna Georgia GROUP E-6-C

TO Deputy Chief Pettway

SUBJECT Per Request of Chief Maglione

Please see attached statement.

_____ Group E-6-C

Date received headquarters       Signature, Company, Bureau, Division, Office, etc.

/ /

## INSTRUCTIONS

1. Use for all official communications or reports to Chief Engineer, Assistant Chiefs or Clerk.
2. Do not use for any other purpose. Write legibly, be specific and brief.

Form 2326

I would like to express my great concern about the effects of which I continue to suffer from due to the degrading, disparaging, and counterproductive remark I understood to have been made by Captain Donald Day of Bridgeport's Engine 3-C. To be most clear, I personally was not present when the remark was made by Captain Day. I was, however, still assigned to house 3 / 4 C-shift, as a result of my probationary rotation, when the comment was made and I was made aware of and discussed the comment on the morning of Thursday February 17th in the kitchen of 3 / 4's with Pumper Engineer Carlos Reyes.

After a brief conversation about language in context with regards to harassment and discrimination, P.E. Reyes, who claimed to be present along with Lt. Caldaroni, during the comment and afterwards, informed me that Captain Day, while referring to the new incoming members of the Bridgeport Fire Department, noted that of the new class they could expect "four new cunts".

Previously, Captain Day had mentioned to me during my stay at 3 / 4's that a new class had been chosen, and at that time he chose in particular to mention to me that four of the new recruits were women. He mentioned no other minority group numeric, nor did he distinguish between any other factors other than gender.

Upon speaking to P.E. Reyes it seems to me that Captain Day was opting to make the same classification now using disparaging remarks designed and manipulated to alienate, belittle and degrade future and present Bridgeport Firefighters, who happen to be women.

I must tell you that as I thought about Captain Day's comment, the level of authority from which it came, and the fact that I was under this officer's direction, I began to feel as though my own abilities and mere existence in this department played a great part in Captain Day's specific openness in revealing his true feelings about the women in the fire service with whom he works.

Within the month of January during a day shift, while completing my housework I was discussing the change in the hiring process for the department, in particular, the addition of the oral interview, with other firefighters who were curious about the process. Captain Day promptly entered the lobby area where I and others were speaking and very forcefully remarked that no woman from the last test would be on this department if his organization had not fought to introduce *that oral*. He strongly implied to me in front of

the others that none of the most recent five women, myself obviously included, had scored high enough based on our own merit to be on this job but instead openly stated that the oral was introduced solely to allow us in because the Bridgeport community is comprised of women as well as men and that its Fire Department should reflect the community.

I promptly shared any test and placement scores with Captain Day, in front of the others, having felt embarrassed and belittled in front of my fellow firefighters, in an attempt to regain some respect but it was to no avail. The damage had been created by an officer who is perceived as powerful and definitely savvy in the hiring practices of minorities. I was according to his implications and statements not hired based on merit or ability but instead to act as an ambassador to the community based on my gender. He then assured me, again in front of others, that he believed that this practice of hiring women, in spite of the fact he claims that we (the women of this department) were/ are incapable of scoring high enough on a standard required test, is a good one. I felt that Captain Day at that time was clearly patronizing the existence of current Bridgeport Firefighters, who happen to be women.

I spoke to other firefighters on multiple occasions regarding my feelings and those Captain Day expressed as facts, but neglected to file any report for a multitude of reasons.
1.) The officer I would have to report to was House Captain Donald Day, himself.
2.) I was and am a probationary firefighter who had yet to be reviewed by Captain Day and was to have that review, as a condition of my employment, remain in my files and potentially affect my employment.
3.) I had pursued guidance in the past from Captain Day regarding a sick leave matter and had been met with inadequate counsel due, I believe, to his own arguments with the Department regarding the sick leave policy at that time.
4.) It was never recommended to me by anyone I spoke with about it or who had heard the conversation.
5.) I was very intimidated by Captain Day's behavior as I had noted it in the short time before this incident. Having heard Captain Day openly refer to fellow City of Bridgeport employees of various levels as "Mother Fuckers" and "Fucking Faggots" in the short time I was there, I was definitely intimidated.

