


## Bridgeport Fire Department

# DEPARTMENTAL COMMUNICATION

(See Instructions Below)

Date: JULY 23, 19 2001

FROM: FF JOHANNA GEORGIA   GROUP: L-11-C

TO: FIRE CHIEF MAGLIONE

SUBJECT: BIOHAZARD EXPOSURE : SEXUAL HARASSMENT
OCCURING 05/10/01            RETALIATION

Please see attached pages

[Signature] FF Johanna Georgia  L-11-C

.................................................. Group ..........
Signature, Company, Bureau, Division, Office, etc.

Date received headquarters
___/___/___

### INSTRUCTIONS

1. Use for all official communications or reports to Chief Engineer, Assistant Chiefs or Clerk.
2. Do not use for any other purpose. Write legibly, be specific and brief.

34

Form 2326

Departmental 2326    Re: Hazardous Exposure

On May 15, 2001 I reported to A/Lt Robert Marrero to whose company (E-5-C) I was travelled to, that due to an emergency medical call I had responded to while on duty with E-5-C, where I was previously traveled on May 10, 2001, I had found that my firefighting gear had been contaminated with blood and bodily fluids from a patient.

I was provided with a series of "exposure report" documents which I completed to the best of my ability as a firefighter.

During a subsequent shift on that tour of nights (May16 or May17 of 2001) while I was again traveled to Headquarters, A/Lt Marrero informed me that Deputy Chief Haschak stated he (Chief Haschak) would need to look into my reports because "there were a lot of holes in my story." I did not understand the reference made at all.

During the following tour of days (May 21, 22, 23) Provisional Captain Pogorzelski came to speak to, at E-15-C where I was traveled. He accompanied me to the book room where he provided me copies of the Exposure Reports I filed, some with comments from an EMS director who is unknown to me.

He stated at that time that I had not followed the appropriate Exposure Policy. I stated that I had filled out the paperwork as I was directed on May 15, 2001 and that it appeared to be similar to paperwork I had filled out during a previous biohazard exposure.

He stated that the policy now states that if the medical call was as extensive as I claimed that the responding company was to go off-duty, follow the AMR transport unit to the hospital and find out my follow-up care for the specific exposure. All was to be done confidentially via a physician for the benefit of the emergency patient and the employee.
When I stated I had never heard of such a policy nor had I witnessed its implementation ever, Captain Pogorzelski stated the notice came out some time before and I was already supposed to know it.

I stated that because I was continually subjected to traveling at various locations and under various officers and acting officers there is no continuity or consistency in my notification of important policies and updates. He stated that I should have seen the policy myself in any firehouse because each company was provided two laminated copies: one for the common wall and one for the cab of the apparatus. I asked that he show me either copy in the E-15 at either location. Together we went in search of the documents. Neither could be located during that meeting.

Captain Pogorzelski told me to read the policy in the next firehouse I was traveled to. (I complied while traveled to E-16-C where the officer directed me to the policy upon request.) He said an investigation of policy violation was imminent. He informed that per the EMS coordinator (not a physician nor confidential in nature) that my report of bodily fluids exposure was considered "No Exposure" since the patient did not test positive (for what illnesses he was tested I do not know).

I inquired from Captain Pogorzelski about the possibility of delayed positive testing for illnesses and future testing for my health purposes. He recommended I donate blood to the Red Cross because all donations are tested for major diseases and that the Red Cross would contact me if I were to test positive for a disease.

On or about June 3, 2001 I was assigned to my actual assigned Firehouse 7/11 where I requested to be updated on health and safety policies and updates. To my surprise, in addition to the Exposure Policy there was also a health and safety policy and procedure which was to have been physically performed in front of all employees regarding Multi face piece wash. Although the procedure and policy had been out for sometime as well as the disinfectant needed, I had never been informed of it nor had I seen the necessary product until this time. On or about Monday June 4, 2001 Deputy Chief of Executive Operations Haschak phoned me at Firehouse 7/11 where I was assigned for the day. He questioned me regarding the medical call, exposure and reports. He stated more than once that an investigation and discipline were potentially to follow this incident.

