**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ELIZABETH SCHILLER, | CIVIL ACTION |
|                 Plaintiff, | NO. 3:01 CV-00452 (AVC) |
| JOHANNA S. GEORGIA, | CIVIL ACTION |
|                 Plaintiff, | NO. 3:01 CV-00717 (AVC) |
|      VS. | |
| CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity, | (CONSOLIDATED) |
|                 Defendants. | NOVEMBER 1, 2004 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE ARGUMENT AND EVIDENCE REGARDING COUNSEL'S ALLEGEDLY IMPROPER CONDUCT

## I.    INTRODUCTION

The Plaintiffs, Elizabeth Schiller ("Schiller") and Johanna S. Georgia ("Georgia")

(collectively, "Plaintiffs"), brought this action against the Defendants, City of Bridgeport

("the City"), Earl Pettway ("Pettway"), and Michael Maglione ("Maglione") (collectively,

"Defendants"), alleging numerous causes of action centered primarily on allegations of

sexual harassment and discrimination and retaliation for making claims of same. These allegations arise out of Plaintiffs' employment with the Bridgeport Fire Department ("BFD"). Defendants vehemently deny all of Plaintiffs' allegations. Plaintiffs have attempted to further their legal claims by making irrelevant but inflammatory allegations of defense misconduct, in an attempt to sway the jury by emotion rather than relevant evidence. Plaintiffs' proposed witnesses and evidence will unduly prolong this trial, will confuse and mislead the jury about the relevant facts, and will result in dozens of "mini-trials," as counsel argue over ancient history, unpleaded claims, and irrelevancies.

As a result of the improper evidence proposed by Plaintiffs, and the likelihood that Plaintiffs will attempt to refer to it in argument/statements to the jury, Defendants are filing several motions *in limine* to prevent that injustice. In this particular motion, Defendants ask the Court to exclude any and all evidence and argument (including opening statements) offered by Plaintiffs regarding any allegedly improper conduct by Defendants' counsel, on the grounds that such evidence and/or arguments are both irrelevant and unfairly prejudicial.

## II.    STANDARD OF REVIEW

A federal district court's authority to manage trials includes the power to exclude evidence pursuant to motions *in limine*. *Falk v. Kimberly Services, Inc.*, 1997 WL 201568, *1 (N.D. Ill., April 16, 1997). The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. U.S.,* 469 U.S. 38, 41 n. 4 (1984) (noting that, although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the

district court's inherent authority to manage the course of trials); *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996); *U.S. v. Chan*, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002).  A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence.  *Commerce Funding Corp. v. Comprehensive Habilitation Services, Inc.*, 2004 WL 1970144, *4 (S.D.N.Y., Sept. 3, 2004) (citing Fed. R. Evid. 104(a) ("Preliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court....")).  Evidence should be excluded when the evidence is clearly inadmissible on all potential grounds.  *Id.*

### III.   ARGUMENT

#### A.   Plaintiffs intend to offer evidence and argument regarding allegedly improper conduct on the part of Defendants' counsel during the pretrial litigation period.

##### 1.   Witness Francine Link

Plaintiffs plan to call Francine Link as a witness.  [*See* Joint Trial Memorandum ("JTM") at p. 18.]  The only testimony/evidence Plaintiffs plan to put on through Ms. Link is related to an alleged "[i]ncident in which Robert Mitchell, Esq. [Defendants' counsel] threatened to 'subpoena' her if she did not give him information about Johanna Georgia, and telling her that Georgia wants to shoot him in the head."  [JTM at p. 18.]  Plaintiffs offer no other reason for calling Ms. Link as a witness.

    **2.** <u>Witness Robert Mitchell, Esq.</u>

Plaintiffs plan to call Defendants' attorney, Robert Mitchell, Esq., as a witness.  [*See* JTM at p. 19.]  The only testimony/evidence Plaintiffs plan to put on through Attorney Mitchell is related to an alleged:

> [i]ncident in which he threatened a former employer of Johanna Georgia to "subpoena" her if she did not make negative statements to him about Georgia, and telling this third party that Georgia "wants to shoot me [Mitchell] in the head"; his misconduct toward material witness BFD FF Cindy Mattera regarding her trial testimony and her pending EEOC Charges of sex and race discrimination in her employment in BFD; his express threats to cause harm to Plaintiffs' (and Cindy Mattera's) counsel.

