UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH SCHILLER,<br>Plaintiff | :    NO: 3:01cv00452(AVC)<br>     (ALL CASES) |
| | : |
| JOHANNA S. GEORGIA,<br>Plaintiff | : |
| v. | : |
| CITY OF BRIDGEPORT, ET AL.,<br>Defendants | :    NOVEMBER 1, 2004 |

### PLAINTIFFS' MOTION FOR JURY INSPECTION OF PREMISES

As part of the trial of the above-captioned cases scheduled to start November 8, 2004, Plaintiffs in these consolidated cases seek to have the jury inspect the premises of the Bridgeport Fire Department, all women's and all men's living quarters in all firehouses, and the apparatus floor of Firehouse 15, for the following reasons:

     1. The relative conditions of the quarters are a claim and material issue to Plaintiffs' disparate treatment claims under Title VII and the state FEPA, and to their civil rights claims (Equal Protection and Due Process) under 42 U.S.C. § 1983, et seq., and to their state common law claims;

     2. The parties intend to introduce photographs of women's quarters but all are selective and not comprehensive and cannot capture all aspect of the conditions such as relative location within the firehouses, proximity to alarms, size, air conditioning, heat, windows, etc.

     3. The defendants deny Plaintiffs' claims under all counts that a sexual calendar was photographed in and that it depicts the apparatus floor of Bridgeport Engine 15. The calendar

photograph will be material evidence in the case and the jury must be able to to determine if it is Bridgeport's firehouse and engine and equipment depicted;

    4.    "Determining if a [jury view of premises] is appropriate in a particular situation remains a matter committed to the trial court's informed discretion." United States v. Gray, 199 F.3d 547, 548-49 (1st Cir. 1999), citing Clemente v. Carnicon-Puerto Rico Management Assocs., 52 F.3d 383, 386 (1st Cir. 1995). A jury view may be appropriate to assist the jury in understanding and evaluating the evidence. 2 McCormick on Evidence § 216 (5th ed. 1999). See e.g., U.S. v. Gray, supra, Stephenson v. State, 742 N.E.2d 463 (Ind. 2001); Garrett v. Commonwealth, 48 S.W.3d 6 (Ky. 2001); State v. Perkins, 204 P.2d 207 (Wash. 1949); American Family Mut. Ins. Co. v. Shannon, 356 N.W.2d 175, 179 (Wisc. 1984).

                                                **FOR THE PLAINTIFFS,**

Dated 11/1/04

                                                Susan V. Wallace
                                                ~ *Attorney at Law* ~
                                                11 Blue Orchard Drive
                                                Middletown, CT 06457
                                                Tel: (860) 704-0472  Fax: -0490
                                                law4us@rcn.com
                                                Fed Bar No. CT08134

**CERTIFICATION OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing "Plaintiffs' Motion for Jury Inspection of Premises" has been served upon:

Robert B. Mitchell, Esq.  
Margaret M. Sheahan, Esq.  
Pullman & Comley, LLC  
850 Main Street  
P.O. Box 7006  
Bridgeport, CT 06601-7006

John Mitola, Esq.  
Office of the City Attorney  
City Hall Annex  
999 Broad Street  
Bridgeport, CT 06604

on this 1st day of November, 2004, via

__X__  Regular U.S. Mail, first class, postage prepaid

____  U.S. Priority Mail

____  U.S. Express Mail or other overnight mail service

____  Facsimile

____  Hand-delivery

_____  
Susan V. Wallace, Esq.

3