UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH SCHILLER,<br><br>Plaintiff, | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC) |
| JOHANNA S. GEORGIA,<br><br>Plaintiff, | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>Defendants. | (CONSOLIDATED)<br><br><br><br><br><br>November 19, 2004 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE OF RACE-BASED EVENTS
AND BRIDGEPORT FIREFIGHTERS FOR MERIT EMPLOYMENT**

I.   **INTRODUCTION**

Plaintiffs seek to support their sex harassment, sex discrimination and retaliation claims with evidence of race discrimination and racial harassment by Defendants and the Bridgeport Firefighters for Merit Employment ("BFME"). Plaintiffs should not be allowed to introduce any such evidence. Race discrimination by any actor is not relevant to this case. Any probative

value such evidence might have is significantly outweighed by the danger of unfair prejudice and confusion. Moreover, BFME, a private membership organization, is neither a party to this lawsuit nor an agent of any Defendant. Accordingly, Defendants move this Court to exclude any offer of, or reference to, evidence of race discrimination or harassment during the trial as a whole (including opening statements).

## II.   STANDARD OF REVIEW

A federal district court's authority to manage trials includes the power to exclude evidence pursuant to motions *in limine*. Falk v. Kimberly Services, Inc., No. 92 C 1079, 1997 WL 201568, *1 (N.D. Ill. April 16, 1997). The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 41 n. 4 (1984) (noting that, although the Federal Rules of Evidence ("FRE") do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials); Palmieri v. Defaria, 88 F.3d 136, 141 (2d. Cir. 1996); U.S. v. Chan, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002). A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under FRE 104. Commerce Funding Corp. v. Comprehensive Habilitation Services, Inc., No. 01 Civ. 3796 (PKL), 2004 WL 1970144, *4 (S.D.N.Y. Sept. 3, 2004) (citing FRE 104(a); "Preliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court....") Evidence should be excluded when it is clearly inadmissible on all potential grounds. Id.

III. **FACTS**

Plaintiffs' claims concern their experiences as trainees, probationers and regular firefighters in the Bridgeport Fire Department from their hire in 1999 through the present time. They cite as evidence of gender discrimination and sex-based harassment they experienced numerous events and conditions ranging from the changing facilities provided them in their training in the summer of 1999 to the administration of Plaintiff Georgia's current prolonged injury leave.

Non-party BFME is a private organization formed decades ago to support civil service merit-based employment policies. BFME has advocated merit-based civil service employment selection in lawsuits involving race discrimination charges. No complaints based on sex, race or any other kind of discrimination have ever been filed, much less adjudicated, against BFME.

IV. **ARGUMENT**

   A. **Race discrimination and harassment are irrelevant and of no probative value in a sex discrimination and harassment case.**

"[E]vidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence is relevant." FRE 401. "Evidence which is not relevant is not admissible." FRE 402.

To be relevant to a hostile work environment sexual harassment claim, evidence must indicate, *inter alia*, that the conduct complained of was sex-based. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-22. (1993). Race discrimination evidence does not support that showing. A plaintiff who is alleging one type of hostile work environment discrimination may not use

evidence of other, non-alleged types of discrimination to support the claim. Sidari v. Orleans County, No. 95 Civ. 7250, 2000 WL 33407343 at *3 (W.D.N.Y. Oct. 3, 2000); see also Kelly v. Boeing Petroleum Services, Inc., 61 F.3d 350, 358 (5th Cir. 1995) (race, sex, and origin discrimination excluded from disability discrimination case under FRE 401 and 402); Simonetti v. Runyon, No. 95 Civ. A. 98-2128, 2000 WL 1133066 at *6 (D.N.J. Aug. 7, 2000), aff'd, 276 F.3d 579 (3d Cir. 2001) (citing, Kelly, 61 F.3d at 357-360) (racial and religious discrimination against co-workers excluded under FRE 401 and 403 because ". . . plaintiff may not use evidence of one type of discrimination to prove discrimination of another type"); Rivera v. Baccarat, Inc., No. 95 Civ. 9478 (MBM) (JCF), 1997 WL 777887 at *2 (S.D.N.Y. 1997) (excluding evidence of gender discrimination and sexual harassment directed at other employees because it "has no bearing on the plaintiff's claims of national origin and age discrimination . . .").

