UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH SCHILLER,<br><br>                  Plaintiff, | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC) |
| JOHANNA S. GEORGIA,<br><br>                  Plaintiff, | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>                  Defendants. | (CONSOLIDATED)<br><br><br><br><br><br>November 22, 2004 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CERTAIN ALLEGATIONS,**
**COMPLAINTS, LAWSUITS AND SETTLEMENTS BROUGHT BY NON-PARTIES**

1. **INTRODUCTION**

      Plaintiffs seek to support their sex harassment and discrimination and retaliation claims with evidence of a number of internal, administrative agency, and judicial complaints

made by other persons against the Defendant City.[1] The only probative value such documents could have to this case would be to demonstrate a past history of sex discrimination in the BFD. As such, they are useful only as proof of gender-based discriminatory assertions they

---

[1]

| | |
|---|---|
| Exhibit 9 | Complaint 8/23/00 fr/ Firebird Society to City Labor Relations re: Signal 29 racist threats. |
| Exhibit 19 | FF Kathy Denton's internal complaints of sex discrimination, harassment, retaliation: 4/5/93, 7/12/93, 7/14/93, 8/11/93, 8/12/93. |
| Exhibit 20 | FF Kathy Denton's first CHRO/EEOC Charge re: Sex discrimination, harassment, retaliation. |
| Exhibit 21 | Composite of FF Kathy Denton's Complaint in No. 3:96-CV-01938(AWT) and Bridgeport City Council's approval of monetary settlement. |
| Exhibit 22 | Composite of Lt. Ina Anderson's CHRO/EEOC Charge of sex discrimination; BFD Notice of Lt. Ina Anderson's resignation. |
| Exhibit 23 | EEOC Notice of mediation, documents that FF Cindy Mattera has filed a Charge of discrimination (still pending confidential agency investigation). |
| Exhibit 24 | Internal complaints by FF Nancy Petrucelli (nee Kosma), Ass't Chief Robert Petrucelli about male officer spreading rumor that all female firefighters making sexual harassment complaints |
| Exhibit 28 | Lt. Michael Caldaroni's CHRO/EEOC Charge of Discrimination/Retaliation and Correspondence re: monetary settlement. |
| Exhibit 29 | Correspondence re: Lt. Michael Caldaroni's internal complaint about child porn. |
| Exhibit 30 | Composite of Firehouse log notes by Assistant Chief Robert Petrucelli re: Johanna Georgia's internal complaint about policy about air conditioning and women's quartering issues, and Lt Michael Caldaroni's internal complaint about child porn.) ***Defendants do not move to exclude so much of this exhibit as describes Plaintiff Georgia's complaint.*** |
| Exhibit 32 | Ass't Chief John Provost's CHRO/EEOC Charge of retaliation for his attempts to assist Firefighter Kathy Denton with pursuing her sex discrimination and sexual harassment complaints. |
| Exhibit 33 | Composite of FF Kathy Denton document re retaliatory termination: Second CHRO/EEOC Charge; testimony at State labor hearing. |
| Exhibit 38 | Composite of Documents re: tampering with female firefighter's gear – Kathy Denton (8/29/94, 9/5/94, turnout gear); Nancy Petrucelli (12/23/95, helmet); Ina Anderson (a/k/a Williams) (11/14/96, gloves). |

contain. They cannot be admitted for this purpose however, because no court or administrative agency ever adjudicated their merits (with one exception where the claim <u>was dismissed as meritless</u>.[2]) Admission or reference in oral argument should be denied on this basis alone.

Even were this insufficient grounds to exclude these documents from the trial, the Court would also find that they are both irrelevant and highly prejudicial. Some of the proposed exhibits assert sex discrimination or retaliation, but many raise only race discrimination charges. Some report "problems" without ascribing them to any actor or asserting <u>any</u> motivation. The time period covered goes back more than a decade; some pre-date Plaintiff's hire by six years. Few, if any, relate to any person alleged to be an illegal actor in this case. Most importantly, moreover, by creating an impression that claims like Plaintiffs' are an unduly common occurrence in the Bridgeport Fire Department ("BFD"), they are unfairly prejudicial. Accordingly, Defendants move to exclude them.

2.  **STANDARD OF REVIEW**

A federal district court's authority to manage trials includes the power to exclude evidence pursuant to motions *in limine*. <u>Falk v. Kimberly Services, Inc.</u>, No. 92 C 1079, 1997 WL 201568, *1 (N.D. Ill. April 16, 1997). The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See <u>Luce v. United States</u>, 469 U.S. 38, 41 n. 4 (1984) (noting that,

---

[2] Exhibit 22 was dismissed. See attachment to this memorandum.

