.

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ELIZABETH SCHILLER,<br><br>     Plaintiff, | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC) |
| JOHANNA S. GEORGIA,<br><br>     Plaintiff, | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
|   VS.<br><br>CITY OF BRIDGEPORT; DONALD DAY, In His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>     Defendants. | (CONSOLIDATED)<br><br><br><br><br><br>NOVEMBER 23, 2004 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' EXHIBITS 7, 45 AND 46**

**I. INTRODUCTION**

  Plaintiffs, female firefighters employed by the Bridgeport Fire Department ("BFD"),

seek to support their sex harassment, sex discrimination and retaliation claims with evidence

of a *Fairfield County Weekly* newspaper article about a BFD reference in, and a BFD

employee connection to, two different internet items with "adult" content (Exhibit 7), photos

and text from "Katie's World" website (Exhibit 46) and a videotape of Playboy and Spice channel broadcasts (Exhibit 45). Because the exhibits are irrelevant and unfairly prejudicial, Defendants move for an order, *in limine*, that the exhibits not be admitted into evidence or otherwise referenced at trial.

## II.    STANDARD OF REVIEW

A federal district court's authority to manage trials includes the power to exclude evidence pursuant to motions *in limine*. Falk v. Kimberly Services, Inc., No. 92 C 1079, 1997 WL 201568, *1 (N.D. Ill. April 16, 1997). The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 41 n. 4, (1984) (noting that, although the Federal Rules of Evidence ("FRE") do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996); U.S. v. Chan, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002). A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under FRE 104. Commerce Funding Corp. v. Comprehensive Habilitation Services, Inc., No. 01 Civ. 3796 (PKL), 2004 WL 1970144, *4 (S.D.N.Y. Sept. 3, 2004) (citing FRE 104(a) ("Preliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court....")). Evidence should be excluded when the evidence is clearly inadmissible on all potential grounds. *Id.*

## III.     FACTS

Plaintiffs challenge their experiences as trainees, probationers and regular firefighters in the Bridgeport Fire Department from their hire in 1999 through the present time. They cite as evidence of gender discrimination, sex-based harassment and retaliation for complaining about it, numerous events and conditions ranging from the changing facilities provided them in their training in the summer of 1999 to the administration of Plaintiff Georgia's current prolonged injury leave.

Exhibit 7 is an August 28, 2003 article from the _Fairfield County Weekly_ relating the use of a tee-shirt bearing a BFD logo and fire company name in a website called "Katie's World" and an internet posting under a BFD firefighter's screen name soliciting models for an "adult website." The article also refers to "the lawsuit moving through federal court right now. . . that alleges the display of pornography in Bridgeport firehouses. . . ."

Exhibit 46 is four photographs and three short sentences of text with the heading "03.01.02 – Bridgeport Fire Department!!!" from the "Katie's World" website, which is referenced in Exhibit 7.

Exhibit 45 is a videotape recorded by Plaintiff Schiller of televisions in BFD firehouses playing Playboy and Spice Channel broadcasts.

## IV.     ARGUMENT

### A.     Exhibits 7, 45, and 46 Should Be Excluded Because They Are Irrelevant

"[E]vidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would

be without the evidence is relevant." Fed. R. Evid. ("FRE") 401. "Evidence which is not relevant is not admissible." FRE 402.

### 1. *The Standard For Relevance to Plaintiffs' Claims Is Simple.*

To be relevant to a sex discrimination claim, evidence must indicate that gender was the basis for adverse employment actions. Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998). To be relevant to a hostile work environment sexual harassment claim, evidence must indicate that the workplace harassment was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and create an abusive working environment, and in this later instance, that the conduct complained of was sex-based, subjectively offensive to the plaintiff, and objectively offensive to a reasonable person. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-22 (1993). To be relevant to a retaliation claim, evidence must contribute to a showing that it is more likely than not that adverse employment action was motivated by a desire to respond to the subject employee's making a complaint, or participating in an investigation, of unlawful employment practices. Padilla v. Metro-North Commuter Railroad, 92 F.3d 117, 122 (2d Cir. 1996), cert. denied, 520 U.S. 1274 (1997). In all such claims, the conduct must be connected to the defendant. Murray v. New York University College of Dentistry, 57 F.3d 243,249 (2d Cir. 1995)

### 2. *Exhibit 7 is not relevant to Plaintiffs' claims*

Exhibit 7 is a newspaper article entitled, "Sexual Harassment at BFD?" Specifically, the article relates that a BFD tee-shirt appears on "a popular website devoted to its model, a young woman identified only as 'Katie'," that "[t]here is an ongoing Internet discussion

-4-

regarding 'Katie's' legal age" and that there is a message on the website headed, "Bridgeport

Fire Department!!!"  The article also asserts that an internet posting inviting women to apply

to pose for an adult website is "from a Bridgeport firefighter."

