**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ELIZABETH SCHILLER, <br><br> Plaintiff, | CIVIL ACTION <br> NO. 3:01 CV-00452 (AVC) |
| JOHANNA S. GEORGIA, <br><br> Plaintiff, | CIVIL ACTION <br> NO. 3:01 CV-00717 (AVC) |
| VS. <br><br> CITY OF BRIDGEPORT; DONALD DAY, In His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity, <br><br> Defendants. | (CONSOLIDATED) <br><br><br><br><br> NOVEMBER 30, 2004 |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL EXHIBITS**

In compliance with this Court's Pretrial Order, Defendants submit the following objections to the admissibility of various exhibits identified for trial by Plaintiffs, on grounds other than relevance and include for each such objection a short memorandum of supporting authority.

**Plaintiffs' Exhibit 1** *"Composite of correspondence re: Johanna Georgia's requests for return to work and City's responses; M.D. return-to-work notes."*

Defendants find it necessary to address separately many of the 23 items[1] collected in this exhibit. For the sake of clarity, Defendants identify all 23 items by number below, including those to which no objection is offered herein.

(1) 6/30/04 memo Connor to Engine 7 and Ladder 11

**NO OBJECTION TO ASSERT AT THIS TIME**

(2) 6/30/04 Form 2326 from Georgia to Connor

**OBJECTION:** unqualified lay opinion by interested party on medical matter that contradicts medical opinion offered by physicians

**AUTHORITY:** Under Fed. R. Evid. 701, lay opinion testimony is strictly limited to that helpful to proof of factual issues, within the personal knowledge of the witness and not in the realm of expert testimony. *See Hester v. Bic Corporation*, 225 F 3d 178 (2d Cir. 2000).

(3) 6/28/04 letter from Connor to Georgia

**NO OBJECTION TO ASSERT AT THIS TIME**

---

[1] The Exhibit 1 initially delivered to Defendants by Plaintiffs included 22 different documents. Thereafter, Plaintiffs sent an additional document, Exhibit 1(23) herein, a medical note about Plaintiff Georgia, stated to be an addition to Exhibit 2, but which Defendants believe Plaintiffs actually intended to add to their Exhibit 1. Plaintiffs' Exhibit 2 is Plaintiff Georgia's probationary resignation letter.

2

(4)  6/28/04 Form 2326 from Georgia to Connor

**OBJECTION:**  hearsay

**AUTHORITY:**    "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

(5)  6/28/04 Form 2326 from Georgia to Baker

**NO OBJECTION TO ASSERT AT THIS TIME**

(6)  6/28/04 letter from Atty Wallace to Atty Mitola  re:  FF Georgia and FOIA Request

**OBJECTION:** hearsay insofar as it relates statements of others, e.g. Georgia's doctors

**AUTHORITY:**    "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

(7)  6/28/04 setter from Atty Mitola to Atty Wallace

**NO OBJECTION TO ASSERT AT THIS TIME**

(8)  6/24/04 letter from Atty Wallace to Atty Mitola appending  a "return-to-work letter from Dr. Daigneault"

**OBJECTION:**  Cover letter is hearsay; appended document is unauthenticated hearsay.

**AUTHORITY:**   "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  See Hogan v. State of Connecticut Judicial Branch,  220 F. Supp 2d 111 (D. Conn. 2002).

(9)  6/24/14 fax cover sheet from Atty Wallace to Atty Mitola appending "transmission verification report" and copy of Exhibit 1(8) above with different version of attached doctor's letter.

**OBJECTION & AUTHORITY:**  See Exhibit 1(8) above.

(10)  6/16/04 letter from Atty Wallace to Atty Mitola beginning "I checked with my client regarding her physician's return to work note."

**OBJECTION:**  hearsay insofar as it relates statements of others, e.g. Georgia's doctors

**AUTHORITY:**   "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  See Hogan v. State of Connecticut Judicial Branch,  220 F. Supp 2d 111 (D. Conn. 2002).

(11)  6/16/04 letter from Atty Wallace to Atty Mitola beginning: "I have not had a response from you to my letter of May 28th following a conversation we had regarding returning my client to work."

