UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ELIZABETH SCHILLER** | : | NO: 3:01cv00452(AVC) |
|    **Plaintiff** | | (ALL CASES) |
| | : | |
| **JOHANNA S. GEORGIA** | | |
|    **Plaintiff** | : | |
| | | |
| v. | : | |
| | | |
| **CITY OF BRIDGEPORT; ET AL.** | | |
|    **Defendants** | : | DECEMBER 3, 2004 |

**PLAINTIFFS' MOTION TO QUASH DEFENDANTS' SUBPOENA DUCES TECUM
TO NON-PARTY ALBERTUS MAGNUS COLLEGE, AND MOTION IN LIMINE**

    The Plaintiffs move to quash a certain subpoena duces tecum that the defense has served upon a non-party, Albertus Magnus College of New Haven, and for an order excluding from evidence and testimony Plaintiff's college records, as follows:

    1.  Defense counsel have served a subpoena duces tecum upon a non-party, Albertus Magnus College of New Haven, which Plaintiff attended prior to her hire by City of Bridgeport;

    2.  Defense counsel did not serve a copy or notice of their subpoena upon Plaintiffs' counsel, or inform the court and counsel of this subpoena for additional discovery during the Pretrial Conferences and in record discussions with the Court of outstanding evidentiary issues on December 2nd following juror selection;

    3.  Discovery in this matter closed many months ago;

4. The issue of Plaintiffs Johanna Georgia's college education has never been an issue in these cases;

5. The Defendants have disclosed their exhibits which do not include the subpoenaed documents, and the action is starting trial Monday;

6. Albertus Magnus College is a private educational institution in New Haven, Connecticut;

7. Plaintiff's educational records are confidential and protected from disclosure without her express consent under the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. 1232g, 34 C.F.R. § 99, section 438 of the General Education Provisions Act, "the Buckley Amendment." Violation of the Buckley Amendment caries serious penalties, including loss of federal funding for the College;

8. The purpose of the subpoena can only be to harass, defame, embarrass, and vex the Plaintiff, who has now had to file the instant Motion and suffer the humiliation of having her *alma mater* drawn into her employment dispute with the City of Bridgeport;

9. The Defendants can make no showing of how the documents sought are relevant or material to any claim or defense, or even for rebuttal;

10. Even if the Defendants want to use the documents sought only as rebuttal, the fact that the Plaintiff is still employed by the City, and no other civil service Firefighter employed by the City has had to furnish their past school records (at least not where the City has not had anything to do with paying for it under contract, not any sort of claim involving them) to the City;

11.  This subpoena abuses the solemn power of subpoena to obtain confidential information about the Plaintiff that her employer cannot legally obtain by any other means and that it does not require of any of its, almost all male, employees. It is another act of the ongoing disparate treatment, retaliation and harassment of Plaintiff that will be the subject of trial;

12.  As reported to the Court several times, Plaintiffs' witness and counsel have been subjected to threats and intimidation by defense counsel, and the Court has ruled that the Plaintiffs may not offer evidence of even a recent attempt by defense counsel to elicit information about Johanna Georgia from a former employer (to wit, from Plaintiff's former supervisor at another job, one Francine Link), wherein defense counsel Robert Mitchell, Esq. threatened to "subpoena" that non-party if she did not give him what he wanted, and telling that person that Johanna Georgia "wants to put a bullet between [his] eyes." Ms. Georgia has endured three years of repeated interference with her relationships with her medical treators by the City and Fire Chief Maglione and his officers;

13.  Plaintiffs submit that the instant subpoena has the same intended result of harassing, embarrassing and humiliating and vexing Ms. Georgia. It is manifestly unjust to allow defense counsel to use court process to pry into and taint every relationship, personal and professional, she has simply because she has sought legal redress from the Court;

14.  The spirit if not the letter of Title VII is violated if defendants are allowed to harass, and to now diminish rights otherwise at law (i.e., under FERPA) of citizens seeking to use that law to obtain her day in court;

15.  The documents sought by the subpoena and testimony about their contents will only add more confusion and delay to the already myriad evidentiary issues in these actions;

16. Plaintiff seeks to quash the subpoena and also an order in limine that the documents cannot be admitted as evidence at trial and that their contents cannot be the subject of defense examination, beyond merely eliciting the fact that Plaintiff has a four year college degree and her major and minor areas of study, and from what institution, if shown to be relevant.

**FOR THE PLAINTIFFS,**

_____
Susan V. Wallace, Esq.
 11 Blue Orchard Drive
 Middletown, CT 06457
 Tel: (860) 704-0472  Fax: -0490
 law4us@rcn.com
 Fed Bar No. CT08134

**CERTIFICATION OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing "Plaintiffs' Motion to Quash Defendants' Subpoena Duces Tecum to Non-Party Albertus Magnus College, and Motion in Limine" has been served upon:

Robert B. Mitchell, Esq.
Margaret M. Sheahan, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

on this 3rd day of December, 2004, via:

    _ X __  Regular U.S. Mail, first class, postage prepaid

    ____  U.S. Priority Mail

    ____  U.S. Express Mail or other overnight mail service

    ____  Facsimile

    ____  Hand-delivery


_____
Susan V. Wallace, Esq.