UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH SCHILLER, *Plaintiff* | : | NO: 3:01cv00452(AVC) (ALL CASES) |
| | : | |
| JOHANNA S. GEORGIA, *Plaintiff* | | |
| | : | |
| v. | | |
| | : | |
| CITY OF BRIDGEPORT; ET AL. *Defendants* | : | DECEMBER 14, 2004 |

## PLAINTIFFS' AMENDMENTS TO PROPOSED JURY INSTRUCTIONS

### (Amended) No. 6, Title VII, CFEPA: Protected Class

A "motive" is "something that causes a person to act in a certain way, do a certain thing, etc." To prove unlawful discrimination under federal Title VII and the Connecticut Fair Employment Practices Act. "You have heard evidence that the defendant's treatment of the plaintiff was motivated by the plaintiff's sex and also by other lawful reasons. If you find that the plaintiff's sex was a motivating factor in the defendant's treatment of the plaintiff, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. However, if you find that the defendant's treatment of the plaintiff was motivated by both gender and lawful reasons, you must decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have treated plaintiff similarly even if the plaintiff's gender had played no role in the employment decision."

<u>Desert Palace Inc. v. Costa</u>, 123 S. Ct. 2148, 2152 (2003); § 706 of Title VII of the Civil Rights Act of 1964, Title 42 United States Code § 2000e-2(m), as amended by the Civil Rights Act of 1991.

### (Amended) No. 9, Title VII, CFEPA: Sexual Harassment - Severe or Pervasive Defined

To be illegal under federal Title VII and the Connecticut Fair Employment Practices Act, sexual harassment has to be "severe" or "pervasive." It does not have to be both, just one will suffice, or it may be both. In determining whether sexual harassment is sufficiently "severe or pervasive," you should consider:

a. Whether it involved unwelcome physical touching;

b. Whether it involved verbal abuse of an offensive or threatening nature;

c. Whether it involved unwelcome and consistent sexual innuendo or physical contact; and

d. The frequency of the unwelcome and offensive encounters.

A person who has been harassed on an isolated basis may offer evidence of harassment suffered by other employees as proof that the harassment was pervasive or severe. Sexually harassing or derogatory comments aimed at gender made outside a plaintiff's presence and learned second-hand may contribute to a hostile work environment. It does not matter if many of the statements by co-workers or supervisors were not made in the plaintiff's presence. An employee who knows that her co-workers or supervisors are saying things of this sort behind her back or outside her presence may reasonably find her working environment hostile. (<u>Schwapp v.</u>

Town of Avon, 118 F.3d 106, 111 (2d Cir. 1997); Torres v. Pisano, 116 F.3d 625, 633 (2d Cir. 1997)).

You should return a verdict for the defendant only if the plaintiff does not have sufficient evidence that the harassment was either "severe" or "pervasive." You must rule for the plaintiff is he or she shows the harassment is either "severe," or "pervasive," or both.

Harris v. Forklift Sys., Inc., 510 U.S. 17, 22, 114 S. Ct. 367, 370 (1993); 29 C.F.R. § 1604.11(a); § 706 of Title VII of the Civil Rights Act of 1964, Title 42 United States Code § 2000e, et seq., as amended by the Civil Rights Act of 1991.

**FOR THE PLAINTIFFS,**

Dated 12-14-04                    _____
                                                    Susan V. Wallace
                                                     *~ Attorney at Law ~*
                                                  11 Blue Orchard Drive
                                                  Middletown, Connecticut 06457
                                                  Tel: (860) 704-0472  Fax: -0490
                                                  law4us@rcn.com
                                                  Fed Bar No. CT08134

**CERTIFICATION OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing "Plaintiffs' Amended Proposed Jury Instructions" has been served upon:

Robert B. Mitchell, Esq.
Margaret M. Sheahan, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

on this 14th day of December, 2004 via:

    ____    Regular U.S. Mail, first class, postage prepaid

    ____    U.S. Priority Mail

    ____    U.S. Express Mail or other overnight mail service

    ____    Facsimile

    ____    Email

    _X_    Hand-delivery


_____
Susan V. Wallace, Esq.