**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **ELIZABETH SCHILLER,** | : | NO: 3:01cv00452(AVC) |
| *Plaintiff* | | (ALL CASES) |
| | : | |
| **JOHANNA S. GEORGIA,** | | |
| *Plaintiff* | | |
| | : | |
| v. | | |
| | : | |
| **CITY OF BRIDGEPORT; ET AL.** | | |
| *Defendants* | : | DECEMBER 14, 2004 |

**PLAINTIFFS' PROPOSED JURY INTERROGATORIES**

**I.     AS TO PLAINTIFF ELIZABETH (SCHILLER) O'CONNELL:**

**A. Disparate Treatment on the basis of sex/gender in violation of Title VII and CFEPA:**

1. Do you find that plaintiff proved by a preponderance of the evidence that plaintiff is qualified for her position; that the defendant City, its agents, officials or employees, took adverse action against her; and that the defendant treats men more favorably than it treated or treats the plaintiff?

   Yes _____        No _____

If the answer to the above question is Yes, go onto the next question.
If the answer to the above question is No, you need not proceed further, but should enter a verdict for the <u>defendant.</u>

2. Do you find that defendant City has articulated or advanced a legitimate business reason for its decision to refuse to provide properly fitting uniforms and gear to the plaintiff?

   Yes _____        No _____

If your answer to the above question is No, stop at this point and return a verdict for <u>plaintiff.</u>
If your answer is Yes, proceed to the next question.

3. Do you find that defendant City has articulated or advanced a legitimate business reason for its decision to refuse to provide adequate and sufficient numbers of female

firefighters' quarters?

Yes _____          No _____

If your answer to the above question is No, stop at this point and return a verdict for <u>plaintiff.</u>
If your answer is Yes, proceed to the next question.

      4.  Do you find, by a preponderance of the evidence, that plaintiff has proved that defendant City's legitimate business reason was a pretext for discrimination?

      Yes _____          No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**B.  Sexual harassment in violation of Title VII and CFEPA:**

      1.  Do you find that plaintiff was subjected to "severe" <u>or</u> "pervasive" unwelcome sexual advances, requests for sexual favors, other verbal or physical conduct of a sexual nature, or aggressive behavior, hostile, vulgar or abusive, intimidating, ridiculing, demeaning, or insulting words and behavior may also be unlawful sexual harassment, if it is directed at or done on account of the victim's sex/gender, and that submission to or rejection of such conduct is made either explicitly or implicitly a term or condition of an individual's employment or is exchanged for job benefits; <u>or</u> that submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; <u>or</u> that such conduct has the purpose or effect of unreasonably interfering with an individual's work performance; <u>or</u> is creating an intimidating, hostile or offensive working environment, or altering the conditions of the victim's employment and creating an abusive working environment?

      Yes _____          No _____

If your answer to the above question is No, stop at this point and return a verdict for <u>defendant.</u>
If your answer is Yes, proceed to the next question.

      2.  Do you find that the defendant City had and effectively enforced meaningful policies and procedures for prohibiting and dealing with sexual harassment, and that plaintiff substantially failed or refused to utilize them?

      Yes _____          No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>

If your answer is Yes, proceed to the issue of damages.

     3.  Do you find that the defendant City knew or should reasonably have known of conduct that might be sexual harassment, and did not take prompt, meaningful steps to prevent, stop, and remedy it?

     Yes _____         No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

     4.  Do you find that plaintiff suffered sexual harassment by defendant Michael Maglione with one or more adverse tangible employment actions, <u>and</u> that all of the following elements have been proved by a preponderance of the evidence: (a) that plaintiff was subjected to conduct which you have found is sexual harassment; and (b) such conduct was unwelcome; and (c) such conduct was based on plaintiff's sex; and (d) a supervisor took an adverse tangible employment action against plaintiff; and (e) plaintiff's rejection of or failure to submit to the sexual harassment was a motivating factor in the decision to take the adverse tangible employment action against plaintiff.

