United States District Court
District of Connecticut
FILED AT HARTFORD
12/15/04
Kevin F. Rowe, Clerk
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH SCHILLER AND       :
JOHANNA S. GEORGIA,          :
   Plaintiffs,               :
                              :
v.                           :    Civil No. 3:01CV452(AVC)
                              :
CITY OF BRIDGEPORT, MICHAEL  :
MAGLIONE,                    :
   Defendants.               :

## VERDICT FORM

We the jury unanimously find as follows:

**PART I: Title VII**

1. **Disparate Treatment Sex Discrimination**

   Have either of the plaintiffs proven by a preponderance of the evidence that the defendant(s) subjected them to disparate treatment gender discrimination in violation of Title VII?

   Schiller      Yes\_\_\_\_\_      No ✓

   Georgia       Yes\_\_\_\_\_      No ✓

2. **Retaliation**

   Do you find by a preponderance of that the defendant(s) retaliated against either of the plaintiffs set forth below for engaging in activity protected by Title VII.

   Schiller      Yes\_\_\_\_\_      No ✓

   Georgia       Yes\_\_\_\_\_      No ✓

   If you found either of the defendants liable for disparate treatment discrimination and/or retaliation, please go to Part III of this form entitled "Damages" and fix the amount of damages for each violation. When you have finished, return to this section and then proceed with you consideration of the hostile



*work environment claim.*

3. **Hostile Work Environment**

   Have either of the plaintiffs proven by a preponderance of the evidence that the defendant(s) subjected them to a hostile work environment in violation of Title VII?

   Schiller       Yes_____    No __✓__

   Georgia        Yes_____    No __✓__

   If you answered Yes with respect to either plaintiff, then you must now decide whether the City of Bridgeport can claim immunity from liability under Title VII.

   A.  **Co-Worker Harassment:**

   Have either of the plaintiffs proven by a preponderance of the evidence that the City of Bridgeport provided no reasonable avenue for them to complain, or that the City knew of the harassment but unreasonably failed to stop it.

   Schiller       Yes_____    No __✓__

   Georgia        Yes_____    No __✓__

   *If you answered YES with respect to either plaintiff, then the City cannot claim immunity from liability under Title VII for co-worker harassment of that particular plaintiff. You may award damages against the City. Proceed to Part III (C) "Damages" of this form and assign your determination of damages.*

   B(1)  **Supervisory Harassment and Tangible Adverse Employment Action:**

   Have either of the plaintiffs proven by a preponderance of the evidence that they suffered a tangible adverse employment action as a result of a gender hostile work environment created by a supervisor?

   Schiller       Yes_____    No __✓__

2

Georgia          Yes_____     No__✓__

*If you answered YES with respect to either plaintiff set forth above, then the City cannot claim immunity from liability under Title VII. You may award damages against the City. Proceed to Part III (C) of this form entitled "Damages" and assign your determination of damages. If you answered NO because you found that the plaintiffs did not suffer a tangible adverse employment action, then you must now answer this question:*

**B(2)   Supervisory Harassment Without a Tangle Adverse Employment Action:**

Have either of the plaintiffs proven by a preponderance of the evidence that they were subjected to a gender hostile work environment created by a supervisor?

Schiller         Yes_____     No__✓__

Georgia          Yes_____     No__✓__

*If you answered YES with respect to either plaintiff, then you must now decide whether to hold the City of Bridgeport liable for that supervisor's conduct. The City is liable unless you find that the city has proven its affirmative defense, that is:*

   A.   *That the City exercised reasonable care to prevent and promptly correct sexually harassing behavior; and*

   B.   *that the plaintiff(s) unreasonably failed to take advantage of any preventive or corrective opportunities the City provided or to otherwise avoid harm.*

**The City's Affirmative Defense:**

Has the City proven entitlement to the affirmative defense set forth above with respect to each plaintiff named below?

Schiller         Yes__✓__     No_____

Georgia          Yes__✓__     No_____

3

*If you answered No with respect to either plaintiff set forth above, then proceed to Part III (C). If you answered YES with respect to each plaintiff, then proceed below to Part II.*

**PART II: Constitutional Claims Against City of Bridgeport and Michael Maglione**

1. **Equal Protection of the Laws**

    **(A) Against the City of Bridgeport**

    Do you find by a preponderance of the evidence that the plaintiff(s) has proven that the City of Bridgeport violated the plaintiff(s) Fourteenth Amendment right to equal protection of the law and is liable to the plaintiff(s) under 42 U.S.C. § 1983?

    Schiller     Yes_____   No  ✓

    Georgia      Yes_____   No  ✓

    **(B) Against the Michael Maglione**

    Do you find by a preponderance of the evidence that Mr. Maglione violated the plaintiff(s) constitutional right to equal protection of the laws and that he is liable to the plaintiff(s) under 42 U.S.C. § 1983?

    Schiller     Yes_____   No  ✓

    Georgia      Yes_____   No  ✓

2. **Plaintiff Georgia's Due Process of Law Cause of Action**

    **(A) Against Defendant City of Bridgeport**

    Do you find that Ms. Georgia has proven by a preponderance of the evidence that the City of Bridgeport violated her Fourteenth Amendment right to due process of law and is liable to Ms. Georgia under 42 U.S.C. § 1983?

