273

United States District
District of Connect.
FILED AT HARTFO
12 15 04
Kevin F. Rowe, Clerk
By _____ Walker
Deputy Clerk

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ELIZABETH SCHILLER,**<br>*Plaintiff* | : | **NO: 3:01cv00452(AVC)**<br>**(ALL CASES)** |
| | : | |
| **JOHANNA S. GEORGIA,**<br>*Plaintiff* | : | |
| | : | **FILED UNDER SEAL** |
| **v.** | : | |
| **CITY OF BRIDGEPORT; ET AL.**<br>*Defendants* | : | **DECEMBER 15, 2004** |

### PLAINTIFFS' MOTION TO PRESERVE

Plaintiffs move for an order that certain tangible items used as a jury demonstration at trial be

```
3:01CV452(AVC) December 21, 2004.  The plaintiffs have filed the
within "motion to preserve" (document no. 273).  The plaintiffs
seek the court to issue an order "that certain tangible items used
as jury demonstration at trial be . . . preserved in the custody
of Johanna Georgia or her counsel pending further proceedings or
any appeal."  Specifically, the plaintiffs seek the preservation
of Johanna S. Georgia's firefighting turnout gear.  During her
trial testimony, Georgia tried on the gear for the jury.  The
plaintiffs, however, did not enter the gear into evidence.  The
plaintiffs now argue that the City of Bridgeport "has indicated
that it may be issuing Georgia replacement gear any day now" and
that the "usual operating procedure in the Fire Department is
that it confiscates and presumably destroys the old gear from the
firefighter."  The court declines to issue an order that the
firefighting turnout gear be "preserved in the custody of Johanna
Georgia or her counsel" because both parties are already under an
"obligation to preserve . . . evidence [that] may be relevant to
future litigation."  Fujitsu Ltd. v. Federal Exp. Corp. 247 F.3d
423, 436 (2d Cir. 2001)(citing Kronisch v. United States, 150
F.3d 112, 126 (2d Cir.1998)).  Should a party breach that
obligation, "a district court may impose sanctions for
spoliation, exercising its inherent power to control litigation."
West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir.
1999).  In light of these existing duties, the motion is DENIED.
SO ORDERED.

                              Alfred V. Covello
                              United States District Judge
```