UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
ELIZABETH SCHILLER AND           :
JOHANNA S. GEORGIA,              :
   Plaintiffs,                   :
                                 :
v.                               :       Civil No. 3:01CV452(AVC)
                                 :
CITY OF BRIDGEPORT AND           :
MICHAEL MAGLIONE,                :
   Defendants.                   :
```

**RULING ON THE DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

This is a consolidated action for damages and equitable relief brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1983, and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-60. Specifically, the plaintiffs allege, inter alia, that the defendants discriminated against them on the basis of their sex, subjected them to a sexually hostile work environment, and retaliated against them after they reported the alleged discrimination.

On December 15, 2004, a jury found for the defendants on all counts. On December 16, 2004, the court denied the plaintiffs' requests for equitable relief. The defendants have filed the within "application for attorneys' fees [and expenses]" (document no.282). Specifically, the defendants argue that they are entitled to $1,060,130.62 pursuant to "42 U.S.C. §§ 1988 and 2000e-5(k); Fed. R. Civ. P. Rules, 11 and 54(d)2(B); [and] the Court's inherent power to regulate the conduct of those who appear before it and Title 28 U.S.C. § 1927."

1

For the reasons that follow, the defendants' motion (document no.282) for attorneys' fees is DENIED.

**DISCUSSION**

A.  **Title VII and 42 U.S.C. § 1988**

A district court has discretion to award attorney's fees to a prevailing defendant in a Title VII[1] action, if the court finds that the "action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). The same standard applies to a defendant in an § 1983 action who moves for attorney's fees pursuant to 42 U.S.C. § 1988.[2] Piurkowski v. Groggin, 2004 WL 1534200, at *1 (D. Conn. July 6, 2004).

The Supreme Court has noted that in deciding whether to award such attorney's fees, district courts should "resist the understandable temptation to engage in *post hoc* reasoning." Christianburg Garmet Co. v. EEOC, 434 U.S. 412, 421-22 (1978). Specifically, courts should refrain from "concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id.

---

[1] Title VII, 42 U.S.C. § 2000e-5(k) states, in relevant part, that "[t]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . ." 28 U.S.C.§ 2000e-5(k).

[2] Section 1988 of Title 42 of the United States Code provides, in relevant part, that in "any action or proceeding to enforce a provision of section[] . . . 1983, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . ." 42 U.S.C. § 1988.

Applying these principles, the court concludes that the defendants have failed to meet their burden of showing that the plaintiffs' Title VII and section 1983 causes of action were frivolous, unreasonable, or without foundation. Although the jury ultimately found against the plaintiffs, the plaintiffs presented evidence to support their claims at trial. Accordingly, the court concludes that an award of attorney's fees to the defendant pursuant to Title VII or section 1988 is not justified.

B.  **Federal Rule of Civil Procedure 11**[3]

The defendants next argue that the court should sanction the plaintiffs' attorney pursuant to Fed. R. Civ. P. 11. Specifically, the defendants argue that Schiller, Georgia, and their attorney violated Rule 11 "when they brought the case, when the original complaints were amended and . . . by way of the multitude of frivolous individual pleadings filed during the course of the litigation."

---

[3] Federal Rule of Civil Procedure 11, states, in relevant part:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney . . . . The signature of an attorney or party constitutes a certificate by the signer that the signer has read the . . . paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law, of good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose . . . .

Fed. R. Civ. P. 11(b) (quoted in <u>Estate of Calloway v. Marvel Enter. Group</u>, 9 F.3d 237, 239 (2d Cir. 1993).

Federal Rule of Civil Procedure sets forth the representations that an attorney makes to the court by filing "a pleading, motion or other paper."  An attorney can violate Fed. R. Civ. P. 11 in two ways.  First, an attorney violates Rule 11 if she makes the filing for "any improper purpose."  Second, an attorney violates Rule 11 if the filing would be objectively unreasonable to a competent attorney.  Specifically, there is a Rule 11 violation when,

> after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002)(citations omitted)(holding that district court did not abuse its discretion in denying the prevailing defendants' motion for sanctions).  If the court concludes that an attorney has violated Rule 11, "the court may . . . impose an appropriate sanction upon the attorney[] . . . ." Fed. R. Civ. P. 11(c)).

Here, the court concludes that the imposition of Rule 11 sanctions on the plaintiffs' attorney is not warranted. Despite the testimony of Autumn Dennerlein and Nancy Petrucelli that the a desire for monetary gain motivated the plaintiffs to bring this case, after overseeing discovery and the trial, the court concludes that the plaintiffs pursued this case based on a good faith belief in its merit.  Furthermore, the court concludes that a competent attorney could form a reasonable belief that the plaintiffs' complaint and "individual pleadings" were grounded in fact and

4

warranted by a good faith argument for the extension, modification or reversal of existing law.

C.  **Inherent Power and Section 1927**

A district court has an "inherent power as a penalty for misconduct during the course of litigation" to "impose attorney's fees." Milltex Indust. Corp. v. Jacquard Lace Co., Ltd., 55 F.3d 34, 37 (1995). Similarly, 28 U.S.C. § 1927 provides that a court may require a party to pay attorney's fees where the party "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927.

A district court will only award attorney's fees pursuant to its inherent power or section 1927 upon a showing of bad faith.[4] Specifically, to obtain attorney's fees the prevailing defendants must show that "the challenged actions are (1) 'entirely without color' and (2) motivated by 'improper purposes'" Id. at 38. The Second Circuit will affirm an award of attorney's fees "only when serious misconduct clearly appears on the record." Id. at 41.

Applying this law, the court declines to exercise its inherent power or its power pursuant to section 1927 to award attorney's fees. The court concluded at summary judgment that there were genuine issues of fact as to the remaining causes of action, and

---

[4] The same standard governs the award of attorney's fees pursuant to the court's inherent powers and pursuant to 28 U.S.C. § 1927. See Milltex Indust. Corp. v. Jacquard Lace Co., Ltd., 55 F.3d 34, 37 n.4 (1995).

5

these issues of fact provided a colorable basis for the litigation. Furthermore, after observing the testimony of the plaintiffs, the court sees no reason to conclude that the plaintiffs and their attorney brought the action in bad faith or filed motions to harass or delay the proceedings.

## CONCLUSION

For the reasons set forth above, the defendants' motion for attorneys' fees (document no. 282) is DENIED.

It is so ordered, this 26th day of January, 2005 in Hartford, Connecticut.

```
         _____/s/_____
         Alfred V. Covello, U.S.D.J.
```