

I CERTIFY THAT THIS IS A TRUE COPY OF THE CERTIFICATE RECEIVED FOR RECORD

ATTEST _Patricia McCoy Cosiso_
ASSIST. REGISTRAR OF VITAL RECORDS
TOWN OF BRIDGEPORT

DEC 03 2004

DATE_____

LEGAL FEE: $5.00

NOT GOOD WITHOUT RAISED SEAL OF CERTIFYING OFFICIAL

VS-4 REV. 12/01
STATE OF CONNECTICUT
DEPARTMENT OF PUBLIC HEALTH

## CERTIFICATE OF DEATH

STATE FILE NUMBER

DECEDENT'S LEGAL NAME — FIRST: KATHLEEN   MIDDLE: DENTON   LAST: DENTON

SEX: F   DATE OF DEATH: 2-3-02

COUNTY OF DEATH: FAIRFIELD   TOWN OF DEATH: BRIDGEPORT

PLACE OF DEATH: Hospital: Gen. Hospital   CITY & STATE OF BIRTH: Bridgeport, CT   CITIZEN OF: USA

DATE OF BIRTH: 8-17-65   AGE-Last Birthday: 37   UNDER 1 YEAR   UNDER 1 DAY

WAS DECEDENT A VETERAN? YES ☒ NO   BRANCH OF SERVICE

MARRIED / NEVER MARRIED / WIDOWED / DIVORCED ☒ / LEGALLY SEPARATED   LAST SPOUSE: Cleve Denton

RESIDENCE STATE: CT   COUNTY: Fairfield   TOWN: Bridgeport   NUMBER AND STREET: 850 Atlantic ST #515

FATHER-NAME: Charles   MIDDLE   LAST: O'Donoghue

MOTHER-NAME: Mary   MIDDLE   MAIDEN: Diaz

INFORMANT-NAME: Mary O'Donoghue   MAILING ADDRESS: 203 Wade Street, Bridgeport, CT 06604   RELATIONSHIP TO DECEASED: Mother

CERTIFICATION — PHYSICIAN   DATE (MONTH, DAY, YEAR): 12-09-02

FUNERAL DIRECTOR OR EMBALMER — SIGNATURE

CEMETERY OR CREMATORY — NAME: Grove Cemetery, BPT

FUNERAL HOME: Baker-Isaac FS, 985 Stratford Ave., BPT, CT

NAME OF EMBALMER: Andre F. Baker Jr.   LICENSE NUMBER: 2329

BURIAL, CREMATION, REMOVAL: Burial   DATE: 12-9-02

REGISTRAR: Patricia McCoy Cosiso   DATE SIGNED: 12-3-02   LOCATION: Bridgeport, CT

THIS CERTIFICATE RECEIVED FOR RECORD ON: DEC 06 2002

EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHANNA S. GEORGIA,<br><br>      Plaintiff,<br><br>  VS.<br><br>CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>      Defendants. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br><br>      Plaintiff,<br><br>  VS.<br><br>CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>      Defendants. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC)<br><br><br><br>(CONSOLIDATED)<br><br><br><br>MARCH 20, 2003 |

EXHIBIT
2

**DEFENDANT CITY OF BRIDGEPORT'S RESPONSES AND OBJECTIONS TO PLAINTIFF ELIZABETH SCHILLER'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION, INSPECTION AND EXAMINATION**

INTERROGATORIES

1.    Identify each person who participated in providing responses to these Interrogatories and appended Requests for Production, Inspection and Examination.

RESPONSE:  Michael Maglione, Fire Chief, Bridgeport Fire Department, 30 Congress Street, Bridgeport, Connecticut

2.    For each insurance policy, including any excess insurance policy, under which an insurer may be liable to satisfy part or all of a judgment by ELIZABETH SCHILLER in this action against you, your employees, officials, agents or representatives, state:

      a.    name and address of insurance carrier;

RESPONSE:  There are no such insurance policies.

      b.    policy coverage limits;

RESPONSE:  There are no such insurance policies.

      c.    whether any insurance carrier has disclaimed its duty to indemnify any insured or any covered person.

RESPONSE:  There are no such insurance policies.

3.    Identify every witness to any of the occurrences alleged in ELIZABETH SCHILLER's First Amended Complaint, and any amended complaints thereafter.

