UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT FILED

ELIZABETH SCHILLER AND
JOHANNA S. GEORGIA,
  Plaintiffs,

    2005 FEB -8  P 4: 00

v.

    Civil No. 3:01CV452 (AVC)

CITY OF BRIDGEPORT AND
MICHAEL MAGLIONE,
  Defendants.

## RULING ON THE PLAINTIFFS' MOTION TO DISMISS THE DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND FOR RECONSIDERATION OF FEE AWARD

This is a consolidated action for damages and equitable relief brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1983, and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-60. Specifically, the plaintiffs allege, that the defendants discriminated against them on the basis of their sex, subjected them to a sexually hostile work environment, and retaliated against them after they reported the alleged discrimination.

On December 15, 2004, a jury found for the defendants on all counts.  On December 16, 2004, the court denied the plaintiffs' requests for equitable relief.  On January 3, 2005, the defendants filed an "application for attorneys' fees [and expenses]" (document no.282).  On January 13, 2005, the plaintiffs filed the within motion 1) "to dismiss defendants' application for attorneys' fees award" and 2) "request for reconsideration of fee award"(document no. 289).

For the reasons set forth below, the motion (document no.
289) is DENIED.

## I.   Attorneys' Fees

The court has denied the defendants' request (document
no.282) for attorneys' fees.  Accordingly, the plaintiffs' motion
is DENIED as moot in this respect.

## II.  Reconsideration of January 22, 2002 Order

The plaintiffs next argue that the court should "reconsider
its January 22, 2002, order of fees against [the] Plaintiffs'
counsel."  The plaintiffs' only argument for why the court should
reconsider the order is that it would be "a small measure to
provide some redress for the unfounded demand for sanctions
against [the plaintiffs'] counsel."

The Second Circuit applies a demanding standard to motions
for reconsideration:

> The standard for granting such a motion is strict, and
> reconsideration will generally be denied unless the
> moving party can point to controlling decisions or data
> that the court overlooked . . .

Shrader v. CSX Transp., Inc. 70 F.3d 255, 257 (2d Cir. 1995).

Furthermore, a motion for reconsideration must be "limited to the
record that was before the Court on the original motion." Frankel
v. ICD Holdings, 939 F. Supp. 1124, 1126 (S.D.N.Y. 1996)(quoted
in Sank v. City Univ. of New York, 2002 WL 17929922, *3 (S.D.N.Y.
2002).

The plaintiffs here have failed to present the court with controlling decisions or data that the court overlooked in its January 22, 2002 order. Moreover, the plaintiffs base their motion for reconsideration on facts that were not on the record that was before the court in 2002. Namely, the plaintiffs base their motion for reconsideration on the fact that the defendants have recently filed a motion for attorneys' fees. The plaintiffs have therefore failed to meet the Second Circuit's standard for motions for reconsideration. See ACEquip Ltd. v. Am. Eng'g Corp, 218 F.R.D. 364 (D. Conn. 2003)(denying reconsideration when the plaintiffs "point neither to any controlling decisions nor any data that the Court overlooked"). Accordingly, the motion (document no. 289) is DENIED in this respect.

It is so ordered this _7th_ day of February, 2005 in Hartford, Connecticut.

Alfred V. Covello, U.S.D.J.