UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH SCHILLER, ET AL | : | DOCKET NO.3:01CV452(AVC) |
| VS. | : | 3:01CV717 |
| CITY OF BRIDGEPORT, ET AL | : | APRIL 21, 2005 |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' BILL OF COSTS

The plaintiffs herewith submit the following objection to the defendants' Bill of Costs, filed with this Court on April 12, 2005. This opposition is filed pursuant to Local Rule 54 governing taxation of costs. The United States Court of Appeals issued a mandate in this case on March 29, 2005; this bill of costs was filed on the tenth day following issuance of the mandate as that time is to be calculated under Rule 6 of the Federal Rules of Civil Procedure.

The defendants seek costs in the amount of $18,358.05. For the following reasons, this Court should exercise its discretion in denying costs.

As a threshold matter, this Court should consider the attorney's fee application submitted to this Court, and rejected by this Court without briefing. The defendants incurred legal fees in excess of one million dollars defending this employment action. Although statistics are not readily available on defense costs, this sum is extraordinary and sheds light on the claim of the necessity for the expenses itemized by the defendants in their Bill of Costs. Additionally, not once in their Bill of Costs did the

defendants ever make any showing that the fees incurred were necessary. For the defendants merely made a list of things for which they seek payment, attached an affidavit from a billing clerk and submitted bills. There is nothing before this Court that permits a finding of necessity. Given the magnitude of the attorney's fees sought, there is reason to suspect that this Bill of Costs reflects much that was a convenience to counsel, little that was required.

## I. The Fees For Clerk and Marshal Do Not Correspond to the Witness Fees, Raising Questions About The Expenses Sought And Whether They Were Necessary Expenses

The defendants seek $630 for clerks and marshal fees for 14 non-party witnesses. (See, Bill of Costs, page 2) Yet, several pages later the defendants seek witness fees for only four witnesses. (Id., p. 5) According to this Bill of Costs, only three witnesses were subpoenaed to trial and paid a witness fee: Ron Lindgren, Susan Sullivan and William Seward. The balance of the witnesses were not paid a fee, suggesting that they were under the control of the defendants and that the expense of a subpoena was unnecessary.

## II. The Fees Sought For Deposition Subpoenas Should Be Disallowed As They Are Not Supported By Either Affidavit Or Bill

The defendants seek $90 for the fees of clerk and marhsal subpoenas for

depositions. However, nothing in the supplements to the Bill of Costs confirms that these fees were actually paid.

### III. The Fees Sought For Pre-Trial Proceedings Were Neither Necessary, Nor, In fact, Transcripts Of Pre-Trial Proceedings

The defendants seek $55.97 for the cost of transcripts of exceptions taken to the jury charge. By definition, these proceedings are not "pre-trial." Further, there is no showing of necessity.

### IV. The Defendants Seek $14,930.78 In Expenses For Deposition Transcripts But Have Not Offered Anything To Support That These Deposition Transcripts Were Necessarily Obtained For the Convenience Of Counsel

The defendant seeks costs for dozens of transcripts asserting that in all but two the expenses were necessary. Mr. Kergavet's deposition is no described as necessary, (Id., p.5; one of Mr. Shevlin's deposition transcripts was used as at trial in lieu of live testimony by the plaintiff, not the defendant. Id., p. 5)

Rule 54 requires a party seeking reimbursement for these expenses to show necessity, and not mere convenience of the attorney. Given the magnitude of legal fees in this case, the plaintiff submits that a distinction between necessity and convenience cannot be meanignfully made, and therefore these expenses should be disallowed.

### IV. Mr. Shivlin Was Not A Necessary Witness And Expenses Related To His Three Day Stay In Connecticut Should Not Be Taxable As Costs

The defendants seek the expense of transporting and housing Patrick Shevlin, a

resident of Florida, in the amount of $1,715.56. (Id., p.5) They have also sought reimbursement for transcript of Mr. Shevlin read to the jury in lieu of live testimony, suggesting that his live testimony was unnecessary as it had been preserved by electronic means.

### V.    The Expenses For Witness Fees For Attendance At A Deposition

The plaintiff objects to these expenses in the amount of $270 for the reason that the deposition transcripts should be disallowed.

_____
NORMAN A. PATTIS
Law Offices of Norman A. Pattis, LLC
649 Amity Road, P.O. Box 280
Bethany, CT 06524-0280
Tel: 203-393-3017
Fax: 203-393-9745
Federal Bar No. ct13120

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, postage prepaid, this 21 day of April, 2005 to:

Robert B. Mitchell, Esquire  
Pullman & Comley, LLC  
300 Atlantic Street  
Stamford, CT 06901-3522

John R. Mitola  
Office of the City Attorney  
999 Broad Street  
Bridgeport, CT 06604

Susan V. Wallace  
11 Blue Orchard Drive  
Middletown, CT 06457

_____  
NORMAN A. PATTIS