I continued to do my work within the confines of Engine 3 /4 and during my stay I witnessed instances and behaviors that certainly created a hostile work environment, one in which I was fearful to make mistakes or ask questions that may require advice or counsel from Captain Day for fear I may be name called, yelled at, or in some way threatened. I did nothing to change the environment I worked in due to fear and concern for my position and my well being on the job.

For example, after having fallen through a ceiling during a sprinkler response, I read the Fire Report, documented by Captain Day, in the outbox anticipating some notation of the fall in the case of a future or current injury. There was none. Upon returning from the call, Captain Day never addressed the incident, never asked if I was suffering from any

injury or concerns about the incident, and neglected to put my name in the report as a responding Firefighter. I was afraid to ask Captain Day about any of his reasoning for the entire lack of documentation. I was afraid he may become angry and more so that he may blame the incident on the fact that I was a woman, not a Firefighter.

Since my appointment to the Bridgeport Fire Department in May of 1999 I have done my best to be an asset to this city on and off duty. I have made an earnest attempt to take an active part in community efforts. I have, at my own expense and on my own time, pursued additional fire related certifications, training and seminars. I believed, until my stay at Engine 3 /4, that I was a proud Bridgeport Firefighter and worked hard to better myself and increase my skill level to better serve the community and firefighters who will rely on me. According to Captain Day's remarks I am not a Firefighter.

Captain Donald Day's most recent comment has stripped me of my morale and confidence and overwhelmed me with feelings of inadequacy and self-doubt. I feel my value to the Bridgeport Fire Department has been diminished by his statements and I am unsure how it will continue to affect me.

In addition, as a result of Captain Day's behavioral pattern which I witnessed to be one of intimidation and degradation, I am fearful of certain retaliation for my most recent report and have been forced to choose to alienate myself, via my request not to be traveled to Engine 3 /4, from fellow employees who I would otherwise enjoy working with and could learn immensely from their experience. I am also forced to deny myself the opportunity to continue to learn about the West Side of Bridgeport because I will not allow myself to be put in the direct line of imminent abuse at the hands of Captain Donald Day for simply pursuing my right to file a complaint.

*Johanne [signature]*

## UNIFORMED PROFESSIONAL FIREFIGHTERS ASSOCIATION OF CONNECTICUT
## GRIEVANCE FORM

Use this form to file a grievance with your LOCAL. Please type or print. Use other side for additional information.

NAME: F/F Johnson Georgia   RANK: F/F

Home Address: 708 Howe Ave Shelton   Telephone: 9245602

WHEN DID IT OCCUR (date and time)
May 11th and 31st 2001

WHO WAS INVOLVED (give names with titles and witnesses)

WHAT HAPPENED (describe the incident(s) that created the grievance)?
F/F Georgia ordered in for Hearing on her off days.

WHAT REMEDY ARE YOU SEEKING (what do you want to see happen)?
4hr paid for each day

DO NOT WRITE BELOW THIS LINE - FOR LOCAL USE ONLY
WHAT IS BEING VIOLATED (what contract provision, rule or regulation, policy or state law)?

LOCAL 834   LOCAL GRIEVANCE #
Local hearing date(s):
Date filed with CT: 5/4/01   Date filed with UPFFA
LOCAL PRESIDENT SIGNITURE: [signature]

FOR UPFFA USE ONLY - DO NOT WRITE IN THIS BOX
CT Grievance:   CT hearing date:
Location:   Staff Rep. Assigned:

IF ADDITIONAL SPACE IS REQUIRED USE OTHER SIDE
UPFFA FORM: 1.0

Joann Georgia

1.) W.G. rights
2.) Traveling
3.) O/T
4.) No Contract
5.) 2 meetings ordered to without paid.