Having heard no update on July 17, 2001 I followed Captain Pogorzelski's direction for follow up care and testing via Red Cross blood donation at the Seymour Public Library Blood Drive.

I would like to inquire about the status of my initial report of exposure to biohazards, and how it affecting my health and follow up care for the incident. I would also like to express my concern for the lack of accountability regarding critical health and safety information that is not provided to me in a consistent and responsible manner.

Chief Maglione,

Please be advised I believe this disparate treatment is based upon my gender and is in retaliation for having filed a sexual harassment complaint. I have filed a 2326 through the chain of command without this advisement in order to exercise my right to confidentiality regarding such complaints per your order and which has previously been compromised.

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
**AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE**

DATE: August 14, 2003          CASE NO: _____

My name is Johanna Georgia and I reside at 708 Howe Avenue, Shelton, CT 06484.
The Respondent is Patrick Shevlin, Deputy Chief Executive Officer, City of Bridgeport Fire Department whose business address is 30 Congress Avenue, Bridgeport, CT 06604

I was
- **(X) Notified I am to be terminated**
- ( ) not promoted
- ( ) suspended
- ( ) not rented a dwelling
- ( ) placed on probation
- ( ) harassed  ( ) sexually harassed
- ( ) demoted
- ( ) earning a different rate of pay
- ( ) warned
- ( ) constructively discharged
- ( ) given a poor evaluation
- **(X) retaliated against**
- ( ) denied a raise
- ( ) not hired due to a BFOQ
- ( ) less trained
- ( ) not hired due to a disability
- ( ) denied an office
- ( ) delegated difficult assignments
- ( ) denied service(s)
- **(X) other: Denied a Reasonable Accommodation**
- (X) discriminated against in terms and conditions of employment

on or about August 8, 2003 and believe that my

- ( ) race
- ( ) national origin
- ( ) color
- ( ) marital status
- **(X) sex** { }male {x}female
- **(X) physical disability**
- **(X) previously opposed, filed or assisted**
- ( ) mental retardation
- ( ) mental disorder
- ( ) ancestry
- ( ) religious creed ( ) creed
- ( ) age
- ( ) familial status
- ( ) religion
- ( ) sexual orientation
- ( ) pregnancy
- ( ) learning disability
- ( ) alienage
- ( ) lawful source of income

was in part a factor in this action. I believe that the respondent violated the following Connecticut General Statutes and acts listed below; ( ) enforced through Section 46a-58(a) (if applicable):

- ( ) 46a-60(a)(1)
- ( ) 46a-60(a)(4)
- ( ) 46a-60(a)(7)( )( )( )
- ( ) 46a-60(a)(8)( )( )( )
- ( ) 46a-64( )( )
- **(X) 46a-64a(5)**
- ( ) 46a-81( )( )( )
- ( ) 46a-80
- ( ) Americans With Disabilities Act, 42 U.S.C. 12101 et seq.
- ( ) Equal Pay Act of 1964, U.S.C. 206
- ( ) Section 504 of the Rehabilitation Act of 1973, as amended

- ( ) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C 2000e and the Civil Rights Act of 1991 {cite for 15 individuals employed}
- ( ) Age Discrimination in Employment Act, of 1967, 29 U.S.C. 621-634 {cite for over 20 individuals employed}

RECEIVED AUG 14 2003
COMM. ON HUMAN RTS. & OPP.

F103          Issued 4/94
              Revised 1/1/96

Johanna Georgia
August 14, 2003

I provide the following particulars:

1. My name is Johanna Georgia and I reside at 708 Howe Avenue, Shelton, CT 0484.

2. The Respondent is Patrick Shevlin, Deputy Chief Executive Officer, City of Bridgeport Fire Department whose business address is 30 Congress Avenue, Bridgeport, CT 06604.

3. The Respondent aided and abetted the City of Bridgeport Fire Department, which employs more than twenty (20) persons, in discrimination, as more fully set forth in Exhibit "A".

4. My class basis is Sex (female), physical disability, and as a person who has previously opposed a discriminatory act.

5. The specific factual allegations of my complaint are attached hereto and made a part hereof as Exhibit "A".

I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to me under the above cited laws and secure for me any remedy to which I may be entitled.