[JTM at p. 19.]  Plaintiffs offer no other reason for calling Attorney Mitchell as a witness.

    **3.** <u>Witness Lisa Paliani</u>

Plaintiffs plan to call Lisa Paliani, a paralegal employed by Defendants' counsel, as a witness.  [*See* JTM at p. 19.]  The only testimony/evidence Plaintiffs plan to put on through Ms. Paliani is related to an alleged "[i]ncident in which Attorney Robert Mitchell threatened to 'squash' Plaintiff's counsel 'like the bug that she is' and related comments."  [JTM at p. 19.]  Plaintiffs offer no other reason for calling Ms. Paliani as a witness.

    **B.** **<u>Any argument or evidence related to Defendants' counsel's allegedly improper conduct is both irrelevant and unfairly prejudicial, and thus should be excluded.</u>**

Clearly, by calling as witnesses Francine Link, Robert Mitchell, Esq., and Lisa Paliani, Plaintiffs will attempt to offer testimony and evidence related *only* to the conduct of Defendants' counsel during the pretrial discovery period.  Such testimony and evidence, however, is legally irrelevant and unfairly prejudicial.  Therefore, because Plaintiffs offer no

valid reason for calling these witnesses, the Court should preclude Plaintiffs from calling these witnesses and from offering any testimony, evidence, or argument (including opening statements) related to the conduct of Defendants' counsel.

Only relevant evidence – that is "evidence that makes the existence of any fact at issue more or less probable"[1] – is admissible at trial. *See generally Huddleston v. U.S.*, 485 U.S. 681, 687 (1988). "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

Even relevant evidence is inadmissible under certain circumstances. *See, e.g.,* Fed. R. Evid. 402 (recognizing that relevant evidence may be deemed inadmissible under "the Constitution of the United States, by Act of Congress, by [the Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority"). One example is where the probative value of relevant evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In this case, any evidence regarding the conduct of Defendants' counsel is irrelevant under Rule 402 because it is not "evidence that makes the existence of any fact at issue more or less probable." *Huddleston*, 485 U.S. at 687. Whether or not Defendants' counsel made improper statements or otherwise engaged in improper conduct does not make the existence

---

[1]    Pursuant to Rule 401, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

of any fact *at issue* in this case more or less probable, because the conduct of Defendants'

counsel is not "at issue," *id.*, and is not "of consequence to the determination of the action,"

Fed. R. Evid. 401.

Even in cases with much stronger allegations of counsel's "wrongdoing," the courts

have found such evidence irrelevant and thus inadmissible at trial.  For example, courts have

held that, even when there has been a prior judicial determination of improper conduct, and

sanctions have already been imposed, "[t]here is simply no reason for the jury to hear [about

the circumstances surrounding such conduct]."  *See, e.g., Munafo v. Metropolitan Transp.*

*Authority*, Nos. 98-CV-4572 (ERK), 00-CV-0134 (ERK), 2003 WL 21799913 (E.D.N.Y.,

Jan. 22, 2003) (granting the plaintiff's motion *in limine* to exclude another judge's decision

to impose sanctions).    Preliminarily,   there  has  not  even  been  a  judicial  or  official

determination of any wrongdoing here.[2]  More importantly, evidence of such statements or

conduct is of no consequence to the facts *at issue* in this case.  Plaintiffs' case is related only

to claims of sexual harassment and/or discrimination and retaliation for claims of such, all

occurring within the context of their BFD employment.  Whether Defendants' counsel made

the statements alleged by Plaintiffs does not make the existence of sexual harassment or

---

[2]     In this case, Plaintiffs' counsel has repeatedly made reference to the alleged impropriety
of Defendants' counsel's conduct.  In fact, the exchange in which the bug squashing
reference was made has been thoroughly aired before this Court in the context of
Defendants' Motion For Protective Order dated August 27, 2003.  See Plaintiffs' Sept. 30,
2003 Opposition Memorandum [docket #99] at page 13 and Defendants' October 14,
2003 Reply [docket #109] at p. 6, n.4.

discrimination or retaliation for complaining of such within the BFD more or less probable. Therefore, they are legally irrelevant.