In particular, allegations of racial discrimination are usually deemed irrelevant under FRE 401 and viewed as prejudicial under FRE 403 in sex discrimination cases. In Rauh v. Coyne, 744 F. Supp. 1181 (D.D.C. 1990), a discharged female employee alleged discrimination based on sex and marital status. In granting the defendant's motion *in limine* to exclude evidence of the employer's alleged discrimination against blacks and rejecting the plaintiff's argument that the jury be allowed to evaluate whether the use of racial epithets and slurs constituted sexual harassment, the court commented:

> There is little reason in common experience to infer that an employer who discriminates against blacks in his employment decisions is also likely to discriminate against women. To be sure, such correlation does exist in some situations . . . but this is not the normal experience. Discrimination against blacks has an entirely different history in this

> country in general and in geographical sections and particular industries than has discrimination against women.
>
> * * * * * * * *
>
> *In view of the weak correlation between the two types of discrimination, the proposed evidence against black employees would be likely to be of little probative value but it would have very great potential for prejudice.*

Id. at 1182-83 (emphasis supplied).

**B.    Plaintiffs are not members of a minority group and do not claim to be victims of racial discrimination or harassment.**

Employment discrimination cases in which courts have admitted evidence of racially discriminatory conduct directed at persons other than the plaintiff typically involve ***race discrimination as an allegation of the complaint*** and a plaintiff who is a ***member of a racial minority***. In Cruz v. Coach Stores, Inc., 202 F.3d. 560, 570 (2d Cir. 2000), for example, the plaintiff was an Hispanic woman alleging a hostile work environment because of racial *and* sexual harassment. The court held that "[r]emarks targeting members of other minorities . . . may contribute to the overall hostility of the working environment for a minority employee." Id. at 570; see also Schwapp v. Town of Avon, 118 F.3d 106, 111-12 (2d Cir. 1997) (harassment of other minority groups was relevant to whether black police officer experienced a racially hostile or abusive working environment).

In direct contrast, Plaintiffs here are white people and have alleged discrimination based *solely* on sex, not race. Thus, alleged racial animus or discrimination against non-white people is not relevant to the issues in this case. The court in Murphy v. Board of Educ., 273 F. Supp. 2d 292 (W.D.N.Y. 2003), distinguished Cruz and Schwapp in granting summary judgment

dismissing the claim of a white plaintiff who alleged hostile work environment based on his and other teachers' race and/or sex. The Court stated that "the rationale behind this rule [that behavior directed at one protected class can support claims of discrimination against another] has far less application . . .when a non-minority plaintiff alleges that his supervisor has directed hostility towards minority employees." Id at 313-14.

### C. Evidence of BFME conduct is similarly irrelevant and of no probative value

#### 1. *BFME has no relevant relationship to any Defendant.*

BFME is a private organization which is not part of, or sponsored by, the City or the BFD. Plaintiffs cannot establish an agency relationship between the BFME and any Defendant, such that Defendants could be liable for BFME's actions or conduct. Even an employer's liability for the discriminatory acts of one of its **supervisors** on the job is subject to an agency analysis.[1] Even more so, BFME's actions are distanced from any determination of these Defendants' liability.

---

[1] See generally Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 72 (1986) (Court held that Court of Appeals "erred in concluding that employers are always automatically liable for sexual harassment by their supervisors.. . . .Congress' decision to define 'employer' to include any 'agent' of an employer, 42 U.S.C. § 2000e(b), surely evinces an intent to place some limits on the acts of employees for which employers under Title VII are to be held responsible.")

BFME's membership is confined to Bridgeport Firefighters and BFME dues commitments may be met through payroll deduction[2]. This is where the connection to Defendants begins and ends.

BFME activities do not take place at any BFD firehouse or other City property and firefighters do not attend BFME meetings while on duty. Rooney Depo. at pgs. 234-35 (Exhibit 1). In fact, the BFD expressly prohibits firefighters from conducting private organization meetings while on duty. Id. at 235.