3

although the Federal Rules of Evidence ("FRE") do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials); Palmieri v. Defaria, 88 F.3d 136, 141 (2d. Cir. 1996); U.S. v. Chan, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002).  A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under FRE 104. Commerce Funding Corp. v. Comprehensive Habilitation Services, Inc., No. 01 Civ. 3796 (PKL), 2004 WL 1970144, *4 (S.D.N.Y. Sept. 3, 2004) (citing FRE 104(a); "Preliminary questions concerning the qualification of a person to be a witness … or the admissibility of evidence shall be determined by the court….")  Evidence should be excluded when it is clearly inadmissible on all potential grounds.  Id.

3.   **FACTS**

Plaintiffs' claims concern their experiences as trainees, probationers and regular firefighters in the Bridgeport Fire Department from their hire in May, 1999 through the present time.  They cite numerous events and conditions as evidence of gender discrimination, sex-based harassment and retaliation they experienced, ranging from the changing facilities provided them in their training in the summer of 1999 to the administration of Plaintiff Georgia's current prolonged injury leave.

The non-adjudicated and dismissed complaints that Plaintiffs seek to introduce and Defendants seek to exclude were made by other BFD firefighters and officers about events that occurred before and during Plaintiffs' BFD employment, at various BFD premises and involving various personnel.  Some, though not all, assert discrimination on the basis of

various protected characteristics or retaliation for asserting such discrimination claims. None has been adjudicated by any neutral third party to a finding of liability or non-liability, except one dismissed for lack of evidence (Exhibit 22).

4. **ARGUMENT**

    A. **The contested evidence is inadmissible hearsay**

Hearsay is an out of court statement, other than one made by the testifying witness, offered to prove the truth of the matter asserted. FRE 801(c). A "statement" includes both "an oral or written assertion . . . if it is intended by the person as an assertion." FRE 801.

Plaintiffs' Exhibits 9, 19-24, 28-30, 32-33, & 38, when offered to prove the truth of the matters asserted therein, are inadmissible as hearsay. No Defendant, nor any agent of any of them, makes any admission in any of these documents. On the contrary, these are the statements of nonparties asserting wrongdoing on the part of a Defendant. Nor are the documents embodiments of any legitimate or authorized determination of the truth of these assertions. These are merely the accusations themselves. <u>Rivera v. Baccarat</u>, No. 95 Civ. 9478 (MBM) (JCF), 1997 WL 777887 *4 (S.D.N.Y. 1997) ("[o]f course, neither the [administrative charge filed by the Plaintiff with the EEOC] nor the Right to Sue letter constitute substantive findings. In the absence of some showing of relevance . . . these documents would not be admissible.") These documents must be excluded as hearsay.

    B. *The Proffered Evidence is Not Relevant To Plaintiffs' Claims.*

Presumably, Plaintiffs hope to support their claims with this evidence by persuading the jury that if others complained as well, there must be something wrong here, relying on the

appealing principle of, "Where there's smoke, there's fire." The problem with this strategy is that it could very well work even if the complaints were meritless, or too remote in time or different in theory or subject matter to indicate anything about the matters at issue. That is where the essential element of relevance protects the litigation process. Defendants ask this Court to use this standard to exclude the exhibits at issue.

"[E]vidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence is relevant." FRE 401. "Evidence which is not relevant is not admissible." FRE 402.

To be relevant to a sex discrimination claim, evidence must indicate that gender was the basis for adverse employment actions. Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998). To be relevant to a hostile work environment sexual harassment claim, evidence must indicate that the workplace harassment was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and create an abusive working environment, and in this later instance, that the conduct complained of was sex based, subjectively offensive to the plaintiff, and objectively offensive to a reasonable person. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-22 (1993). To be relevant to a retaliation claim, evidence must contribute to a showing that it is more likely than not that adverse employment action was motivated by a desire to respond to the subject employee's making a complaint, or participating in an investigation, of unlawful employment practices. Padilla v. Metro-North Commuter Railroad, 92 F.3d 117, 122 (2d Cir. 1996), cert. denied, 520 U.S. 1274 (1997).

The exhibits at issue here do none of these things.