**(a)**    **Exhibit 7 is hearsay.**

Exhibit 7 is inadmissible hearsay – perhaps even double or triple hearsay.  "Hearsay"

is "a statement, other than one made by the declarant while testifying at the trial or hearing,

offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not

admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  Plaintiffs

obviously intend to offer the newspaper article for the truth of the matters it asserts.

Even if the author of the article had first-hand information of the truth of those

statements, the article itself – an out-of-court-statement – would be inadmissible hearsay.

See Tyson v. Willauer, 290 F. Supp. 2d 278, 287 n.5 (D. Conn. 2003) ("To the extent that

plaintiffs are offering [newspaper articles] to show the truth of the matters asserted therein,

they are excluded under Rule 801(c), FRE, as hearsay").  To the extent Exhibit 7's author

relied on statements on websites (which are themselves hearsay), the article contains double

or triple hearsay.  In any event, the document is clearly inadmissible.  FRE 802.

**(b)**    **Exhibit 7 is not probative**

The article does nothing to identify any conduct of any Defendant or any agent of any

Defendant.  It does not report any employment action.  It does not even purport to describe

the working condition of any Bridgeport firefighter, except insofar as it obliquely refers to a

category of allegations made in this lawsuit.  It does not reveal anything tending to make

-5-

more or less likely any fact in issue in this case.  To the extent the article itself presents anything offensive, it is not an act of, or within the control of any Defendant.  It is useless to this case.

### 3.    *Exhibit 45 is not relevant.*

Exhibit 45 is titled by Plaintiffs, "[v]ideotape of pornography playing on BFD firehouse televisions." It records broadcasts from the Playboy and Spice Channels, programming generally available to cable TV subscribers.  ***Plaintiff Schiller*** recorded the tape while no one else was present.  She turned on the televisions and found the "right" channels before she began to record.  *See* Schiller Affidavit ¶ 21 (attached).  Therefore, Exhibit 7 is evidence only of the ***capacity*** of the television sets to receive these channels-- not that they were ever accessed at any other time, nor by whom, nor in whose presence, nor to the reaction of anyone exposed to it, nor to anything else of value in this case.  The fact that a television set, radio or computer ***can*** receive such material proves nothing relevant to this case.  The issue is not whether Plaintiffs ***could*** view these channels from the firehouse television but whether she was ***required*** to do so involuntarily.  The tape ***Plaintiff voluntarily made*** when no one else was present cannot assist in proof of any element of the complaint.

### 4.    *Exhibit 46 is not relevant.*

Exhibit 46 is a download of four photographs of a young woman wearing a tee-shirt bearing a BFD Wood Avenue logo on the front and Bridgeport Engine 3 Engine 4 Fire in lettering on the back, plus a paragraph of text stating a date of March 1, 2002 and Bridgeport

Fire Department!!! in the heading. Exhibit 46 is of unknown origin and import and not relevant to prove any conduct on the part of any person connected with any Defendant. It should be excluded.

### (a)    Exhibit 46 cannot be authenticated.

The issue of authentication is directly related to the issue of relevance. To be relevant here, the document would have to show conduct by, or subject to the control of, a Defendant in the workplace. That is simply not possible here.

This case presents a rare instance where the Court can rule on the authentication issue by way of a motion *in limine*. See, *e.g.,* Telewizja Polska USA, Inc. v. Echostar Satellite Corp., No. 02 C 3293, 2004 WL 2367740, *7 (N.D. Ill. Oct. 15, 2004) (motion *in limine* granted to exclude unauthenticated "redacted email to an unknown recipient" where sender could identify his e-mail address, but did not recognize content or remember sending message in question).

Unquestionably, Exhibit 46 was created by persons other than Defendants. It derives from the website [www.katies-world.com] of an unknown third person. This type of web-based evidence easily falls within the categories of evidence courts have refused to admit on authentication grounds. For example, in Wady v. Provident Life and Accident Ins. Co. of America, 216 F. Supp. 2d 1060 (C.D. Cal. 2002), a witness attempted to authenticate certain documents "on the basis that he obtained them from [a defendant's] website." *Id.* at 1064. The court held that, absent personal knowledge of who maintained the website, who authored the documents, and the accuracy of their contents, the downloads could not be authenticated

and thus were inadmissible.  See also U.S. v. Jackson, 208 F.3d 633, 638 (7th Cir. 2000) (internet evidence lacked authentication where proponent unable to show information had been posted by organizations to which she attributed it).

> Anyone can put anything on the Internet.  No web-site is monitored for accuracy and nothing contained therein is under oath or even subject to independent verification absent underlying documentation.  Moreover, the Court holds no illusions that hackers can adulterate the content on any web-site from any location at any time.  For these reasons, any evidence procured off the Internet is adequate for almost nothing....