**OBJECTION:**  hearsay insofar as it relates statements of others, e.g. Georgia's doctors

**AUTHORITY:**   "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  See Hogan v. State of Connecticut Judicial Branch,  220 F. Supp 2d 111 (D. Conn. 2002).

(12)  5/28/04 letter from Atty Wallace to Atty Mitola re:  FF Georgia

**OBJECTION:**  hearsay insofar as it relates statements of others, e.g. Georgia's doctors; lay opinion on medical matters

**AUTHORITY:**   "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  See Hogan v. State of Connecticut Judicial Branch,  220 F. Supp 2d 111 (D. Conn. 2002).

(13)  Center For Orthopaedics form concerning Johanna Georgia signed 5/14/04

5

**OBJECTION:** hearsay

**AUTHORITY:** "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. See Hogan v. State of Connecticut Judicial Branch, 220 F. Supp 2d 111 (D. Conn. 2002).

(14) Center For Orthopaedics form concerning Johanna Georgia signed 031004

**OBJECTION:** hearsay

**AUTHORITY:** "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. See Hogan v. State of Connecticut Judicial Branch, 220 F. Supp 2d 111 (D. Conn. 2002).

(15) 1/9/04 letter from Atty Wallace to Atty Mitola

**OBJECTION:** hearsay insofar as it relates statements of others, e.g. Georgia's doctors; lay opinion on medical matters; inflammatory

**AUTHORITY:** "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. See Hogan v. State of Connecticut Judicial Branch, 220 F. Supp 2d 111 (D. Conn. 2002).

Under Fed. R. Evid. 701, lay opinion testimony is strictly limited to that helpful to proof of factual issues, within the personal knowledge of the witness and not in the realm of expert testimony. *See Hester v. Bic Corporation*, 225 F 3d 178 (2d Cir. 2000).

Even relevant evidence is inadmissible under certain circumstances. *See, e.g.,* FRE 402 (recognizing that relevant evidence may be deemed inadmissible under "the Constitution of the United States, by Act of Congress, by [the Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority"). One such example is where the probative value of relevant evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.

(16) 12/3/03 letter from Atty Wallace to Atty Mitola

**OBJECTION:** hearsay; lay opinion on medical matters

**AUTHORITY:** "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the

matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

Under Fed. R. Evid. 701, lay opinion testimony is strictly limited to that helpful to proof of factual issues, within the personal knowledge of the witness and not in the realm of expert testimony. *See Hester v. Bic Corporation*, 225 F 3d 178 (2d Cir. 2000).

(17)  11/3/03 letter from Atty Wallace to Atty Mitola

**NO OBJECTION TO ASSERT AT THIS TIME**

(18)  10/3/03 letter from Atty Wallace to Atty Mitola

**NO OBJECTION TO ASSERT AT THIS TIME**

(19)  10/2/03 letter from Atty Wallace to Atty Mitola

**OBJECTION:**  hearsay

**AUTHORITY:**   "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

(20)  10/1/03 letter from Atty Wallace to Atty Mitola

**NO OBJECTION TO ASSERT AT THIS TIME**

(21)  9/18/03 letter from Atty Wallace to Atty Mitola

      **OBJECTION:**  hearsay and statement of law

      **AUTHORITY:**  "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  See Hogan v. State of Connecticut Judicial Branch,  220 F. Supp 2d 111 (D. Conn. 2002).

      Fed. R. Evid. 401 defines relevant evidence as that having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Statements of law cannot meet this test.  Revelation of the law to the jury is the province of the Court, not the litigants and the fact witnesses.

(22)  9/3/03 letter from Atty Wallace to Stuart Rosenberg

      **OBJECTION:**  hearsay; statement of law; lay opinion on medical matters

      **AUTHORITY:**  "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules

of Evidence.  FRE 801-804.  <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u>  220 F. Supp 2d 111 (D. Conn. 2002).

Fed. R. Evid. 401 defines relevant evidence as that having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Statements of law cannot meet this test.  Revelation of the law to the jury is the province of the Court, not the litigants and the fact witnesses.