     Yes _____         No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

     5.  If you found that plaintiff suffered sexual harassment by defendant Michael Maglione with <u>no</u> adverse tangible employment action, do you also find that all of the following elements have been proved by a preponderance of the evidence: (a) that plaintiff was subjected to conduct which you have found is sexual harassment; and (b) such conduct was unwelcome; and (c) such conduct was based on plaintiff' sex; and (d) such conduct was sufficiently severe or pervasive that a reasonable person in plaintiff's position would find that sexual harassment is occurring in plaintiff's workplace and that it has the purpose or the effect of unreasonably interfering with a person's work performance or creates an intimidating, hostile, or offensive working environment; and (e) that at the time such conduct occurred and as a result of such conduct, plaintiff believed her work environment to be hostile or abusive.

     Yes _____         No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**C. Retaliation for engaging in protected activity:**

    1. Do you find that plaintiff opposed discrimination in her workplace; <u>and</u> that she was subsequently subjected to an adverse employment action or harassment; <u>and</u> that there is a causal link, a connection, a nexus, between her opposition to discrimination and the adverse action or harassment?

    Yes _____        No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

    2. Do you find that defendant City has articulated or advanced a legitimate business reason for its decision to take one or more adverse employment actions against plaintiff on account of plaintiff's opposition to discrimination and the adverse action or harassment?

    Yes _____        No _____

If your answer to the above question is No, stop at this point and return a verdict for <u>plaintiff.</u>
If your answer is Yes, proceed to the next question.

**D. 42 U.S.C. § 1983: Deprivation of federal constitutional Free Speech rights:**

    1. Do you find that defendant Michael Maglione took one or more adverse actions against the plaintiff; <u>and</u> that plaintiff's sex/gender was a motivating factor in his decision(s) to take the adverse actions; <u>and</u> that defendant was acting under color of state law when he took one or more adverse actions against the plaintiff's Free Speech rights to complain about sex discrimination and sexual harassment in her workplace?

    Yes _____        No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**E. Connecticut Constitution: Deprivation of state constitutional Free Speech rights:**

    1. Do you find that (a) plaintiff attempted to exercise her federal civil rights to oppose sex discrimination and sexual harassment in her workplace; <u>and</u> (b) that defendant Michael Maglione retaliated against her or took one or more adverse actions against the plaintiff on account of it; <u>and</u> (c) that Maglione did not take the adverse actions against the plaintiff, against

4

male employees, or did not take such actions against employee who did not attempt to exercise their civil rights; and (d) that Maglione was acting under color of state law when he took each adverse action against plaintiff?

      Yes _____        No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**F.  42 U.S.C. § 1983: Deprivation of federal constitutional right to Equal Protection of the Law:**

    1.  Do you find that (a) plaintiff attempted to exercise her federal civil rights to oppose sex discrimination and sexual harassment in her workplace; and (b) that defendant Michael Maglione retaliated against her or took one or more adverse actions against the plaintiff on account of it; and (c) that Maglione did not take the adverse actions against the plaintiff, against male employees, or did not take such actions against employee who did not attempt to exercise their civil rights; and (d) that Maglione was acting under color of state law when he took each adverse action against plaintiff?

      Yes _____        No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**G.  Connecticut Constitution: Deprivation of state constitutional right to Equal Protection of the Law:**

    1.  Do you find that (a) plaintiff attempted to exercise her state constitutional rights to oppose sex discrimination and sexual harassment in her workplace; and (b) that defendant Michael Maglione retaliated against her or took one or more adverse actions against the plaintiff on account of it; and (c) that Maglione did not take the adverse actions against the plaintiff, against male employees, or did not take such actions against employee who did not attempt to exercise their civil rights?