    Yes_____   No  ✓

    **(B) Against Defendant Michael Maglione**

4

Do you find that Ms. Georgia has proven by a preponderance of the evidence that Mr. Maglione violated her Fourteenth Amendment right to due process of law and is liable to Ms. Georgia under 42 U.S.C. § 1983?

        Yes_____    No ✓_____

3. **Retaliation for Exercising Right to Free Speech**

   **(A) Against Defendant City of Bridgeport**

   Do you find by a preponderance of the evidence that the plaintiff(s) were retaliated against for exercising their rights to free speech and that the City is liable to the plaintiff(s) under 42 U.S.C. § 1983?

   Schiller       Yes_____    No ✓_____

   Georgia       Yes_____    No ✓_____

   **(B) Against Defendant Michael Maglione**

1. Do you find by a preponderance of the evidence that the plaintiff(s) were retaliated against for exercising their rights to free speech and that Mr. Maglione is liable to the plaintiff(s) under 42 U.S.C. § 1983?

   Schiller       Yes_____    No ✓_____

   Georgia       Yes_____    No ✓_____

*IF you found that the defendant(s) violated the plaintiff(s)'Constitutional rights, proceed to Part III below for determination of damages. If you found no violation, your deliberations are complete. Please sign and date the form below.*

**PART III: Damages**

1.  **TITLE VII Discrimination Claims**

    **Compensatory Damages**

    State the amount, if any, of compensatory damages that the plaintiff(s) has proven with respect to any cause of action for which you have found:

    A.  <u>Disparate Treatment Sex Discrimination</u>:

        Schiller's Compensatory Damages  $_____

        Georgia's Compensatory Damages  $_____

    B.  <u>Retaliation</u>:

        Schiller's Compensatory Damages  $_____

        Georgia's Compensatory Damages  $_____

    C.  <u>Hostile Work Environment</u>

        Schiller's Compensatory Damages  $_____
        against the City

        *This amount Represents*

        Co-worker Harassment Damages YES___ NO ___

        Supervisory Harassment Damages YES___ NO ___

        Georgia's Compensatory Damages  $_____
        against the City.

        *This amount Represents*

        Co-worker Harassment Damages YES___ NO ___

        Supervisory Harassment Damages YES___ NO ___

If you find in favor of a plaintiff on more than one claim, you must remember in calculating damages, that a plaintiff is entitled to be compensated only once. The totality of the damages must be what you conclude is necessary to make the plaintiff(s) whole for injuries actually suffered.

**Nominal Damages**

State the amount, if any, of nominal damages that you determine the plaintiff(s) are entitled to for any cause of action:

A.  Disparate Treatment Sex Discrimination:

   Schiller's Nominal Damages    $_____

   Georgia's Nominal Damages     $_____

B.  Retaliation:

   Schiller's Nominal Damages    $_____

   Georgia's Nominal Damages     $_____

C.  Hostile Work Environment

   Schiller's Nominal Damages    $_____
   against the City

   Georgia's Nominal Damages     $_____
   against the City.

7

2.   **42 U.S.C. § 1983: Constitutional Violations**

**Compensatory Damages**

State the amount, if any, of compensatory damages that the plaintiff(s) has proven with respect to each cause of action:

    A.   Equal Protection

        Schiller's Compensatory Damages    $ _____

        Georgia's Compensatory Damages     $ _____

    B.   First Amendment Retaliation

        Schiller's Compensatory Damages    $ _____

        Georgia's Compensatory Damages     $ _____

    C.   Due Process

        Georgia's Compensatory Damages     $ _____

If you find in favor of a plaintiff on more than one claim, you must remember in calculating damages, that a plaintiff is entitled to be compensated only once. The totality of the damages must be what you conclude is necessary to make the plaintiff(s) whole for injuries actually suffered.

**Nominal Damages**

State the amount, if any, of nominal damages that the plaintiff(s) has proven with respect to each cause of action:

    A.   Equal Protection

        Schiller's Nominal Damages    $ _____

        Georgia's Nominal Damages     $ _____

B. <u>First Amendment Retaliation</u>

Schiller's Nominal Damages    $ _____

Georgia's Nominal Damages    $ _____

C. <u>Due Process</u>

Georgia's Nominal Damages    $ _____

**Punitive Damages Against Mr. Maglione**

If you entered a damage amount above, have either of the plaintiff(s) proven, by a preponderance of the evidence, that Mr. Maglione acted with malice or reckless indifference to the plaintiff(s)' constitutional rights, and that the plaintiff(s) are entitled to an award of punitive damages?

Schiller    Yes _____    No _____

Georgia     Yes _____    No _____

If your answer is YES, enter the amount of punitive damages which you agree is proper.

$ _____

If your answer is NO, you have completed your deliberations. Please date and sign the form below.

Dated at Hartford, Connecticut this 15 day of December, 2004.

_____
Foreperson