ANSWER:  Fire Department employees:  Nancy Petrucelli, Autumn Calderoni, Ina Anderson, Deputy Chief Currivan, Burton Carter, John Pivovar, Richard Donofrio, Michael Calderoni, George Lopez, Cindy Mattera, Richard Nash, Matthew Deysenroth, Robert Bartha, James Lawlor, Dwayne Dupree, Thomas Connor, Wallace Thomas, Richard Skoog, Frederick Haschak, Manuel Firpi, Charles Young, William Haug, Venus Scudder, Ivan Fossesigurani, William Pyatak, Carlos Reyes, Chris Martin, Michael DiNatale, Stanley Sabitsky, Robert McLeod, Deputy Chief Dotson, Terry O'Connell, David Purcell, Bruce Toth, Kevin Shevlin, Robert Novak, Robert Marrero, Paul Cocca, David Acanfora, Ismael

RESPONSE: Defendant has no documents responsive to this request.

13. Copies of all documents, statements and tangible evidence referring or relating to your response to Interrogatory No., 13 above.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested.

14. Copies of all documents, statements and tangible evidence referring or relating to your response to Interrogatory No. 14 above.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested. Defendant further objects to this Production Request on the grounds that the Interrogatory it references is incomprehensible.

15. Copies of any documents referring or relating to any violation disclosed in response to Interrogatory No. 15 above.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

16. Copies of building plans for all existing and planned City firehouses showing all quarters, sleeping and bathroom areas.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

17. Copies of building plans for all existing and planned City firehouses showing all quarters, sleeping and bathroom areas.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

18. Inspection and examination, with access to obtain photographs, of all female and male quarters, sleeping and bathroom areas in all City firehouses.

OBJECTION:  Defendant objects to this Production Request on the grounds that it fails to state a reasonable date and time for the inspection to occur pursuant to Fed. R. Civ. P. 34.

RESPONSE:  Notwithstanding the foregoing objection, Defendant will permit the inspection to take place at a mutually agreeable date and time.

19.     Copies of all any [sic] consent decrees, agreements, releases, court orders, and judgments to which you, your employees, officials, agents or representatives are a party, arising out of claim of unlawful discrimination, harassment or retaliation against any member of a protected class, including women and minorities.

OBJECTION:  Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Production Request on the grounds that it seeks confidential information not subject to disclosure.

20.     Copies of all any [sic] affirmative action plans or quotes or requirements or policies applying to or affecting your Fire Department, from January 1, 1990 to the present.

OBJECTION:  Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome in regard to the scope of time of the Request, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

21.     Copies of all non-privileged documents; records, logs, diaries correspondence, statements; recordings, videotapes, and tangible evidence in your care, custody, control or possession, referring or relating to the allegations, claims and defenses in this lawsuit, not otherwise produced in response to these requests.

OBJECTION:  Defendant objects to this Production Request on the grounds that it is vague, overbroad, and unduly burdensome.

CITY OF BRIDGEPORT,

By:  _____

     Margaret M. Sheahan, ct05862
     Robert B. Mitchell, ct02662
For:  Pullman & Comley, LLC
     850 Main Street, P.O. Box 7006
     Bridgeport, CT  06601-7006
     (203) 330-2000
     Facsimile (203) 576-8888

     ATTORNEYS FOR:
     CITY OF BRIDGEPORT,
     EARL PETTWAY and
     MICHAEL MAGLIONE

## CERTIFICATION

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on March 20, 2003 to all counsel and pro se parties of record.

Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

John R. Mitola
John P. Bohannon, Jr.
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604

Margaret M. Sheahan

BPRT/67551.1/EMP/471808v1

# PULLMAN & COMLEY, LLC
*Attorneys At Law*

ELIZABETH J. AUSTIN
RAYMOND E. BALDWIN, JR.
MORRIS W. BANKS
COLLIN P. BARON
DEBORAH S. BRECK
CHARLES K. CAMPBELL, JR.
FRANK B. CLEARY
SHEILA ANNE DENTON
JAMES G. DOWLING, JR.
ANDREW C. GLASSMAN
LAWRENCE J. GOLDEN
IRVE J. GOLDMAN
BARRY D. GREENE
NANCY A. D. HANCOCK
JOSHUA A. HAWKS-LADDS
DAVID O. JACKSON
GEORGE J. KASPER
JOHN J. KINDL
MICHAEL A. KURS
NANCY DeFONCE LAPERA