2 meetings
No grievance

David stated she was not paid because she did not stay.

Ned said they will look into paid for those hours.

Kathy believes she is entitled to paid.

## MARK P. CAREY & ASSOCIATES
### ATTORNEYS AT LAW
205 MAIN STREET
WESTPORT, CONNECTICUT 06880

MARK P. CAREY†
JEFFREY R. HEYEL
ASSOCIATE

JOSEPH P. CAREY, P.C.**
OF COUNSEL
** ONLY ADMITTED IN NEW YORK &
DISTRICT OF CONNECTICUT FEDERAL COURT

TEL. & TDD: 203-222-8670
FAX: 203-222-8736
EMAIL: MCAREYESQ@AOL.COM
ATTYJHEYEL@AOL.COM

BY HAND DELIVERY

Mr. Michael Maglione
Fire Chief
City of Bridgeport Fire
Department
30 Congress Street
Bridgeport, CT 06604

May 11, 2000

Re: Johanna S. Georgia v. City of Bridgeport Fire Department
EEOC No. 161A00438

Mr. Maglione:

Enclosed please find a charge [No. 161A00438] of employment discrimination filed by my client Johanna Georgia, on this date with the United States Equal Employment Opportunity Commission, Boston Area Office. The EEOC investigators name is Elizabeth Marcus and she can be reached at (617) 565-3212. Ms. Marcus is mailing you a copy of the charge and request for your position statement on this date.

Sincerely Yours,

Mark P. Carey
Attorney At Law

File: Georgia

# MARK P. CAREY & ASSOCIATES
## ATTORNEYS AT LAW
205 MAIN STREET
WESTPORT, CONNECTICUT 06880

MARK P. CAREY†
FREY R. HEYEL
   ASSOCIATE

JOSEPH P. CAREY, P.C.**
   OF COUNSEL
** ONLY ADMITTED IN NEW YORK &
DISTRICT OF CONNECTICUT FEDERAL COURT

TEL. & TDD: 203-222-8670
FAX: 203-222-8736
EMAIL: MCAREYESQ@AOL.COM
ATTYJHEYEL@AOL.COM

BY FACSIMILE
BY FIRST CLASS MAIL

May 11, 2000

Elizabeth Marcus, Investigator
US Equal Employment
Opportunity Commission
JFK Federal Bld., Rm. 475
Boston, MA 02203

Re:   Johanna Georgia v. City of Bridgeport Fire Department
      EEOC No.
      Filing of Charge of Discrimination

Dear Ms. Marcus:

Per our discussion on this date, please find enclosed a sworn charge of employment discrimination by Johanna Georgia. I will send the original signed copy by overnight delivery. Please forward a confirmation of this charge, with the appropriate charge number, by facsimile. A copy of the enclosed charge will be hand delivered to the Respondent on this date.

I look forward to receiving the information and working with your office. Thank you in advance for your cooperation in this matter.

Sincerely Yours,

Mark P. Carey
Attorney At Law

File:Georgia

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |

Connecticut Commission on Human Rights and Opportunities ___ and EEOC
*State or local Agency, if any*

**NAME** (Indicate Mr., Ms., Mrs.): Ms. Johanna S. Georgia
**HOME TELEPHONE** (Include Area Code): (203) 924-5602
**STREET ADDRESS / CITY, STATE AND ZIP CODE**: 43 Laurel Avenue, Second Floor, Milford, CT 06460
**DATE OF BIRTH**: 4/20/70

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**: City of Bridgeport Fire Department
**NUMBER OF EMPLOYEES, MEMBERS**: 500+
**TELEPHONE** (Include Area Code): (203) 576-8010
**STREET ADDRESS / CITY, STATE AND ZIP CODE**: 30 Congress Street, Bridgeport, CT 06604

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA): 6/27/97
LATEST (ALL): Present
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. On or about June 27, 1997, I sat for the initial written exam for the Firefighter position. I began working for Respondent on or about May 17, 1999. My current position is that of Firefighter. Since the commencement of my employment, I have been continuously subjected to disparate terms and conditions of employment due to my sex, female. I have been forced to work within a hostile work environment where I have been alienated, degraded, and intimidated due to my sex. Specifically, on February 13, 2000, present and future female firefighters were referred to by Captain Donald Day by a derogatory slur against women.