Johanna Georgia, being duly sworn, on oath, states that s/he is the Complainant herein; that s/he has read the foregoing complaint, and attached Exhibit "A" and knows the content thereof; that the same is true of her/his own knowledge, except as to the matter herein stated on information and belief and that as to these matters s/he believes the same to be true.

Dated at Bridgeport, Connecticut this 14th day of August, 2003.

_____
(Complainant's Signature)

Subscribed and sworn to before me this 14th day of August, 2003.

_____
Notary Public/Commissioner of
the Superior Court

My commission expires: N/A

6) I am a person with a disability that impairs my swallowing, sleeping, sitting, lifting, reaching, grasping, pushing, pulling, etc.

7) While I have been employed as a Firefighter for the City of Bridgeport Fire Department, I suffered an on the job injury affecting my left shoulder, arm, hand and neck and has left me with the above disability.

8) Patrick Shevlin, Deputy Chief Executive Officer, Bridgeport Fire Department who is in charge and control of sick and injury leave and documentation, discipline and medical retirements, has repeatedly refused to discuss reasonable accommodations for my disability. Patrick Shevlin, Deputy Chief Executive Officer has also refused to provide me reasonable accommodations for my disability.

9) Patrick Shevlin interfered with my medical treatment, which would be a reasonable accommodation.

10) In December 2002 and January 2003, Patrick Shevlin threatened me with forced termination because of my disability. On August 6, 2003 Patrick Shevlin received my written request to discuss reasonable accommodations for my return to work. Per a letter from his office dated August 8, 2003 Patrick Shevlin has informed me that I will be involuntarily terminated from my employment at the Bridgeport Fire Department in September 2003 because of my disability and that my requests for reasonable accommodations will not be discussed. See Exhibit "B"

11) I have also been denied pay and employment benefits due to my disability.

12) Patrick Shevlin has aided, abetted, incited, compelled or coerced the doing of, or attempted to do one or more of the acts declared to be a discriminatory employment practice against me.

13) I believe I have been discriminated against in the terms and conditions of my employment on the basis of my disability, my history of disability, and the perception of me as disabled.

14) Because Patrick Shevlin, Deputy Chief Executive Officer, Fire Chief Michael Maglione, and the City of Bridgeport intend to have the Bridgeport Board of Fire Commissioners vote to forcibly terminate my employment in September 2003 because of my disability, my history of disability and the perception of me as disabled, I ask that the CCHRO get an emergency injunction to stop this.

15) I currently have a Federal Lawsuit against the City of Bridgeport, Fire Department for Sex Discrimination, Sexual Harassment, and Retaliation against me as one of only eight (8) Female Firefighters in a department of approximately 350 persons.

16) I believe I have been denied benefits, pay, reasonable accommodations and threatened with termination on the basis of my sex (female) and in retaliation for my prior attempts to exercise my rights.

Exhibit "A"

# BRIDGEPORT FIRE DEPARTMENT

FIRE HEADQUARTERS - 30 CONGRESS STREET



CITY OF BRIDGEPORT, CT 06604

August 8, 2003

Firefighter Johanna Georgia
708 Howe Ave.
Shelton, CT., 06484

Dear Firefighter Georgia:

On August 5, 2003 the Fire Department received notification from Berkley Associates that as a result of your participation in a functional capacities evaluation, a determination has been made that you will not be capable of returning to work as a firefighter. The results of this evaluation have been sent to Dr. Langeland and he has agreed that you will never reach the functional capacities necessary for firefighting.

The Fire department has also received your request for accommodation. Unfortunately, at this time there are no vacancies in any funded Fire Department position that could be filled by someone with your work restrictions. As a result, your name will be placed on the agenda for the September 2003 Board of Fire Commissioners Meeting at which time a recommendation for disability pension will be presented. You are welcome to attend that meeting and present any evidence or testimony to support or contest the action being taken.

In the meantime, if you have any questions, feel free to call my office.