Moreover, even if this evidence could be considered minimally or marginally relevant to some fact at issue in this case, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury; and the presentation of that evidence will be a waste of time.

Pursuant to Rule 403 courts will exclude evidence of allegedly improper conduct on the part of a party's attorney which is, at most, marginally relevant to the facts at issue in the case. *See, e.g., Windsor Shirt Co. v. New Jersey Nat'l Bank*, 793 F. Supp. 589, 613-617 (E.D. Pa. 1992), *aff'd*, 989 F.2d 490 (3d Cir. 1993). In *Windsor*, the court, at trial, excluded a videotaped deposition offered by defense counsel to show, among other things, certain improprieties of the plaintiff's counsel, and to show that counsel had "'created' the 'theory of the case.'" *Id.* at 613-14. In ruling on the defendant's motion for judgment as a matter of law or new trial, the court affirmed its trial ruling, holding that the evidence the defendant sought to admit was irrelevant under Rule 401, because it was not a fact that was "of consequence [to] the determination of the action." *Id.* The court added that, even if the videotape could be considered marginally relevant, it still must be excluded under Rule 403 because the probative value was substantially outweighed by the danger of unfair prejudice. *Id.* at 613-14, 616.

In discussing the application of Rule 403, the *Windsor* court noted that it was "hard to imagine how the videotape could not be used for the purposes set out by [the defendant] in its

motion without it constantly directing the jury's attention to [the plaintiff's] counsel's alleged wrongdoing." *Id.* at 616. Accordingly, the court reaffirmed its decision to exclude the evidence instead of, for example, admitting the evidence with a limiting instruction. The court reasoned that, "[g]iven that [the defendant] intended to prove to the jury that [the witness] made material misrepresentations *because* [the plaintiff's] counsel violated the law and the Code of Professional Ethics, the impact of the videotape would be dramatic and not easily cured by a limiting instruction." *Id.*[3]

In this case, the probative value of any statements or conduct of Attorney Mitchell is non-existent. Evidence that Attorney Mitchell may have "threatened to 'subpoena'" Ms. Link has no probative value. First, it is entirely within counsel's authority to use a subpoena to obtain information. *See* Fed. R. Civ. P. 45(a)(3) (providing counsel with authority to subpoena a witness). Second, even if Attorney Mitchell did "threaten to 'subpoena'" Ms. Link, that fact does not make the existence of discrimination or harassment or retaliation in the BFD more or less probable. The same is true with respect to Plaintiffs' allegation that Attorney Mitchell commented that "Georgia wants to shoot him in the head." Evidence regarding whether that statement was made has absolutely no bearing on the allegations of discrimination and harassment and retaliation alleged in Plaintiffs' complaint. Even if the Court found some probative value to these statements, that value is substantially outweighed

---

[3] The court also noted that, alternatively, "it was not inappropriate for [it] to refuse to admit videotaped evidence of low probative value because it would consume too much trial time, even if the trial was long and complex." 793 F. Supp. at 616.

by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Indeed, it is apparent that Plaintiffs seek to offer these statements *only* to prejudice the jury against Defendants and their counsel, in the hope that the jury will find Defendants' counsel's conduct offensive and apply their emotion against Defendants via their verdict.  That is exactly what Rule 403 was designed to prevent.  *See, e.g., U.S. v. Greenwood*, 796 F.2d 49, 53 (4th Cir. 1986) ("The prejudice which [Rule 403] is designed to prevent is jury emotionalism or irrationality") (citation omitted).