> 2. *The BFME Evidence Would Involve Neither Sex-Based Conduct Nor any Conduct Against Plaintiffs But Only Its Participation In Race Discrimination Cases.*

Plaintiffs do not allege that the BFME engages in sex discrimination or sex harassment of any kind. Nor do they allege that they personally have been the target of any action by BFME. On the contrary, Plaintiff Schiller is married to a member of BFME. Schiller Aff. at ¶ 35 (Exhibit 2).

Plaintiffs seek to introduce evidence that BFME is a *racist* organization based on BFME's participation, over the course of some 30 years, in several race discrimination cases challenging civil service selection. In addition to the fatal problems discussed above about the

---

[2] Payroll deduction of BFME membership dues is identical to that utilized by other private groups similarly composed of firefighters, but not otherwise affiliated with the BFD. Two such organizations are the Firebirds, which has the purpose of fostering and promoting the interests of African-American firefighters, and the Bridgeport Hispanic firefighters, which similarly exists to benefit Hispanic firefighters. None of these organizations acts or speaks for any of the Defendants.

irrelevance of race bias in a sex discrimination action and the lack of connection to the Defendants, Plaintiffs' proposed portrayal of BFME as an evil, racist, KKK-like organization has additional impediments. There is no actual evidence supportive of the proposition. BFME's participation in such lawsuits has not and cannot be shown to have been motivated by racial animus.

Moreover, in its participation in lawsuits, BFME exercised rights to speak and to petition the government protected under the United States Constitution's First Amendment. See Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 56-57 (1993); California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972). Plaintiff Schiller herself exercised the same rights when she sued with other white candidates to set aside aspects of the 1997 Bridgeport Fire Department Test. Fierlit v. City of Bridgeport, et al., Docket No. 398-CV-608 AHN.[3]

### D. The Risk of Confusing and Prejudicing the Jury Substantially Outweighs Any Probative Value of Admitting Evidence of BFME Activity and Questions Of Its Members' Possible Race-Based Motivations

Relevant evidence may be excluded if its probative value is substantially outweighed by dangers of causing unfair prejudice, confusing the issues or creating litigation of collateral issues. FRE 403. Here, any possible probative value on Plaintiffs' claims of evidence of possible racial discrimination would be slight and substantially outweighed by serious dangers of

---

[3] This case was resolved by a settlement agreement between the parties granting all the plaintiffs, including Ms. Schiller, retroactive seniority and placement in the next fire training class.

causing unfair prejudice or confusion of the issues. Racial bias is a highly inflammatory accusation that could well overwhelm the jury and so cloud the atmosphere that the jury could not dispassionately judge whether Plaintiffs have suffered unlawful discrimination and harassment on the basis of their sex and retaliation for complaining about it. See FRE 403; see also Rauh, supra, 744 F. Supp. at 1181.

V.    **CONCLUSION**

Allegations of race discrimination or harassment are not at issue in this case. However, the risk of inciting the jury with inflammatory accusations of racial animus is high. For all reasons articulated above, Defendants move the Court to exclude ***any allegations of race discrimination and/or harassment*** and ***any reference*** to the BFME at trial.

WHEREFORE, Defendants request that the Court grant this motion *in limine*, and preclude Plaintiffs from offering evidence or argument (including during opening statements) regarding race discrimination or the existence or any actions of BFME. In the alternative, even if the Court defers ruling on the admissibility of testimony and/or evidence until the time of trial, Defendants request that the Court instruct all counsel not to refer such evidence during opening statements to the jury.

Done at Bridgeport, Connecticut, this 19th day of November, 2004.

THE DEFENDANTS
City of Bridgeport, Michael Maglione and Earl Pettway

By: _____
Margaret M. Sheahan, Esq.
Federal Bar No. ct05862
Robert B. Mitchell, Esq.
Federal Bar No. ct02662

Their Attorneys

Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601-7006
Juris No. 47892  (203) 330-2000
Facsimile (203) 576-8888

## CERTIFICATION

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on November 19, 2004 to all counsel and pro se parties of record.

For the plaintiffs:

    Susan V. Wallace, Esq.
    11 Blue Orchard Drive
    Middletown, CT 06457
    (860) 704-0472
    (860) 704-0490 (Fax)

_____
Margaret M. Sheahan

BPRT/67551.1/MMS/536942v1