    1.    *Complaints and settlements without admissions or findings prove nothing.*

That a case was filed and/or is settled does not resolve issues of guilt or innocence in any way whatsoever. See Wyatt v. Security Inn Food & Beverage, Inc., 819 F.2d 69, 71 (4th Cir. 1987) (settlement of prior discrimination suits not relevant). It is not relevant to a question of whether there was a discriminatory motive in any decision made by employer X about employee Y complained of anything at all. This would be true even if Y were complaining of the same kind of discrimination in the same kind of decision by the same decision-maker as X. It might be relevant if Y had proved her complaint or if the decision-maker had admitted its truth, to the satisfaction of some neutral. The fact of the complaint, in and of itself however, is irrelevant. Exhibits 9, 19, 20, 21 (in part insofar as it is a complaint), 22 (in part insofar as it is a complaint ), 23[3], 24, 28 29, 30 (excluding material about a complaint by Plaintiff Georgia), 32, 33 (in part insofar as it is a complaint ) and 38 all suffer from this fatal flaw and should be excluded.

    2.    *Evidence of claims asserting types of discrimination other than the type of discrimination alleged by Plaintiffs are irrelevant.*

A plaintiff who is alleging one type of hostile work environment discrimination may not use evidence of other, non-alleged, types of discrimination to support his/her claim. The

---

[3]    This exhibit does not contain a complaint. It is a Notice of mediation including a statement that a charge of discrimination has been filed.

7

legal arguments supporting this proposition are set out in full in Memorandum In Support Of Defendants' Motion In Limine To Exclude Any Evidence Of Race-Based Events And Bridgeport Firefighters For Merit Employment dated November 19, 2004, to which the Court is respectfully referred.

Exhibit 9 suffers from this fatal flaw.

### 3. *Evidence concerning events too remote in time or too dissimilar in nature are not relevant.*

"Incidents that are too remote in time or too dissimilar from a plaintiff's situation are not relevant." Stair v. Lehigh Valley Carpenters Local Union No. 600, 813 F. Supp. 1116, 1119 (E.D. Pa.,1993). Many of the exhibits at issue in this motion fail this test.

In an employment discrimination case, determining whether to admit evidence of other discrimination should include consideration of the time between "the other" act(s) and "the alleged act(s)." See Ansell v. Green Acres Contracting Co. Inc., 347 F.3d 515, 524 (3rd Cir. 2003). "There is a point at which a prior or subsequent act becomes so remote in time from the alleged discriminatory act at issue, that the former cannot, as a matter of law, be relevant to intent." Id. See also Garvey v. Dickinson College, 763 F. Supp. 799, 801-02 (M.D. Pa., 1991).

Most of the internal complaints and CHRO/EEOC charges pre-date Plaintiffs' 1999 hire by *several years*. Exhibits 19, 20, 24 and 32 are dated *six years earlier* in 1993; Exhibit 38, *three to five years earlier* in 1994-96; and Exhibit 21, *three years earlier* in 1996. These measurements only take into consideration the very earliest of Plaintiffs' allegations in 1999.

8

Since Plaintiffs allege events ranging up to the present time, these internal complaints are as much as *eleven years earlier* than some of the claims Plaintiffs here seek to prove. These complaints are too remote in time to be relevant time in this case. See Chertkova v. Conn. Gen. Life Ins. Co., 210 F. 3d 354 (2nd Cir., 2000), cert. denied, 531 U.S. 1192 (2001) (*eleven years* too long); Perry v. Ethan Allen, 115 F.3d 143, 150 (2nd Cir. 1997) (*more than six months* "too remote to be probative"); Stair, 813 F. Supp. at 1120 (*four years* " . . . too remote in time to the events in the present action.")

    **4. Evidence concerning dissimilar events and different actors than plaintiff's complaints are relevant.**

  The alleged wrongdoing in some of these complaints occurred in such dissimilar circumstances from those experienced by Plaintiffs that they cannot be probative of any of Plaintiffs' claims. The co-workers, supervisors and employment circumstances differ significantly from Plaintiffs' and thus are too dissimilar to be relevant. For example, Exhibit 22 is a complaint by an officer about another officer's appointment to a particular administrative position and Exhibit 32 involves an acting executive officer protesting his demotion to his civil service rank of captain. By contrast Plaintiffs were trainees or rookie firefighters in the course of their complaints' focus. The events complained of in Exhibits 19, 20, 21 (in part insofar as it is a complaint), 24 and 33 revolve around the action and inaction of firefighters and officers long gone from the BFD and with whom Plaintiffs never interacted in the course of their BFD employment. These differences are significant and render the evidence's irrelevance to this case. See Kline v. City of Kansas City, Fire Dept.,

9

175 F.3d 660, 666 (8th Cir., 1999), <u>cert.</u> <u>denied</u>, 528 U.S. 1155 (2000) ("[w]e agree with the trial court that the acts of people who did not supervise or allegedly discriminate against the plaintiffs (and who in most cases did not even work in the same area as the plaintiffs) are not probative of the city's motive, intent, or knowledge."