St. Clair v. Johnny's Oyster & Shrimp, Inc., 76 F. Supp. 2d 773, 775 (S.D. Tex. 1999)

Assuming *arguendo* that the source of the *website* could be sufficiently authenticated, the source of the *content* would still be unknown. Plaintiffs cannot demonstrate that the "shirt" was "from Engine 3."  Relying on the writing on the shirt to demonstrate its origin is not permissible.  The writing is inadmissible hearsay if offered for the truth of its content – that it derived "from Engine 3."[1]

### (b)   Exhibit 46 is not probative

Even if the Exhibit could be shown to be what it purports to be, it would not help prove anything Plaintiffs need to prove.  It is not relevant to a workplace discrimination claim that a third party wore "a shirt from Engine 3" on her "pornographic website."  Not only is "wearing a shirt" the expressive activity of some third party entirely unaffiliated with Defendants, it is also occurring entirely *outside* the workplace.

To the extent the exhibit suggests that a firefighter had some personal and private involvement in the "Katie's World" website (which is an intellectual stretch at best), it concerns expression that did not occur "in the workplace" and which Defendants could not prevent because it is protected by the First Amendment. *See, e.g.*, Flanagan v. Munger, 890 F.2d 1557, 1567 (10th Cir. 1989) (holding that police chief violated police officers' right to freedom of speech and press by prohibiting officers from selling or renting sexually explicit video tapes and by reprimanding them for engaging in that activity; police officers' interest in engaging in nonverbal expression which occurred outside the workplace outweighed police chief's interest in preventing it).[2]

**B.     Exhibits 7, 45 and 46, even if relevant, are too inflammatory to be admitted**

Even if Exhibits 7, 45 and 46 met other grounds for admissibility, such as authenticity and relevancy, their highly prejudicial content would demand their exclusion. All three exhibits are extremely sensitive.

Even relevant evidence is inadmissible under certain circumstances. *See, e.g.*, FRE 402 (recognizing that relevant evidence may be deemed inadmissible under "the Constitution of the United States, by Act of Congress, by [the Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority"). One such example is

---

[1]   Any third party, whether or not employed by the BFD, could have had such a tee-shirt made by any number of businesses and supplied it to the website host.

[2]   This point is addressed in more detail in Defendants' Memorandum of Law In Support of Motion in Limine to Exclude Certain Web-Based Evidence.

where the probative value of relevant evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.

Exhibit 7 portrays the *Katie's World* website and a single Internet posting attributable to a screen name Plaintiffs identify as that of a Bridgeport firefighter. The article's purpose was to discuss this very litigation. This evidence, which Plaintiffs characterize as "pornographic," is unfairly prejudicial.

Exhibit 46, downloads from what Plaintiffs term a "pornographic" website (*Katie's World*) showing a "girl wearing [a] shirt from Engine 3" is an obvious attempt to inflame the jury with emotion in the hope that it will rule based only on that emotion. The danger of unfair prejudice substantially outweighs the zero probative value of this evidence.

Exhibit 45, Plaintiff Schiller's videotape of Playboy and Spice Channel broadcasts, graphic depictions of sexual acts being performed by naked and nearly naked adults, is highly inflammatory and highly prejudicial. If there is any probative value to the videotape at all, it is easily and substantially outweighed by these dangers.

By offering this irrelevant and unfairly prejudicial evidence, Plaintiffs are obviously attempting to inflame the jury or otherwise manipulate their emotions. None of the evidence that is the subject of this motion brings to light or supports any fact that is of consequence to this action or makes wrongdoing by any Defendant more or less probable. FRE 401. The probative value of this evidence, if any, is easily and substantially outweighed by the danger

of unfair prejudice, confusion of the issues, or misleading the jury.  It is also a waste of the Court's and jury's time.  Therefore, it should be excluded under FRE 402 and 403.

## V.     **CONCLUSION**

For all the foregoing reasons, Defendants request that the Court grant this motion *in limine*, and exclude the entry into evidence of, or any other reference to, Exhibits 7, 45, and 46 at trial.  In the alternative, even if the Court defers ruling on admissibility until the time of trial, Defendants request that the Court (1) instruct all counsel not to refer to such evidence during opening statements to the jury and (2) hold a hearing on the admissibility of this provocative and inflammatory evidence outside the presence of the jury prior to permitting any offer of, or reference to it at trial.

By: _Margaret M. Sheahan_

Margaret M. Sheahan, ct05862
Robert B. Mitchell, ct02662
For: Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT  06601-7006
(203) 330-2000
Facsimile (203) 576-8888

ATTORNEYS FOR:
CITY OF BRIDGEPORT,
EARL PETTWAY and
MICHAEL MAGLIONE

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on November 23, 2004, to all counsel and pro se parties of record.

Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

_Margaret M. Sheahan_
Margaret M. Sheahan

BPRT/67551.1/GPIA/538568v1