Under Fed. R. Evid. 701, lay opinion testimony is strictly limited to that helpful to proof of factual issues, within the personal knowledge of the witness and not in the realm of expert testimony.  *See Hester v. Bic Corporation*, 225 F 3d 178 (2d Cir. 2000).

(23)  Center for Orthopaedics concerning Johanna Georgia signed 9/27/04

**OBJECTION:** hearsay

**AUTHORITY:** "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u>  220 F. Supp 2d 111 (D. Conn. 2002).

Defendants object to **all of Plaintiffs' Exhibit 1** on the ground that Plaintiff Georgia's continued insistence that any medical information concerning her workers' compensation claim not be shared with Defense counsel in this action on pain of liability for violation of her right to medical privacy, *inter alia*, under the statute known as HIPAA precludes the introduction of that very medical information in this action.

**Plaintiffs' Exhibit 3:**  *"Composite of Signal 29 website message board postings"*

This exhibit is comprised of 202 different postings to an Internet message board. Defendants have addressed authentication and hearsay objections to all of this evidence in their Motion *In Limine* to Exclude Plaintiffs' Web-Based Evidence, to which Defendants respectfully refer this Court.[2]

Many of the postings included in Plaintiffs' Exhibit 3 refer to race discrimination. Defendants have addressed the inadmissibility of this kind of evidence in their Motion *In Limine* To Exclude Evidence of Race Based Speech and Conduct, to which Defendants respectfully refer this Court.

---

[2] Serious questions involving the First Amendment rights of the authors of each of these website postings are also addressed in that Motion *In Limine*.  They relate primarily however, to the relevance of these documents in light of the prohibition against Defendants' interference with such expression and the need for Plaintiffs to establish the practical and legal ability of Defendants to exert control over the speech and conduct they allege creates a hostile work environment.

**Plaintiffs' Exhibit 4:**  *"Composite of BFD website pages:  3engine.com, Engine 10's, City website, 'BFD Unofficial;' internet chat posting by BFD male personnel about BFD women firefighters"*

This exhibit is comprised of the following documents.

(1)  a page titled " Internet Archive Wayback Machine" listing "Search Results for Jan 01, 1996—Oct 13, 2004

(2)  a page bearing the 3engine.com name and 2 photographs and text

(3)  a four page download from Bridgeport Fire Department at The Post Road dot com

(4) a one page download from 3engine.com, containing 4 postings and bearing the notation "Page 1 of 2

(5) a 2 page download from 3engine.com showing "Official and Unofficial Patches!!"

(6) a copy of Exhibit 4(4) above

(7) a Google "search result 4" containing two postings containing self-introductions

(8) a 1 page download of a posting from SANK 389

(9) a 2 page download of a posting from SANK 389

**OBJECTION & AUTHORITY:**  Please refer to Exhibit 3 above.

**Plaintiffs' Exhibit 6:**  *"BFD Firehouse 6's male genitalia uniform patch"*

**OBJECTION:**  authenticity and inflammatory

**AUTHORITY:**  In order to authenticate documentary evidence, the proponent must show that it is what it purports to be.  Fed. R. Evid. 9.  Without admissible evidence of

the source of this exhibit and its connection to the parties, Plaintiffs cannot authenticate it. *See Ortho Pharmaceutical Corp. v. Cosprophar Inc.,* 828 F. Supp. 1114 (S.D.N.Y. 1993)..

Even relevant evidence is inadmissible under certain circumstances. *See, e.g.,* FRE 402 (recognizing that relevant evidence may be deemed inadmissible under "the Constitution of the United States, by Act of Congress, by [the Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority"). One such example is where the probative value of relevant evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.

**Plaintiffs' Exhibit 7:** **"*Fairfield County Weekly* article re:  BFD tee-shirt pornography site and internet posting with BFD firefighter's email name soliciting models to make porn site"**

**OBJECTION:** authenticity; hearsay

**AUTHORITY:** Defendants respectfully refer the Court to their Motion *In Limine* To Exclude Plaintiffs' Exhibits 7, 45 and 46 and the supporting memorandum of law filed with it.