      Yes _____        No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**H.  42 U.S.C. § 1983: Deprivation of federal constitutional Property and Liberty**

**Interests without Due Process of Law Free Speech rights:**

1. Do you find that defendant Michael Maglione took one or more adverse actions against the plaintiff; <u>and</u> that plaintiff's sex/gender was a motivating factor in his decision(s) to take the adverse actions; <u>and</u> that defendant was acting under color of state law when he took one or more adverse actions against the plaintiff's Free Speech rights to complain about sex discrimination and sexual harassment in her workplace?

     Yes _____         No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**I. Connecticut Constitution: Deprivation of state constitutional Property and Liberty Interests without Due Process of Law:**

1. Do you find that: (a) plaintiff was or is a tenured, permanent, or non-probationary public employee; (b) defendant Maglione took one or more adverse actions against plaintiff's employment; (c) Maglione was acting under color of law when he took each adverse action complained about against the plaintiff; and (d) Maglione did not take the adverse actions they took against plaintiff, against male employees, or they did not take such actions against employees who did not attempt to exercise their civil rights.

     Yes _____         No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**J. Supervisory liability under 42 U.S.C. § 1983:**

1. Do you find that any act that violated any of plaintiff's civil rights was committed by a subordinate employee of defendant Chief Michael Maglione; that Maglione knew of it and had the ability to stop it; and that he failed to do so, and in fact participated in the commission of the act.

     Yes _____         No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**II.     AS TO PLAINTIFF JOHANNA GEORGIA:**

**A.  Disparate Treatment on the basis of sex/gender in violation of Title VII and CFEPA:**

    1.  Do you find that plaintiff proved by a preponderance of the evidence that plaintiff is qualified for her position; that the defendant City, its agents, officials or employees, took adverse action against her; and that the defendant treats men more favorably than it treated or treats the plaintiff?

    Yes _____          No _____

If the answer to the above question is Yes, go onto the next question.
If the answer to the above question is No, you need not proceed further, but should enter a verdict for the <u>defendant.</u>

    2.  Do you find that defendant City has articulated or advanced a legitimate business reason for its decision to refuse to provide properly fitting uniforms and gear to the plaintiff?

    Yes _____          No _____

If your answer to the above question is No, stop at this point and return a verdict for <u>plaintiff.</u>
If your answer is Yes, proceed to the next question.

    3.  Do you find that defendant City has articulated or advanced a legitimate business reason for its decision to refuse to provide adequate and sufficient numbers of female firefighters' quarters?

Yes _____          No _____

If your answer to the above question is No, stop at this point and return a verdict for <u>plaintiff.</u>
If your answer is Yes, proceed to the next question.

    4.  Do you find that defendant City has articulated or advanced a legitimate business reason for its decision to refuse to return Johanna Georgia to work?

    Yes _____          No _____

If your answer to the above question is No, stop at this point and return a verdict for <u>plaintiff.</u>
If your answer is Yes, proceed to the next question.

    5.  Do you find that defendant City has articulated or advanced a legitimate business

7

reason for its decision to refuse to return Johanna Georgia to her position as a line firefighter?

     Yes _____         No _____

If your answer to the above question is No, stop at this point and return a verdict for <u>plaintiff.</u>
If your answer is Yes, proceed to the next question.

     6.  Do you find, by a preponderance of the evidence, that plaintiff has proved that defendant's legitimate business reason was a pretext for discrimination?

     Yes _____         No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**B.  Sexual harassment in violation of Title VII and CFEPA:**

     1.  Do you find that plaintiff was subjected to "severe" <u>or</u> "pervasive" unwelcome sexual advances, requests for sexual favors, other verbal or physical conduct of a sexual nature, or aggressive behavior, hostile, vulgar or abusive, intimidating, ridiculing, demeaning, or insulting words and behavior may also be unlawful sexual harassment, if it is directed at or done on account of the victim's sex/gender, and that submission to or rejection of such conduct is made either explicitly or implicitly a term or condition of an individual's employment or is exchanged for job benefits; <u>or</u> that submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; <u>or</u> that such conduct has the purpose or effect of unreasonably interfering with an individual's work performance; <u>or</u> is creating an intimidating, hostile or offensive working environment, or altering the conditions of the victim's employment and creating an abusive working environment?