MICHAEL N. LaVELLE
JOSEPH M. LODATO
LISA A. MAGLIOCCHETTI
THOMAS J. MAXWELL, JR.
EDWARD P. McCREERY, III
ANDREW J. McDONALD
ROBERT B. MITCHELL
HERBERT H. MOORIN
D. ROBERT MORRIS
ALAN S. PARKER
MARIE V. PHELAN
ELLIOTT B. POLLACK
MICHAEL G. PROCTOR
LEWIS RABINOVITZ
RICHARD C. ROBINSON
THOMAS A. ROUSE
GREGORY F. SERVODIDIO
RONALD CASE SHARP
MARGARET M. SHEAHAN
JAMES T. SHEARIN

H. WILLIAM SHURE
CHRISTOPHER J. SMITH
JOHN F. STAFSTROM, JR.
JAMES B. STEWART
GROVE W. STODDARD
MARSHALL J. TOUPONSE
JAMES W. VENMAN
WILLIAM J. WENZEL
BARRIE K. WETSTONE
JAMES E WHITE, JR.
MARJORIE WILDER

SAMUEL A. GILLILAND
(1930-1994)

LAURA A. BELLOTTI
CHRISTIAN G. BELTZ
ALLISON M. BOGOSIAN
KATHERINE E. CAULFIELD
ADAM J. COHEN
AMY A. D'ADDETTA

JOSHUA A. DOLGER
ERIC J. GEORGE
DARYL L. GORDON
JESSICA GROSSARTH
MATTHEW M. HAUSMAN
TRACY WHEELER LENNON
MATTHEW B LUNDY
NORMA R. MANDULAK
JULIE A. MORGAN
PETER S. OLSON
MARY BETH KASPER RAPICE
BRIAN C. ROCHE
LORILYN M. ROSALES
LORI L. UNDERBERGER
GWEN B WEISBERG
MICHAEL L. WOLF
AIMEE J. WOOD

Reply to:      Stamford
Telephone:   (203) 674-7915
E-Mail:       rbmitchell@pullcom.com

April 30, 2003

**By Facsimile**

Ms. Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT. 06457

Re: **Georgia V. City of Bridgeport, Civ. No. 3:01 CV-00717 (AVC) and Schiller v. City of Bridgeport, Civ. No. 3:01 C-00452 (AVC)**

Dear Susan:

I wanted to take a moment an write to confirm the my understanding of the agreements that we reached at our discovery conference on April 23, 2003. Obviously, this letter arises out of the notes that Elisa Paliani, Peg Sheahan and I took at that meeting and if you have a different view of where things stood at the conclusion of our discussions please let me know.

## Schiller Interrogatories – First Set

In responding to these interrogatories the Defendants reserve the right in all cases to provide business records that contain the requested information. This will generally be the manner of response, particularly relative to those queries for which documents have also been asked for by Plaintiffs.

Int. No. 3:      Defendants have now provided all of the names and addresses to you, but will do so again in a formal supplemental discovery response.

Int. No. 5:      Defendants will provide information on the gender make-up of the Fire Department for the period 1989 (when first women joined the organization) until the present. (Plaintiffs also agreed to provide the names and addresses of the witnesses listed in their Rule 26 voluntary disclosure.)

Int. No. 6:      Civil Service has this information. Defense counsel will ask Civil Service whether it will release the information and transmit that response to Plaintiffs. (Defense counsel has already done so and is waiting for Civil Service's response.)

850 MAIN STREET  P.O. BOX 7006  BRIDGEPORT, CT 06601-7006  (203) 330-2000  FAX (203) 576-8888
90 STATE HOUSE SQUARE  HARTFORD, CT 06103-3702  (860) 424-4300  FAX (860) 424-4370
ONE CENTURY TOWER  265 CHURCH STREET  NEW HAVEN, CT 06510-7000  (203) 773-3006  FAX (203) 776-7075
720 HOPMEADOW STREET  SIMSBURY, CT 06070-2225  (860) 651-9348  FAX (860) 651-1431
200 PEQUOT AVENUE  P.O. BOX 510  SOUTHPORT, CT 06890-0510  (203) 254-5000  FAX (203) 254-5070
300 ATLANTIC STREET  STAMFORD, CT 06901-3522  (203) 324-5000  FAX (203) 363-8659
*www.pullcom.com*

PULLMAN & COMLEY, LLC

Page 2

Int. No. 8:    Defendants agreed with Plaintiffs to answer this interrogatory back to 1985.

Int. No. 10:    Plaintiffs agreed that the responses to this interrogatory would be limited to internal Fire Department complaints back to 1985 or the date when women first started at the Department, whichever is earlier (the actual date is 1987).