II. After this incident, I forwarded to the Chief of the Fire Department a document outlining the facts of the incident and other related incidents. No remedial action has occurred. After filing this internal complaint, I requested and was denied a copy of the Collective Bargaining Agreement. On May 8, 2000, I received notice ordering me to attend a meeting on May 11, 2000 regarding the incident which occurred on February 13, 2000. I was instructed to refrain from mentioning this meeting to anyone, and informed that it would not be necessary to have union representation.

III. I believe that I am being subjected to a hostile work environment and disparate terms and conditions of employment on account of my sex. In retaliation for filing an internal complaint, I have been denied the right to union representation. This is in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 5/11/2000
Charging Party (Signature): [signed] Johanna Georgia

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT: [signed]
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year): 5/11/00

Mark P. Carey
Commissioner Superior Court 413329
205 Main Street
Westport, CT 06880
(203) 322-8670

EEOC FORM 5 (Test 10/94)

000277

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PERSON FILING CHARGE |
|---|---|
| Mr. Michael Maglione<br>Fire Chief<br>City Of Bridgeport Fire Department<br>30 Congress Street<br>Bridgeport, CT 06604 | Georgia, Johanna S |
| | THIS PERSON (check one)<br>[X] CLAIMS TO BE AGGRIEVED<br>[ ] IS FILING ON BEHALF OF ANOTHER |
| | DATE OF ALLEGED VIOLATION<br>Earliest: 06/27/1997   Most Recent: 05/11/2000 |
| | PLACE OF ALLEGED VIOLATION<br>Bridgeport, CT |
| | CHARGE NUMBER<br>161A00438 |

## NOTICE OF CHARGE OF DISCRIMINATION
(See EEOC "Rules and Regulations" before completing this Form)

You are hereby notified that a charge of employment discrimination has been filed against your organization under:

[X] TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

[ ] THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

[ ] THE AMERICANS WITH DISABILITIES ACT

[ ] THE EQUAL PAY ACT (29 U.S.C, SECT. 206(d)) Investigation will be conducted concurrently with our Investigation of this charge.

The boxes checked below apply to your organization:

1. [ ] No action is required on your part at this time.

2. [X] Please submit by 05/25/00 a statement of your position with respect to the allegation(s) contained in this charge, with copies of any supporting documentation. This material will be made a part of the file and will be considered at the time that we investigate this charge. Your prompt response to this request will make it easier to conduct and conclude our investigation of this charge.

3. [ ] Please respond fully by _____ to the attached request for information which pertains to the allegations contained in this charge. Such information will be made a part of the file and will be considered by the Commission during the course of its investigation of the charge.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Boston Area Office
John F. Kennedy Federal bldg.
Boston, MA 02203

_____
(Commission Representative)

_____
(Telephone Number)

[X] Enclosure: Copy of Charge

**BASIS OF DISCRIMINATION**
[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NAT. ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

**CIRCUMSTANCES OF ALLEGED VIOLATION**

See enclosed Form 5, Charge of Discrimination.

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| 05/11/2000 | Robert L. Sanders | Robert L. Sanders, AREA |

EEOC FORM 131 (Rev. 06/92)

CHARGING PARTY'S COPY

000278

# UNIFORMED PROFESSIONAL FIREFIGHTERS ASSOCIATION OF CONNECTICUT
# GRIEVANCE FORM

Use this form to file a grievance with your LOCAL. Please type or print. Use other side for additional information.