Sincerely,

Patrick J. Shevlin
Deputy Chief

Cc: Chief Michael Maglione
    John Mitola, Esq.
    Labor Relations

Exhibit "B"

MUNICIPAL COMPLAINT
695

**STATE OF CONNECTICUT
LABOR DEPARTMENT
CONNECTICUT STATE BOARD OF LABOR RELATIONS**

IN THE MATTER OF:
CITY OF BRIDGEPORT (RESPONDENT)
-AND-
JOHANNA GEORGIA (COMPLAINANT)

CASE NO. MPP-21,777

ADDRESS OF RESPONDENT: 10 LYON TERRACE, BRIDGEPORT, CT 06604

**COMPLAINT**

PURSUANT TO SECTION 7-471(5) OF THE MUNICIPAL EMPLOYEE RELATIONS ACT THE UNDERSIGNED ALLEGES THAT THE ABOVE-NAMED RESPONDENT HAS ENGAGED IN AND IS ENGAGING IN PROHIBITED PRACTICES WITHIN THE MEANING OF SECTION 7-470 OF SAID ACT, IN THAT: (PLEASE PROVIDE A CLEAR AND CONCISE DESCRIPTION OF THE ACTS WHICH ARE CLAIMED TO CONSTITUTE PROHIBITED PRACTICES INCLUDING AN ENUMERATION OF THE SUBDIVISIONS OF SECTION 7-470 CLAIMED TO HAVE BEEN VIOLATED AND A STATEMENT OF THE RELIEF TO WHICH THE COMPLAINT DEEMS HIMSELF ENTITLED.) FAILURE TO PROVIDE SUCH SPECIFICITY MAY RESULT IN THE COMPLAINT BEING RETURNED WITHOUT INVESTIGATION.

SEE ATTACHED SHEETS.

RECEIVED
JUN 20 2000
DEPT. OF LABOR
CONN STATE LABOR
RELATIONS BOARD

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 19th DAY OF June, 2000

_[signature]_
NOTARY PUBLIC exp 10/31/2002
JUSTICE OF THE PEACE
COMMISSIONER OF SUPERIOR COURT

JOHANNA GEORGIA
COMPLAINANT
_[signature]_ FIREFIGHTER
SIGNATURE AND TITLE

ADDRESS: MAILING ADDRESS
708 HOWE AVENUE
SHELTON, CT 06484
TELEPHONE: (203) 924-5602

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY THAT, PURSUANT TO SECTION 7-471-20 OF THE CONNECTICUT GENERAL REGULATIONS, A COPY OF THE FOREGOING WAS MAILED TO THE RESPONDENT BY REGISTERED OR CERTIFIED MAIL.

_[signature]_

June 16, 2000

**Grievance of Unfair Labor Practices perpetrated by the City of Bridgeport and its agents against Firefighter Johanna Georgia.**

On February 24, 2000, Firefighter Georgia made a complaint of policy violation by a supervisor to Union Local 834 President, Joseph Southard. It was recommended at that point that her work related conditions be changed as a result of her complaint. The Fire Chief ordered the change in work related conditions.

The following day (February 25, 2000), Firefighter Georgia expressed her concerns about the change in work related conditions and requested Union President address this concern. The concerns about the work related changes were subsequently reported to Labor Relations Officer, Marilyn Flores, during a formal complaint of the same violation by a supervisor on February 25, 2000. Again the change in work related conditions was not addressed. It was at this time that Firefighter Johanna Georgia recognized these changes in work related conditions to be punitive in nature (disciplinary and discriminative) for the filing of a complaint against a supervisor.

On May 8, 2000 Firefighter Johanna Georgia was ordered to appear at a formal investigatory interview regarding her complaint against a supervisor. She was, in the written notification, deterred from informing anyone of the order to appear and denied the right to Union representation at the formal interview (a violation of Article I and Article Of the City of Bridgeport/Union Local 834 binding contract, as well as MERA Sec. 7-468, Sec. 7-470 (a)(1)(2)(3)(5)), General Statutes of CT Chapter 46 Sec 46a-60 (a)(4)), Chapter 31 Sec. 31-105(3)(6)(7)(8)(10).)

On May 11, 2000 Firefighter Johanna Georgia was denied the right to Union representation at the formal meeting. As a result of Firefighter Johanna Georgia meeting the prescribed requirements for Union Representation as defined by US Code 7114 (Duty to Fair Representation and Weingarten Rights) and subsequently being denied such representation and due to an official EEOC filing she was unable to submit to questioning under the conditions on May 11, 2000. In response to the exercise of her rights as guaranteed by contract and law she was threatened by a City of Bridgeport official, Mr. David Dunn of Labor Relations, with discipline in front of a witness.