Additionally, if Plaintiffs put on evidence regarding alleged threats to use subpoenas, Defendants would be required to put on evidence explaining how a subpoena works and why counsel would be entitled to use one.  This would be a waste of the Court's time, mislead and confuse the jury, and divert attention from the real issues in this case.  As one court explained:

> It is understandable that jurors do not know, nor are they expected to appreciate the rules of discovery. Consequently, if [the defendant's] proffered lawyer-witness were to testify, [the plaintiff], under any concept of fairness, would be entitled to call its witnesses to explain how discovery rules function, and how, in this case, they impacted on the discovery disputes in which the parties were embroiled in the pretrial phase of this case. In the process, these proceedings will become enmeshed in one of the pitfalls Rule 403 is designed to prevent: confusion of the issues and misleading of the jury…. The testimony of the lawyer-witness has the potential of diverting the jury's attention from [the principal issue in the case] to questions concerning compliance with the rules of discovery.

*Empire Gas Corp. v. American Bakeries Co.*, 1986 WL 6945, *8  (N.D. Ill., June 12, 1986).

The same reasoning applies to this case.  Consequently, because the relevance and probative value, if any, of Ms. Link's testimony is substantially outweighed by the dangers of unfair

prejudice and jury confusion, and because the proffered testimony would be a waste of the Court's and jury's time, the Court should preclude Plaintiffs from calling Ms. Link as a witness or otherwise offering evidence regarding the aforementioned alleged statements of Attorney Mitchell.

Similarly, the Court should preclude Plaintiffs from calling Attorney Mitchell or his paralegal, Lisa Paliani, as witnesses, and preclude Plaintiffs from otherwise offering or referring to an alleged statement by Attorney Mitchell that he would "squash [Plaintiffs' counsel] like the bug that she is…"  First, whether Attorney Mitchell ever made any such comment bears absolutely no relation to the facts *at issue* in this case.  It is therefore irrelevant and should be excluded under Rule 402.  Moreover, Plaintiffs' sole motive is obviously to inflame the jury in the hope that the jury will reach a verdict based on emotion and animosity towards Defendants' counsel rather than on the merits of the case.  Again, this is exactly the type of evidence Rule 403 was designed to prohibit.  *See Greenwood*, 796 F.2d at 53.  Because it will divert attention away from the principal issues in this case, Plaintiffs' calling of Attorney Mitchell and Lisa Paliani as witnesses would also lead to substantial jury confusion, and the "proceedings will become enmeshed in one of the pitfalls Rule 403 is designed to prevent," *Empire Gas*, 1986 WL 6945 at *8.  Therefore, because the probative value of any statements by counsel made during the pendency of this litigation is substantially outweighed by the danger of unfair prejudice and jury confusion, and will waste the Court's and jury's time, the Court should preclude Plaintiffs from calling Attorney

Mitchell or Lisa Paliani as witnesses, and should exclude any evidence or argument about Attorney Mitchell's alleged extraneous statements or conduct.

### C.    Plaintiffs' Counsel is Precluded from Referencing This Improper and Inadmissible Evidence During Opening Statements

Because Plaintiffs' proffered evidence is inadmissible at trial, Plaintiffs' counsel is also barred from referring to any such evidence during opening statements. An "opening statement … should exclude any reference to matters that counsel knows [s]he cannot prove or would be inadmissible." *Maxworthy v. Horn Elec. Service, Inc.*, 452 F.2d 1141, 1143 (4th Cir. 1972) (footnotes and citations omitted). Violation of this rule yields serious consequences. For example, "where counsel's references to inadmissible or unprovable facts are so flagrant or inflammatory as to affect the fairness of the trial, it is within the sound discretion of the trial judge to take such remedial action as he deems proper, including, if he considers such action appropriate, a mistrial." *Id.* (footnotes and citations omitted).

Although it is perhaps understood, Courts will often specifically admonish counsel not to reference evidence as to which the Court has granted a motion *in limine*. *See Smith v. Board of County Com'rs of County of Lyon*, 2003 WL 21293565, *6 (D. Kan., May 27, 2003) (ordering that "[t]he parties shall not refer to any evidence as to which the court has granted a motion in limine during voir dire, opening statements, or otherwise and shall approach the bench before offering any evidence the court has taken under advisement"); *Farrington v. U.S.*, 920 F. Supp. 12, 14 (D.N.H. 1996) (ordering that "the motion in limine is herewith granted, and [the parties] are herewith precluded from including in their opening statements,

offering in evidence, or in any way seeking to comment or argue to the jury [about evidence or argument which has been precluded]").