    **B.**    <u>**The Near Certainty of unfair prejudice and confusion for the jury would demand exclusion even if this evidence were relevant**</u>.

A court may exclude relevant evidence if the probative value of the evidence is substantially outweighed by dangers of causing unfair prejudice, confusing the issues, or creating litigation of collateral issues. FRE 403. The probative value, if any, of these complaints and settlements would be substantially outweighed by the danger of causing unfair prejudice and confusion of the issues. Plaintiffs are attempting to inundate the jury with a barrage of *suggestions* of unlawful employment practices. To permit the jury to hear about any of these matters would open the doors to litigation of each and every one of those unrelated cases. The danger of prejudicial impact on the jury would be certain. "What little probative value such evidence might have, in any case, would be substantially outweighed by the threat of confusion of the issues and unfair prejudice." <u>Kline v. City of Kansas City, Fire Dept.</u>, 175 F.3d 660, 666 (8th Cir., 1999).

    **C.**    <u>**Settlement documents are inadmissible.**</u>

Plaintiffs here seek to introduce evidence that certain discrimination and retaliation claims were settled for the purpose of proving that the charged discrimination occurred. This is flatly forbidden. FRE 408 provides in pertinent part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.

McHann v. Firestone Tire and Rubber Co., 713 F.2d 161, 166-67 (5th Cir., 1983) (settlement with third party "inadmissible under Rule 408 to establish the liability"); Young v. Verson Allsteel Press Co., 539 F.Supp 193, 195 n.5 (E.D. Pa., 1982) ("[t]he very terms of Rule 408 leave no doubt . . . under it a defendant cannot prove the invalidity or amount of a plaintiff's claim by proof of plaintiff's settlement with a third person, nor can plaintiff show the defendant's liability or extent of liability, by proof of defendant's settlement with a third person.")

Here, Exhibits 21 and 28 include evidence of settlement agreements entered on certain complaints which Plaintiffs also seek to introduce suggesting the Defendant City had liability for the wrongs asserted in the complaints. The danger of prejudicial effect on the jury is obvious. See McHann v. Firestone Tire and Rubber Co., 713 F.2d 161, 167 (5th Cir., 1983) ("[i]t is reasonable to infer that jurors would view the settlement as an admission of guilt.") Accordingly, the Court may rely on this reasoning as well in excluding so much of Plaintiffs' Exhibits 21 and 28 as contain settlement evidence.

IV. **CONCLUSION**

For all the foregoing reasons, the Defendants move this Court to grant this motion *in limine*, and to preclude Plaintiffs from offering evidence of, or referring to, the claims made

against any Defendant by non-parties set forth in the Exhibits identified in note 1 of this Memorandum. In the alternative, even if the Court defers ruling on the admissibility of testimony and/or evidence until the time of trial, Defendants request that the Court instruct all counsel not to refer to such evidence during opening statements to the jury.

Done at Bridgeport, Connecticut, this 22nd day of November, 2004.

                              THE DEFENDANTS
                              City of Bridgeport, Michael Maglione and Earl Pettway

                              By: /s/ Margaret M. Sheahan
                                   Margaret M. Sheahan, Esq.
                                   Federal Bar No. ct05862
                                   Robert B. Mitchell, Esq.
                                   Federal Bar No. ct02662

                              Their Attorneys

                              Pullman & Comley, LLC
                              850 Main Street
                              Bridgeport, CT  06601-7006
                              Juris No. 47892  (203) 330-2000
                              Facsimile (203) 576-8888

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on November 22, 2004 to all counsel and pro se parties of record.

For the plaintiffs:

    Susan V. Wallace, Esq.
    11 Blue Orchard Drive
    Middletown, CT 06457
    (860) 704-0472
    (860) 704-0490 (Fax)

    /s/ Margaret M. Sheahan
    Margaret M. Sheahan

STFD/67551.1/LPANNONE/315269v1