In order to authenticate documentary evidence, the proponent must show that it is what it purports to be. Fed. R. Evid. 9. Without admissible evidence of the source of this exhibit and its connection to the parties, Plaintiffs cannot authenticate it. *See Ortho Pharmaceutical Corp. v. Cosprophar Inc.,* 828 F. Supp. 1114 (S.D.N.Y. 1993)..

"Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  See Hogan v. State of Connecticut Judicial Branch,  220 F. Supp 2d 111 (D. Conn. 2002).

**Plaintiffs' Exhibit 8:**  *"Facsimile dated and fax-marked 7/20/00 fr/City Attorney John Barton to David Dunn of City's Labor Relations Dep't with attchmts:  copies of Signal 29 website posting about Plaintiffs/female BFD firefighters, threats of retaliation"*

**OBJECTION:**  authenticity

**AUTHORITY:**  Defendants respectfully refer the Court to their Motion *In Limine* To Exclude plaintiffs' Web-Based Evidence and their memorandum of law in support of that motion.

In order to authenticate documentary evidence, the proponent must show that it is what it purports to be.  Fed. R. Evid. 9.  Without admissible evidence of the source of this exhibit and its connection to the parties, Plaintiffs cannot authenticate it.  *See Ortho Pharmaceutical Corp. v. Cosprophar Inc.,* 828 F. Supp. 1114 (S.D.N.Y. 1993)..

**Plaintiffs' Exhibit 9:**  *"Complaint 8/23/00 fr/Firebird Society to City Labor Relations re: Signal 29 racist threats"*

**OBJECTION:**  cover letter is hearsay; attachments cannot be authenticated.

**AUTHORITY:**     "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the

matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

In order to authenticate documentary evidence, the proponent must show that it is what it purports to be. Fed. R. Evid. 9. Without admissible evidence of the source of this exhibit and its connection to the parties, Plaintiffs cannot authenticate it. *See Ortho Pharmaceutical Corp. v. Cosprophar Inc.,* 828 F. Supp. 1114 (S.D.N.Y. 1993)..

Defendants also respectfully refer the Court to their Motion *In Limine* To Exclude Evidence of Race-Based Events and the Bridgeport Firefighters For Merit Employment and their memorandum of law filed in support of that Motion.

**<u>Plaintiffs' Exhibit 10:</u>** *"Internal email 9/5/00 from IT auditor to IT Director R. Fitzgerald re Signal 29 site webmaster, policies, characterizing site as 'a place for free speech."*

**OBJECTION:** hearsay

**AUTHORITY:** "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

**Plaintiffs' Exhibit 19:**  *"FF Kathy Denton's internal complaints of sex discrimination, harassment, retaliation 4/5/93, 7/12/93, 7/14/93, 8/11/93, 8/12/93."*

        **OBJECTION:**  hearsay

        **AUTHORITY:**  "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  See Hogan v. State of Connecticut Judicial Branch,  220 F. Supp 2d 111 (D. Conn. 2002).

**Plaintiffs' Exhibit 20:**  *" FF Kathy Denton's  first CHRO/EEOC Charge re:  Sex discrimination, harassment, retaliation."*

        **OBJECTION:**  hearsay

        **AUTHORITY:**  "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  See Hogan v. State of Connecticut Judicial Branch,  220 F. Supp 2d 111 (D. Conn. 2002).

**Plaintiffs' Exhibit 21:**  *"Composite of FF Kathy Denton's Complaint in No. 3:96-CV-01938 (AWT) and Bridgeport City Council's approval of monetary settlement"*

        **OBJECTION:**  hearsay

**AUTHORITY:** "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. See Hogan v. State of Connecticut Judicial Branch, 220 F. Supp 2d 111 (D. Conn. 2002).

**Plaintiffs' Exhibit 22:** *"Composite of Lt. Ina Anderson's CHRO/EEOC Charge of sex discrimination; BFD Notice of Lt. Ina Anderson's resignation*

**OBJECTION:** hearsay

**AUTHORITY:** "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. See Hogan v. State of Connecticut Judicial Branch, 220 F. Supp 2d 111 (D. Conn. 2002).