     Yes _____         No _____

If your answer to the above question is No, stop at this point and return a verdict for <u>defendant.</u>
If your answer is Yes, proceed to the next question.

     2.  Do you find that the defendant City had and effectively enforced meaningful policies and procedures for prohibiting and dealing with sexual harassment, and that plaintiff substantially failed or refused to utilize them?

     Yes _____         No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>

8

If your answer is Yes, proceed to the issue of damages.

    3. Do you find that the defendant City knew or should reasonably have known of conduct that might be sexual harassment, and did not take prompt, meaningful steps to prevent, stop, and remedy it?

    Yes _____        No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

    4. Do you find that plaintiff suffered sexual harassment by defendant Michael Maglione with one or more adverse tangible employment actions, <u>and</u> that all of the following elements have been proved by a preponderance of the evidence: (a) that plaintiff was subjected to conduct which you have found is sexual harassment; and (b) such conduct was unwelcome; and (c) such conduct was based on plaintiff's sex; and (d) a supervisor took an adverse tangible employment action against plaintiff; and (e) plaintiff's rejection of or failure to submit to the sexual harassment was a motivating factor in the decision to take the adverse tangible employment action against plaintiff.

    Yes _____        No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

    5. If you found that plaintiff suffered sexual harassment by defendant Michael Maglione with <u>no</u> adverse tangible employment action, do you also find that all of the following elements have been proved by a preponderance of the evidence: (a) that plaintiff was subjected to conduct which you have found is sexual harassment; and (b) such conduct was unwelcome; and (c) such conduct was based on plaintiff' sex; and (d) such conduct was sufficiently severe or pervasive that a reasonable person in plaintiff's position would find that sexual harassment is occurring in plaintiff's workplace and that it has the purpose or the effect of unreasonably interfering with a person's work performance or creates an intimidating, hostile, or offensive working environment; and (e) that at the time such conduct occurred and as a result of such conduct, plaintiff believed her work environment to be hostile or abusive.

    Yes _____        No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**C.  Retaliation for engaging in protected activity:**

    1.  Do you find that plaintiff opposed discrimination in her workplace; <u>and</u> that she was subsequently subjected to an adverse employment action or harassment; <u>and</u> that there is a causal link, a connection, a nexus, between her opposition to discrimination and the adverse action or harassment?

    Yes _____        No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

    2.  Do you find that defendant City has articulated or advanced a legitimate business reason for its decision to take one or more adverse employment actions against plaintiff on account of plaintiff's opposition to discrimination and the adverse action or harassment?

    Yes _____        No _____

If your answer to the above question is No, stop at this point and return a verdict for <u>plaintiff.</u>
If your answer is Yes, proceed to the next question.

**D.  42 U.S.C. § 1983: Deprivation of federal constitutional Free Speech rights:**

    1.  Do you find that defendant Michael Maglione took one or more adverse actions against the plaintiff; <u>and</u> that plaintiff's sex/gender was a motivating factor in his decision(s) to take the adverse actions; <u>and</u> that defendant was acting under color of state law when he took one or more adverse actions against the plaintiff's Free Speech rights to complain about sex discrimination and sexual harassment in her workplace?

    Yes _____        No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**E.  Connecticut Constitution: Deprivation of state constitutional Free Speech rights:**

    1.  Do you find that (a) plaintiff attempted to exercise her federal civil rights to oppose sex discrimination and sexual harassment in her workplace; <u>and</u> (b) that defendant Michael Maglione retaliated against her or took one or more adverse actions against the plaintiff on account of it; <u>and</u> (c) that Maglione did not take the adverse actions against the plaintiff, against

male employees, or did not take such actions against employee who did not attempt to exercise their civil rights; and (d) that Maglione was acting under color of state law when he took each adverse action against plaintiff?