Int. No. 11:    Defendants agreed to provide documents to answer this question back to 1985, upon receiving CHRO dispositions and captions Plaintiffs' counsel, which Plaintiffs' counsel agreed to do.

Int. No. 14:    Defendants withdrew their objection to this interrogatory and will file supplementary responses answering that they do no know the answer to the question.

Int. No. 16:    We will answer.

Int. No. 17:    Plaintiffs' attorney agrees to limit the scope of this interrogatory to the Defendant's special defenses.  Defense counsel agreed to review those defenses and answer the interrogatory as narrowed.

Int. No. 18:    Plaintiffs' counsel agreed to withdraw interrogatory no. 18.

### Schiller Production Requests – First Set.

Pro. Request No. 3:    Plaintiffs' counsel noted that we should have statements from the internal Donald Day investigation.  We have no objection to providing those.

Pro. Request No. 4:    Defendants will provide any such information that does not constitute attorney work product.

Pro. Request No. 5:    Plaintiffs' counsel agreed that she would accept production of documents for subparts (c) and (d) as constituting compliance with this request.  Defense counsel noted that many of the documents responsive to those two questions were held by the Civil Service Commission, but agreed to try and obtain them for Plaintiffs.  In the event that defense counsel's efforts were unsuccessful, of course, Plaintiffs are free to subpoena the materials.

Pro. Request No. 6.:    These documents are not in the Defendant's custody and control, but it is Defense Counsel's understanding that they rest with the Civil Service Commission.  Again, Defense Counsel will request that they be released by the Commission.

Pro. Request No. 8:    Defendants withdrew their objection to this interrogatory upon receiving Plaintiffs' Counsel's explanation of her meaning and usage of term "tangible."

PULLMAN & COMLEY, LLC

Page 3

Pro. Request Nos. 10 and 11: The parties agreed that Defendants would respond to these production requests within the same parameters as were set for their answering Interrogatory Nos. 10 and 11.

Pro. Request No. 12:  Defendants agreed to produce any documents in their possession.

Pro. Request No. 13:  Defendants agreed to produce any documents in their possession.

Pro. Request No. 14:  Defendants agreed to produce any documents in their possession.

Pro. Request No. 15:  Defendants agreed to an inspection of the premises and Plaintiffs; Counsel said that she would issue a request to admit

Pro. Request No. 16:  Defendants agreed to produce any documents in their possession.

Pro. Request No. 18:  Defendants agreed to allow inspection upon reasonable notice to the Department and Defense Counsel so as to permit Counsel to attend.

Pro. Request No. 19:  The Defendants' position on this request was left open subject to discussion between Defense Counsel and the City Attorney's office.  Defense Counsel will supplement this notation by a separate letter after those consultations have taken place, but, in any event, will make his best effort to have a firm answer on this point as soon as possible.

Pro. Request No. 20:  Defendants agreed to produce any documents in their possession.

Pro. Request No. 21:  Defendants maintained their objection.  Plaintiffs' counsel agreed to limit her demand to the Defendants' Special Defenses only, and Defendants' Counsel agreed to make his best effort to give a final response by May 2d.

### Georgia Interrogatories – First Set.

Insofar as the Georgia interrogatories differed from the Schiller questions, the parties agreed:

Int. No. 7:     Parties that Defendants would answer as to their Special Defenses only.

Int. No. 8:     Plaintiffs' Counsel agreed to withdraw this interrogatory.

### Georgia Production Requests.

Insofar as the Georgia production requests differed from the Schiller documents demands, the parties agreed:

PULLMAN & COMLEY, LLC

Page 4

     Pro. Req. No. 7:     Defendants do not have these documents, but will ask the Civil Service Commission to make them available.

     Pro. Req. No. 8:     The logs requested by Plaintiffs will be made available.

### Miscellaneous Issues.

     1.     Plaintiffs' Counsel noted that documentary items had come up during depositions and that she was going to ask for their production. Defense Counsel agreed that a letter request would be considered sufficient for the purpose.

     2.     Plaintiffs' Counsel said that she would review her own production request responses to see if anything remained to be produced and communicate her position to Defense Counsel.

     3.     Plaintiffs' Counsel requested notification of who the City's Rule 30(b)(6) representative(s) will/would be. Ass. City Attorney, J. Mitola, responded that there would be several probably including Jack Colligan, Chief Maglione and Ned Winterbottom. Others may also be identified and presented depending on the course of the questioning and a further examination of the areas identified for examination. Mr. Mitola also said that he would get dates from David Dunn and Marilyn Flores for their depositions.