NAME: Johnson Georgin    RANK: F/F

Home Address: 708 Howe Ave Shelton    Telephone: 9245602

WHEN DID IT OCCUR (date and time)
Nov 17 2000

WHO WAS INVOLVED (give names with titles and witnesses)
D/C Earl Pettway

WHAT HAPPENED (describe the incident(s) that created the grievance)?
I was Taken of LOD injury and put on SK LV.

WHAT REMEDY ARE YOU SEEKING (what do you want to see happen)?
Returned To LOD

DO NOT WRITE BELOW THIS LINE - FOR LOCAL USE ONLY

WHAT IS BEING VIOLATED (what contract provision, rule or regulation, policy or state law)?

LOCAL_____ LOCAL GRIEVANCE #_____
Local hearing date(s):_____

Date filed with CT:_____ Date filed with UPFFA_____

LOCAL PRESIDENT SIGNITURE:_____

FOR UPFFA USE ONLY - DO NOT WRITE IN THIS BOX
CT Grievance:_____    CT hearing date:_____

Location:_____    Staff Rep. Assigned:_____

IF ADDITIONAL SPACE IS REQUIRED USE OTHER SIDE

UPFFA FORM: 1.0

01 JAN 12 PM 3: 58

Bridgeport Fire Department

# DEPARTMENTAL COMMUNICATION

(See Instructions Below)

Date: JULY 23, 2001

FROM: FF JOHANNA GEORGIA     GROUP: L-11-C

TO: FIRE Chief MAGLIONE

SUBJECT: NEW POLICY/DIRECTIVE RE: Women FF QUARTERS VERBALLY ISSUED 07/20/01  SEXUAL HARASSMENT/RETALIATION

Please see attached pages

FF Johanna Georgia  L-11-C

.................................................. Group ..........
Date received headquarters        Signature, Company, Bureau, Division, Office, etc.
   /   /

## INSTRUCTIONS

1. Use for all official communications or reports to Chief Engineer, Assistant Chiefs or Clerk.
2. Do not use for any other purpose. Write legibly, be specific and brief.

34                                                                  Form 2326

Departmental 2326: Re: New Policy regarding women's quarters and women in common areas.

On Friday July 20, 2001, Captain Firpi, upon leaving your office informed me of the new policy regarding women firefighters per your direct order. Although male firefighters were present, Captain Firpi did not need to direct the new policy to them because it only applies to women.

Captain Firpi stated, " Per Chief Rooney, if your room is too hot on nights you can request to be traveled. You are not to sleep in the day room, it is inappropriate,"

Later that day (approximately 1:40 pm) A/Chief Haschak arrived at firehouse 7/11 and spoke with me and Lt Acanfora. Captain Firpi was present for portions of the meeting.

Chief Haschak told me if the women's quarters were too hot for me that I may request to travel. Chief Haschak said, I was however, to decide whether or not the temperature was or would be too hot to remain in the room for sleeping shortly after my arrival for night shift (4 pm) in order not to disrupt male employees evening who may be affected by my request.

Chief Haschak told me that sleeping in the day room was not acceptable for me as a woman, although men may continue to do so. Chief Haschak said I was not to bring "bedding" of any sort to the day room, although men may continue to do so. Chief Haschak said that Officers, although they too are assigned quarters, are in no way subject to this policy because they are men.

Chief Haschak told me that I cannot leave the single window in the women's quarters open, although men may continue to open and leave open any or all of the four windows in the men's quarters. Chief Haschak told me the City has determined this to be an acceptable policy to apply to me and other women. As Chief Haschak put it, "by the nature of what you are the City has decided on this policy."