On May 26, 2000 Firefighter Johanna Georgia received another written notification directing her to appear for another formal meeting on May 31, 2000 regarding the same complaint against a supervisor. Within this notification it was stated that Firefighter Johanna Georgia did not have the right to union representation at the May 31, 2000 meeting (even though the threats on May 11, 2000 by a City of Bridgeport Official against Johanna Georgia forced Johanna Georgia to REASONABLY assume that her appearance could result in some form of disciplinary actions).

On May 30, 2000 Firefighter Johanna Georgia notified in writing Chief Maglione that she would appear as directed but would continue to be unable to submit to questioning for reasons that were explained through guaranteed contract articles and law and requested, in writing, her guaranteed union representation.

On May 31, 2000, Firefighter Johanna Georgia appeared as directed. Union Representatives, Joseph Southard, Robert Whitbread, and Joseph Bender were in attendance in the waiting area. Union President Joseph Southard was invited to enter the

formal meeting room but was subsequently forced to leave by City of Bridgeport members who were in attendance of the formal meeting (including legal counsel for the City of Bridgeport).

This was in further violation of Johanna Georgia's contractual rights as Guaranteed by Article I and Articles related _ of the City of Bridgeport and Union Local 834 binding contract, her Weingarten Rights as guaranteed by National Labor Relations Act, as well as a violation of the General Statutes of CT Municipal Employee Relations Act, and her Civil Rights as guaranteed by US Code Sec. 46a-60 and U.S. Code Sec.2000e(Seq.), as well as a violation of the Freedom of Information Act by forcing an individual to leave a public meeting as defined by the FIA.

The fact that the City of Bridgeport members (including legal counsel for the City of Bridgeport) of that meeting acknowledged that they had received, copied and read the written notification and request of her rights submitted on May 30, 2000, demonstrates that they violated her guaranteed rights with knowledge and intent which is a further Unfair Labor Practice and is unlawful as defined by US Code Sec. 31-114.

The actions of the City of Bridgeport have constituted several Unfair Labor Practices with regards to Union Local 834 Member, Johanna Georgia. Appropriate measures are requested by the complainant to be taken to rectify current conditions and require that effective preventative measures are required to be employed by the City of Bridgeport to avoid violations against other employees, present and future.

RECEIVED
OCT 14 2003
CONNECTICUT STATE
BOARD OF
LABOR RELATIONS

# Pages 1 of 13

# MUNICIPAL COMPLAINT

CASE NO. MPP-24281

Page 1
MUNICIPAL COMPLAINT STATE OF CONNECTICUT
12/02 LABOR DEPARTMENT
CONNECTICUT STATE BOARD OF LABOR RELATIONS

IN THE MATTER OF
(RESPONDENT) City of Bridgeport Fire Department and Bridgeport Fire
Department Union Local 834

-AND-
(COMPLAINANT) Johanna Georgia

CASE NO.

RESPONDENT'S ADDRESS:

Respondent 1: City of Bridgeport Fire Department, 30 Congress Street, Bridgeport, CT 06604

Respondent 2: BFD Union Local 834, 30 Congress Street, Bridgeport, CT 06604

RESPONDENT'S PHONE:

Respondent 1: City of Bridgeport Fire Department: (203) 576-8010

Respondent 2: BFD Union Local 834: (203) 368-3733

COMPLAINT
PURSUANT TO SECTION 7-471( 5) OF THE MUNICIPAL EMPLOYEE
RELATIONS ACT THE UNDERSIGNED ALLEGES THAT THE ABOVE-
NAMED RESPONDENT HAS ENGAGED IN AND IS ENGAGING IN
PROHIBITED PRACTICES WITHIN THE MEANING OF SECTION 7-470 OF
SAID ACT, IN THAT:
(PLEASE PROVIDE A CLEAR AND CONCISE DESCRIPTION OF THE ACTS
WHICH ARE CLAIMED TO CONSTITUTE PROHIBITED PRACTICES
INCLUDING AN ENUMERATION OF THE SUBDIVISIONS OF SECTION 7-470
CLAIMED TO HAVE BEEN VIOLATED AND A STATEMENT OF THE
RELIEF
TO WHICH THE COMPLAINANT DEEMS HIMSELF ENTITLED. FAILURE
TO PROVIDE SUCH SPECIFICITY MAY RESULT IN THE COMPLAINT
BEING RETURNED WITHOUT INVESTIGATION.)Complaint based on