Indeed, even when a trial court defers final decision on a motion to preclude until the time of trial, it will often admonish counsel that they are not to reference such evidence during opening statements. *See Dertz v. City of Chicago*, 1998 WL 61194, *4 (N.D. Ill., Feb. 5, 1998) (ordering that "the plaintiff's Motion in Limine to Bar Transcript of Police Board Hearing … is granted to this extent: the parties are foreclosed from mentioning such transcripts in opening statements and until further order of the court"); *Wilkinson v. Hyatt Corp.*, 1993 WL 121287, *3 (E.D. La., April 12, 1993) (ordering counsel to refrain from referring to certain matters during opening statement, but otherwise deferring decision on motion to preclude until time of trial).

Should counsel refer to matters that are improper during opening statements, it is appropriate for a trial court to interrupt or sustain objection to counsel's statements. *See Williams v. Drake*, 146 F.3d 44, 48 (1st Cir. 1998) (affirming trial court's ruling sustaining objection during opening statements based on counsel's improper characterization of the facts, especially in light of the fact that the magistrate judge had warned the parties prior to trial not to use hyperbole); *Cox v. Treadway*, 75 F.3d 230, 237 (6th Cir.), *cert. denied*, 519 U.S. 821 (1996) (holding that "[a] district court's supervisory powers over opening statements include the power to interrupt counsel who is presenting argument during opening") (citing *United States v. Bermea,* 30 F.3d 1539, 1569-70 (5th Cir. 1994)).

In light of this authority and the broad discretion the Court has with respect to counsel's opening statements, Defendants request that, whether the Court grants this motion *in limine* or defers decision until time of trial, the Court preclude Plaintiffs' counsel from referencing or alluding to any alleged statements or conduct of Attorney Mitchell.  As the Court is well-aware, opening statement is the first time counsel speaks with the jury, and traditional notions of fairness dictate that Plaintiffs' counsel be precluded from attempting to inflame the jury's emotions with irrelevant and unfairly prejudicial material.

## IV.    <u>CONCLUSION</u>

By listing Ms. Link, Attorney Mitchell, and Ms. Paliani as witnesses, and proposing to examine those witnesses regarding the statements and/or conduct of Attorney Mitchell at various pretrial stages of this litigation, Plaintiffs are attempting to inflame the jury or otherwise manipulate their emotions.  None of the evidence that is the subject of this motion makes any fact that is of consequence to this action more or less probable.  The probative value of this evidence, if any, is easily and substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  It is also a waste of the Court's and jury's time.  Therefore, it should be excluded.

WHEREFORE, Defendants request that the Court grant this motion *in limine*, and preclude Plaintiffs from offering evidence or argument (including during opening statements) regarding the allegedly improper conduct of Defendants' counsel.  In the alternative, even if the Court defers ruling on the admissibility of testimony and/or evidence until the time of

trial, Defendants request that the Court admonish Plaintiffs' counsel that she is not to refer such evidence during her opening statements to the jury.

By:   /s/ Margaret M. Sheahan
      Margaret M. Sheahan, ct05862
      Robert B. Mitchell, ct02662
For:  Pullman & Comley, LLC
      850 Main Street, P.O. Box 7006
      Bridgeport, CT  06601-7006
      (203) 330-2000
      Facsimile (203) 576-8888

      ATTORNEYS FOR:
      CITY OF BRIDGEPORT,
      EARL PETTWAY and
      MICHAEL MAGLIONE

## CERTIFICATION

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on November 1, 2004, to all counsel and pro se parties of record.

Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

John R. Mitola
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604


 /s/ Margaret M. Sheahan
Margaret M. Sheahan


BPRT/67551.1/MMS/536306v1