**Plaintiffs' Exhibit 23:** *"EEOC Notice of mediation, documents that FF Cindy Matera has filed a Charge of discrimination (still pending confidential agency investigation)"*

**OBJECTION:** hearsay

**AUTHORITY:** "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the

matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

**<u>Plaintiffs' Exhibit 28:</u>** *"Lt. Michael Calderoni's CHRO/EEOC Charge of Discrimination/Retaliation and Correspondence re: monetary settlement"*

      **OBJECTION:** hearsay

      **AUTHORITY:** "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

**<u>Plaintiffs' Exhibit 29:</u>** *"Correspondence re: Lt. Michael Caldaroni's internal complaint about child porn"*

      **OBJECTION:** hearsay

      **AUTHORITY:** "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

**Plaintiffs' Exhibit 31:** *"Composite of Correspondence 5/16/00, 5/19/00 re:  Lt Michael Caldaroni's legal representation for Day investigation interview"*

        **OBJECTION:**  Atty Barnes' letter is hearsay.

        **AUTHORITY:**   "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

**Plaintiffs' Exhibit 32:** *"Ass't Chief John Provost's CHRO/EEOC Charge of retaliation for his attempts to assist Firefighter Kathy Denton with pursuing her sex discrimination and sexual harassment complaints"*

        **OBJECTION:**  hearsay

        **AUTHORITY:**  "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

**Plaintiffs' Exhibit 33:**   *"Composite of FF Kathy Denton document re:  retaliatory termination:  Second CHRO/EEOC Charge; testimony at State labor hearing"*

**OBJECTION:** hearsay

**AUTHORITY:** "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

**Plaintiffs' Exhibit 35:** *"Composite of Internal complaints re: women' quarters: substandard conditions, vandalism"*

**OBJECTION:** Schiller's 3/29/00 Form 2326 is hearsay insofar as it states BFD policy

**AUTHORITY:** "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

**Plaintiffs' Exhibit 36:** *"Composite of Documents re: policy on where female firefighters may sleep, traveling of females to address deficient female quarters"*

**OBJECTION:** Georgia's 7/23/01 Form 2326 is hearsay

**AUTHORITY:** "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence. FRE 801-804. <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

**Plaintiffs' Exhibit 37:** *"Composite of Documents re: fit of women's turnout gear: Turnout gear sizing form 1998 re female firefighters Autumn dennerlein and Venus Scudder – "best guess" sizing. Nancy Petrucelli (gloves and diary of her history of efforts to get gear that fit properly); Debbie Ramos (helmet)"*

**OBJECTION:** The four page narrative titled "Time Line Re: Title VII Violations Bridgeport" cannot be authenticated, includes hearsay, is incomplete in that it refers to missing attachments

**AUTHORITY:** Exhibits that appear from their face to be part of a larger whole require availability of the entire source document so that the opponent has an opportunity to put the exhibit in its actual context for the jury. FRE 106, as well as the common law doctrine of "completeness" on which that Rule is based, provides that, when one party offers a portion of a document, the adverse party may require the introduction of the entire document, as well as any related document(s) that put the offered document in the appropriate context. *See Phoenix Associates III v. Stone*, 60 F.3d 95, 102 (2d Cir. 1995).

Documents of unknown origin are incapable of authentication. I n order to authenticate documentary evidence, the proponent must show that it is what it purports to be. Fed. R. Evid. 9.  Without admissible evidence of the source of this exhibit and its connection to the parties, Plaintiffs cannot authenticate it.  *See Ortho Pharmaceutical Corp. v. Cosprophar Inc.,* 828 F. Supp. 1114 (S.D.N.Y. 1993)..

Documents including assertions of many persons include hearsay. "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  <u>See</u> <u>Hogan v. State of Connecticut Judicial Branch,</u> 220 F. Supp 2d 111 (D. Conn. 2002).