Yes _____        No _____

If your answer is No, stop at this point and return a verdict for the defendant.
If your answer is Yes, proceed to the issue of damages.

**F.  42 U.S.C. § 1983: Deprivation of federal constitutional right to Equal Protection of the Law:**

1.  Do you find that (a) plaintiff attempted to exercise her federal civil rights to oppose sex discrimination and sexual harassment in her workplace; and (b) that defendant Michael Maglione retaliated against her or took one or more adverse actions against the plaintiff on account of it; and (c) that Maglione did not take the adverse actions against the plaintiff, against male employees, or did not take such actions against employee who did not attempt to exercise their civil rights; and (d) that Maglione was acting under color of state law when he took each adverse action against plaintiff?

Yes _____        No _____

If your answer is No, stop at this point and return a verdict for the defendant.
If your answer is Yes, proceed to the issue of damages.

**G.  Connecticut Constitution: Deprivation of state constitutional right to Equal Protection of the Law:**

1.  Do you find that (a) plaintiff attempted to exercise her state constitutional rights to oppose sex discrimination and sexual harassment in her workplace; and (b) that defendant Michael Maglione retaliated against her or took one or more adverse actions against the plaintiff on account of it; and (c) that Maglione did not take the adverse actions against the plaintiff, against male employees, or did not take such actions against employee who did not attempt to exercise their civil rights?

Yes _____        No _____

If your answer is No, stop at this point and return a verdict for the defendant.
If your answer is Yes, proceed to the issue of damages.

**H.  42 U.S.C. § 1983: Deprivation of federal constitutional Property and Liberty**

    **Interests without Due Process of Law Free Speech rights:**

    1. Do you find that defendant Michael Maglione took one or more adverse actions against the plaintiff; <u>and</u> that plaintiff's sex/gender was a motivating factor in his decision(s) to take the adverse actions; <u>and</u> that defendant was acting under color of state law when he took one or more adverse actions against the plaintiff's Free Speech rights to complain about sex discrimination and sexual harassment in her workplace?

    Yes _____       No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**I.  Connecticut Constitution: Deprivation of state constitutional Property and Liberty Interests without Due Process of Law:**

    1. Do you find that: (a) plaintiff was or is a tenured, permanent, or non-probationary public employee; (b) defendant Maglione took one or more adverse actions against plaintiff's employment; (c) Maglione was acting under color of law when he took each adverse action complained about against the plaintiff; and (d) Maglione did not take the adverse actions they took against plaintiff, against male employees, or they did not take such actions against employees who did not attempt to exercise their civil rights.

    Yes _____       No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**J.  Supervisory liability under 42 U.S.C. § 1983:**

    1. Do you find that any act that violated any of plaintiff's civil rights was committed by a subordinate employee of defendant Chief Michael Maglione; that Maglione knew of it and had the ability to stop it; and that he failed to do so, and in fact participated in the commission of the act.

    Yes _____       No _____

If your answer is No, stop at this point and return a verdict for the <u>defendant.</u>
If your answer is Yes, proceed to the issue of damages.

**FOR THE PLAINTIFFS,**

Dated 12-14-04                     _____
                                            Susan V. Wallace
                                            *~ Attorney at Law ~*
                                            11 Blue Orchard Drive
                                            Middletown, Connecticut 06457
                                            Tel: (860) 704-0472  Fax: -0490
                                            law4us@rcn.com
                                            Fed Bar No. CT08134

**CERTIFICATION OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing "Plaintiffs' Proposed Jury Interrogatories" has been served upon:

Robert B. Mitchell, Esq.
Margaret M. Sheahan, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

on this 14th day of December, 2004 via:

    ____    Regular U.S. Mail, first class, postage prepaid

    ____    U.S. Priority Mail

    ____    U.S. Express Mail or other overnight mail service

    ____    Facsimile

    ____    Email

    _X_    Hand-delivery


_____
Susan V. Wallace, Esq.