     Susan, I hope that this note comports with your recollection and understanding of our discussion and agreements on April 23rd. If not, please let me know as soon as possible. I also hope that this will lead to your withdrawing your motion to compel or, at least, your modifying it to take these points of agreement and change in position into account.

Sincerely

Robert B. Mitchell

rxm

cc:   John R. Mitola
Michael Maglione
Patrick A. Shevlin

STFD/1.1/RXM/308441v1

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOHANNA S. GEORGIA,<br><br>                    Plaintiff,<br><br>    VS.<br><br>CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>                  Defendants. | CIVIL ACTION<br>NO. 3:01 CV-00717 (AVC) |
| ELIZABETH SCHILLER,<br><br>                    Plaintiff,<br><br>    VS.<br><br>CITY OF BRIDGEPORT; DONALD DAY, IN His Official Capacity As Fire Captain And In His Personal Capacity; EARL PETTWAY, In His Official Capacity As Deputy Fire Chief And In His Personal Capacity; MICHAEL MAGLIONE, In His Official Capacity As Fire Chief And In His Personal Capacity,<br><br>                  Defendants. | CIVIL ACTION<br>NO. 3:01 CV-00452 (AVC)<br><br><br>(CONSOLIDATED)<br><br><br><br>SEPTEMBER 3, 2003 |

### DEFENDANT CITY OF BRIDGEPORT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF ELIZABETH SCHILLER'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION, INSPECTION AND EXAMINATION

INTERROGATORIES

1.    Identify each person who participated in providing responses to these Interrogatories and appended Requests for Production, Inspection and Examination.

RESPONSE:
Deputy Chief Patrick Shevlin, Bridgeport Fire Department, 30 Congress Street, Bridgeport, Connecticut
Deputy Chief Thomas Connor, Bridgeport Fire Department, 30 Congress Street, Bridgeport, Connecticut
Deputy Chief Wallace Thomas, Bridgeport Fire Department, 30 Congress Street, Bridgeport, Connecticut
Captain Mark Donovan, Bridgeport Fire Department, 30 Congress Street, Bridgeport, Connecticut
John R. Mitola, Esq., City Attorney's Office, 999 Broad Street, Bridgeport, CT 06604

3.    Identify every witness to any of the occurrences alleged in ELIZABETH SCHILLER's First Amended Complaint, and any amended complaints thereafter.

ANSWER:
FF Nancy Petrucelli, 28 Wakeley St, Trumbull, CT
FF Autumn Calderoni, 421 Hattertown Rd, Monroe, CT
Lt. Ina Anderson, 166 Palisade Ave., Bridgeport, CT
Assistant Chief John Currivan, 85 Ashley St., Bridgeport, CT
Pumper Engineer Burton Carter, 99B Karen Court, Bridgeport, CT
FF John Pivovar, 17 Millbrook Rd., Shelton, CT
Lt. Richard Donofrio, 30 Donald Ct., Bridgeport, CT
Lt. Michael Calderoni, 421 Hattertown Rd, Monroe, CT
Pumper Engineer George Lopez, 550 Fan Hill Rd, Monroe, CT
FF Cindy Mattera, 4 Kaye Plaze Unit E-6, Hamden, CT
Captain Richard Nash, 180 Norland Ave., Bridgeport, CT
FF Matthew Deysenroth, 21 Church Hill Rd., Redding, CT
Lt. Robert Bartha, 645 Naugatuck Ave., Milford, CT
FF James Lawlor, 139 Pepper St., Monroe, CT
FF Dwayne Dupree, 34 Paker Ave., West Haven, CT

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested.

RESPONSE: Notwithstanding the foregoing objection, Defendants have no documents responsive to this request, however, Forms 2326 relative to inspections regarding pornographic televisions stations have been produced to Plaintiffs.

14.    Copies of all documents, statements and tangible evidence referring or relating to your response to Interrogatory No. 14 above.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad and unduly burdensome in that there is no limit to the period of time for the information requested.

RESPONSE: Notwithstanding the foregoing objection, Defendant has no documents responsive to this request.

15.    Copies of any documents referring or relating to any violations disclosed in response to Interrogatory No. 15. above.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

RESPONSE: Notwithstanding the foregoing objection, Plaintiffs and their counsel will be afforded access to the premises, at a mutually convenient date and time, for the purpose of conducting an inspection to make their own determination relative to alleged violations.

16.    Copies of building plans for all existing and planned City firehouses showing all quarters, sleeping and bathroom areas.

OBJECTION: Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.