I told Chief Haschak I needed some time to digest these new rules that apply to only women. When I asked about the sudden issuance of such a policy he stated the lack of air conditioning in the women's quarters. I stated that that room particularly has never had air conditioning. The Chief stated that it was my responsibility to remedy that. Long before the failure of the recent A/C unit, I stated that on more than one occasion Captain Firpi and I and on one occasion Lt. Bartha and I have attempted to remedy the condition of the room without success. On multiple occasions I even attempted, with permission, to leave the women's quarters

door open to allow some air movement from the air conditioning that exists in every other room except that one, but the women's quarters door is also the only room in the entire area with a outwardly opening door. In addition, the door is not planed at the bottom so it does not successfully clear the floor and opens only enough to allow the door to swing and remain perpendicular to the frame. As a result it blocks most of the hallway passage. It is obtrusive in the open position and dangerous. It must either be monitored continually or be closed within moments. These conditions were designed by the city and have existed since all the time I have been assigned to 7/11. It is my belief, therefore that the City is and has always been aware of and intended its own unlivable design which is not reflected in any other room in the firehouse. I as a firefighter appropriately assumed that once aware of the health and safety issue, the chain of command would follow its procedure. I cannot as a firefighter be held accountable for the design and construction of the firehouse, the policies created by the city, nor the procedure of reporting. No male firefighter would be expected to organize that type of city property maintenance and repair or blamed for the lack of repair, as I as a woman am.

 Captain Firpi decided to investigate the air conditioning issue following Chief Haschak's visit on July 20, 2001. Chief Haschak and Captain Firpi entered the room and discovered factually that the temperature at that time in the room was 85 degrees. Captain Firpi investigated further and found that no air conditioning has ever existed for that room and that the city had actually piped the air conditioning directly bypassing the women's quarters.

 On July 22, 2001, A/Chief Haschak returned to 7/11. I inquired about some of the effects of "requesting to travel" due to intolerable conditions created and new policy restrictions on women instituted by the city and ordered through the Deputy Chief of Operations.

 I asked, if I were to request appropriate living conditions, would an OT be created or would someone (obviously a male employee) else be moved from their current house or assignment. Chief Haschak stated there would be no OT created even if it meant the city would have to travel someone against contract. He stated the employee could grieve it later.

 I inquired where it was I would be traveled and who would choose the location. He stated that it would be based on any number of circumstances that would most properly accommodate the male employee being moved. He said I would not choose the location because I was "requesting" to be traveled and the city would already be "accommodating my request".

 I inquired how the move of the male employee would be explained to him if in fact he was being traveled against contract. He stated that it would be explained that I (Johanna Georgia) requested to be moved.

I asked if the city would be taking responsibility in the explanation to the male employee (i.e. the city has instituted a policy of separate quarters and cannot provide livable conditions for the employee at 7/11 who is by policy required to stay in the women's quarters) so that retaliatory and negative conditions do not develop. Chief Haschak stated the perception that develops from this policy is not the responsibility of the city. He stated that I would be "requesting" the move and it would be explained just that way.

I asked again at that time if the policy applied to all employees and he stated emphatically, No. He stated it applies to women Fire Department Employees only.

I would like to request a written copy of the full policy/directive regarding my ability to utilize the "women's quarters" for firefighters and other common areas of the firehouse which was verbally presented to me per your orders, first by Captain Firpi at Fire Headquarters and later by A/Chief Haschak at firehouse 7/11, both on Friday July 20, 2001 and Sunday July 22, 2001.

Because the policy/directive takes effect immediately, because the policy directive may be need to implemented at anytime and anywhere "women's quarters" exist and because it is imperative that I understand it fully and completely for the benefit of my health, I would like to request the written copy be provided to me prior to my return to night shifts at 4 pm on Thursday July 25, 2001.

I can be reached at home to pick up the written policy at either (203) 924-5602 or (203) 881-2454.

I believe this policy and the conditions in the "women's quarters" are disparate in treatment and based solely on my gender and in retaliation for my filing a sexual harassment complaint.

FF _____