Page 2 of 43

**Unilateral Change, Duty of Fair Representation, Contract Repudiation.**

On or about December 20, 2002 Deputy Chief Executive Officer Patrick Shevlin phoned me and ordered me to appear in his office without any indication of the purpose of this meeting. I appeared immediately as ordered. Patrick Shevlin informed me he intended to forcibly terminate my employment on the basis of my line of duty injury. He initially stated he intended to place me before the Board of Fire Commissioners during the January 2003 meeting for forced termination. He later stated that he would consider delaying the termination until the February 2003 Board of Fire Commissioners meeting. Patrick Shevlin (also former Union Local 834 President and then Treasurer to the Uniformed Professional Firefighters Association, the recognized Connecticut State Firefighters Association) did not notify my Union of the intent to terminate my employment without due process or just cause.

On or about December 21, 2003, I contacted via telephone then Union Local 834 President Roger Kergaravat and asked that my interests be represented by the Union in this matter. I also requested that a grievance be filed in response to this intended adverse employment action. To wit no such grievance was ever filed regarding this matter. (Please note on or about the same time frame it is generally known that then President Roger Kergaravat did file and pursue to the State Department of Labor Board a grievance on behalf of a male firefighter scheduled for non- line of duty sick leave termination of employment claiming a "one year rule" pursued by Deputy Chief Patrick Shevlin and Roger Kergaravat won a favorable decision. To date this firefighter remains employed by the City of Bridgeport Fire Department and to my knowledge is not currently being threatened with imminent termination of employment.)

On or abut February 10, 2003 Patrick Shevlin appeared at the office of the State of Connecticut Workers' Compensation Board located on Lafayette Boulevard in Bridgeport with the intent of attending a hearing scheduled regarding my line of duty injury claim. He was not included in the hearing. Following the hearing in the public waiting room he loudly argued with Beth Dronsfeld of Berkley Adminstrators (and in front of Attorney Kevin Condon and me) his legal rights to terminate my employment based on the expense of my line of duty injury as just cause. At that time Ms. Dronsfeld, again in the presence of Mr. Condon and me, assured Patrick Shevlin that he did not maintain any legal standing for terminating my employment based on line of duty injury as he claimed and stated that there was no medical determination of Maximum Medical Improvement.

Please note that in April 2003 upon knowledge and belief Daniel Hunsberger and Patrick Shevlin were reported to have threatened then Union Local 834 President Roger Kergaravat (while in attendance at a State of Connecticut Labor Board meeting in Hartford) with imminent Union charges and removal from office for having attempted to provide union representation and assistance to me in existing employment discrimination, harassment and retaliation complaints against the City of Bridgeport. Upon knowledge and belief those threats have been acted upon. In April 2003 Deputy Chief Executive Officer Patrick Shevlin claimed to be pursuing charges against Roger Kergarvat within the International Association of Firefighters (IAFF). In July/August 2003 Roger

Page 3 of 13

Kergaravat was removed from Union Office and replaced by Robert Whitbread. Since that point Roger Kergaravat has been brought up on disciplinary charges within the Department by Deputy Chief Patrick Shevlin, the officer in charge of sick and injury leave, medical documentation as well as all investigations and disciplinary actions taken against employees.

In April and May I repeatedly requested that then Union Local 834 President Roger Kergaravat file a grievance on my behalf regarding the intended forced termination of my employment based on my line of duty injury. To wit no grievance was ever filed on my behalf. (Please refer to additional complaint of failure of Duty to Represent by Union Local 834 due to their claims of "lost grievances" of contract violations perpetrated against me by the City of Bridgeport filed on my behalf by Joseph Southard in 2001. I have repeatedly requested that these grievances be addressed without responsive action from my Union taken to date.) On May 8, 2003 I requested in writing that Roger Kergaravat contact the IAFF District 3 Vice President Michael Mullane and the International Association of Firefighters to address my guaranteed rights to fair representation. To date I have not received any response to these requests.