**<u>Plaintiffs' Exhibit 38:</u>**  **_"Composite of Documents re:  tampering with female firefighter's gear –Kathy Denton (8/29/94, 9/5/94, turnout gear); Nancy Petrucelli (12/23/95, helmet; Ina Anderson (a/k/a Williams)(11/14/96, gloves)"_**

**OBJECTION:**  three Form 2326's by non parties are hearsay.

**AUTHORITY:**  Defendants respectfully refer the Court to their Motion *In Limine* To Exclude Evidence of Certain Allegations, Complaints, Lawsuits and Settlements Brought By Non-Parties and their memorandum of law filed in support of that motion.

"Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).

Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.

See Hogan v. State of Connecticut Judicial Branch,  220 F. Supp 2d 111 (D. Conn. 2002).

**Plaintiffs' Exhibit 42:**   *"Composite of Bridgeport Firefighters for Merit Employment all-white male group, organizational chart of membership of in BFD Officer positions, list of BFME members"*

           **OBJECTION:**  hearsay, authentication

           **AUTHORITY:**  Defendants respectfully refer the Court to their Motion *In Limine* To Exclude Any Evidence Of Race-Based Events And Bridgeport Firefighters For Merit Employment and their memorandum of law in support filed with that motion.

      "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804. See Hogan v. State of Connecticut Judicial Branch,  220 F. Supp 2d 111 (D. Conn. 2002).

      In order to authenticate documentary evidence, the proponent must show that it is what it purports to be.  Fed. R. Evid. 9.  Without admissible evidence of the source of this exhibit and its connection to the parties, Plaintiffs cannot authenticate it.  *See Ortho Pharmaceutical Corp. v. Cosprophar Inc.,* 828 F. Supp. 1114 (S.D.N.Y. 1993)..

**Plaintiffs' Exhibit 45:**  *"Videotape of pornography playing on BFD firehouse televisions"*

           **OBJECTION:**  authenticity and inflammatory

**AUTHORITY:** Defendants respectfully refer the Court to their Motion *In Limine* to exclude Plaintiffs' Exhibits 7, 45 and 46 and the memorandum in support filed with the Motion.

In order to authenticate documentary evidence, the proponent must show that it is what it purports to be. Fed. R. Evid. 9. Without admissible evidence of the source of this exhibit and its connection to the parties, Plaintiffs cannot authenticate it. *See Ortho Pharmaceutical Corp. v. Cosprophar Inc.,* 828 F. Supp. 1114 (S.D.N.Y. 1993)..

Even relevant evidence is inadmissible under certain circumstances. *See, e.g.,* FRE 402 (recognizing that relevant evidence may be deemed inadmissible under "the Constitution of the United States, by Act of Congress, by [the Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority"). One such example is where the probative value of relevant evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.

**Plaintiffs' Exhibit 46:** *"Photos 'Katie's World' website"*

**OBJECTION:** authenticity and inflammatory

**AUTHORITY:** Defendants respectfully refer the Court to their Motion *In Limine* to exclude Plaintiffs' Exhibits 7, 45 and 46 and the memorandum in support filed with the Motion.

In order to authenticate documentary evidence, the proponent must show that it is what it purports to be.  Fed. R. Evid. 9.  Without admissible evidence of the source of this exhibit and its connection to the parties, Plaintiffs cannot authenticate it.  *See Ortho Pharmaceutical Corp. v. Cosprophar Inc.,* 828 F. Supp. 1114 (S.D.N.Y. 1993)..

Even relevant evidence is inadmissible under certain circumstances.  *See, e.g.,* FRE 402 (recognizing that relevant evidence may be deemed inadmissible under "the Constitution of the United States, by Act of Congress, by [the Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority").  One such example is where the probative value of relevant evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  FRE 403.

**Plaintiffs' Exhibit 47:**  *"Directives of BFD"*

This exhibit is comprised of directives that do not include all the directives produced by Defendants and, in some cases, are predecessors to those produced by Defendants. Regrettably, defense counsel has not been able to complete a thorough review of the Exhibit. To the extent this exhibit includes materials that Defendants did not produce, Defendants cannot concede their authenticity and must object to them as hearsay.