RESPONSE: Notwithstanding the foregoing objection, building plans have been produced to Plaintiffs.

18.    Inspection and examination, with access to obtain photographs, of all female and male quarters, sleeping and bathroom areas in all City firehouses.

RESPONSE:  Defendant will permit the inspection to take place at a mutually convenient date and time upon reasonable notice.

19.    Copies of all any [sic] consent decrees, agreements, releases, court orders, and judgments to which you, your employees, officials, agents or representatives are a party, arising out of claim of unlawful discrimination, harassment or retaliation against any member of a protected class, including women and minorities.

OBJECTION:   Defendant objects to this Production Request on the grounds that it is overbroad, unduly burdensome, and that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence.   Defendant further objects to this Production Request on the grounds that it seeks confidential information not subject to disclosure.

RESPONSE:  Notwithstanding the foregoing objection, and limited by agreement to no earlier than 1985, responsive documents will be produced at the offices of Pullman & Comley, LLC.

20.    Copies of all any [sic] affirmative action plans or quotas or requirements or policies applying to or affecting your Fire Department, from January 1, 1990 to the present.

RESPONSE:  Responsive documents will be produced at the offices of Pullman & Comley, LLC.

21.    Copies of all non-privileged documents; records, logs, diaries correspondence, statements; recordings, videotapes, and tangible evidence in your care, custody, control or possession, referring or relating to the allegations, claims and defenses in this lawsuit, not otherwise produced in response to these requests.

OBJECTION:  Defendant objects to this Production Request on the grounds that it is vague, overbroad, and unduly burdensome.

RESPONSE:  Notwithstanding the foregoing objection, responsive documents have been produced to Plaintiffs.  Fire Department log books will be produced at Bridgeport Fire Headquarters.

**AS TO OBJECTIONS ONLY**

CITY OF BRIDGEPORT

By:  *Margaret M Sheahan*

Margaret M. Sheahan, ct05862
Robert B. Mitchell, ct02662
For: Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT  06601-7006
(203) 330-2000
Facsimile (203) 576-8888

ATTORNEYS FOR:
CITY OF BRIDGEPORT,
EARL PETTWAY and
MICHAEL MAGLIONE

## CERTIFICATION

Pursuant to Fed. R. Civ. P.5 (b), I hereby certify that a copy of the above was mailed on September 4 , 2003 to all counsel and pro se parties of record.

Susan V. Wallace
11 Blue Orchard Drive
Middletown, CT 06457

John R. Mitola
John P. Bohannon, Jr.
Office of the City Attorney
999 Broad Street
Bridgeport, CT 06604


Margaret M. Sheahan

BPRT/67551.1/EMP/473600v1



COPY

*AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

FILED

DISTRICT OF _____ CONNECTICUT _____ 2004 DEC 15 D 12: 05

DEFENDANTS COURT

Elizabeth Schiller, et al

### EXHIBIT AND WITNESS LIST

V.

City of Bridgeport, et al

Case Number:  3:01cv452 (AVC)

| PRESIDING JUDGE Covello | PLAINTIFF'S ATTORNEY Wallace | DEFENDANT'S ATTORNEY Mitchell, Sheahan |
|---|---|---|
| TRIAL DATE (S) 12/6/04 - 12/15/04 | COURT REPORTER Lamoureux | COURTROOM DEPUTY Walker |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| ✓ | 5 | 12/6/04 | ✓ | ✓ | Bpt FD sexual harassment directive |
| ✓ | 6 | | ✓ | ✓ | City of Bpt Sexual harassment policy |
| ✓ | 16 | | ✓ | ✓ | Acknowledgement of receipt of policies 8/26/99. ES |
| ✓ | 41 | | ✓ | ✓ | Form 2326 by π Schiller dated Feb 2000 |
| ✓ | 87 | | ✓ | ✓ | Form 2326 by π Schiller 3/5/00 re: Day/male stripper |
| ✓ | 89 | ✓ | ✓ | ✓ | Form 2326 by π Schiller 3/16/00 re: BB material |
| ✓ | 91 | 12/6/04 | ✓ | ✓ | Form 2326 by π Schiller 3/29/00 re: female toilet |
| ✓ | 58 | 12/7/04 | ✓ | ✓ | Tape of 5/7/01 meeting |
| ✓ | 59 | " " | | ✓ | Transcript of tape in Exhibit 58 |
| ✓ | 93 | " " | ✓ | ✓ | Form 2326 by π Schiller re: 5/24/01 Chief's Order |
| ✓ | 163 | 12/8/04 | ✓ | ✓ | Letter from Wallace/Condon re: Georgia dr. termination |
| ✓ | 30 | " " | ✓ | ✓ | Assignment of Probationary Firefighters 8/15/99 |
| ✓ | 52 | " " | ✓ | ✓ | Re Haway notice to Georgia to appear 5/8/00 |
| ✓ | 51 | " " | ✓ | ✓ | Re Haway letter → Georgia 3/16/00 |
| ✓ | 55 | " " | ✓ | ✓ | Letter Georgia → Maglione 5/30/00 |
| ✓ | 54 | " " | ✓ | ✓ | Letter Maglione → Georgia 5/25/00 |
| ✓ | 40 | 12/9/04 | ✓ | ✓ | 2326 from Georgia re: Day 2/28/00 |
| ✓ | 136 | " " | ✓ | ✓ | 2326 by Georgia re 7/23/01 re: Air conditioning 7/11 |
| ✓ | 137 | 12/9/04 | ✓ | ✓ | 2326 by Georgia → Sheehan 7/23/01 re 5/10 exp. |
| ✓ | 138 | | ✓ | ✓ | 2326 Georgia → Maglione 7/23/01 re: 5/10/01 exposure |
| ✓ | 139 | ✓ | ✓ | ✓ | JHPC Infection Control Incident Report 5/16/01 |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of 4 Pages