On August 13, 2003 I, Firefighter Johanna Georgia, received written notification from Deputy Chief Executive Officer, Patrick Shevlin that he and the City intended to place me on the September agenda of the Board of Fire Commissioners for a forced termination from my employment (the highest form of disciplinary action) for having been injured in the line of duty. See Exhibit 1.

Upon receipt of the termination notification on August 13, 2003 I contacted via telephone, current Union Local 834 President Robert Whitbread in order to exercise my rights to representation. Robert Whitbread stated at that time that the City had not notified the Union in any way that they had intended to terminate my employment. He stated at that time that Daniel Hunsberger would be contacted regarding the matter for the purpose of representation. To date I have not been contacted by Daniel Hunsberger in any matter related to my forced termination notification from Patrick Shevlin.

Robert Whitbread stated to me on August 13, 2003 and again on September 16, 2003 that he never heard of any other Bridgeport Fire Department member being forcibly retired under these circumstances (Deputy Chief Patrick Shevlin has also stated that in all his career as a Bridgeport firefighter, officer and Union president and board member he did not know of any other member forcibly terminated from their employment under the conditions which are now being applied to me. See attached letter directed to Board of Fire Comissioners dated September 3, 2003). Robert Whitbread was asked by me on both the August 13, 2003 and September 16, 2003 occasions to file a grievance on my behalf regarding this very serious action taken against me by the employer. Despite the admitted unprecedented action against me (unilateral change) he claimed at that time he could find no causation to grieve my forced termination based on my line of duty injury. To my knowledge and despite multiple requests, no grievance has been filed regarding the forced termination of my employment in any forum on my behalf by my Union representatives.

Page 4 of 13

In a letter dated September 3, 2003 my legal representatives, Susan V. Wallace, Esquire and Kevin Condon, Esquire addressed the August notification of my forced termination of employment to the Board of Fire Commissioners and courtesy copied this letter to Robert Whitbread, IAFF District 3 Vice President Michael Mullane, and Attorney John Mitola. Robert Whitbread did not contact me or my legal representatives in response to the employment issues addressed in this letter. On September 12, 2003, Susan V. Wallace, Esquire wrote a letter directed to Robert Whitbread requesting he contact her directly as my Union representative to coordinate the defense of my employment against this adverse action. In my October 1, 2003 facsimile I also directed Robert Whitbread to contact Susan Wallace regarding my representation against forced termination of my employment. To date despite multiple requests Robert Whitbread has not contacted Ms. Wallace in any effort to represent my employment rights.

On September 12, 2003 I also wrote a letter to Robert Whitbread addressed to the Union Local 834 Office and again requested an update of his intent and duties to represent me in the upcoming matter of forced termination. Robert Whitbread phoned to confirm receipt of this letter. In that letter I requested clarification as to who would be representing me and what actions the Union intended to take. I spoke to Robert Whitbread directly on September 16, 2003 at which point he stated that, while in the process of preparing to represent other Union members in their grievances of adverse employment actions, he determined that I was not listed on the September agenda of the Board of Fire Commissioners. He stated that the "city" had still not notified the Union of its decision to forcibly terminate my employment (the highest form of employment discipline) as is required by contract within 48 hours of determination. He assured me that I was not, as of our conversation, listed on the September 2003 Board of Fire Commissioners agenda. Again I asked Robert Whitbread to file a grievance on my behalf with regard to the unprecedented forced termination for a line of duty injury. I reiterated those requests for a grievance to be filed in a facsimile to Robert Whitbread sent on October 1, 2003. (Robert Whitbread left a message at my contact number on October 2, 2003 confirming he had received my facsimile.) Upon knowledge and belief no grievance has been filed against the City for failure to notify my Union of the determination to take disciplinary action against me for having been injured in the line of duty.