**OBJECTION:**  hearsay and  authenticity

**AUTHORITY:** In order to authenticate documentary evidence, the proponent must show that it is what it purports to be.  Fed. R. Evid. 9.  Without admissible evidence of

the source of this exhibit and its connection to the parties, Plaintiffs cannot authenticate it. *See Ortho Pharmaceutical Corp. v. Cosprophar Inc.,* 828 F. Supp. 1114 (S.D.N.Y. 1993)..

"Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804. See Hogan v. State of Connecticut Judicial Branch,  220 F. Supp 2d 111 (D. Conn. 2002).

**Plaintiffs' Exhibit 49:**  *"Composite of documents re" drafts of retaliation policy; letter dated 7/18/01 fr Attorney Barnes, with attch (3pp); Fax dated 8/14/01 fr Attorney Mitola with 1 attch (2pp); 2 draft Chief postings (2pp, undated)."*

**OBJECTION:**  authenticity; hearsay

**AUTHORITY:**  "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804.  See Hogan v. State of Connecticut Judicial Branch,  220 F. Supp 2d 111 (D. Conn. 2002).

In order to authenticate documentary evidence, the proponent must show that it is what it purports to be.  Fed. R. Evid. 9.  Without admissible evidence of the source of this exhibit and its connection to the parties, Plaintiffs cannot authenticate it.  *See Ortho Pharmaceutical Corp. v. Cosprophar Inc.,* 828 F. Supp. 1114 (S.D.N.Y. 1993)..

**Plaintiffs' Exhibit 50:** *"Composite, all exhibits from Deposition of James Sanquelduce"*

**OBJECTION:** authenticity, hearsay

**AUTHORITY:** Defendants respectfully refer the Court to their Motion *In Limine* To Exclude Plaintiffs' Web-Based Evidence and the memorandum of law in support filed with that Motion.

"Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c). Hearsay is not admissible unless as an exception by the Rules of Evidence.  FRE 801-804. See Hogan v. State of Connecticut Judicial Branch, 220 F. Supp 2d 111 (D. Conn. 2002).

In order to authenticate documentary evidence, the proponent must show that it is what it purports to be.  Fed. R. Evid. 9.  Without admissible evidence of the source of this exhibit and its connection to the parties, Plaintiffs cannot authenticate it.  *See Ortho Pharmaceutical Corp. v. Cosprophar Inc.,* 828 F. Supp. 1114 (S.D.N.Y. 1993)..

**Plaintiffs' Exhibit 51:** *"Statement of Francine Link"*

**OBJECTION:** hearsay, inflammatory

**AUTHORITY:** Defendants respectfully refer the Court to their Motion *In Limine* To Exclude Argument and Evidence Regarding Defense Counsel's Allegedly Improper Conduct and the memorandum of law in support filed with that Motion.

Even relevant evidence is inadmissible under certain circumstances.  *See, e.g.,* FRE 402 (recognizing that relevant evidence may be deemed inadmissible under "the Constitution of the United States, by Act of Congress, by [the Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority").  One such example is where the probative value of relevant evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  FRE 403.

                                    THE DEFENDANTS
                                    CITY OF BRIDGEPORT;
                                    DONALD DAY, EARL PETTWAY, and
                                    MICHAEL MAGLIONE

                                    _____/s/   Margaret M. Sheahan_____
                                    Margaret M. Sheahan
                                    Pullman & Comley, LLC
                                    850 Main Street, 8th Floor
                                    Bridgeport, CT  06604
                                    Telephone: (203) 330-2000
                                    Facsimile: (203) 576-8888
                                    Juris No. 47892

## <u>CERTIFICATION</u>

Pursuant to Practice Book § 10-14, I hereby certify that a copy of the above was served via hand delivery to all counsel and pro se parties of record as follows:

For the plaintiffs:

      Susan V. Wallace, Esq.
      11 Blue Orchard Drive
      Middletown, CT 06457
      (860) 704-0472
      (860) 704-0490 (Fax)


            /s/   Margaret M. Sheahan
           Margaret M. Sheahan

BPRT/65551.1/MMS/539454v1

29