**EXHIBIT**

**3**

PENGAD·Bayonne, N.J.

AO 187A (Rev. 7/87)    **EXHIBIT AND WITNESS LIST – CONTINUATION**

Elizabeth Schiller et al vs. City of Bridgeport, et al    CASE NO. 3:01CV452 (AVC)

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| ✓ | 140 | 12/9/04 | ✓ | ✓ | EMS Incident report 5/10/01 |
| ✓ | 141 | | ✓ | ✓ | Supervisor's Report of Acc/Inj by Georgia 5/15/01 |
| ✓ | 142 | | ✓ | ✓ | Firefighter's Exposure Report 5/10/01 by Marrero |
| ✓ | 143 | | ✓ | ✓ | 2326 by Marrero 5/15/01 |
| ✓ | 144 | | ✓ | ✓ | Report of Sickness / Injury by Georgia for 5/10/01 |
| ✓ | 147 | | ✓ | ✓ | 2326 by Georgia 7/23/01 re 6/2/01 exposure |
| ✓ | 148 | | ✓ | ✓ | Memo Shevlin → Georgia 8/22/01 |
| ✓ | 146 | | ✓ | ✓ | Infection Control Reporting Guideline Directive #8 |
| ✓ | 145 | 12/9/04 | ✓ | ✓ | list for Guideline Dir #8 w/ Georgia's signature |
| | | 12/9/04 | | ✓ | Elizabeth Schiller O'Connell - previously sworn |
| | | 12/9/04 | · | ✓ | Ronald Lindgren, sworn, Kensington, CT |
| | | 12/9/04 | | ✓ | Wallace Thomas, Sr. sworn |
| | | 12/10/04 | | ✓ | Patricia Davenport, Burlington, CT - sworn |
| ✓ | 160 | 12/10/04 | ✓ | ✓ | Berkley Admin documents re: Georgia - over ruled over objection |
| | | 12/10/04 | | ✓ | Susan Sullivan, Avon, CT - sworn |
| | | 12/10/04 | | ✓ | Patrick Shevlin, Jupiter, FL - sworn |
| | | 12/10/04 | | ✓ | Earl Pettway - sworn |
| ✓ | 31 | 12/10/04 | ✓ | ✓ | 2326 Kyle Gardner 2/18/00 |
| ✓ | 32 | | ✓ | ✓ | 2326 Stanley Subitsky 2/21/00 |
| ✓ | 33 | | ✓ | ✓ | 2326 Michael Caldaroni 2/23/00 |
| ✓ | 34 | | ✓ | ✓ | 2326 Michael DiNatale 2/23/00 |
| ✓ | 35 | | ✓ | ✓ | 2326 Matthew Deysenroth 2/23/00 |
| ✓ | 36 | | ✓ | ✓ | 2326 Fran Fossesigurani 2/23/00 |
| ✓ | 37 | | ✓ | ✓ | 2326 Richard Nash 2/24/00 |
| ✓ | 38 | | ✓ | ✓ | Memo Flores → Pettway 2/24/00 |
| ✓ | 42 | | ✓ | ✓ | 2326 by Robert Petrucelli 2/29/00 |
| ✓ | 43 | | ✓ | ✓ | 2326 Lt. Shevlin 2/29/00 |