Robert Whitbread has stated he cannot identify any known policy, procedure, or contractual article to be applied by the City in order for this unprecedented adverse employment action. As a result I had requested on September 16, 2003 that Robert Whitbread acquire from the Fire Chief Michael Maglione important information necessary to address this employment action (specifically the policy or procedure/contractual article being applied by the City in order to facilitate the adverse employment action against me). He agreed that he would do so and that he would get the response from the Chief in writing per my request. To date no such information has been provided to me by the City of Bridgeport or the Union Local 834 representative, Robert Whitbread.

Page 5 of 13

On September 17, 2003 I was notified that the City /Board of Fire Commissioners through a letter from their attorney, John Mitola, would be delaying the forced termination of my employment until October 15, 2003, the scheduled date of October 2003 Board of Fire Commissioners meeting. The notice makes no clarification of any contractual article or precedent being applied in the adverse employment action.

In a letter dated October 1, 2003, Attorney Mitola reiterated the Chief's, the City's and the Board of Fire Commissioners' continued intent to enact its highest form of discipline, the forcible termination of my employment, without due process or just cause and in direct violation of the collective bargaining agreement between Local 834 and the City of Bridgeport.

Despite multiple notifications and requests by me to my Union Local 834 representative(s) regarding these discriminatory violations of contract and the intent to forcibly terminate my employment via unilateral change the Union has neglected/failed to date to file any grievances or pursue any actions on my behalf as an active union member. Still having not received any response from Robert Whitbread or the Union Local 834 office on October 8, 2003 I again faxed Robert Whitbread regarding these matters and demanding a response. He did contact me immediately but stated that prior to filing any grievance he would first have to get the approval of such a filing regarding my rights as a union member and employee by other members of the Union Local. He could not specify how long this approval would take. As a result I am filing on my behalf as a municipal employee and asking that the State of Connecticut Labor Board enforce a stay of action to protect my employment against these adverse actions until such time as the Board can fully review the circumstances of this complaint.

**SUBSCRIBED AND SWORN TO BEFORE ME THIS**
_10_ **DAY OF** _OCTOBER_ , 20 _03_

_____
**COMPLAINANT** JOHANNA GEORGIA

_____ **SIGNATURE**
**NOTARY PUBLIC** ~~JUSTICE OF THE PEACE~~
~~COMMISSIONER OF SUPERIOR COURT~~
_____ **PRINT NAME & TITLE**

**COMPLAINANT'S ADDRESS:**
P.O. Box 2431
Shelton CT 06484
**COMPLAINANT'S PHONE:** (203) 924-5602

JENNIFER BLEWETT
*NOTARY PUBLIC*
MY COMMISSION EXPIRES AUG. 31, 2005

Page 6 of 13

CERTIFICATION OF SERVICE
I HEREBY CERTIFY THAT, PURSUANT TO SECTION 7-471-20 OF THE CONNECTICUT GENERAL REGULATIONS, A COPY OF THE FOREGOING WAS MAILED TO THE RESPONDENT BY REGISTERED OR CERTIFIED MAIL. 1

*[signature]*

# BRIDGEPORT FIRE DEPARTMENT
FIRE HEADQUARTERS - 30 CONGRESS STREET



CITY OF BRIDGEPORT, CT 06604

August 8, 2003

Firefighter Johanna Georgia
708 Howe Ave.
Shelton, CT., 06484

Dear Firefighter Georgia:

On August 5, 2003 the Fire Department received notification from Berkley Associates that as a result of your participation in a functional capacities evaluation, a determination has been made that you will not be capable of returning to work as a firefighter. The results of this evaluation have been sent to Dr. Langeland and he has agreed that you will never reach the functional capacities necessary for firefighting.

The Fire department has also received your request for accommodation. Unfortunately, at this time there are no vacancies in any funded Fire Department position that could be filled by someone with your work restrictions. As a result, your name will be placed on the agenda for the September 2003 Board of Fire Commissioners Meeting at which time a recommendation for disability pension will be presented. You are welcome to attend that meeting and present any evidence or testimony to support or contest the action being taken.

In the meantime, if you have any questions, feel free to call my office.

Sincerely,

Patrick J. Shevlin
Deputy Chief

Cc: Chief Michael Maglione
    John Mitola, Esq.
    Labor Relations