AO 187A (Rev. 7/87)

# EXHIBIT AND WITNESS LIST – CONTINUATION

Elizabeth Schiller et al vs. City of Bridgeport, et al — CASE NO. 3:01CV452 (AVC)

| | PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|---|
| ✓ | | 44 | 12/10/04 | ✓ | ✓ | 2326 Autumn Caldaroni 3/13/00 |
| ✓ | | 45 | ↓ | ✓ | ✓ | 2326 Carlos Reyes 4/7/00 |
| ✓ | | 46 | ↓ | ✓ | ✓ | 2326 Carlos Reyes 6/9/00 |
| ✓ | | 81 | 12/10/04 | ✓ | ✓ | Day Summation of charges re: 2/13/00 incident |
| ✓ | | 24 | 12/10/04 | ✓ | ✓ | J. Georgia acknowledgement of receipt of Sex Harass Policy |
| ✓ | | 47 | ↓ | ✓ | ✓ | 2326 Pettway 8/4/00 |
| ✓ | | 79 | ↓ | ✓ | ✓ | 11/21/00 Day Investigative report |
| ✓ | | 80 | ↓ | ✓ | ✓ | Supplemental Day investigation report 1/23/01 |
| | | | 12/10/04 | | ✓ | Autumn Demmerlin, Bethel, sworn |
| ✓ | | 49 | 12/10/04 | ✓ | ✓ | Letter Ina Anderson re: Donald Day 12/10/04 |
| | | | 12/10/04 | | ✓ | Venus Scudder, Bridgeport, CT sworn |
| ✓ | | 48 | 12/10/04 | ✓ | ✓ | Letter from Venus Scudder 7/24/00 re: Donald Day |
| | | | 12/10/04 | | ✓ | William Seward, N. Haven FD, sworn |
| ✓ | | 164 | 12/10/04 | ✓ | ✓ | Chart drawn by Seward re: fire academy |
| | | | 12/13/04 | | ✓ | Rodney Vining, sworn |
| | | | 12/13/04 | | ✓ | Paul Neugebauer, sworn |
| | | | 12/13/04 | | ✓ | Edward Vaccola, Shelton, sworn |
| | | | 12/13/04 | | ✓ | Richard Skoog, Monroe, sworn |
| | | | 12/13/04 | | ✓ | James Lawlor, Woodbridge, CT - sworn, |
| | | | 12/13/04 | | ✓ | Carlos Reyes, Bridgeport, CT - sworn |
| | | | 12/13/04 | | ✓ | Michael Donovan, sworn |
| | | | 12/13/04 | | ✓ | Glenn Duda, sworn |
| ✓ | | 162 | 12/13/04 | ✓ | ✓ | Health Dept. Haz Waste Poster |
| | | | 12/13/04 | | ✓ | Thomas Conner, Shelton, CT - sworn |
| | | | 12/13/04 | | ✓ | John Mitola, Bridgeport, CT - sworn |
| | | | 12/13/04 | | ✓ | Michael Maglione, Chief, Bridgeport, CT. sworn. |
| ✓ | | 1 | 12/13/04 | | ✓ | Photographs of Bridgeport Firehouse |

Page 3 of ~~3~~ 4 Pages

AO 187A (Rev. 7/87)    **EXHIBIT AND WITNESS LIST – CONTINUATION**

| | | | | | |
|---|---|---|---|---|---|
| Elizabeth Schiller, et al | | | vs. Chief, Bridgeport, et al | | CASE NO. 3:01CV452(AVC) |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| ✓ | 82 | 12/13/04 | ✓ | ✓ | Letter from Maglione → Donald Day 2/14/01 |
| ✓ | 83 | 12/13/04 | ✓ | ✓ | Day Arbitration Award 8/7/02 |
| | | 12/14/04 | | ✓ | Nancy Petrucelli, sworn |
| | 26 | 12/9/04 | ✓ | ✓ | 2326 Pettway re. recruit resignation |
| | 90 | 12/9/04 | ✓ | ✓ | 3/26/00 Log Book Entry |
| | 131 | | ✓ | ✓ | 2326 Rob Petrucelli 7/24/01 re. JG Air Cond. |
| | 132 | | ✓ | ✓ | Memo Boros → Rooney 7/25/01 Air Cond/GH |
| | 161 | | ✓ | ✓ | Turnout gear + OSHA specs |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |